UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

Defendants,

Case No. 3:18-cv-252-DPJ-FKB

JURY DEMAND

## COMPLAINT

Plaintiff, Securities and Exchange Commission (the "Commission"), files its complaint and alleges that:

## SUMMARY

1. Beginning in approximately 2004, Defendant Arthur Lamar Adams ("Adams"), through his wholly-owned company, Madison Timber Properties, LLC ("MT Properties"), committed securities fraud by operating a Ponzi scheme. Adams and MT Properties have raised at least $85 million from over 150 investors in multiple states.

2.      Adams told investors that their money would be used by MT Properties to acquire timber-harvesting rights from various land owners on behalf of investors. The company allegedly would later harvest the timber and pay investors with the profits. In fact, Adams operated the venture as a Ponzi scheme, paying earlier investors with funds obtained from newer investors. He also used invested funds for a variety of inappropriate ends, including personal expenses and to fund real estate investments.

3.      By the conduct detailed in this Complaint, Adams and MT Properties violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder. Unless enjoined, Adams and MT Properties are likely to commit such violations again in the future.

4.      The Commission seeks a judgment from the Court: (a) freezing defendants' assets pending final adjudication of the Commission's claims; (b) finding that Adams and MT Properties violated the antifraud provisions of the federal securities laws; (c) enjoining Adams and MT Properties from engaging in future violations of the antifraud provisions of the federal securities laws; (d) ordering Adams and MT Properties to disgorge his ill-gotten gains described herein, with prejudgment interest; and (e) ordering Adams and MT Properties to

pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

## JURISDICTION AND VENUE

5.  The Commission brings this action pursuant to Sections 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)] and Section 21(d) the Exchange Act [15 U.S.C. § 78u(d)].

6.  The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)], and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

7.  Adams and MT Properties, directly or indirectly, used the means or instruments of interstate commerce, the mails, or the facilities of a national securities exchange in connection with the acts described herein.

8.  Venue is proper under Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa] and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims made herein occurred in the Southern District of Mississippi. In addition, Adams resides in, and MT Properties has its principal place of business in, Madison MS, which is within the Southern District.

## DEFENDANTS

9.   **Arthur Lamar Adams**, age 58, lives in Madison, Mississippi. He is the founder and president of MT Properties.

10.   **Madison Timber Properties, LLC** is a Mississippi limited liability company that has its principal place of business in Madison, Mississippi. It is wholly-owned by Adams.

## STATEMENT OF FACTS

11.   MT Properties purports to be a timber harvesting company.

12.   Starting in at least 2004, Defendants began raising funds through the sale of promissory note investments. The sale of these promissory notes has continued until April 19, 2018.

13.   In general, the promissory notes are for a one-year period and offer an annual return of 12%-15%, which is paid back over the course of the year. At the end of the year, investors can either have their principle returned or rolled over into a new investment.

14.   When soliciting investors, Defendants told investors that MT Properties would use the funds to secure and harvest timber from specific tracts of land that owned by third parties. The tracts of land were usually located in Alabama, Florida, or Mississippi.

4

15. Defendants also told investors that they would generate the investment returns from the sale of the harvested timber. Finally, many investors were told that they had the sole rights to the specific land tracks, and that no one else would be able to harvest the timber on that land.

16. The Proposed Defendants raised at least $85,000,000 through the sale of these securities to approximately 150 investors located primarily in the southeastern United States.

17. As part of this "Timber Scheme" the Proposed Defendants provides the investor with a (1) promissory note; (2) timber deed and cutting agreement; (3) security agreement; (4) tract summary that includes the value of the timber on the property; and (5) a title search certificate.

18. MT Properties never obtained the harvesting rights to the land as claimed. In most cases, Adams forged the timber deed and cutting agreements. Adams also forged the documents purportedly showing the value of the timber on the land tracks. Further, Adams would pledge the same land tracts (which he did not actually have the rights to) to multiple parties. Finally, in most cases, the specific land tracks did not have the value of timber as promised or did not in fact have any harvestable timber.

19. Instead of using the investor funds generated by the Timber Scheme to acquire timber rights and harvest the timber, Adams used the funds for his own

benefit. Additionally, Adams began constructing real estate developments near Oxford and Starkville, Mississippi. Investors were not told about this real estate development and had no knowledge that their funds would be used support it. Further, the investors have no legal interest in the real estate developments.

20. In addition, Defendants used funds from new investors to pay the returns owed to existing investors.

## COUNT I – FRAUD IN THE PURCHASE OR SALE OF SECURITIES

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
### [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5]

21. The Commission realleges and reincorporates paragraphs 1 through 20 as if fully set forth herein.

22. Since approximately 2004, Defendants, in connection with the purchase or sale of securities, by use of means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, directly or indirectly:

(a) made untrue statements of material facts and omitted to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit.

6

23. Defendants' misrepresentations, omissions, and acts, practices or courses of business which operated as a fraud or deceit were material.

24. Defendants acted with scienter by knowingly or with severe recklessness making the above-referenced misrepresentations and omissions, and engaging in acts, practices or courses of business which operated as a fraud or deceit.

25. By reason of the actions alleged herein, Defendants violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## COUNT II – FRAUD IN THE OFFER OR SALE OF SECURITIES

### Violations of Section 17(a) of the Securities Act
### [15 U.S.C. § 77q(a)(1)]

26. The Commission realleges and reincorporates paragraphs 1 through 20 as if fully set forth herein.

27. Since approximately 2004, Defendants, directly or indirectly, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, employed a device, scheme or artifice to defraud.

28. Defendants' misrepresentations, omissions, and acts, practices or courses of business which operated as a fraud or deceit were material.

29.     Defendants acted with scienter by knowingly or with severe recklessness making the above-referenced misrepresentations and omissions, and engaging in acts, practices or courses of business which operated as a fraud or deceit.  Defendants also acted negligently.

30.     By reason of the actions alleged herein, Defendants violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

(i) finding that Defendants violated the antifraud provisions of the federal securities laws as alleged herein;

(ii) permanently enjoining Defendants from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(iii) freezing defendants' assets, expediting discovery and preventing the destruction of documents pending resolution of this litigation

(iv) ordering Defendants to disgorge their ill-gotten gains and to pay prejudgment interest thereon;

(v) ordering Defendants to pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d); and

(vi) granting such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Commission demands trial by jury in this action of all issues so triable.

Dated this 20th day of April, 2018.

        Respectfully submitted,

        *s/ W. Shawn Murnahan*
        W. Shawn Murnahan
        Senior Trial Counsel
        Georgia Bar No. 529940
        Tel: (404) 842-7669
        Email: murnahanw@sec.gov

        M. Graham Loomis
        Regional Trial Counsel
        Georgia Bar No. 457868
        Tel: (404) 842-7622
        Email: loomism@sec.gov

        Justin Delfino
        Senior Counsel
        Georgia Bar No. 570206
        Tel: (404) 942-0698
        Email: delfinoj@sec.gov

        COUNSEL FOR PLAINTIFF

Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Tel (main): (404) 842-7600
Fax: (703) 813-9364

OF COUNSEL

D. Michael Hurst, Jr.
United States Attorney

*s/Kristi H. Johnson*
Kristi H. Johnson
Assistant United States Attorney
MS Bar No. 102891

Marc Perez
Assistant United States Attorney
WA Bar No. 33907

Civil Division
United States Attorney's Office
Southern District of Mississippi
501 East Court Street, Suite 4-430
Jackson, MS 39201
Tel: (601) 973-2887
Fax: (601) 965-4409