UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**

Defendants,

Case No. 3:18CV252-DPJ-FKB

FILED APR 20 2018 ARTHUR JOHNSTON BY _____ DEPUTY

**CONSENT OF DEFENDANTS**

Defendants Arthur Lamar Adams and Madison Timber Properties, LLC (collectively "Defendants") acknowledge having been served with the Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

Defendants hereby consent to the entry of an order in the form attached hereto (the "Order") and incorporated by reference herein, which, among other things:

1

(a) enjoins Defendants from violations of Sections 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

(b) imposes other equitable relief, including, among other things, an asset freeze, order to repatriate assets and an order to surrender passport.

Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendants waive the right, if any, to appeal from the entry of the Order.

5. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

6. Defendants agree that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

7. Defendants will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendants waive service of the Order and agree that entry of the Order by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Order is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Order.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only certain of the claims asserted against Defendants in this civil proceeding. Other claims remain to be resolved in this case. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory

organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendants agree that the Commission may present the Order to the Court for signature and entry without further notice.

11. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of resolving remaining claims and enforcing the terms of the Order.

Dated: 4-20-18

_____
Arthur Lamar Adams, individually and on behalf of Madison Timber, LLC

Approved as to form:

_____
John M. Collette
Attorney for Defendants

4