UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

    Defendants,

Case No. 3:18-CV-252-DPJ-FKB

# CONSENT ORDER GRANTING PERMANENT INJUNCTION, FREEZING ASSETS, PROHIBITING DESTRUCTION OF DOCUMENTS AND EXPEDITING DISCOVERY

The Plaintiff, Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants Arthur Lamar Adams and Madison Timber Properties, LLC (collectively "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Order Granting Permanent Injunction,

Freezing Assets, Prohibiting Destruction of Documents and Expediting Discovery; waived findings of fact and conclusions of law with respect to this Order; and waived any right to appeal from this Order:

**I.**

**IT IS HEREBY ORDERED** that Defendants are restrained and permanently enjoined and restrained from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], by, through the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

a. employing any device, scheme or artifice to defraud;

b. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in the offer or sale of any security.

## II.

**IT IS FURTHER ORDERED** that Defendants are restrained and permanently enjoined and restrained from violating, directly or indirectly, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by, through the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange:

a. employing any device, scheme or artifice to defraud;

b. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## III.

**IT IS FURTHER ORDERED** that, pending further order of the Court, all assets of, or under the control of, Defendants, are frozen. Defendants, their

officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said defendant. This Court further enjoins any disbursement by Defendants, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the securities offerings alleged in the Commission's complaint. The freeze shall include but not be limited to those funds located in any bank accounts, brokerage accounts, or any other accounts or property of Defendants. Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Defendants shall not permit any single deposit in excess of $5,000 into any account impacted by this freeze from a single source pending further order of this Court.

**IV.**

**IT IS FURTHER ORDERED** that, to effectuate the provisions of Paragraph III above, the Commission may cause a copy of this Order to be served on any bank, savings and loan, broker-dealer or other financial or depository institution either by United States mail, overnight mail or by facsimile as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Defendants or Relief Defendants, or any companies or persons or entities under their control. All financial institutions that receive a copy of this Order shall keep the existence of this litigation confidential pending further order of this Court.

**V.**

**IT IS FURTHER ORDERED** that Defendants shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court. Such funds shall be immediately transferred or paid to the Court-Appointed Receiver or into the Registry of this Court. Furthermore, with respect to any other asset owned by the Defendants or Relief Defendants that is now

located outside the jurisdiction of this Court, including, specifically, any monies, securities, real property, or other assets, the Defendants and Relief Defendants shall immediately identify to the Court or the Court-Appointed Receiver the location of such asset, the price paid or consideration given, and the date upon which it was purchased. Securities, or other personalty that can be readily moved or transferred, and titled or other documents reflecting ownership as to real property, shall be delivered to the Court-Appointed Receiver or into to the Registry of this Court as soon as possible.

## VI.

**IT IS FURTHER ORDERED** that Defendant Adams shall immediately surrender his passport to the Clerk of this Court and is prohibited from traveling outside the continental United States without the prior approval of this Court.

## VII.

**IT IS FURTHER ORDERED** that the Commission may take expedited discovery as follows:

A. The Commission may take depositions upon oral examination subject to three days notice prior to expiration of 30 days after service of the Summons and

Complaint upon defendant, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the defendants shall answer all plaintiff's interrogatories within three days of service of such interrogatories;

C. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, the defendants shall produce all documents within three days of service of such request;

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the defendants shall answer all of plaintiff's requests for admissions within three days of service of such request;

E. The Commission may serve third party subpoenas for documents pursuant to Rule 45 of the Federal Rules of Civil Procedure upon entry of this Order.

F. The Commission may serve discovery upon defendant by facsimile, electronic mail or by any other means provided for within the Federal Rules of Civil Procedure;

G. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the Commission at 3475 Lenox Road N.E., Suite 1000, Atlanta, Georgia 30326-1232, or such other place as counsel for the Commission may direct, by the most expeditious means available, including facsimile.

## VIII.

**IT IS FURTHER ORDERED** that each defendant prepare and present to this Court and to the Commission a sworn accounting of all funds received by that defendant pursuant to the scheme described in the Commission's Complaint and of the disposition and use of said proceeds. This accounting shall include, but not be limited to, the name and address of each investor (for entities contracting with investors), the amount invested, the total amount received from investors, the date each such investment was made and a listing of all expenditures showing the amount and to whom paid and the date of payment. The accountings shall be submitted to this Court and served upon the Commission within 20 days from the date of entry of this Order.

## IX.

**IT IS FURTHER ORDERED** that defendants and their officers, agents, employees, servants, attorneys, any bank or financial institution holding any assets of the defendants and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

## X.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

This 20th day of April, 2018

_____
United States District Judge