## IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

**HIGHWAY 22, LLC**                                                                        **PLAINTIFF**

**VS.**                                                    CIVIL ACTION NO. 2018-0093-JE

**WILLIAM B. McHENRY, LAMAR ADAMS,**
**MADISON TIMBER PROPERTIES, LLC**
**AND JOHN DOES 1-5**                                                          **DEFENDANTS**

F I L E D
MADISON COUNTY

MAY 02 2018

ANITA WRAY, CIRCUIT CLERK

BY_____ D.C

### COMPLAINT

COMES NOW Plaintiff Highway 22, LLC ("Plaintiff" or "H-22"), by counsel, and files this

Complaint against Defendants William B. McHenry, Lamar Adams, Madison Timber Properties,

LLC and John Does 1-5 (sometimes hereinafter collectively referred to as the "Defendants" and/or

"MTP Parties") and in support hereof, Plaintiff shows unto the Court the following:

### Parties

1.      H-22 is a Mississippi Limited Liability Company with its principal place of business

located in Madison County, Mississippi.

2.      Defendant William B. McHenry ("McHenry") is an adult resident citizen of Madison

County, Mississippi whose business address is 742 Magnolia Street, Madison, MS. McHenry can

be served with process at his business address and/or wherever he can be found.

3.      Defendant Lamar Adams ("Adams") is an adult resident citizen of Mississippi whose

business address is 742 Magnolia Street, Madison, MS. McHenry can be served with process at his

business address and/or wherever he can be found.

4.      Defendant Madison Timber Properties, LLC ("MTP") is a Mississippi Limited

Liability Company with its principal place of business located at 742 Magnolia Street, Madison, MS.

MTP can be served with process through service upon Adams who is MTP's registered agent for

**EXHIBIT
B**

service of process at the business address of MTP and/or wherever he can be found and/or alternatively, by service upon McHenry who is and, at all pertinent times was a managing and/or general agent of MTP.

5.      Defendants John Does 1-5 are legal entities and/or individuals that have knowingly joined in, conspired with and/or aided and abetted MTP, Adams and/or McHenry in connection with its, his and/or their breaches of fiduciary and other duties owed to H-22 and have personally participated and/or engaged in the actionable activities alleged herein individually and/or jointly with one or more of the MTP Parties, all to the legal wrong to H-22 and to the substantial harm and damage to H-22.

## Jurisdiction and Venue

6.   .   This Court has jurisdiction over the parties to and subject matter of this action.

7.      Venue is proper in this Court pursuant to *Miss. Code Ann.§* 11-11-3 (1972, as amended), as one or more of the MTP Parties reside and/or can be found in Madison County, Mississippi and/or substantial acts and/or omissions giving rise to the claims of H-22 occurred in Madison County, Mississippi and/or substantial events that caused injury to H-22 occurred in Madison County, Mississippi and the provisions of the applicable venue statutes or rules are otherwise met in this case.

## Factual Allegations

8.      At all relevant times, McHenry, individually and as an agent of the other MTP Parties and/or John Does 1-5, solicited investors in connection with the MTP Investment Plan referred to herein.

9.      In or about 2016, McHenry solicited Ms. Sherri Hughes ("Ms. Hughes"), individually

-2-

and in her capacity as an agent of H-22 and the beneficiary of the John Waymon Sowell Irrevocable Trust, the sole member of H-22, to invest money of H-22 in the MTP Investment Plan of the MTP Parties and one or more of John Does 1-5. McHenry had previously induced Ms. Hughes's son to invest $300,000.00 in the MTP Investment Plan and such investment produced a return of approximately 13%. McHenry knew Ms. Hughes's father and uncle and utilized his knowledge of and familiarity with Ms. Hughes's family members, including her son, to gain the trust of Ms. Hughes, who, at all relevant times, reposed trust and confidence in McHenry because of, among other things, McHenry having had dealings with Ms. Hughes's family members, as referenced herein.

10.     H-22, by and through Ms. Hughes, initially invested $150,000.00 into the MTP Investment Plan which, on information and belief, was and/or is a ponzi scheme devised by McHenry and/or one or more of the other MTP Parties and/or John Does 1-5. The scheme (the MTP Investment Plan) was promoted as, among other things, a vehicle through which funds would be invested in timber in or around the State of Mississippi for the purpose of engaging in a variety of activities related to the purchase and subsequent sale of timber to paper mills and/or other purchasers of timber. The investors in the MTP Investment Plan would receive a promissory note from MTP and/or other entities owned and/or controlled by the MTP Parties and/or John Does 1-5, which at all pertinent times was a "security" within the meaning of the Mississippi Securities Laws, twelve post dated checks equal to an investor's principal investment amount plus the promised return and/or profit on the principal and an original timber deed from MTP, and/or other entities owned and/or controlled by the MTP Parties and/or John Does 1-5, that the MTP Parties represented to the investors constituted collateral and/or security for the promissory note. The MTP Parties also

provided investors with a copy of timber deeds that purportedly demonstrated that MTP, and/or other entities owned and/or controlled by the MTP Parties and/or John Does 1-5, owned the subject timber that was "securing" a given investor's investment.

