UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES,
LLC

        Defendants,

Civil Action No.
3:18 –cv-252-CWR-FKB

**MISSISSIPPI SECRETARY OF STATE'S UNOPPOSED
MOTION TO INTERVENE FOR THE LIMITED PURPOSE
OF OPPOSING THE SEC'S EXPEDITED MOTION
TO APPOINT TEMPORARY RECEIVER**

The Mississippi Secretary of State (the "Secretary") respectfully moves this Court, pursuant to Fed. R. Civ. P. 24, for an order permitting the Secretary to intervene in the above-captioned action (the "*Madison Timber* Action") for the limited purpose of opposing the Securities and Exchange Commission's ("SEC") Expedited Motion to Appoint Temporary Receiver and making his own recommendation for the candidate to be chosen as the receiver in the above-styled action. In support of this motion to intervene, the Secretary states as follows:

1. The *Madison Timber* Action was filed on April 20, 2018. The SEC filed its complaint based on information and belief that Defendants committed securities fraud by operating a Ponzi scheme, and it alleged that Defendants defrauded more than 150 investors out of at least $85 million.

2. The SEC requested injunctive relief that included freezing the assets of Defendants, relief which requires the appointment of a receiver.

3. Defendant Adams, on April 20, 2018, entered a Consent Order, consenting to the freezing of Defendants' assets, to the appointment of a receiver, and to the transfer of all seized assets to the Court-Appointed Receiver or the Registry of the Court.

4. On May 9, 2018, Defendant Adams pled guilty to a criminal charge of wire fraud.

5. On May 10, 2018, the SEC notified the Secretary of its intention to file its Expedited Motion to Appoint Temporary Receiver with this Court, and it notified the Secretary that it was proposing a Miami, Florida-based candidate for the position of receiver.

6. Defendants are Mississippi citizens. Upon information and believe, a large majority of the investors in Defendants' Ponzi scheme are Mississippi citizens.

7. Upon information and belief, most of the assets are situated in Mississippi.

8. The securities law violations alleged against Defendants, if proven, also constitute violations of the Mississippi Security Act, under which the Secretary can assess fines, penalties, and other sanctions such as restitution on behalf of Mississippi investors.

9. The Secretary has a significant interest in the appointment of receiver in this action, given the number of Mississippi investors involved, significant assets being located in the State, the Secretary's own interest in the assets with respect to fines, penalties, and restitution to Mississippi investors, and the receiver's obligations and abilities to administer the recovery and restitution of investors' funds. The Secretary does not believe the SEC's recommended appointment can protect those interests adequately and effectively.

10. The Secretary has an alternative receiver candidate, situated in Mississippi, to recommend to this Court, as to avoid any undue delay or prejudice. A copy of the Secretary's alternative receiver is attached hereto as Exhibit "A".

11. Because the Secretary is not a party to the *Madison Timber* action, the Secretary has no avenue to oppose the SEC's recommendation for appointment of receiver in this action, or recommend an alternative candidate. But the Secretary is charged with enforcing the Mississippi Securities Act and protecting Mississippi investors and has significant interests in the property that is the subject of the action and therefore seeks to intervene.

12. The Secretary therefore respectfully submits that he is entitled to intervene as of right pursuant to Fed. R. Civ. P. Rule 24(a)(2) because the Court's appointment of receiver may impair the Secretary's ability to protect the interests of Mississippi investors harmed by this scheme and may impair the Secretary's ability to discharge his duties under the Mississippi Securities Act.

13. In accordance with Local Rule 7(b)(10), the Secretary has conferred with counsel for Defendants and counsel for the SEC. The Motion is unopposed by both counsel for the Defendants and counsel for the SEC.

THIS the 11th day of May 2018.

        Respectfully Submitted,
        C. DELBERT HOSEMANN, JR., in his Official
        Capacity as MISSISSIPPI SECRETARY OF
        STATE

BY:    JIM HOOD, ATTORNEY GENERAL FOR THE
        STATE OF MISSISSIPPI

BY:    */s/ Douglas T. Miracle*
        DOUGLAS T. MIRACLE, MSB # 9648
        SPECIAL ASSISTANT ATTORNEY GENERAL
        OFFICE OF THE ATTORNEY GENERAL
        CIVIL LITIGATION DIVISION
        Post Office Box 220

        Jackson, Mississippi  39205
        Telephone No. (601) 359-5654
        Facsimile No. (601) 359-2003
        dmira@ago.state.ms.us

        OF COUNSEL
        Jessica Leigh Long
        Assistant Secretary of State
        MSB #103316

        Jeffrey L. Lee
        Senior Attorney
        MSB # 103180

        Office of the Mississippi Secretary of State
        Securities Division
        125 S. Congress Street
        Jackson, MS 39201
        Telephone No. (601) 359-1650
        Facsimile No. (601) 359-9070

## **CERTIFICATE OF SERVICE**

I, Douglas T. Miracle, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I electronically filed the foregoing document with the Clerk of this Court using the ECF system, which sent notification of this filing to all counsel of record.

THIS the 11th day of May, 2018.

        /s/ *Douglas T. Miracle*
        DOUGLAS T. MIRACLE