## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

  ARTHUR LAMAR ADAMS AND
  MADISON TIMBER PROPERTIES,
  LLC,

    Defendants,

Civil Action No.
3:18-cv-252-CWR-FKB

## MISSISSIPPI SECRETARY OF STATE'S MEMORANDUM OF LAW
## IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE FOR THE LIMITED
## PURPOSE OF OPPOSING THE SECURITIES AND EXCHANGE COMMISSION'S
## <u>EXPEDITED MOTION TO APPOINT TEMPORARY RECEIVER</u>

The Mississippi Secretary of State (the "Secretary") respectfully moves this Court, pursuant to

Fed. R. Civ. P. 24, for an order permitting the Secretary to intervene in the above-captioned action (the

"*Madison Timber* Action") for the limited purpose of opposing the Securities and Exchange

Commission's ("SEC") Expedited Motion to Appoint Temporary Receiver, which was filed on May

10, 2018, for the sole purpose of making a recommendation for the candidate to be chosen as the

receiver in the above-styled action.

## PRELIMINARY STATEMENT

The Secretary of State has a duty to enforce the Mississippi Securities Act and protect the interests of Mississippi investors.  The Act provides several remedies to the Secretary to accomplish the task of investor protection:  injunction; declaratory judgment; asset freeze and appointment of receivership; court order for the Secretary to take charge and control of a defendant's property to collect debts, and to acquire and dispose of property; imposition of penalties; order of rescission, restitution, or disgorgement.

These remedies lie with the Hinds County Chancery Court.  Alternatively, after a thorough investigation, the Secretary may order through administrative action penalty, restitution, or disgorgement.  The more immediate relief is to be found in Chancery Court.  However, as an action to freeze the assets was already initiated in federal court, that avenue is no longer an option for the Secretary. The Secretary does not oppose the appointment of a receiver, but respectfully submits that the receiver should be Mississippi-based for both effectiveness and efficiency.

Because the Secretary is not a party to the *Madison Timber* action, the Secretary has no avenue to oppose the SEC's recommendation for appointment of receiver in this action or recommend an alternative candidate, absent intervention here.  The Secretary moves to intervene in this action for the limited purpose of opposing the SEC's Expedited Motion to Appoint Temporary Receiver solely that he may recommend a Mississippi receiver.

The Secretary respectfully submits that he is entitled to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure because the disposition of the SEC's Motion may impair the Secretary's ability to discharge his duties under the Mississippi Securities Act.

## BACKGROUND

In a complaint filed under seal on April 20, 2018, the SEC alleged that Lamar Adams and

Madison Timber Properties, LLC committed securities fraud by operating a Ponzi scheme.  Concurrent with that complaint, the SEC filed a consent order in which the defendants Adams and Madison Timber agreed to the freezing of their assets.

On May 1, 2018, the SEC unsealed the complaint and the Secretary became aware of the matter. On May 9, 2018, Adams entered a guilty plea on one count of wire fraud.  On May 10, 2018, the SEC filed a motion for the appointment of a receiver with one recommendation for a receiver based in Miami, Florida.

Defendants' counsel has advised the Secretary they do not oppose the Secretary's Motion to Intervene. Counsel for the SEC has advised the Secretary that they oppose the Secretary's Motion to Intervene.

## **LEGAL STANDARD**

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, a court "must permit" a movant to intervene in a pending action where the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Fifth Circuit has established a four-pronged test for intervention as of right under Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (internal citation omitted).

"Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally

construed." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (internal citations omitted). The Fifth

Circuit has stated that "courts should allow intervention where no one would be hurt and greater justice

could be obtained." courts should allow intervention "where no

one would be hurt and greater justice could be attained. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th

Cir. 1994) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

## ARGUMENT

As demonstrated below, the Secretary is entitled to intervene as of right under Rule 24(a)(2) as

he satisfies each element of the Fifth Circuit's four-pronged test for intervention. This Court should

therefore grant the Motion to Intervene for the limited purpose of opposing the SEC's Expedited

Motion to Appoint Temporary Receiver for the purpose of making a recommendation for the candidate

of receiver.

### 1.    The Secretary's Motion to Intervene is Timely.

The Secretary has moved to intervene in this action on May 11, 2018, one day after notification

of the SEC's motion was filed.  Given that a week to sixteen days have all been considered timely by

courts, the Secretary's filing of his motion within one day is timely.  *See Stallworth v. Bryant*, 2016 WL

3977245 (S.D. Miss. Jul. 19, 2016) at *2 (granting motion to intervene filed within "a week of the

defendants' answers"); *Burrow v. Forjas Taurus S.A.*, No. 16- Civ-21606-TORRES, 2018 WL 809439,

at *3 (S.D. Fla. Feb. 9, 2018) (granting motion to intervene filed two weeks after the defendant filed its

motion for consolidation); *E.E.O.C. v. Signal Int'l, LLC*, No. 1:11CV179-LG-RHW, 2012 WL 208864,

at *2-4 (S.D. Miss. Jan. 24, 2012) (granting motion to intervene filed sixteen days after the complaint

was filed).

