## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | Case No. |
| **ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,** | **3:18-cv-252-CWR-FKB** |
| **Defendants,** | |

## COMMISSION'S RESPONSE TO MOTION TO INTERVENE

Plaintiff Securities and Exchange Commission ("Commission") respectfully opposes the Motion to Intervene ("Secretary's Motion") filed by the Mississippi Secretary of State ("Secretary"), which seeks to oppose the Commission's proposed candidate for receiver over the assets of Defendants Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("MT Properties"). While the Commission does not object to the Secretary proposing a receivership candidate to this Court, the Secretary has not offered any persuasive reason for selecting his recommended candidate. However, based on the concerns expressed by the Secretary, the

Commission's recommended receivership candidate has arranged to retain competent Mississippi professionals to assist him if appointed.  For these reasons, the Court should deny the Secretary's motion.

The Secretary's sole argument for opposing the Commission's recommended receiver, Mr. Murena, is that Mr. Murena allegedly cannot adequately or efficiently protect Mississippi investors because he is from Miami, Florida, rather than Mississippi.  [Dkt. No. 14 at 6.]  This argument is not persuasive for at least three reasons.

First, Mr. Murena has significant experience with receiverships in cases brought by the Commission and other federal agencies.  Indeed, he has served as either the counsel for the receiver or the receiver in nine other Commission cases, three cases filed by the Commodity Futures Exchange Commission and one case filed by the Federal Trade Commission.  [Dkt. No. 11-3 at p. 2.]  Each of these cases involved multi-million frauds and hundreds or thousands of investors in multiple states, and most of them involved real and personal property, accounts, and/or businesses located in multiple states.  Moreover, Mr. Murena's law firm specializes in this sort of work and has significant resources at its disposal.  While the candidate recommended by the Secretary has experience in state court receiverships, he does not appear to have any experience with federal court receiverships, or, to the Commission's knowledge, significant experience with receiverships involving the

amounts of money at issue in this case or involving a significant number investors from multiple states.  His resources also appear limited.

Second, Mr. Murena has agreed that, if appointed, he will not charge for travel expenses between Mississippi and Florida, making travel cost a non-factor. Moreover, Mr. Murena has proposed a competitive billing rate of $275 per hour. There is no cause for claiming Mr. Murena's service would be inefficient.

Third, based on concerns raised by the Secretary, Mr. Murena has arranged to hire competent Mississippi professionals to assist him if appointed.  Specifically, he has arranged for Kristina M. Johnson and Chad J. Hammons of Jones Walker, LLP in Jackson, Mississippi to assist him as legal counsel.  Ms. Johnson and Mr. Hammons have also agreed to bill at $275 per hour if retained in this matter, which is a significant discount from their normal billing rates.[1]  Jones Walker is a national law firm with offices across the southeast and in states known to have investors such as Texas and Florida.  Mr. Murena has also arranged to retain accountants from the Mississippi offices of Horne, LLP, a certified public accounting firm with multiple offices throughout Mississippi and across the southeast.   These professionals have also agreed to bill at $275 per hour.

---

[1]     Ms. Johnson has relevant experience of her own, having worked with the Department of Justice in a multi-million fraud to develop the most effective plan for distribution,  including evaluating the practicality of using criminal restitution and other means of recovering and distributing assets.  *See, e.g., United States v. William Butch Dixon*, Case No. 3:14-cr-78 (S.D. Miss); http://www.joneswalker.com/professionals-494.html (Ms. Johnson's bio); http://www.joneswalker.com/professionals-487.html  (Mr. Hammons' bio).

The Commission is also informed that Ms. Johnson, Mr. Hammons and the accountants from Horne, LLP have cleared a preliminary conflicts check. In an abundance of caution, however, Mr. Murena has arranged to hire specific conflicts counsel if issues arise during the receivership on which Jones Walker is subject to a conflict.

The Secretary's motion and supporting brief raise an additional concern. Specifically, the Secretary argues that a Mississippi-based receiver is needed to better represent Mississippi investors. Yet the Commission understands that the scheme perpetrated by Defendants ensnared investors from 18 other states as well, including California, Texas and Florida. Indeed, the two largest investors currently known to the Commission reside in California and Texas. In selecting a receiver, the Court should evaluate which candidate is best positioned to represent all victims of the fraud, not just those located in Mississippi. Mr. Murena and the professionals he proposes to hire are well situated to represent all investors, as Mr. Murena has extensive experience with federal receiverships involving investors from multiple states and his professionals have offices in multiple states. The Commission has some concern that, if appointed under these circumstances, the Secretary's candidate might tend to favor Mississippi investors over investors from other states.[2]

---

[2] The Commission also understands that there is potential receivership property outside of Mississippi. For example, Mr. Adams appears to have invested in several condominiums in Florida. The existence of potential receivership property outside of Mississippi further undermines the Secretary's argument that a Mississippi-based receiver is required.

The Commission submits that a temporary receiver is needed to take control of the Defendants' assets for the benefit of all MT Properties investors, identify other potential receiverships assets and develop a preliminary plan for administering the receivership estate. For the reasons stated herein, the Commission submits that Mr. Murena is best qualified to serve as the receiver in this matter.

Dated this 15th day of May, 2018.

Respectfully submitted,

s/ *W. Shawn Murnahan*
W. Shawn Murnahan
Senior Trial Counsel
Georgia Bar No. 529940
Tel: (404) 842-7669
Email: murnahanw@sec.gov

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Tel: (404) 842-7622
Email: loomism@sec.gov

Justin Delfino
Senior Counsel
Georgia Bar No. 570206
Tel: (404) 942-0698
Email: delfinoj@sec.gov

COUNSEL FOR PLAINTIFF
Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Tel (main): (404) 842-7600
Fax: (703) 813-9364

OF COUNSEL

D. Michael Hurst, Jr.
United States Attorney

*s/Kristi H. Johnson*
Kristi H. Johnson
Assistant United States Attorney
MS Bar No. 102891

Marc Perez
Assistant United States Attorney
WA Bar No. 33907

Civil Division
United States Attorney's Office
Southern District of Mississippi
501 East Court Street, Suite 4-430
Jackson, MS 39201
Tel: (601) 973-2887
Fax: (601) 965-4409

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

            **Plaintiff,**

        **v.**

         Case No. 3:18-CV-252-
         CWR-FKB

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

           **Defendants,**

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I filed the foregoing Commission's

Response to Motion to Intervene using the ECF system, which will automatically

send notice of such filing to counsel of record.

Dated this 14th day of May, 2018.

           Respectfully submitted,

           *s/ W. Shawn Murnahan*
           W. Shawn Murnahan