

Kenneth Dante Murena
kmurena@dvllp.com
305-371-3960

May 4, 2018

<u>Via U.S. Mail and Email</u>

Mr. W. Shawn Murnahan, Senior Trial Counsel
Division of Enforcement
Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
murnahanw@sec.gov

Re: Receivership Bid and Qualifications

Dear Mr. Murnahan:

I write to express my interest in serving in a fiduciary capacity to assist the Securities and Exchange Commission in the matter involving Arthur Lamar Adams and Madison Timber Properties, LLC. I have conducted a conflict check and confirmed that neither I nor my law firm Damian & Valori, LLP has any conflict with my serving as a fiduciary in this matter.

As reflected in my résumé and the résumés of other attorneys at my firm, enclosed herewith, we have extensive experience and qualifications to serve in a fiduciary capacity in matters involving: (i) the marshaling, securing and sale of a broad range of assets, including commercial real property (*e.g.*, operating farms, harvesting rights, agricultural nurseries, hunting grounds, apartment complexes, and vacant land), residential real property (*e.g.*, single-family homes and condominiums), publicly traded securities, private securities and interests in closely held companies, commodities (*e.g.*, physical precious metals, options and futures contracts), precious stones, jewelry, watches, vehicles, vessels, and other significant assets located throughout the United States and abroad; (ii) the operating, winding down and/or sale of going concerns, including real estate investment companies, securities and commodities investment and trading companies, hedge funds, special purpose vehicles and holding companies, internet marketing companies, a consumer debt telemarketing company, a charitable organization, apartment rental businesses, agricultural nurseries, a radio station, and a tire company; (iii) the formulation of claims administration processes and distribution plans; and (iv) the distribution of receivership assets to defrauded investors and creditors. We also have substantial experience pursuing, as appropriate, claims on behalf of the estate against principals and affiliates of receivership entities, third parties, and other receivership, bankruptcy and probate estates.

During the past several years, I have served as the Court-appointed Receiver or lead counsel to the Court-appointed Receivers and Special Monitors in the following government enforcement actions:

**EXHIBIT D**

Mr. W. Shawn Murnahan, Senior Trial Counsel
Securities and Exchange Commission
May 4, 2018
Page 2

*Commodity Futures Trading Commission v. Jason B. Scharf (d/b/a Citrades.com and AutoTradingBinary.com), CIT Investments LLC, Brevspand EOOD, CIT Investments Ltd., A&J Media Partners, Inc., Michael Shah, and Zilmil, Inc.*, Case No. 3:17-cv-774-J-32MCR, in the U.S. District Court for the Middle District of Florida (multimillion-dollar binary options trading enterprise and affiliate marketing company – www.binaryoptionsreceivership.com) (Receiver);

*Federal Trade Commission v. Consumer Collection Advocates, et al.*, Case No. 14-62491-cv-Bloom, in the U.S. District Court for the Southern District of Florida (multimillion-dollar consumer debt telemarketing fraud) (Receiver's lead counsel).

*Securities and Exchange Commission v. We The People, Inc. of The United States*, Case No. 2:13-cv-14050-Martinez-McAliley, in the U.S. District Court for the Southern District of Florida ($75 million charitable organization fraud) (Receiver's lead counsel);

*Commodity Futures Trading Commission v. Worth Group, Inc., et al.*, Case No. 13-80796-cv-Ryskamp, in the U.S. District Court for the Southern District of Florida ($30 million precious metals fraud investigation) (Special Monitor's lead counsel);

*Commodity Futures Trading Commission v. Hunter Wise Commodities, LLC, et al.*, Case No. 12-cv-81311-Middlebrooks/Brannon, in the U.S. District Court for the Southern District of Florida ($145 million precious metals fraud – www.hunterwisemanager.com) (Receiver/Special Monitor's lead counsel);

*Securities and Exchange Commission v. Aubrey Lee Price, PFG, LLC, et al.*, Case No. 1:12-cv 2296, in the U.S. District Court for the Northern District of Georgia ($55 million securities and banking fraud – www.pfgreceivership.com) (Receiver's lead counsel);

*Securities and Exchange Commission v. Richard E. McDonald, Marc D. Roup, Deanna J. Seruga and Joseph I. Emas*, Case No. 09-cv-1685, in the U.S. District Court for the Western District of Pennsylvania ($5 million securities fraud) (Receiver's lead counsel);

