

_____

No. 3:18-CV-252-CWR-FKB

SECURITIES & EXCHANGE COMMISSION,
*et al.*,

                                         *Plaintiffs*,

v.

ARTHUR LAMAR ADAMS,
*et al.*,

                                         *Defendants*.

_____

ORDER ON RECEIVERSHIP

_____

Before CARLTON W. REEVES, *District Judge*.

This case involves a multi-million dollar Ponzi scheme that defrauded hundreds of investors. The ill-gotten gains of that scheme now reside in Defendants' estates. Both the Securities and Exchange Commission and the Mississippi Secretary of

State have requested the appointment of a receiver to control those estates and protect investor interests.[1]

District courts have a "well-established" power to appoint a receiver in a case brought by the Commission when there is a "showing of fraud and mismanagement, absent insolvency."[2] The architect of this Ponzi scheme has already pleaded guilty to systematic fraud and mismanagement, and the relevant estates likely contain millions of dollars.[3] The motions to appoint a receiver are GRANTED.

The next question is whom this Court should appoint as receiver. A receiver is "a representative of the court" who acts on "behalf of all parties," rather than on behalf of a particular party.[4] The discretion to select a qualified receiver therefore lies with the Court, not the parties.[5]

After considering the written and oral arguments of counsel, the Court believes that the fairest method of selecting a receiver is as follows. On May 31, 2018, the Court will enter a

---

[1] *Emergency Motion*, Docket No. 11; *Emergency Motion*, Docket No. 21.

[2] *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) (quoting *Sec. & Exch. Comm'n v. Keller Corp.*, 323 F.2d 397, 403 (7th Cir. 1963)).

[3] *See Plea Agreement*, Docket No. 11 in *United States v. Arthur Lamar Adams*, 3:18-CR-88-CWR-LRA (S.D. Miss).

[4] *Booth v. Clark*, 58 U.S. 322, 331 (1854).

[5] *See Adelman v. CGS Sci. Corp.*, 332 F. Supp. 137, 149 (E.D. Pa. 1971); *accord* Securities & Exchange Commission Office of the Inspector General, *Oversight of Receivers and Distribution Agents*, Report. No. 432 (2007) ("While a judge in a securities case brought by the Commission usually appoints a receiver recommended by Enforcement staff, the judge may select any qualified receiver.").

Request For Proposals Order soliciting bids for the receivership and the receiver's primary counsel. By close of business on May 29, therefore, the parties shall submit draft RFP Orders containing the receivership application and schedule they propose the Court adopt.

The parties have expressed concerns about immediate threats to investors' interests. The federal government retains great power to address many of those threats through its prosecution of the parallel criminal case. If, however, the parties or any other potential intervener believes that Defendants could themselves mitigate immediate harm to investors' interests were it not for the existing Consent Order [Docket No. 5], they may file an appropriate motion and a proposed Agreed Order amending that Consent Order.

SO ORDERED, this the 25th day of May, 2018.

s/ CARLTON W. REEVES
*United States District Judge*
