**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SECURITIES & EXCHANGE COMMISSION,** *et al.,*   **PLAINTIFFS**

**V.**   **CAUSE NO. 3:18-CV-252-CWR-FKB**

**ARTHUR LAMAR ADAMS,** *et al.*   **DEFENDANTS**

**ORDER FOR INTERIM RELIEF PENDING
<u>APPOINTMENT OF A TEMPORARY RECEIVER</u>**

This Court, having determined that certain interim relief is appropriate to preserve the assets of the Defendants pending the selection of a Temporary Receiver, orders as follows:

    A.    The Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the prior order from this Court, which would:

    1.    Interfere with the Temporary Receiver's eventual efforts to take control, possession, or management of monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Defendants own, possess, have a beneficial interest in, or controls directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estate"); such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

    2.    Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Defendant or which otherwise affects any Receivership Property; or,

3. Interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

4. Nothing in paragraph A herein shall prohibit any business in which either defendant owns an interest and which is managed by a third party from entering into commercially reasonable agreements on behalf of that business or continuing to pay operating expenses for that business as they come due in the ordinary course of business. Management of any such businesses shall maintain a list of any such agreements and payments and shall, upon appointment of a Temporary Receiver in this matter, provide that list to the Temporary Receiver. This paragraph specifically authorizes the majority owners of Delta Farm Land Investments LLC ("DFLI"), a Mississippi limited liability company in which Defendant, Arthur Lamar Adams, owns a one-third interest, to take the following actions:

   a. To continue to operate and manage DFLI, including temporarily replacing Arthur Lamar Adams as the managing member and registered agent for service of process until the appointment of a Temporary Receiver (and the filing with the Mississippi Secretary of State the documentation necessary to effectuate such temporary appointment);
   b. To open and maintain bank accounts and to make deposits and withdrawals therefrom so as to continue to receive income and pay expenses, including all taxes and assessments of any kind, as they come due in the ordinary course of business (subject to audit and challenge as specified below by the Temporary Receiver);
   c. With regard to the real property described on the Promissory Note attached hereto as Exhibit "A" (the "Subject Property"), which is owned by DFLI and pledged as collateral for the Promissory Note, to make all payments as and when due under the terms of the Promissory Note. The next such payment is due on June 30, 2018, in the amount of $43,356.00. The majority members of DFLI are authorized to make all payments due under the Promissory Note, including the portion of such payments that would otherwise be due from Arthur Lamar Adams. The majority members of DFLI are authorized to recoup the amount of payments made on behalf of Arthur Lamar Adams from future revenue of DFLI, including revenue from lease agreements or the proceeds from a sale of the Subject Property, provided that no such recoupment shall decrease Arthur Lamar Adams's membership interest in DFLI;
   d. To enter into the following agreements regarding the Subject Property, which are substantially similar to arrangements DFLI has previously entered into and which generate revenue for DFLI: (i) an Agricultural Lease Contract in the form attached hereto as Exhibit "B" and (ii) a Hunting Lease Agreement in the form attached hereto as Exhibit "C";
   e. To continue to collect the income on and to renew when necessary, two Conservation Reserve Program Contracts attached hereto as Exhibits "D" and "E"; and

> f. To continue to market for sale the Subject Property, provided that the approval of the final terms of any sale of the Subject Property will be reserved to this Court or the receiver, as appropriate.

> DFLI shall maintain a list of payments and agreements necessary to effectuate the actions listed above to be provided to this Court and the Temporary Receiver upon appointment. The Temporary Receiver may challenge any of the actions taken pursuant to this paragraph only on the basis of (1) not being in the ordinary course of business; (2) pursuant to any contractual right that Arthur Lamar Adams may have under the DFLI operating agreements; or (3) pursuant to any rights provided by Mississippi law to minority members of limited liability companies.

B. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) any Receivership Property, wherever located; (b) any of the Defendants, including but not limited to its subsidiaries and partnerships; or, (c) any of the Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

C. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

D. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

E.	The provisions of Paragraphs B – D above bar any person or entity from placing either of the Defendants in bankruptcy proceedings.

**SO ORDERED**, this the 5th day of June, 2018.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE