

---

No. 3:18-cv-252-CWR-FKB

SECURITIES AND EXCHANGE
COMMISSION,

*Plaintiff,*

*v.*

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

*Defendants.*

---

ORDER REGARDING RELATED CASES

---

Before CARLTON W. REEVES, *District Judge*.

On June 22, 2018, this Court appointed a Receiver to take control and manage the Receivership Estate of Arthur Lamar Adams and Madison Timber Properties. Docket No. 33. That Order grants the Receiver the authority to "institute such actions or proceedings to impose a constructive trust, to sue for and

collect, recover, receive or take into possession from third parties all Receivership Property, Receivership Records, and any assets traceable to assets of the Receivership Estate." *Id.* at 7.

Rule 66 of the Federal Rules of Civil Procedure provides that receiverships must "accord with the historical practice in federal courts." A review of authorities reveals that in similar cases, the district court that appointed the Receiver has retained jurisdiction over any claims related to the Receivership Estate.[1]

In accordance with these authorities, and to provide for judicial efficiency in the adjudication of cases, the Court finds that actions brought by the Receiver or related to the Receivership Estate should be assigned to the undersigned judge and Magistrate Judge F. Keith Ball as related cases, subject to such terms and conditions as the Chief Judge may order pursuant to Section IX, paragraph D of this Court's Internal Rule No. 1.

SO ORDERED, this the 20th day of September, 2018.

s/ CARLTON W. REEVES
*United States District Judge*

---

[1] *See S.E.C. v. Am. Pensions Servs., Inc.*, No. 2:14-CV-309-RJS-DBP, Docket No. 782 (D. Utah June 29, 2016) (transferring interpleader to Judge presiding over Receivership action); *S.E.C. v. Am. Pensions Servs., Inc.*, No. 2:14-CV-309-RJS-DBP, Docket No. 923 (D. Utah May 23, 2017) (transferring action filed by Receiver to recover Estate funds to Judge presiding over Receivership); *Zayed v. NRP Fin., Inc.*, No. 12-CV-35-MJD-FLN, Docket No. 2 (D. Minn. Jan. 6, 2012) (same); *see generally S.E.C. v. Stanford Int'l Bank Ltd.*, No. 3:09-CV-298-N (N.D. Tex.).