

No. 3:18-cv-252-CWR-FKB

SECURITIES AND EXCHANGE
COMMISSION,

*Plaintiff,*

v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

*Defendants.*

ORDER REGARDING PRO HAC VICE ADMISSION FEES

Before CARLTON W. REEVES, *District Judge*.

This Court tasked the Receiver with recovering millions of dollars on behalf of defrauded investors in an admitted Ponzi scheme. *See* Docket No. 33. To do that, the Receiver has retained counsel to represent her in actions to recover those funds. *See id.* at 4. The Court anticipates, due to the size of the Ponzi scheme and the amount of money lost by investors, that

the Receiver, and the attorneys representing her, will have to file multiple lawsuits to recover funds. Due to the unique circumstances of this case,[1] and in an effort to maximize the funds available to defrauded investors, the Court is waiving the administrative Pro Hac Vice admission fee, after the first payment, for attorneys acting on the Receiver's behalf. *See* L.U.Civ.R. 83.1(d)(7).

In cases related to or arising out of this action, any attorney representing the Receiver who applies for admission to this Court Pro Hac Vice, must pay the Pro Hac Vice admission fee upon the attorney's first application for admission. In any subsequent applications for admission, when the attorney is representing the Receiver in cases related to or arising out of this action, the Pro Hac Vice admission fee will be waived.

SO ORDERED, this the 9th day of October, 2018.

s/ CARLTON W. REEVES
*United States District Judge*

---

[1] In fact, the Receiver is a unique officer and agent of the Court, through whom the Court holds custody of — and administers — the Receivership estate. *See Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 370-71 (1908).