IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SECURITIES AND EXCHANGE**
**COMMISSION**                                                                                          **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.: 3:18-CV-00252-CWR-FKB**

**LAMAR ADAMS, ET AL.**                                                                         **DEFENDANTS**

**MOTION TO DIRECT RECEIVER ALYSSON MILLS
TO RETURN TO MR. JOHN ENDRIS A $100,000 DEPOSIT MADE ON
APRIL 20, 2018 INTO MADISON TIMBER PROPERTIES BANK
ACCOUNT AT SOUTHERN BANCORP BANK**

William B. McHenry, Jr., through his undersigned counsel, making a limited appearance solely for purposes of this motion, requests the Court enter an Order directing and authorizing the Receiver, Alysson Mills, to immediately release and return directly to Mr. John Endris a $1000,000 deposit made to a Madison Timber Properties account at Southern Bancorp Bank on April 20, 2018 and in support submits the following:

        **I.**        **ADAMS' CRIMINAL INVESTIGATION: APRIL 19, 2018**

Sometime prior to April 19, 2018, the FBI undertook a criminal investigation of Arthur Lamar Adams ("Adams") and his wholly owned business Madison Timber Properties, LLC ("Madison Timber"). According to allegations of the Receiver, in April 2018 upon learning of the FBI investigation, Adams "turned himself in" to the FBI. *See* Amended Complaint, ¶ 21. *Alysson Mills, Receiver, v. Michael Billings, et al.*, U.S. District Court for Southern District of Mississippi, Case No. 3:18-cv-00679-CWR-FKB ("Billings case"). Upon information and belief, at the time he turned himself in, he "confessed to committing the entire scheme to defraud." Adams' scheme to defraud "induced investors to entrust money to [Adams] and would cause [investors] to suffer financial losses."

Upon information and belief, after turning himself in and confessing to operating a fraud scheme, Adams cooperated with the FBI, the U.S. Attorney and the Securities and Exchange Commission ("SEC").  As part of his cooperation, sometime on April 19, 2018, the exact time being unknown, Adams turned over to the FBI numerous documents stored in his files and desk as well as electronic records at his office.

At least by April 19, 2018, Adams would have been subject to the FBI and U.S. Attorney's direction to discontinue and terminate his illegal, fraudulent scheme which involved numerous lender-victims, including Mr. John Endris.  In addition to Adams, as of April 19, 2018, the FBI and SEC knew anyone purchasing a promissory note of Madison Timber would lose all their money.

On May 1, 2018, the U.S. Attorney's office for the Southern District of Mississippi filed a criminal information charging Adams with operating "a sophisticated Ponzi scheme."  Criminal Information, ¶ 8.  *United States of America v. Arthur Lamar Adams*, United States District Court, Southern District of Mississippi, Criminal Case No. 3:18-cr-88-DPJ-LRA ("Criminal Case") [Docket 1].  On May 9, 2018, Adams pled guilty to "wire fraud in violation of 18 U.S.C. Section 1343."  Then on October 31, 2018, he was sentenced.

## II.   SEC COMPLAINT: APRIL 20, 2018

On April 20, 2018, the SEC filed its Complaint initiating this action.  ("SEC Complaint") [Docket 3].  On April 20, 2018, the Court entered a "Consent Order Granting Permanent Injunction, Freezing Assets, Prohibiting Destruction of Documents and Expediting Discovery" ("Consent Order"). [Docket 5].  By a filing on the same day, Adams and Madison Timber agreed to the entry of the Consent Order.  [Docket 4].  The timing of this agreement and earlier cooperation with FBI, shows Adams was also cooperating with the SEC no later than April 19, 2018.

The April 20, 2018 Consent Order provided, among other things, "any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Defendants **shall not permit** any single deposit in excess of $5,000 into any account impacted by this freeze from a single source pending further order of this Court." [Docket 5] (emphasis added).

### III.  APRIL 20, 2018 DEPOSIT

In its Complaint, the SEC alleged Adams' "sale of these promissory notes continued until April 19, 2018." [Docket 3, ¶ 12]. On or around April 19, 2018, Mr. John Endris, through Mr. Bill McHenry, indicated to Adams a desire to purchase a Madison Timber promissory note. In spite of Adams' confession and cooperation with the FBI on or before April 19, 2018 and cooperation with the SEC by April 19, 2018, Adams continued his scheme to defraud by consummating the sale of a promissory note to Mr. John Endris on April 20, 2016.

