**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>**Defendants.** | **No: 3:18-cv-252**<br><br>**Carlton W. Reeves, District Judge** |

**MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT**

Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber"), through undersigned counsel, respectfully submits this memorandum in support of her Motion for Contempt.

**FACTS**

*The Court's order*

This Court's order dated June 22, 2018, instructed the Receiver "to determine the nature, location, and value of all property interests" of the Receivership Estate "including but not limited to … claims, rights, and other assets." Doc. 33 at p. 6. These property interests are "Receivership Property." *Id.*

The Court's order separately "restrain[s] and enjoin[s]" any person receiving notice of the order "from directly or indirectly taking any action or causing any action to be taken, without the

express written agreement of the Receiver" which would "dissipate or otherwise diminish the value of any Receivership Property." Doc. 33 at p. 11. "[S]uch prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property." *Id.*

Finally, the Court's order separately stays "all civil legal proceedings of any nature … or other actions involving … any Receivership Property." Doc. 33 at 13. The purpose of the stay is to preserve assets that otherwise could be picked apart, to maximize funds available for equitable distribution to victims.

### *The Receivership Estate's claims*

Among the many "claims, rights, and other assets" of the Receivership Estate that the Receiver has identified are claims against notaries who notarized the fake deeds and promissory notes that Madison Timber recruiters gave to their investors. These claims are Receivership Property and belong to the Receivership Estate. At a minimum, any actions involving the notaries in question and their employers "involve" Receivership Property and the Receivership Estate.

### *Alexander Seawright's purported release*

Nevertheless, on October 30, 2018, Alexander Seawright Timber Fund, LLC, acting under the direction of Jon Seawright and Brent Alexander, purported to "release, acquit and forever discharge" three notaries, the UPS store that employed them, the UPS store's owners, and the UPS store's insurer from "any and all actions … in any way of [sic] growing out of … [specified] signed notarized documents" for the sum of $100,000. On information and belief, lawyer Kim Breese retained a substantial portion of that sum as a fee for negotiating the release.

Jon Seawright, Brent Alexander, and their lawyer Kim Breese unquestionably had notice of this Court's order. The Court's order was well-publicized in the Jackson, Mississippi, area.

Moreover the Receiver formally served Jon Seawright and Brent Alexander with a copy of the Court's order on October 1, 2018, along with a demand for documents. (Indeed, the purported release was in the documents Jon Seawright and Brent Alexander finally produced to the Receiver on November 9, 2018.)

It is widely known that Jon Seawright and Brent Alexander induced dozens of persons to invest in Madison Timber. In exchange, they and their Alexander Seawright companies received "commissions" from Adams and Madison Timber that were paid with proceeds of the Madison Timber Ponzi scheme.

It is bold of any Madison Timber recruiter to purport to release claims involving the Receivership Estate without even inquiring whether the Receivership Estate has any position on the matter. It is even bolder that Jon Seawright and Brent Alexander, themselves facing potential liability for their roles in the Madison Timber Ponzi scheme, purport to release for the sum of $100,000 valuable claims against a UPS store whose employees notarized the fake deeds and promissory notes that Jon Seawright and Brent Alexander turned around and gave to their own investors.

The Court's stay is intended to preserve assets that otherwise could be picked apart, to maximize funds available for equitable distribution to victims—but it is also intended to ensure that interested parties (here Jon Seawright and Brent Alexander) cannot compromise valuable claims without the Receiver's input.

**ARGUMENT**

To hold a party in contempt, a receiver "must establish by clear and convincing evidence that '(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order.'" *United States v. City of Jackson,*

*Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). "'[I]n civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order.'" *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980) (quoting *United States v. Ross*, 243 F. Supp. 496, 499 (S.D.N.Y. 1965)).

The undisputed facts are that (1) the Court's order was in effect; (2) Jon Seawright and Brent Alexander received a copy of the Court's order; (3) the Court's order "restrain[s] and enjoin[s]" any person receiving notice of the order "from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver" which would "dissipate or otherwise diminish the value of any Receivership Property"; (4) separately the Court's order expressly stays "all civil legal proceedings of any nature … or other actions involving … any Receivership Property"; and (5) Jon Seawright and Brent Alexander violated the Court's order by purporting to release claims that unquestionably "involve" Receivership Property and the Receivership Estate.

## CONCLUSION

This motion is intended to advise the Court of these developments, recently discovered by the Receiver. In view of the foregoing, the Court may hold Alexander Seawright Timber Fund, LLC, Jon Seawright, and Brent Alexander in contempt. The Receiver takes no position on what sanction would be appropriate to remedy their disregard of a court order.

The Receiver submits that the injury to the Receivership Estate can be cured by entry of an order that:

- commands Alexander Seawright Timber Fund, LLC, Jon Seawright, and Brent Alexander to turnover to the Receivership Estate any money they received in exchange for their purported release;

- commands Kim Breese to turnover to the Receivership Estate any money he retained for his negotiation of the purported release;

- declares the release non-binding on the Receiver and the Receivership Estate; and

- commands Alexander Seawright Timber Fund, LLC, Jon Seawright, and Brent Alexander to pay the Receivership Estate's attorneys fees and costs in litigating this matter.

November 19, 2018

Respectfully submitted,

*/s/ Lilli Evans Bass*

BROWN BASS & JETER, PLLC
Lilli Evans Bass, Miss. Bar No. 102896
1755 Lelia Drive, Suite 400
Jackson, Mississippi 39216
Tel: 601-487-8448
Fax: 601-510-9934
bass@bbjlawyers.com
*Receiver's counsel*

*/s/ Brent B. Barriere*

FISHMAN HAYGOOD, LLP
Brent B. Barriere, *Primary Counsel*
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: 504-586-5253
Fax: 504-586-5250
bbarriere@fishmanhaygood.com
*Receiver's counsel*

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

In addition, I have separately emailed a copy of the foregoing to:

Jon D. Seawright
Brent Alexander
Alexander Seawright LLC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211

Jon D. Seawright
Brent Alexander
Baker Donelson
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
jseawright@bakerdonelson.com
balexander@bakerdonelson.com

Frank C. "Kim" Breese, III
800 Woodlands Pkwy., Suite 103
Ridgeland, Mississippi 39157
kim@breeselaw.com

R. David Kaufman
The Brunini Firm
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, Mississippi 39201
dkaufman@brunini.com

Date:   November 19, 2018               */s/ Lilli Evans Bass*