# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into on this 26 day of 11, 2018, by and between Frank Zito ("Mr. Zito") and Alysson L. Mills ("Ms. Mills") in her capacity as the Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the "Receiver"). The Receiver and Mr. Zito are sometimes collectively referred to as the "Parties."

## RECITALS

A. **WHEREAS,** on June 22, 2018, United States District Judge Carlton W. Reeves appointed Ms. Mills to serve as Receiver of Arthur Lamar Adams and Madison Timber Properties, LLC's estate (the "Receivership Estate"). Among the Receiver's powers and duties is the power to sue for and collect, recover, receive or take into possession from third parties any assets traceable to assets of the Receivership Estate; and

B. **WHEREAS,** Mr. Zito was a licensed agent for a broker-dealer; and

C. **WHEREAS,** Mr. Zito did not have any agreement with Madison Timber, but, nevertheless, received commissions from Madison Timber Properties, LLC ("Madison Timber") in connection with a client who invested in Madison Timber and finders' fees for introducing principals of Madison Timber to a law firm to assist with a private placement; and

D. **WHEREAS,** in order to avoid the expense, burden, and delay of litigation and without admitting or acknowledging any liability, and subject to the entry of an order of the District Court approving this Agreement, and authorizing and directing the Parties' performance of their obligations hereunder, as more fully described below, the Parties now wish to effect a full and complete resolution and settlement of all potential claims and defenses, and freely and voluntarily enter into this Agreement for that purpose.

Exhibit A

**NOW, THEREFORE,** in consideration of the mutual covenants contained herein, the receipt and sufficiency of which are acknowledged, the Parties hereby agree as follows:

## DEFINITIONS

1. The "<u>Approval Order</u>" shall mean an order of the District Court entered in the SEC Litigation approving the settlement by and between the Receiver and Mr. Zito and the Receiver's execution of this Agreement and performances of her obligation hereunder.

2. The "<u>Effective Date</u>" shall mean the date on which the Court enters the Approval Order.

3. The "<u>Tender Date</u>" shall mean that date which occurs ten (10) days after the Effective Date unless such date is not a business day in which event the Tender Date shall be the next business day.

## AGREEMENT

**1. <u>Settlement Payment and Promissory Note.</u>** On the Tender Date, Mr. Zito shall deliver to the Receiver or her designee, payment in immediately available funds in the amount of One Hundred Thousand and no/100 ($100,000) Dollars (the "<u>Settlement Payment</u>"). Also, on or before the Tender Date, Mr. Zito shall execute and deliver to the Receiver a promissory note in the original principal amount of One Hundred Thousand and no/100 ($100,000) Dollars and bearing interest at the rate of seven (7%) percent per annum (the "<u>Promissory Note</u>"). The balance of the Promissory Note shall mature and be due and payable one hundred and eighty (180) days from the Effective Date ("<u>Maturity Date</u>"). Interest on the Promissory Note shall only be due upon the occurrence of an Event of Default by Mr. Zito, as that term is defined below.

**2. <u>Covenants of the Parties.</u>**

   a. **<u>Filing and prosecution of motion</u>**. Immediately upon execution of this Agreement, the Parties shall file such pleadings and, thereafter, shall take such action as may be necessary or appropriate to obtain the entry of the

Approval Order.

b. **Cooperation.** Mr. Zito shall use his best efforts to cooperate with the Receiver in the following ways:

i. **Information as to Madison Timber.** Mr. Zito shall provide any information in his possession or control relating to Madison Timber, its principals, and its agents.

ii. **Other Assistance.** Mr. Zito shall cooperate and provide any assistance as may be reasonably requested by the Receiver, including, without limitation, appearing for interviews, depositions, or trial testimony as may be requested by the Receiver upon reasonable notice.

c. **No Action Pending Payment of Promissory Note.** Following receipt of the Settlement Payment and through and until the date the Promissory Note is due and payable, the Receiver shall take no action against Mr. Zito with respect to any possible claims, demands or causes of action the Receiver has or may have against him. Without limiting the generality of the foregoing, the Receiver shall not name Mr. Zito in any suit filed by her against any salesman or recruiters for Madison Timber.

3. **Release of Mr. Zito.** Effective upon the Receiver's receipt of the Settlement Payment and all sums due and payable on the Promissory Note (the "Release Date"), the Receiver individually and on behalf of the Receivership Estate, and all other persons who may assert claims on her behalf (hereinafter, jointly "Receiver Releasors") shall release, acquit and forever discharge Frank Zito, his heirs, successors and assigns, insurers, agents, counsel and all persons for whom he might be liable or responsible (hereinafter "Zito Released Parties") from any and all claims, demands, causes of action and obligations of any type or description, whether known or unknown, existing or contingent, whether arising in tort or contract which Receiver Releasors have or may have against any one or more of the Zito Released Parties. The Receiver specifically reserves any and all claims, demands and causes of action she has asserted or could assert against any salesman, recruiters and all other persons and entities other than the Zito Released Parties.

