UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252 |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

# MEMORANDUM IN SUPPORT OF
# MOTION FOR APPROVAL OF SETTLEMENT

Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC, through undersigned counsel, respectfully moves the Court to enter the attached proposed Order Approving Settlement,[1] which approves the Receiver's Settlement Agreement with Frank Zito [**Exhibit A**]. She submits this memorandum in support.

## SUMMARY

Mr. Zito received Madison Timber "commissions," or like payments, totaling $222,750. The Receiver and Mr. Zito have agreed to resolve the Receivership Estate's claims to that money without litigation. Mr. Zito shall return to the Receivership Estate $200,000, reflecting 90% of the

---

[1] Pursuant to the Court's Administrative Procedures for Electronic Case Filing, Sec.5.B, the proposed Order Approving Settlement is being transmitted via e-mail to Judge Reeves's chambers simultaneous with the filing of this motion.

1381607v.1

total "commissions" or like payments that he received, and in turn the Receiver shall release all claims the Receivership Estate has or may have against Mr. Zito. Mr. Zito shall cooperate with the Receiver in her attempts to recover money for the Receivership Estate, including by providing testimony as requested.

The proposed settlement reflects a 10% discount that the Receiver believes is fair and reasonable consideration for the avoidance of the time and expense that would have accompanied any litigation. The proposed settlement does not reflect any discount for the losses Mr. Zito himself suffered as an investor in Madison Timber. Mr. Zito shall be treated equally as any other investor in any equitable distribution by the Receivership Estate.

This proposed settlement follows meaningful, informed, arm's length negotiations between the Receiver and Mr. Zito, both represented by highly capable counsel.

The Receiver greatly appreciates Mr. Zito's offer to return 90% of the "commissions" or like payments that he received from Madison Timber and hopes that his example may encourage others in the same position to do the same. The Receiver believes settlement on the proposed terms without litigation unquestionably is in the Receivership Estate's best interests. The Receiver thus recommends that the Court approve the Settlement Agreement by entering the proposed Order Approving Settlement.

## BACKGROUND

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership Estate"[2] and to investigate and "bring such legal actions based on law or equity in any state, federal

---

[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

2

or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver."[3]

Immediately following her appointment, the Receiver and her counsel began investigating claims against potential defendants who may be in possession of assets of the Receivership Estate, including against individuals who received "commissions" for facilitating investments in Madison Timber. After reviewing accounting and bank records of Madison Timber and Madison Timber "recruiters," the Receiver determined that Mr. Zito had received "commissions" or other payments totaling $222,750.

*Mr. Zito's "commissions" or other payments*

Mr. Zito is a registered representative of a broker-dealer. Although Mr. Zito did not have any formal agreement with Madison Timber, he received "commissions" or other payments totaling $222,750 in exchange for his sales of Madison Timber investments to a single client and for his introduction of Madison Timber principals to a law firm that provided legal, business, and marketing services to Madison Timber.

Mr. Zito also was an investor in Madison Timber and has outstanding unpaid promissory notes.

*The Receiver's potential claims*

It is the Receiver's position that the "commissions" or other payments that Mr. Zito received are voidable fraudulent transfers, similar to those at issue in the Receiver's lawsuit, *Alysson L. Mills v. Michael D. Billings, et al.*, No. 3:18-cv-0679 (S.D. Miss).

---

[3] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss). By order dated August 22, 2018, the Court eliminated the requirement that the Receiver obtain "prior approval of this Court upon ex parte request" before bringing any legal action. Docket No. 38, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

# PROPOSED SETTLEMENT

The Settlement Agreement reflects that the Receiver and Mr. Zito have agreed to the following terms and conditions:

1. Mr. Zito shall deliver to the Receiver a "Settlement Payment" of $100,000 and shall execute and deliver a promissory note in the original principal amount of $100,000, bearing interest at the rate of 7% per annum (the "Promissory Note"). The balance of the Promissory Note shall mature and be due and payable 180 days from the date this Court enters an order approving the Settlement Agreement. Interest on the Promissory Note, however, shall only be due if Mr. Zito defaults under the Settlement Agreement.

2. Mr. Zito shall provide to the Receiver any information in his possession or control relating to Madison Timber, its principals, and its agents.

3. Mr. Zito shall cooperate and provide any assistance as may be reasonably requested by the Receiver, including, without limitation, appearing for interviews, depositions, or trial testimony as may be requested by the Receiver upon reasonable notice.

4. The Receiver shall take no action against Mr. Zito with respect to any possible claims, demands, or causes of action she has against him following receipt of the Settlement Payment through and until the date the Promissory Note is due and payable.

5. Upon receipt of the Settlement Payment and all sums due and payable on the Promissory Note, the Receiver and Mr. Zito shall exchange mutual and general releases of any and all claims, demands, and causes of action of any type or description, either has or may have against the other. However, Mr. Zito expressly reserves any claims he may have against the Receivership Estate for any investments Mr. Zito personally made in Madison Timber.

6. The Receiver shall retain her claims against any other salesperson or recruiter for Madison Timber, and the Settlement Agreement shall not constitute nor be deemed a release of any claims of any type of description the Receiver may have against any non-parties to the Settlement Agreement.

7. The Receiver and Mr. Zito shall take all actions as may be necessary or appropriate to obtain entry of the proposed Order Approving Settlement.

The foregoing is intended solely as a summary of the terms of the Settlement Agreement; in all events, the specific terms of the Settlement Agreement shall control.

The Receiver is satisfied that $200,000 exceeds the net amount the Receivership Estate would actually receive if she litigated her potential claims against Zito to final judgment. The

1381607v.1

Receiver would spend considerable time and money litigating her potential claims against Mr. Zito. Mr. Zito also would spend considerable time and money defending against the Receiver's claims. The time and money spent on litigation, which would be funded on an hourly basis, is time and money the Receivership Estate would never recover and would almost certainly exceed the 10% discount given in consideration for the avoidance of litigation.

## CONCLUSION

The Receiver recommends that the Court enter the proposed Order Approving Settlement because she believes settlement with Mr. Zito on the proposed terms without litigation unquestionably is in the Receivership Estate's best interests.

November 20, 2018
Respectfully submitted,

| | |
|---|---|
| */s/ Lilli Evans Bass* | */s/ Brent B. Barriere* |
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admitted pro hac vice* |
| LaToya T. Jeter, Miss. Bar No. 102213 | Brent B. Barriere, *Primary Counsel* |
| 1755 Lelia Drive, Suite 400 | Jason W. Burge |
| Jackson, Mississippi 39216 | Kristen D. Amond |
| Tel: 601-487-8448 | Rebekka C. Veith |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
| *Receiver's counsel* | Tel: 504-586-5253 |
| | Fax: 504-586-5250 |
| | bbarriere@fishmanhaygood.com |
| | jburge@fishmanhaygood.com |
| | kamond@fishmanhaygood.com |
| | rveith@fishmanhaygood.com |
| | *Receiver's counsel* |

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

In addition, I have separately emailed a copy of the foregoing to:

John Anjier

jcanjier@liskow.com

*Counsel for Frank Zito*

Date: November 20, 2018  */s/ Lilli Evans Bass*
　　　　　　　　　　　　　　　　　　　　Miss. Bar No. 102896