UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252-CWR-FKB |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

**ORDER APPROVING SETTLEMENT**

Before the Court is the Motion for Approval of Settlement filed by Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC.

The motion asks the Court to approve the Receiver's Settlement Agreement with Frank Zito. After consideration, the Court finds that settlement with Mr. Zito on the proposed terms without litigation is in the Receivership Estate's best interests. The Court thus **GRANTS** the Receiver's motion.

**BACKGROUND**

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership

Estate"[1] and to investigate and "bring such legal actions based on law or equity in any state, federal or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver."[2]

Immediately following her appointment, the Receiver and her counsel began investigating claims against potential defendants who may be in possession of assets of the Receivership Estate, including against individuals who received "commissions" for facilitating investments in Madison Timber. After reviewing accounting and bank records of Madison Timber and Madison Timber "recruiters," the Receiver determined that Mr. Zito had received "commissions" or other payments totaling $222,750.

*Mr. Zito's "commissions" or other payments*

Mr. Zito is a registered representative of a broker-dealer. Although Mr. Zito did not have any formal agreement with Madison Timber, he received "commissions" or other payments totaling $222,750 in exchange for his sales of Madison Timber investments to a single client and for his introduction of Madison Timber principals to a law firm that provided legal, business, and marketing services to Madison Timber.

Mr. Zito also was an investor in Madison Timber and has outstanding unpaid promissory notes.

---

[1] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss). By order dated August 22, 2018, the Court eliminated the requirement that the Receiver obtain "prior approval of this Court upon ex parte request" before bringing any legal action. Docket No. 38, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

*The Receiver's potential claims*

It is the Receiver's position that the "commissions" or other payments that Mr. Zito received are voidable fraudulent transfers, similar to those at issue in the Receiver's lawsuit, *Alysson L. Mills v. Michael D. Billings, et al.*, No. 3:18-cv-0679 (S.D. Miss).

The Receiver and Mr. Zito have agreed to resolve the Receivership Estate's claims to the $222,750 that Mr. Zito received without litigation. Mr. Zito shall return to the Receivership Estate $200,000, reflecting 90% of the total "commissions" or like payments that he received, and in turn the Receiver shall release all claims the Receivership Estate has or may have against Mr. Zito. Mr. Zito shall cooperate with the Receiver in her attempts to recover money for the Receivership Estate, including by providing testimony as requested.

The proposed settlement reflects a 10% discount that the Receiver believes is fair and reasonable consideration for the avoidance of the time and expense that would have accompanied any litigation. The proposed settlement does not reflect any discount for the losses Mr. Zito himself suffered as an investor in Madison Timber. Mr. Zito shall be treated equally as any other investor in any equitable distribution by the Receivership Estate.

Like the Receiver, the Court appreciates Mr. Zito's offer to return 90% of the "commissions" or like payments that he received from Madison Timber and hopes that his example may encourage others in the same position to do the same.

**ORDER**

After consideration, the Court finds that the terms of the Settlement Agreement are adequate, fair, reasonable, and equitable. The Settlement Agreement should be and is hereby **APPROVED**.

Accordingly, the Court hereby **ORDERS** as follows:

3

1. The terms used in this Order Approving Settlement that are defined in the Settlement Agreement between the Receiver and Mr. Zito, unless expressly otherwise defined herein, shall have the same meaning as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action, and the Receiver is a proper party to seek entry of this Order Approving Settlement.

3. The Settlement Agreement followed meaningful, informed, arm's length negotiations between the Receiver and Mr. Zito, both represented by highly capable counsel.

4. The parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

5. The $200,000 that Mr. Zito shall pay to the Receivership Estate exceeds the net amount the Receivership Estate would actually receive if the Receiver litigated the Receivership Estate's potential claims against Mr. Zito to final judgment.

6. The Settlement Agreement is, in all respects, fair, reasonable, and adequate and is hereby fully and finally approved. The parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and with this Order Approving Settlement.

7. Nothing in this Order Approving Settlement or the Settlement Agreement and no aspect of the Settlement Agreement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of any party in any other proceeding.

8. Mr. Zito shall deliver or cause to be delivered the Settlement Payment and the Promissory Note in accordance with the terms of the Settlement Agreement.  The Court specifically directs Mr. Zito to abide by the cooperation covenants set forth in the Settlement Agreement.

9.    Without in any way affecting the finality of this Order Approving Settlement, the Court retains continuing and exclusive jurisdiction over the parties for the purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

**SO ORDERED**, this the 4th day of December, 2018.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE