**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SECURITIES AND EXCHANGE
COMMISSION**                                                              **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.: 3:18-CV-00252-CWR-FKB**

**LAMAR ADAMS, ET AL.**                                            **DEFENDANTS**


**REPLY TO RECEIVER'S RESPONSE TO MCHENRY'S MOTION TO DIRECT
RECEIVER TO RETURN DEPOSIT AND TO SEC'S RESPONSE IN OPPOSITION TO
MOTION SEEKING RETURN OF RECEIVERSHIP FUNDS**

     William B. McHenry, Jr. replies to Receiver's Response to McHenry's Motion to

[Authorize and] Direct Receiver Alysson Mills to Return to Mr. John Endris a $100,000 Deposit

made on April 20, 2018 into Madison Timber Properties Bank Account at Southern Bancorp

Bank ("Receiver's Response") [Dkt. 60] and the SEC's Response in Opposition to Motion

Seeking Return of Receivership Funds ("SEC Response") [Dkt. 61] as follows:

I.      Deposit made on April 20, 2018.

     1.     Both the Receiver's Response and SEC's Response argue movant, Mr. William B.

McHenry, Jr. ("Bill McHenry") consummated the sale (loan) of a $100,000 promissory note to

Mr. John Endris on April 19, 2018.  In her Response, the Receiver asserts, "Mr. Endris gave the

check to McHenry on April 19, 2018, and McHenry immediate deposited the check on the same

day."  Receiver's Response p. 2 [Dkt. 60].  Similarly, the SEC asserts, "Mr. Endris' investment

was made, and the check deposited into Defendant's bank (by McHenry, no less) on April 19,

2018, the day *before* the asset freeze went into effect." (emphasis in original).  SEC Response p.

2 [Dkt. 61].  Bill McHenry, however, deposited Mr. John Endris' $100,000 check on April 20,

2018.  See Exhibit A, Affidavit of William B. McHenry, ¶ 7.

2.      Two exhibits are attached to the Receiver's Response.  Those two exhibits are Mr. Endris' check and Madison Timber deposit slip.  The back of John Endris' check and the deposit slip both bear the bank imprinted electronic date: April 20, 2018.  See Exhibits to Receiver's Response.  The bank's electronic marking show the $100,000 check was deposited and processed on April 20, 2018.

3.      Prior to filing the motion to return, the undersigned counsel for McHenry raised this issue both with the Receiver and with the SEC.  On November 7, 2018, counsel gave a draft of this motion to the Receiver.  In subsequent communications, on November 9, 2018, the undersigned counsel for McHenry informed the Receiver that "Bill McHenry deposited the check on April 20."  Assuming a return of the April 20 deposit might require Court order, the instant motion was then filed on November 14, 2018. [Dkt. 53].

4.      Attached to Bill McHenry's affidavit (Exhibit A) is a copy of the $100,000 check of Mr. John Endris and the bank deposit slip received from the Receiver.  They are Exhibits 1 (check) and 2 (deposit slip).  While both have a handwritten date of April 19, 2018, the bank's electronic imprinted processing date is April 20, 2018.  Thus, both check and deposit slip show the deposit to consummate the sale of a Madison Timber Properties, LLC promissory note was made on April 20, 2018.  In addition to the check and deposit slip, the Receiver also provided a copy of the Madison Timber bank statement for the month ending April 30, 2018.  It is Exhibit 3 to Exhibit A, Bill McHenry's affidavit.  Consistent with the bank imprinted processing dates on the check and deposit slip, the bank account statement shows the $100,000 deposit was made on April 20, 2018.

5.      Bill McHenry made the deposit on April 20, 2018; he watched the bank employee process the $100,000 deposit into Madison Timber's bank account.  Exhibit A, ¶ 7.  At the time,

Bill McHenry was unaware of Adams' fraudulent scheme and unaware that Adams had confessed his crime and was cooperating with the Government.  Exhibit A, ¶ 10.

6.      The Receiver acknowledges Adams was cooperating with the FBI and SEC by at least early evening on April 19, 2018.  Receiver's Response, p. 2, ¶ 4.  Adams' fraudulent scheme should have been terminated on April 19, 2018.  And on April 19, 2018, Adams should have been instructed by the Government to avoid taking any more money, including specifically consummation of the pending sale to by Mr. John Endris.  Neither the Receiver nor SEC suggest the Government told Adams to continue his fraudulent scheme, yet that is what happened.

II.      Acceptance and retaining the deposit violates Consent Order.

7.      The Court's April 20, 2018 Consent Order specifically prohibits "any bank … holding accounts for or on behalf of [Madison Timber Properties] shall not permit any single deposit in excess of $5,000 into any account impacted by this freeze from a single source …." It is undisputed the instant deposit was a single deposit in excess of $5,000 made into a Defendant account impacted by the freeze.

8.      The bank electronically affixed the date on the back of Mr. Endris' check and at the bottom of the deposit slip, the Madison Timber's bank account statement, and Bill McHenry's affidavit all uniformly show Mr. John Endris' check for $100,000 was deposited on April 20, 2018.

