UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252 |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR APPROVAL OF SETTLEMENT**

Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC, through undersigned counsel, respectfully moves the Court to enter the attached proposed Order Approving Settlement,[1] which approves the Receiver's Settlement Agreement with the University of Mississippi's Ole Miss Athletic Foundation (the "Foundation") [**Exhibit A**]. In support, she states as follows:

**SUMMARY**

The Foundation, which is the fundraising arm of Ole Miss Athletics, received certain cash contributions from Lamar Adams amounting to $402,100 over the last ten years. It is the Foundation's position that Mr. Adams received goods and services such as football tickets for a

---

[1] Pursuant to the Court's Administrative Procedures for Electronic Case Filing, Sec.5.B, the proposed Order Approving Settlement is being transmitted via e-mail to Judge Reeve's chambers simultaneous with the filing of this motion.

certain portion of those contributions. Based on the Foundation's tax records, which the Receiver reviewed, she understands the Foundation values those goods and services at around $58,831. The Receiver and the Foundation have agreed to resolve the Receivership Estate's claims to the money the Foundation received from Mr. Adams without litigation. The Foundation shall return to the Receivership Estate $310,169, which reflects the total value of contributions from Mr. Adams less the valuation of goods and services received and less a $33,100 credit for funds already returned to the Receivership Estate. In turn, the Receiver shall release all claims the Receivership Estate has or may have against the Foundation.

This proposed settlement follows meaningful, informed, arm's length negotiations between the Receiver and the Foundation, both represented by highly capable counsel.

The Receiver greatly appreciates the Foundation's offer to return the full amount of contributions that it received from Mr. Adams net of tangible benefits received by him, and she hopes that its example may encourage others in the same position to do the same.

The Receiver believes settlement on the proposed terms without litigation unquestionably is in the Receivership Estate's best interests. The Receiver thus recommends that the Court approve the Settlement Agreement by entering the proposed Order Approving Settlement.

## BACKGROUND

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership Estate"[2] and to investigate and "bring such legal actions based on law or equity in any state, federal

---

[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver."[3]

Immediately following her appointment, the Receiver and her counsel began investigating claims against potential defendants who may be in possession of assets of the Receivership Estate, including against individuals and entities who received cash contributions for no consideration from Mr. Adams or Madison Timber. After an accounting, the Receiver determined that the Foundation had received cash donations from Mr. Adams totaling $402,100.

*The Foundation's contributions from Lamar Adams*

The Foundation is the fundraising arm of Ole Miss Athletics. The Receiver does not allege that the Foundation was involved in any wrongdoing associated with the Madison Timber Ponzi scheme; the Foundation only received donations from Mr. Adams. The Foundation asserts that Mr. Adams received tangible benefits including goods and services such as football tickets for certain amounts of his donations. The Receiver has reviewed tax statements from the Foundation and understands that the Foundation valued those tangible benefits at around $58,831.

*The Receiver's potential claims*

It is the Receiver's position that the donations the Foundation received for which it did not provide any tangible benefits to Mr. Adams are voidable fraudulent transfers because no reasonably equivalent value was provided for the transfers. *See Janvey v. Democratic Senatorial Campaign Committee*, 793 F. Supp. 2d 825, 857-58 (N.D. Tex. 2011) (granting summary judgment on fraudulent transfer claims to recover contributions to political campaigns).

---

[3] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss). By order dated August 22, 2018, the Court eliminated the requirement that the Receiver obtain "prior approval of this Court upon ex parte request" before bringing any legal action. Docket No. 38, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

3

## PROPOSED SETTLEMENT

The Settlement Agreement reflects that the Receiver and the Foundation have agreed to the following terms and conditions:

1. The Foundation shall deliver to the Receiver or her designee a "Settlement Payment" in the amount of $310,169.00, with one-half due within 30 days of this Court's entry of the Order Approving Settlement and one-half due within 90 days of this Court's entry of the Order Approving Settlement.

2. Upon receipt of the Settlement Payment, the Receiver and the Foundation shall exchange mutual and general releases of any and all claims, demands, and causes of action of any type or description, either has or may have against the other.

3. The Receiver retains her claims against Arthur Lamar Adams or any persons or entities other than the Foundation who received any transfer of any cash or other property of any type or description, directly or indirectly, from Arthur Lamar Adams or Madison Timber Properties, LLC.

4. The Receiver and the Foundation shall take all actions as may be necessary or appropriate to obtain entry of the proposed Order Approving Settlement.

The foregoing is intended solely as a summary of the terms of the Settlement Agreement; in all events, the specific terms of the Settlement Agreement shall control.

The Receiver is satisfied that $310,169 exceeds the net amount the Receivership Estate would actually receive if she litigated her potential claims against the Foundation to final judgment. The Receiver would spend considerable time and money litigating her potential claims against the Foundation. The Foundation also would spend considerable time and money defending against the Receiver's claims. The time and money spent on litigation, which would be funded on an hourly basis, is time and money the Receivership Estate would never recover and would almost certainly exceed any discount given in consideration for the avoidance of litigation.

4

## CONCLUSION

The Receiver recommends that the Court enter the proposed Order Approving Settlement because she believes settlement with the Foundation on the proposed terms without litigation unquestionably is in the Receivership Estate's best interests

January  09, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Lilli Evans Bass* | */s/ Brent B. Barriere* |
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admitted pro hac vice* |
| LaToya T. Jeter, Miss. Bar No. 102213 | Brent B. Barriere, *Primary Counsel* |
| 1755 Lelia Drive, Suite 400 | Jason W. Burge |
| Jackson, Mississippi 39216 | Kristen D. Amond |
| Tel: 601-487-8448 | Rebekka C. Veith |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
| *Receiver's counsel* | Tel: 504-586-5253 |
| | Fax: 504-586-5250 |
| | bbarriere@fishmanhaygood.com |
| | jburge@fishmanhaygood.com |
| | kamond@fishmanhaygood.com |
| | rveith@fishmanhaygood.com |
| | *Receiver's counsel* |

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

In addition, I have separately emailed a copy of the foregoing to:

Erica McKinley
mckinley@olemiss.edu

*Counsel for the Foundation*

Date:   January 09, 2019                    */s/  Brent B. Barriere*