11.    McHenry personally undertook and agreed to enter into a fiduciary relationship with Ms. Hughes, individually and in her capacity as an agent of H-22 and the beneficiary of the John Wayman Sowell Irrevocable Trust, the sole member of H-22, who, at all relevant times, reposed trust and confidence in McHenry. As a result, at all relevant times, McHenry and the other MTP Parties and John Does 1-5 (through agency principles and/or otherwise) owed fiduciary duties to H-22 and Ms. Hughes, including a duty of loyalty and to deal fairly and in the utmost good faith with H-22 and Ms. Hughes and  to not place the personal interests of McHenry and the other Defendants over those of H-22 and Ms. Hughes. Moreover, at all relevant times, H-22 and Ms. Hughes reposed trust and confidence in McHenry and relied upon the advice and judgment of McHenry related to their investments.

12.    At all relevant times, McHenry, individually and in his capacity as an agent for the other MTP Parties and John Does 1-5,  orally represented to Ms. Hughes and H-22 that the funds they invested in the MTP Investment Plan would be fully secured by a timber deed and cutting agreement. This representation was also made in the promissory notes used to document the subject investments as follows: "This Note shall be secured by that certain Timber Deed and Cutting Agreement ...".

13.    On or about January 29, 2018, H-22 and/or Ms. Hughes increased their investment under the MTP Investment Plan to $169,500.00. In connection with such investment, McHenry provided Ms. Hughes with a Promissory Note, an original Timber Deed and Cutting Agreement, as

well as a copy of a Timber Deed and Cutting Agreement that purported to demonstrated MTP owned the subject timber allegedly securing the $169,500.00 investment of H-22 and/or Ms. Hughes, are attached hereto as Composite Exhibit "A" and are incorporated herein by reference.

14.    On May 1, 2018, Ms. Hughes presented the MTP check no. 10319 dated May 1, 2018, in the amount of $14,125.00, made payable to H-22 and drawn on MTP's account at River Hills Bank, for payment. River Hills Bank declined to cash the subject check and directed Ms. Hughes to MTP. Thereafter, H-22 signed the Timber Deed and Cutting Agreement ("Timber Deed") provided to H-22 to "secure" its $169,500.00 investment, attached hereto as part of Composite Exhibit "A", and attempted to record the deed in the land records of Monroe County, Mississippi. H-22's agent that attempted to record the subject Timber Deed, with the aid and assistance of a member of the office of the Chancery Clerk of Monroe County, Mississippi discovered, among other things, that the land on which the subject timber was located did not exist and the grantor listed in the Timber Deed and Cutting Agreement under which MTP allegedly held title to the subject timber, attached as part of Composite Exhibit "A", did not own any land in Monroe County, Mississippi. Simply put, the subject Timber Deed was bogus, fraudulent and a sham used as a vehicle by McHenry and the other Defendants (who knew and/or should have known the Timber Deed was not legitimate) to perpetrate, among other things, a fraud on H-22 and/or Ms. Hughes and wrongfully lead H-22 and/or Ms. Hughes to believe their investment was secured and upon which H-22 and/or Ms. Hughes reasonably relied.

15.    All of the foregoing conduct on the part of McHenry, who owed fiduciary and other legal duties to H-22 and/or Ms. Hughes, took place with the full knowledge, approval, and/or participation of the other MTP Parties and John Does1-5. The other MTP Parties and John Does 1-5

have knowingly joined in and/or participated and/or conspired with and/or aided and abetted McHenry to commit the various breaches of duty set forth herein.

## Causes of Action

### Count I – Declaratory Judgment

16.     H-22 re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

17.     By reason of all the foregoing, H-22 seeks a declaratory judgment, pursuant to *M.R.C.P.* 57, declaring the following:

a.     The rights and obligations of H-22 under the Promissory Note; and

b.     Whether the Promissory Note constitutes a "security" under the Mississippi Securities Laws.

### COUNT II

### Breach of Fiduciary Duties

18.     H-22 hereby re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

19.     The relationship between H-22 and/or Ms. Hughes and McHenry created a fiduciary duty on the part of McHenry to deal fairly and in the utmost good faith with H-22 and/or Ms. Hughes, and a duty on the part of McHenry not to take actions to the detriment of H-22 and Ms. Hughes.