Prejudice to the original parties is not considered a relevant issue in the determination of

allowing intervention as of right.  See *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977).

However, the Secretary appreciates of the time-sensitive nature of the SEC's Motion and the pressing need of an appointment. To that end, the Secretary respectfully recommends Derek Henderson, a Mississippi-based attorney with receivership experience. *See* Exhibit A (Henderson's resume).

### 2. The Secretary Has an Interest in the Appointment of the Receiver.

The Secretary clearly has an interest relating to the Motion as his interest and duty is investor protection and therefore the protection of investor assets under the Mississippi Securities Act.

In *Ceres Gulf v. Cooper*, 957 F.2d 1199 (5th Cir. 1992), an insurer for workers compensation brought an action for reimbursement of benefits. The Director of the Office of Workers' Compensation Programs sought to intervene in the case. The *Ceres Gulf* court stated that "[t]he Director's interest springs from his role in administering the LHWCA [Longshore and Harbor Workers' Compensation Act]. The Secretary of Labor has delegated to him all functions with respect to its administration." *Ceres Gulf* at 1203. It further went on to point out that "the Director is vested with a 'watchdog' role…" and accordingly the "Director's interest is, among other things, consistent application of the LHWCA, a statutory scheme he is charged with administering." *Id*.

Likewise, the Secretary is charged with administration of the Mississippi Security Act which affords several remedies to the Secretary for the adequate protection of investors. One of those remedies, namely an asset freeze and appointment of a receiver by the chancery court, has been impaired and in that the Secretary has an interest.

### 3. The Disposition of the SEC's Motion May Substantially Impair the Secretary's Interests.

Intervention as of right should be granted where Plaintiffs have no other opportunity to be heard by the Court. *See John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001) (granting intervention as of right where the court found that the movant would otherwise "be prevented from ever being heard" on an issue that impacted the movant's interests).

Defendants' Motion threatens to substantially impair the Secretary's interests in investor protection as it hinders remedies otherwise available to the Secretary.  And there is no other avenue for the Secretary to be heard for recommending a receiver in order to protect his interest of investor protection.

### 4.    The Secretary's Interests May Not Be Represented Adequately by the SEC.

A would-be intervenor "has only a minimal burden" to demonstrate that existing parties to the litigation may not adequately represent its interests. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 425 (5th Cir. 2002). "All [a movant] needs to show is that representation by the existing parties <u>may</u> be inadequate." *Id.* (emphasis added).

In the case at hand, the Secretary's interest in maximizing the available funds to restore injured Mississippi investors may not be adequately represented by the receiver the SEC seeks to have appointed because a Miami, Florida-based receiver will not be as efficient as a Mississippi based receiver in performing the required functions in Mississippi where the Court, the Defendants, and assets are located.  Such inefficiencies can be avoided by appointing a Mississippi-based receiver and the overall pool of available assets to protect Mississippi investors would thus be maximized.

### <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant the Secretary's Motion to Intervene as of right under Rule 24(a)(2) for the limited purpose of opposing the SEC's Expedited Motion to Appoint Temporary Receiver and for the purpose to propose an alternative receiver.

This the 11th day of May, 2018.

Respectfully Submitted,

C. DELBERT HOSEMANN, JR., in his Official Capacity as MISSISSIPPI SECRETARY OF STATE

BY:     JIM HOOD, ATTORNEY GENERAL FOR THE
   STATE OF MISSISSIPPI

BY:     */s/ Douglas T. Miracle*     
   DOUGLAS T. MIRACLE, MSB # 9648
   SPECIAL ASSISTANT ATTORNEY GENERAL
   OFFICE OF THE ATTORNEY GENERAL
   CIVIL LITIGATION DIVISION
   Post Office Box 220
   Jackson, Mississippi  39205
   Telephone No. (601) 359-5654
   Facsimile No. (601) 359-2003
   dmira@ago.state.ms.us

   OF COUNSEL
   Jessica Leigh Long
   Assistant Secretary of State
   MSB #103316

   Jeffrey L. Lee
   Senior Attorney
   MSB # 103180

   Office of the Mississippi Secretary of State
   Securities Division
   125 S. Congress Street
   Jackson, MS 39201
   Telephone No. (601) 359-1650
   Facsimile No. (601) 359-9070

**<ins>CERTIFICATE OF SERVICE</ins>**

  I, Douglas T. Miracle, Special Assistant Attorney General for the State of Mississippi, do

hereby certify that on this date I electronically filed the foregoing document with the Clerk of

this Court using the ECF system, which sent notification of this filing to all counsel of record.

  This the 11th day of May, 2018.

       */s/ Douglas T. Miracle*    
       DOUGLAS T. MIRACLE