*Securities and Exchange Commission v. Sean Healy, Shalese Healy and Sand Dollar Investing Partners, LLC*, Case No. 1:09-cv-1330, in the U.S. District Court for the Middle District of Pennsylvania ($18 million securities and commodities fraud) (Receiver's lead counsel);

*Commodity Futures Trading Commission v. Sean Healy, Shalese Healy and Sand Dollar Investing Partners, LLC*, Case No. 1:09-cv-1331, in the U.S. District Court for the Middle District of Pennsylvania ($18 million securities and commodities fraud) (Receiver's lead counsel);

*Securities and Exchange Commission v. Charles O. Morgan as Personal Representative of the Estate of Frederick Kunen*, Case No. 07-22204-cv-Gold, in the U.S. District Court for the Southern District of Florida ($15 million securities fraud) (Receiver's counsel); and

*Securities and Exchange Commission v. Terry E. Provence and DT Capital, LLC*, Case No. 07-23167-cv-Gold, in the U.S. District Court for the Southern District of Florida ($15 million securities fraud) (Receiver's counsel).

In these matters, we worked with the Commissions to marshal all known assets of the defendants, investigated claims against third parties, litigated those claims as necessary, liquidated real and personal property of substantial value located inside the United States and abroad, formulated and implemented claims processes, and/or distributed the maximum amount possible to the defrauded investors and creditors.

In addition, I have served as Receiver's counsel in numerous state court matters, including those involving the operation of businesses and the management and sale of real property (*e.g.*, apartment complexes, single-family homes and condominiums), agricultural nurseries, a Spanish language radio station, and various other businesses. Further, I was appointed as the fiduciary in an Assignment for the Benefit of Creditors proceeding, under Chapter 727 of the Florida Statutes, involving the operation and sale of a tire company in South Florida.

Finally, I have served as the Court-approved counsel for Bankruptcy Trustees in numerous Chapter 11 and Chapter 7 bankruptcy cases in the U.S. Bankruptcy Court for the Southern District of Florida, involving corporate and individual debtors whose estates included operating businesses, commercial and residential real property, construction equipment, medical equipment, vehicles, licenses and intellectual property. This bankruptcy experience has proved invaluable in receivership matters involving the marshaling and liquidation of common and obscure assets and matters in which the individual defendants, affiliates or targets commenced bankruptcy proceedings or other circumstances gave rise to bankruptcy issues.

As a result, I am prepared to proceed immediately with any fiduciary appointment to marshal and preserve the assets of the estate and take all steps necessary to maximize the recovery for the defrauded investors and creditors. In light of my experience, I am confident that, if appointed, I will achieve the objectives of the Commission and of the District Court.

In addition to being qualified to serve as Receiver and Receiver's counsel, we have competitive rates and are prepared to work on a substantially discounted hourly basis. Specifically, while my firm normally charges $350 to $525 per hour for partner and of counsel time, $175 to $300 per hour for associate attorney time, and $125 to $175 per hour for non-attorney professional time, I propose to handle this fiduciary matter at the discounted hourly rates of $275 for Receiver, partner and of counsel time, $175 to $250 for associate attorney time, and $75 to $150 for non-attorney professional time. And, any attorneys or non-attorney professionals outside of my firm, including local counsel and forensic accountants, that I would propose to employ (other than for

limited, specialized engagements and expert testimony) would similarly reduce and cap their hourly rates. If appropriate, we would also explore with the Commission and the District Court alternative fee arrangements. Further, we would not charge for any expenses incurred in connection with traveling to or from Mississippi. Finally, my entire team would utilize, as is prudent, administrative professionals whose rates are much lower than those of our attorneys, and would endeavor to keep all fees and expenses as low as is reasonably possible without compromising the successful outcome of the receivership.

I have signed and enclosed the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission. Further, I have completed, signed and enclosed the Commission's Conflicts of Interest and Background Information form.

Please let me know if I can provide any additional materials or information. I appreciate your considering proposing me as a fiduciary for this matter.

Very truly yours,

Kenneth Dante Murena

Enclosures

EXHIBIT NO. P-D
CAUSE NO. 3:18cv252
WITNESS Evid.
CLERK JOYCE SMITH

MAY 25 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
G. Monis, REPORTER