To consummate the sale, on April 20, 2018, Mr. Endris' $100,000 was deposited into a Madison Timber account at Southern Bancorp Bank. Consummation of this sale on April 20 was contrary to the spirit of the Consent Order. The Bank's acceptance of the deposit contravened the April 20 Consent Order mandate that no deposit over $5,000 shall be permitted. Apparently the Government failed to instruct the Bank to reverse and cancel the April 20 deposit or the Bank ignored the Consent Order's mandate. In either case, both the spirit and clear intent of the Court's Consent Order were violated by accepting and retaining the April 20 deposit of Mr. Endris' $100,000. Control of that $100,000 has now been transferred to the Receiver.

Mr. John Endris and his wife are older investors introduced to Adams and his Madison Timber Properties timber harvesting financing by Mr. Bill McHenry.[1] As reflected in part in the SEC Complaint, on April 19, Adams knew Mr. Endris wanted to put $100,000 into a Madison

---

[1] Mr. John Endris and his wife had previously purchased promissory notes from Madison Timber, some of which were outstanding on April 19, 2018. For example, three (3) days earlier on April 17, 2019, his wife loaned $100,000 to Madison Timber.

3

PD.24777191.1

Timber promissory note. At this point in time, except for Adams and the Government, everyone believed the Madison Timber promissory notes were viable and were secured by legitimate, valuable cutting rights timber deeds. In spite of his confession and full cooperation, however, neither Adams nor the Government took any step to stop this sale from proceeding to consummation by the deposit of Mr. Endris' $100,000 into Madison Timber Properties bank account on April 20, 2018.

### IV. VIOLATION OF CONSENT ORDER

Upon turning himself in and confessing to the fraud scheme, Adams probably was and should have been instructed by the FBI and U.S. Attorney to immediately cease and terminate his scheme and in particular stop taking any "new investments." When Adams agreed to the Consent Order, the SEC should have instructed Adams to cease and terminate all activity related to the sale of the fraudulent promissory notes, including especially consummation of the April 19, 2018 sale referenced in the SEC Complaint. Complaint, ¶ 12. [Docket 3].

Rather than stopping the scheme on April 19 and in particular the sale of a $100,000 worthless promissory note to Mr. Endris, the fraudulent scheme was in effect allowed to continue. This inaction by the Government and Adams in failing to halt the sale and the failure of the Bank to either reject or reverse the deposit unfairly increased the financial hardship to Mr. John Endris. Thus unfair injury is a clear violation of the Consent Order prohibiting such a deposit.

### V. RELIEF: RETURN APRIL 20, 2018 DEPOSIT

According to the Receiver's Report of August 21, 2018 [Docket 36], Madison Timber's account at Southern Bancorp Bank had a balance of $223,143.82. $100,000 of that amount are John Endris' funds deposited on April 20, 2018. Under the terms of the Consent Order, this deposit

4

should not have been accepted by the Bank or the acceptance should have been reversed and money returned to Mr. Endris.

The failure of Southern Bancorp Bank to comply with the Court's Consent Order and the failure of the Government to correct the Bank's failure, should be rectified by this Court, both in vindication of the Court's Consent Order and to cure this additional financial hardship unfairly imposed on Mr. John Endris. As a matter of equity and fairness, the Court is respectfully requested to enter an order directing and authorizing the Receiver to immediately return to Mr. John Endris' his $100,000 that was deposited into Madison Timber's bank account at Southern Bancorp Bank on April 20, 2018.

THIS the 14th day of November, 2018.

                                                Respectfully submitted,

                                                PHELPS DUNBAR LLP


BY:  */s/ Frank W. Trapp*
      Frank W. Trapp MB #8261
      4270 I-55 North
      Jackson, Mississippi 39211-6391
      Telephone: 601-352-2300
      Facsimile: 601-360-9777
      Email: trappf@phelps.com

ATTORNEY FOR WILLIAM B. MCHENRY

MAKING A LIMITED APPEARANCE
SOLELY TO PURSUE THIS MOTION

## **CERTIFICATE OF SERVICE**

I certify that I have this day filed this documents with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 14th day of November, 2018.

>*/s/ Frank W. Trapp*
>FRANK W. TRAPP