**4. Release by Mr. Zito.** Effective upon the Release Date, Mr. Zito shall release, acquit and forever discharge the Receiver, the Receivership Estate, their attorneys, accountants, representatives, members, employees, affiliates, and all other persons for whom they might be liable (collectively the "Receiver Released Persons") of any and all claims, demands, causes of action and obligations of any type or description, whether known or unknown, existing or contingent, whether arising in tort or contract which Mr. Zito has or may have against any one or more of the Receiver Released Persons, subject to the Reservation of Claims set forth below.

**5. Reservation of Claims.** Mr. Zito expressly reserves any claims he may have against the Receivership Estate arising out of any investment made by Mr. Zito in Madison Timber.

**6. Event of Default by Mr. Zito:** Any of the following shall constitute an event of default by the Mr. Zito:

    a. Mr. Zito fails to timely deliver the Settlement Payment to the Receiver.

    b. Mr. Zito fails to deliver the entire amount due under the Promissory Note on or before the Maturity Date.

    c. Mr. Zito fails to perform any of the Covenants or other obligations imposed upon him by this Agreement.

**7. Remedies Upon Occurrence of an Event of Default.** Upon the occurrence of an Event of Default, the Receiver shall give not less than seven (7) days written notice. Mr. Zito shall have seven (7) days from the date of issuance of such notice to cure the Event of Default. Should Mr. Zito fail to cure timely, the Receiver may either (i) declare the Settlement Payment and Promissory Note immediately due and payable and may, thereafter, employ all remedies and procedures to collect the balance due on the Promissory Note and Settlement Payment, including interest and any attorney's fees and expenses as may be stated in the Promissory Note or (ii) declare the Agreement terminated and pursue any and all claims, demands and causes of action the Receiver may have against Mr. Zito.

**8. Approval of the District Court.** The Parties recognize that the Receiver's performance of the Receiver's obligations hereunder is contingent upon the District Court entering the Approval Order. This Agreement shall automatically terminate,

without further act by either of the Parties, upon the Court entering an order denying entry of the Approval Order.

**9. Entire Agreement; Amendments; Waivers.** This Agreement, including all agreements referenced herein, constitutes the entire agreement of the Parties solely with regard to the subject matter hereof. This Agreement may only be modified or amended by an instrument in writing signed by all Parties. No waiver of any condition hereunder shall be effective unless effected by an instrument in writing signed by all Parties. No Party to this Agreement has relied upon any representations of any other Party not expressly contained in this Agreement.

**10. Governing Law.** This Agreement, as well as all matters in dispute between the Parties, whether arising from or relating to this Agreement or arising from or relating to alleged extra-contractual facts prior to, during or subsequent to this Agreement, including fraud, misrepresentation, negligence, or any other alleged tort or violation of this Agreement, regardless of the legal theory upon which such matter is asserted, is to be governed by, construed under, and enforced in accordance with the laws of the United States and the State of Mississippi without regard to any conflicts of laws principles that would require the application of any other laws. The Parties consent to the District Court to be the sole venue to enforce the terms of this Agreement and to adjudicate any disputes arising in relation thereto.

**11. Binding Effect.** This Agreement shall inure to the benefit of the Parties hereto and shall be binding upon each of them, and their heirs, estates, assigns, representatives and successors.

**12. Further Assurances.** Each of the Parties, without further consideration, agrees to execute and deliver such other documents and take such other action as may be necessary to consummate more effectively the subject matter hereof.

**13. Rules of Construction.** The Parties have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement is to be construed as if drafted jointly by the Parties and no presumption or burden of proof is to arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

**14. Counterparts; Execution of Agreement.** The Parties are permitted to execute this Agreement in one or more counterparts, each of such counterparts is to be deemed to be an original copy of this Agreement, and all of which, when taken together, are to be deemed to constitute one and the same instrument. The exchange of copies of this Agreement and of signature pages by facsimile, electronic mail, or other electronic transmission constitutes effective execution and delivery of this Agreement as to the Parties. Signatures of the Parties transmitted by facsimile, electronic mail, or other electronic transmission are to be deemed to be their original signatures for all purposes.

**15. Notices.** Notices hereunder or in connection with the Agreement shall be sent by electronic mail or overnight courier and addressed as follows:

a. If to the Receiver:

Alysson L. Mills, Esq.
Fishman Haygood, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170

With a copy to:

Brent B. Barriere, Esq.
Fishman Haygood, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170

b. If to Frank Zito:

Mr. Frank Zito

908 Cardigan Court

Madison, MS 39110

With a copy to:

John C. Anjier, Esq.
Liskow & Lewis

701 Poydras Street, Suite 5000
New Orleans, LA 70139

[Signatures on Following Page]

Dated the day first above written.

Alysson L. Mills, in her capacity as      Frank Zito
Receiver for the estate of Arthur Lamar Adams
and Madison Timber Properties, LLC.

*Frank Zito*
11/20/18

Page 3 of 7

1" = "1" "1381820v.1" "" 1381820v.1

701 Poydras Street, Suite 5000
New Orleans, LA 70139

[Signatures on Following Page]

Dated the day first above written.

*Alysson Mills* (signature)

Alysson L. Mills, in her capacity as
Receiver for the estate of Arthur Lamar Adams
and Madison Timber Properties, LLC.

Frank Zito

*Frank Zito* (signature)
11/20/18

Page 3 of 7

1" = "1" "1381820v.1" "" 1381820v.1