9.      Neither the Receiver nor SEC suggest Mr. Endris' $100,000 should not be returned if the deposit was made and accepted by the bank on April 20, 2018.  Stated affirmatively, the Receiver and SEC implicitly concede acceptance of the deposit on April 20, 2018 and retaining it violated the Consent Order.

PD.24994529.1

III.    Returning the deposit is not a preference, rather retaining it is a singular harm.

10.    Mr. John Endris' wife purchased a $100,000 promissory note on April 17, 2018. That purchase is subject to the SEC cited case law that the Receiver "cannot take any action that might prefer one investor over another."   The April 20, 2018 deposit is not an issue of preference of "one investor over another."   Rather, it is an issue about compliance with the Court's Consent Order.  Indeed, it is about reversing the unfair, singular injury imposed on Mr. John Endris.

11.    Here, Adams could have been and should have been instructed by the Government on April 19, 2018 to stop (delay or terminate) the consummation of the sale of what the Government knew was a worthless $100,000 plus promissory note to Mr. John Endris. The Government cannot in effect condone the continuation of Adams' fraudulent scheme for even one day.  And even if late in the day of April 19, the fraudulent scheme should have stopped without singling out one investor Mr. John Endris for additional financial loss.  Indeed, Adams' confession and cooperation by April 19, 2018 and Adams' agreement to entry of the April 20, 2018 Consent Order shows the Government effectively had control of the Madison Timber account before the clock struck twelve mid-night on April 19, 2018.  While it may generally be inappropriate to give preferential treatment as the SEC argues, it is equally inappropriate and unfair to impose singular harm to a single investor as occurred here.

IV.    Receiver's conflict of interest argument is misplaced.

12.    Everyone has an interest in seeing this Court's April 20, 2018 Consent Order is followed and enforced.  Indeed, it is axiomatic that the Court has inherent authority to enforce its own orders.  *See e.g. Degen v. United States,* 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996 ("A federal court has an array of means to enforce its orders …. [including its] inherent

authority"); *TracFone Wireless, Inc. v. Holden Property Services, LLC,* 103 F. Supp. 3d 1357, 1360 (S.D. Fl. 2015) (a federal "Court has inherent authority to enforce its own orders").

13.     Because he made the $100,000 deposit on April 20, 2018, McHenry was in a position to know on what day it was made.  Over time as more was learned about when Adams began cooperating with the Government, it became clear accepting and retaining the April 20 deposit of Mr. John Endris' $100,000 was an egregiously wrong that in effect made the Government appear to be complicit in Adams' fraudulent scheme.

14.     Moreover, through counsel, McHenry informally raised the Consent Order violation with both the Receiver and the SEC.  His undersigned counsel sent an earlier draft of the motion to the Receiver.  He informed the Receiver that Bill McHenry made the deposit on April 20, 2018.  The Receiver shared the check, deposit slip and bank account statement.  The bank records confirm the deposit was made on April 20, 2018.

15.     McHenry has earnestly sought to reach a settlement with the Receiver.  He has cooperated with the Receiver by providing records requested without subpoena, provided full access to Adams' office space and preserved Adams' personal property for the Receiver's review and release.  Bill McHenry acceded to the Receiver's demand for settlement discussion without discovery, entered into settlement discussion, provided the required financial disclosure and made a good faith proposal for orderly liquidation.  His proposal was rebuffed without any counter proposal with a suggestion that his bankruptcy was preferable.

16.     Both Michael Billings and Wayne Kelly have effectively settled.  Bill McHenry is being forced to litigate where he has consistently cooperated with the Receiver.  Nevertheless, Bill McHenry believed the refusal to return the April 20, 2018 deposit to John Endris' was fundamentally unfair to Mr. John Endris.

17.     In addition, while on a broad scale, Mr. John Endris and Bill McHenry's interest could be divergent, on this narrow issue they have the same interest in seeing the $100,000 deposit returned to Mr. Endris.  And both share a common interest in this Court's Consent Order being vindicated.  Accordingly, in spite of a desire to cooperate with the Receiver and to avoid further litigation, Bill McHenry makes this motion because it is the right thing to do.

V.     Conclusion.

Both the bank records and Bill McHenry's personal knowledge establish the $100,000 deposit was made into the Madison Timber bank account on April 20, 2018.  Because the acceptance and retention of that $100,000 deposit violated the Court's Consent Order, the Court should direct and authorize the Receiver to return the $100,000 to Mr. John Endris.

THIS, the 5th of December, 2018.

Respectfully submitted,

PHELPS DUNBAR LLP


BY:   _/s/ Frank W. Trapp_____
      Frank W. Trapp MB  #8261
      PHELPS DUNBAR LLP
      4270 I-55 North
      Jackson, Mississippi 39211-6391
      P.O. Box 16114
      Jackson, MS 39236-6114
      Telephone: 601-352-2300
      Facsimile: 601-360-9777
      Email: frank.trapp@phelps.com

ATTORNEY  FOR  WILLIAM  B.  MCHENRY
AND FIRST SOUTH INVESTMENTS, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day filed a true and correct copy of the above and foregoing with this Court's CM/ECF filing system which sent notification to all counsel of record.

SO CERTIFIED, this the 5th day of December, 2018.

*/s/ Frank W. Trapp*
Frank W. Trapp

PD.24994529.1