20.     McHenry breached the fiduciary duties owed to H-22 and/or Ms. Hughes by committing the wrongful acts complained of herein. All other Defendants may have owed direct

-6-

fiduciary duties to H-22 and/or Ms. Hughes and breached the same, and/or all other Defendants, alternatively, directly and/or through McHenry, as agents for the other Defendants, and/or otherwise, knowingly joined with, encouraged and/or helped others owing fiduciary duties to H-22 and/or Ms. Hughes to breach those duties, all in violation of the rights of H-22 and/or Ms. Hughes and making even those not owing direct fiduciary duties to H-22 and/or Ms. Hughes liable personally to the H-22 and/or Ms. Hughes for breach of those duties to the same extent as those owing direct fiduciary duties to H-22 and/or Ms. Hughes.

21.    As a proximate consequence of such wrongful conduct, H-22 and/or Ms. Hughes have suffered damages and are entitled to full compensatory relief, as well as punitive or exemplary damages and attorneys fees as a result of Defendants' gross, reckless and/or intentional breach of fiduciary duties owed to H-22 and/or Ms. Hughes.

### COUNT III

#### Joining in Breach of Fiduciary Duties

22.    H-22 re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

23.    The other MTP Parties and John Does 1-5, other than McHenry, knowingly assisted and/or joined with McHenry in breaching the fiduciary duty and other duties owed H-22 and/or Ms. Hughes by committing the acts complained of herein.

24.    As a proximate consequence of such wrongful conduct, H-22 and/or Ms. Hughes have suffered damages and are entitled to full compensatory relief, as well as punitive or exemplary damages and attorneys fees as a result of the other MTP Parties and John Does 1-5, other than McHenry, knowingly providing assistance to and/or joining with McHenry to grossly, recklessly

and/or intentionally breach the fiduciary duties and other duties owed to H-22 and/or Ms. Hughes.

## COUNT IV

### Civil Conspiracy and/or Aiding and Abetting

25.    H-22 hereby re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

26.    The other MTP Parties and John Does 1-5, other than McHenry, conspired with McHenry (through an oral and/or tacit agreement and/or otherwise) to commit and/or aided and abetted McHenry in the commission of the wrongful actions described herein, all giving rise to the various contract, tort and statutory claims alleged herein.

27.    As a proximate result of the wrongful acts of the other MTP Parties and John Does 1-5, other than McHenry, as set forth herein, H-22 and/or Ms. Hughes were injured and are entitled to full compensatory relief, as well as punitive or exemplary damages and attorneys fees, all resulting from a common law conspiracy and/or the violation of the common law doctrine of aiding and abetting.

## COUNT V

### Constructive Trust

28.    H-22 re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

29.    By reason of the fiduciary and other duties owed to H-22 and/or Ms. Hughes (and/or the breaches thereof) by McHenry and/or the knowing assistance and/or participation and/or conspiracy and/or aiding and abetting of the other MTP Parties and John Does 1-5, other than McHenry, in breaching the fiduciary duty and other duties owed H-22 and/or Ms. Hughes, the MTP

Parties and John Does 1-5 are involuntary trustees holding all monies and/or assets and/or profits (under the trust pursuit rule and/or otherwise) they received from such wrongful activities in constructive trust for H-22 with the duty to convey the same to H-22.

## COUNT VI

### Breach of Contract - Promissory Note

30.    H-22 hereby re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

31.    MTP and/or the MTP Parties have breached the Promissory Note, including the implied covenant of good faith and fair dealing contained therein, by breaching the terms thereof, and/or breaching the fiduciary and other duties owed H-22 and/or Ms. Hughes as described herein.

32.    The breach of the Promissory Note by MTP and/or the MTP Parties, including the implied covenant of good faith and fair dealing contained therein, was willful, wanton, malicious, illegal, and such as to evince a total disregard for the law and for the legal obligations of MTP and/or the MTP Parties to H-22 and/or Ms. Hughes, all being such as to constitute an intentional, independent tort against H-22 and/or Ms. Hughes.

33.    As a proximate consequence of such wrongful conduct, H-22 and/or Ms. Hughes have suffered damages and should be awarded full compensatory relief, as well as punitive damages and attorneys fees as a result of the breach(es) of MTP and/or the MTP Parties, which breaches were and are attended by intentional wrong, insult, abuse, or such gross negligence as amounts to an independent tort, thus justifying the imposition of punitive damages on MTP and/or the MTP Parties.

## COUNT VII

### Fraud – Omission and Misrepresentations

34.    H-22 hereby realleges and incorporates each and every preceding paragraph as if fully set forth herein.

35.    McHenry and the other MTP Parties have intentionally and willfully committed fraud arising out of confidential and/or fiduciary relations as described herein. Such defendants had a duty of utmost good faith towards H-22 and/or Ms. Hughes, including a duty to disclose all material facts relative to their relationship. McHenry and the other MTP Parties fraudulently omitted and/or failed to disclose and/or affirmatively made misrepresentations of fact regarding, among other things, that the $169,500.00 investment of H-22 and/or Ms. Hughes was secured with the Timber Deed (when in fact such deed was bogus and/or fraudulent) and failed to disclose the MTP Investment Plan was a ponzi scheme and/or wrongful scheme to defraud investors. Such fraudulent conduct has resulted in substantial damage to H-22 and/or Ms. Hughes.

36.    As a proximate consequence of such wrongful conduct, H-22 and/or Ms. Hughes have suffered damages and are entitled to full compensatory relief, as well as punitive or exemplary damages and attorneys fees as a result of the fraud described herein.

## COUNT VIII

### Accounting

37.    H-22 re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

38.    H-22 and/or Ms. Hughes are entitled to an accounting of and from the MTP Parties under equitable accounting principles and/or otherwise as to how their invested funds were expended

-10-

as a result of the breaches of fiduciary and other duties owed H-22 and/or Ms. Hughes, as described herein, and should be ordered to make full restitution to H-22 for all such sums.

## COUNT IX

### Mississippi Securities Fraud – *Miss. Code Ann. § 75-71-509*

39.    H-22 re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

40.    At all relevant times, the Promissory Note and related documents were securities within the meaning of the Mississippi Securities Act *Miss. Code Ann. §§ 75-71- 101 et seq.* ("MSSA"). McHenry and/or the MTP Parties offered and/or sold H-22 and/or Ms. Hughes the subject securities by the use of written and/or oral communications which contained untrue statements of material fact (including that the subject notes would be secured with timber deeds) within the meaning of *Miss. Code Ann. § 75-71-509.*

41.    Pursuant to the provisions of *Miss. Code Ann. § 75-71-509*, McHenry and/or the other MTP Parties and/or John Does 1-5 materially aided McHenry and/or the MTP Parties in the sale of the subject securities and, as a result, are jointly and severally liable with and to the same extent as McHenry and/or the other MTP Parties.

42.    As a proximate consequence of such wrongful conduct, H-22 and/or Ms. Hughes have suffered damages and are entitled to recover their $169,500.00 investment, together with interest at eight percent (8%) per year from the date of payment(s), costs and reasonable attorney fees, less the amount of any income received on the securities, as well as punitive or exemplary damages, as a result of the securities fraud of McHenry and/or the other MTP Parties and the material aiding and/or abetting of such securities fraud by McHenry and/or the other MTP Parties

and/or John Does 1-5 that was wrongfully perpetrated upon H-22 and/or Ms. Hughes. H-22 and/or

Ms. Hughes, by counsel, hereby tender and/or offer to tender such security and/or securities to

McHenry and/or the other MTP Parties pursuant to the provisions of *Miss. Code Ann. § 75-71-

509(b)(1)*.

WHEREFORE, PREMISES CONSIDERED, Plaintiff H-22 demands judgment against the

Defendants, jointly and severally, for compensatory damages in an amount to be proven at trial, plus

punitive damages in an amount to be assessed by this Court. Plaintiff further demands an award of

all court costs, attorney fees and pre-judgment and post-judgment interest, as provided for under the

MSSA and/or otherwise. Plaintiff further requests an accounting of all funds received in connection

with the wrongful conduct described herein, that the Defendants be deemed to have held such funds

in constructive trust for Plaintiff and required to make restitution to Plaintiff for such funds and that

the Defendants be ordered to convey to Plaintiff all of the real property and/or other assets the

Defendants purchased with Plaintiff's investment principal, in whole or in part, either under the

constructive and/or resulting trust theory asserted herein. Plaintiff further requests that it be awarded

any other relief to which Plaintiff is entitled in the premises, based on the claims pled or on any other

theories available under the facts and the law, and after completion of all necessary discovery and

investigation into the wrongs perpetrated by Defendants on Plaintiff.

RESPECTFULLY SUBMITTED this the 2nd day of May, 2018.

PLAINTIFF HIGHWAY 22, LLC

By: _____

ITS ATTORNEY

-12-

ATTORNEY FOR PLAINTIFF:
Eddie J. Abdeen, MSB # 9321
Abdeen Law, PLLC
Post Office Box 2134
Madison, Mississippi 39130
Telephone: (601) 898-7972
Fax: (601) 499-4080
Email: eabdeenlaw@outlook.com

-13-

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Madison County

Case # CI-2018-0093      Acct #        Paid By CHECK 1028      Rct#  79713
--------------------------------------------------------------------------------
```
              CV CLERK'S FEE                        85.00
              CV LAW LIBRARY                         2.50
              CV COURT REPORTER TAX                 10.00
              CV COURT EDUCATION                     2.00
              CV COURT ADMINISTRATOR                 2.00
              CV CIVIL LEGAL ASSISTANCE FUND         5.00
              CV COMPREHENSIVE ELECTRONIC CT        10.00
              CV JURY TAX                            3.00
              CV CONSTITUENTS FE                      .50
              CV RECORDS MANAGEMENT PROGRAM          1.00
              CV-JUDICIAL SYS OPERATION FUND        40.00
```

                                            ===========
                                   Total  $   161.00
--------------------------------------------------------------------------------


Payment received from HW22 LLC



Transaction   75875 Received  5/ 2/2018 at 15:10 Drawer   1 I.D. DENDY

Current Balance Due        $0.00          Receipt Amount $    161.00

  By _____ D.C.  ANITA WRAY, Circuit Clerk

Case # CI-2018-0093      Acct #        Paid By CHECK 1028      Rct#  79713

# PROMISSORY NOTE

## $169,500.00

For value received, the undersigned, Madison Timber Properties, LLC, agrees to pay to Highway 22, LLC or holder the sum of $169,500.00.

Payments shall begin on **March 1st, 2018 in the amount of $14,125.00** and continue monthly with no payment being made on January 1st, 2019, and a final payment being made on March 1st, 2019. This Note shall be secured by that certain Timber Deed and Cutting Agreement dated January 29th, 2018, a copy of which is attached.

All payment shall be made in lawful currency of the United States of America. All payments shall be made to the holder.

The failure to make any payment as and when due shall constitute a default under the Note if not paid within fifteen (15) days of the due date and all amounts due hereunder shall immediately be due and payable in full. If this Note is not paid when due Maker agrees to pay all costs of collection, including reasonable attorney's fees.

DATED this the 29th, day of January, 2018.

Madison Timber Properties, LLC
Lamar Adams, Manager


STATE OF MISSISSIPPI
COUNTY OF MADISON
On this the 29th day of ___January___, 2018, personally appeared before me, the undersigned authority in and for said County and State, the within named Lamar Adams, Manager of Madison Timber Properties, LLC, personally, who acknowledged that he signed and delivered the foregoing instrument on the day and year therein mentioned after being duly authorized to do so.
Given under my hand and official seal this the 29th day of ___January___, 2018.

MY COMMISSION EXPIRES: October 13 2021    NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 79051
DIANE LOFTON
Commission Expires
Oct. 13, 2021
MADISON COUNTY

EXHIBIT
A

# TIMBER DEED AND CUTTING AGREEMENT

For and In Consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Madison Timber Properties, LLC, does hereby warrant to Highway 22, LLC, free and clear of any and all liens, claims, charges, or encumbrances, all merchantable timber and timber products of every size and specie, subject to the restrictions and conditions stated herein, standing and located on the land and property located in Monroe County, Mississippi, which is more particularly described as the following:

> Section; 12: Township; 10 North: Range 2 East:
> All that part in Section 12 that lies South of Mogomer Road.
> Less and except the Southeast Quarter (1/4) of the
> Southwest Quarter (1/4) of the Southwest Quarter (1/4) and
> Shalfer Road R.O.W.
> Containing 418 acres more or less.

The Grantee is hereby conveyed the right of ingress, egress, and regress over And across said lands with the necessary employees and equipment for the purpose of cutting and removing said timber, with Grantee having the right to remove said timber, with its employees or by contract with others. Grantor guarantees Grantee ingress and egress suitable for logging operations from a public road to said property. Grantor hereby agrees to furnish any necessary easements, rights of way, bonds or permits that may be necessary to harvest the timber.

Grantor will be liable to the Grantee, its successors or assigns, to determine the boundary line of the subject property and should Grantee, its successors or assigns, become liable for trespass and/or wrongful cutting of any timber within the boundary perimeter pointed out by Grantor, or Grantor's representatives, then Grantor will assume liability for the same and will indemnify and hold harmless the Grantee, its successors and assigns, against any and all damages and costs resulting there from.

Further, Grantee shall have the right to put in logging decks for timber loading purposes.

Grantor represents and warrants to Grantee, its successors and/or assigns, that: 1) there are no boundary line disputes or encroachments which will prevent, delay or hinder the harvesting and/or removal of the timber; 2) that except for highway and utility easements, there are no claims, liens, charges, encumbrances or restrictions on the harvesting and/or removal of said timber; 3) there are no endangered, threatened or candidate fish, wildlife, plants or

habitat therefore on the subject property, together with any and all indemnities contained therein. Further, if any restriction by law or government regulation or if any action or any threatened action from a state, federal or local governmental agency prevents Grantee from cutting and removing the timber purchased hereunder, Grantor hereby agrees to reimburse Grantee for the volume that is standing on the tract as a result of such regulation, action or threatened action. Said volume to be determined by joint cruise conducted by Grantee and Grantor.

Grantee, by acceptance of this conveyance, does hereby further agree that Grantor shall in no way be liable for any personal injuries, including death, or damages to property, crops, boundary fences or buildings caused by, resulting from or attributable to the operations of Grantee, its employees or contractors, on the property, and Grantee does hereby indemnify and hold Grantor harmless from and against any and all such liability, claims, loss, injury or damage resulting from said operations, including attorney fees and court costs.

The Grantee agrees to avoid unnecessary rutting of land where possible. In the event that Grantee is prevented from harvesting all of the timber purchased, as described herein, due to adverse weather conditions, loss or decline of markets, or other such circumstances beyond the reasonable control of Grantee, during the last thirty (30) days of this warranty timber deed, so that Grantee determines that a further extension of time is necessary for completion of harvest, and additional ninety (90) day extension of the term of this contract will be granted by the Grantors upon payment to the Grantors by the Grantee of an additional amount equal to five percent (5%) of the total purchase price of the timber described herein.

The rights herein granted for the cutting and removal of said timber shall continue for a period terminating forty eight (48) months from and after the date of this Timber Deed, and on the expiration of such period, all rights granted shall cease and terminate and all timber conveyed hereby not then cut shall revert to and become the property of the Grantor, their heirs, representatives or assigns, free of any claim or right of the Grantee, its successors or assigns. Grantor recognizes and agrees that Grantee may enter into agreements with others, including, assigning or conveying the rights granted herein, for the harvesting and removal of the timber, as Grantee may determine necessary in its best interest.

All rights herein granted, reserved or excepted shall inure to the benefit of Grantor and Grantee, their successors and assigns, and all obligations herein created shall be binding and obligatory upon the respective parties, their successors and assigns.

Grantee agrees to pay any severance taxes levied against the timber removed

from the above described lands.

Grantor and Grantee mutually covenant and agree that should any dispute arise as to the terms and conditions of this instrument, such matter will be settled by arbitration of three (3) arbitrators whose majority decision shall be final and binding upon the parties hereto. Said arbitrators shall be selected in the following manner: Grantor shall select on (1) arbitrator; Grantee shall select one (1) arbitrator; and the two (2) arbitrators so selected shall select the third arbitrator. Said arbitrators shall be graduate foresters and having a minimum of 5 years experience in the State of Mississippi. Each party shall bear the expense of its arbitrator so selected, and the expense of the third arbitrator shall be equal shared by Grantor and Grantee. The selection of the arbitrators shall be commenced not later than thirty (30) days following any dispute which may arise.

EXCEPTIONS: 18 inch DBH and below.

DATED: _____, 2018

**Madison Timber Properties, LLC**

**GRANTOR**

**Highway 22, LLC**

**GRANTEE**   Irrovocable Trust, MS

STATE OF MISSISSIPPI
COUNTY OF Madison

 PERSONALLY appeared before me, the undersigned notary public for the jurisdiction aforesaid on the 29th day of January, 2018, the within named Lamar Adams, Manager of Madison Timber Properties, LLC who acknowledged that they signed, executed and delivered the above foregoing instrument, after first having been duly authorized to do so.

NOTARY PUBLIC

My Commission Expires: October 13, 2021



# TIMBER DEED AND CUTTING AGREEMENT

For and In Consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, H. C. Alton, does hereby warrant to Madison Timber Properties, LLC, free and clear of any and all liens, claims, charges, or encumbrances, all merchantable timber and timber products of every size and specie, subject to the restrictions and conditions stated herein, standing and located on the land and property located in Monroe County, Mississippi, which is more particularly described as the following:

> Section; 12: Township; 10 North: Range 2 East:
> All that part in Section 12 that lies South of Mogomer Road.
> Less and except the Southeast Quarter (1/4) of the
> Southwest Quarter (1/4) of the Southwest Quarter (1/4) and
> Shalfer Road R.O.W.
> Containing 418 acres more or less.

The Grantee is hereby conveyed the right of ingress, egress, and regress over And across said lands with the necessary employees and equipment for the purpose of cutting and removing said timber, with Grantee having the right to remove said timber, with its employees or by contract with others. Grantor guarantees Grantee ingress and egress suitable for logging operations from a public road to said property. Grantor hereby agrees to furnish any necessary easements, rights of way, bonds or permits that may be necessary to harvest the timber.

Grantor will be liable to the Grantee, its successors or assigns, to determine the boundary line of the subject property and should Grantee, its successors or assigns, become liable for trespass and/or wrongful cutting of any timber within the boundary perimeter pointed out by Grantor, or Grantor's representatives, then Grantor will assume liability for the same and will indemnify and hold harmless the Grantee, its successors and assigns, against any and all damages and costs resulting there from.

Further, Grantee shall have the right to put in logging decks for timber loading purposes.

Grantor represents and warrants to Grantee, its successors and/or assigns, that: 1) there are no boundary line disputes or encroachments which will prevent, delay or hinder the harvesting and/or removal of the timber; 2) that except for highway and utility easements, there are no claims, liens, charges, encumbrances or restrictions on the harvesting and/or removal of said timber; 3) there are no endangered, threatened or candidate fish, wildlife, plants or

habitat therefore on the subject property, together with any and all indemnities contained therein. Further, if any restriction by law or government regulation or if any action or any threatened action from a state, federal or local governmental agency prevents Grantee from cutting and removing the timber purchased hereunder, Grantor hereby agrees to reimburse Grantee for the volume that is standing on the tract as a result of such regulation, action or threatened action. Said volume to be determined by joint cruise conducted by Grantee and Grantor.

Grantee, by acceptance of this conveyance, does hereby further agree that Grantor shall in no way be liable for any personal injuries, including death, or damages to property, crops, boundary fences or buildings caused by, resulting from or attributable to the operations of Grantee, its employees or contractors, on the property, and Grantee does hereby indemnify and hold Grantor harmless from and against any and all such liability, claims, loss, injury or damage resulting from said operations, including attorney fees and court costs.

The Grantee agrees to avoid unnecessary rutting of land where possible. In the event that Grantee is prevented from harvesting all of the timber purchased, as described herein, due to adverse weather conditions, loss or decline of markets, or other such circumstances beyond the reasonable control of Grantee, during the last thirty (30) days of this warranty timber deed, so that Grantee determines that a further extension of time is necessary for completion of harvest, and additional ninety (90) day extension of the term of this contract will be granted by the Grantors upon payment to the Grantors by the Grantee of an additional amount equal to five percent (5%) of the total purchase price of the timber described herein.

The rights herein granted for the cutting and removal of said timber shall continue for a period terminating forty eight (48) months from and after the date of this Timber Deed, and on the expiration of such period, all rights granted shall cease and terminate and all timber conveyed hereby not then cut shall revert to and become the property of the Grantor, their heirs, representatives or assigns, free of any claim or right of the Grantee, its successors or assigns. Grantor recognizes and agrees that Grantee may enter into agreements with others, including, assigning or conveying the rights granted herein, for the harvesting and removal of the timber, as Grantee may determine necessary in its best interest.

All rights herein granted, reserved or excepted shall inure to the benefit of Grantor and Grantee, their successors and assigns, and all obligations herein created shall be binding and obligatory upon the respective parties, their successors and assigns.

Grantee agrees to pay any severance taxes levied against the timber removed

from the above described lands.

Grantor and Grantee mutually covenant and agree that should any dispute arise as to the terms and conditions of this instrument, such matter will be settled by arbitration of three (3) arbitrators whose majority decision shall be final and binding upon the parties hereto. Said arbitrators shall be selected in the following manner: Grantor shall select on (1) arbitrator; Grantee shall select one (1) arbitrator; and the two (2) arbitrators so selected shall select the third arbitrator. Said arbitrators shall be graduate foresters and having a minimum of 5 years experience in the State of Mississippi. Each party shall bear the expense of its arbitrator so selected, and the expense of the third arbitrator shall be equal shared by Grantor and Grantee. The selection of the arbitrators shall be commenced not later than thirty (30) days following any dispute which may arise.

EXCEPTIONS: 18 inch DBH and below.

DATED: _1\29_____,2018

**H. C. Alton**                                    **Madison Timber Properties, LLC**

**GRANTOR**                                       **GRANTEE**

STATE OF MISSISSIPPI
COUNTY OF _Madison_____

 PERSONALLY appeared before me, the undersigned notary public for the jurisdiction aforesaid on the _29th_ day of _January_, 2018, the within named two, who acknowledged that they signed, executed and delivered the above foregoing instrument, after first having been duly authorized to do so.

NOTARY PUBLIC

My Commission Expires: _October 13, 2021_



# COVER SHEET

## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2009)

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| 4 4 | U C1 | | 2 0 1 8 | 9 3 |
| County # | Judicial District | Court ID (CH, CI, CO) | | |

| | Local Docket ID |
|---|---|
| | J E |

**This area to be completed by clerk**

Month: 0 4    Date: 2 4    Year: 0 8

Case Number if filed prior to 1/1/94

| In the CIRCUIT | Court of MADISON | County — | Judicial District |
|---|---|---|---|

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity D/B/A or Agency

Business  Highway 22, LLC

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below: D/B/A

Address of Plaintiff  115 Homestead Drive, Madison, MS

Attorney (Name & Address)  Eddie Abdeen    MS Bar No.  9321

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:  *Eddie Abdeen*

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual  McHenry    William    B

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity: D/B/A or Agency

Business

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below: D/B/A

Attorney (Name & Address) - If Known    MS Bar No.

**Damages Sought:** Compensatory $ 169,500.00    Punitive $ Unliquidated    [ ] Check ( x ) if child support is contemplated as an issue in this suit.*

*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| Child Custody/Visitation | Accounting (Business) | Adoption - Contested | Adverse Possession |
| Child Support | Business Dissolution | Adoption - Uncontested | Ejectment |
| Contempt | Debt Collection | Consent to Abortion Minor | Eminent Domain |
| Divorce:Fault | Employment | Removal of Minority | Eviction |
| Divorce: Irreconcilable Diff. | Foreign Judgment | Other | Judicial Foreclosure |
| Domestic Abuse | Garnishment | **Civil Rights** | Lien Assertion |
| Emancipation | Replevin | Elections | Partition |
| Modification | Other | Expungement | Tax Sale: Confirm/Cancel |
| Paternity | **Probate** | Habeas Corpus | Title Boundary or Easement |
| Property Division | Accounting (Probate) | Post Conviction Relief/Prisoner | Other |
| Separate Maintenance | Birth Certificate Correction | Other | **Torts** |
| Termination of Parental Rights | Commitment | **Contract** | Bad Faith |
| UIFSA (eff 7/1/97; formerly URESA) | Conservatorship | Breach of Contract | Fraud |
| Other | Guardianship | Installment Contract | Loss of Consortium |
| **Appeals** | Heirship | Insurance | Malpractice - Legal |
| Administrative Agency | Intestate Estate | Specific Performance | Malpractice - Medical |
| County Court | Minor's Settlement | Other | Mass Tort |
| Hardship Petition (Driver License) | Muniment of Title | **Statutes/Rules** | Negligence - General |
| Justice Court | Name Change | Bond Validation | Negligence - Motor Vehicle |
| MS Dept Employment Security | Testate Estate | Civil Forfeiture | Product Liability |
| Worker's Compensation | Will Contest | Declaratory Judgment | Subrogation |
| Other | Other | Injunction or Restraining Order | Wrongful Death |
| | | [X] Other  Securities Fraud | Other |

I~ THE <u>CIRCUIT</u> C~~RT OF <u>MADISON</u> C~~NTY, M~SSISSIPPI

<u>          </u> J~DICIAL D~STRICT, C~TY OF <u>         </u>

Docket No.<u>     </u> - <u>        </u> <u>      </u>
        File Yr     Chronological No.    Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 <u>         </u>

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of \_\_ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

## Defendant #2:

**Individual**: <u>Adams</u>    <u>Lamar</u>    ( <u>       </u> ) <u>   </u> <u>  </u>
        Last Name       First Name       Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of <u>                   </u>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A <u>                   </u>

**Business** <u>                 </u>
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
    D/B/A <u>                   </u>

**A~~TORNEY FOR THIS D~FENDANT:** <u>    </u> Bar # or Name: <u>        </u> *Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

## Defendant #3:

**Individual**: <u>        </u> <u>       </u> ( <u>       </u> ) <u>   </u> <u>  </u>
        Last Name       First Name       Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of <u>                   </u>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A <u>                   </u>

**Business** <u>Madison Timber Properties, LLC</u>
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:
    D/B/A <u>                   </u>

**A~~TORNEY FOR THIS D~FENDANT:** <u>    </u> Bar # or Name: <u>        </u> *Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_

## Defendant #4:

**Individual**: <u>        </u> <u>       </u> ( <u>       </u> ) <u>   </u> <u>  </u>
        Last Name       First Name       Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of <u>                   </u>

\_\_\_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A <u>                   </u>

**Business** <u>                 </u>
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
\_\_\_Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
    D/B/A <u>                   </u>

**A~~TORNEY FOR THIS D~FENDANT:** <u>    </u> Bar # or Name: <u>        </u> *Pro Hac Vice* (✓)\_\_\_ Not an Attorney(✓)\_\_\_