IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION                                                                                      PLAINTIFF

V.                                                                          CAUSE NO: 3:18-cv-252-CWR-FKB

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC                                                  DEFENDANTS

**MOTION FOR DECLARATION OF RIGHTS REGARDING
AUTHORITY OF RECEIVER TO PURSUE CERTAIN CLAIMS**

Jeanne Lehan ("Jeanne"), on behalf of the beneficiaries of the Jeanne M. Lehan Trust (the "Jeanne Trust"), and Pamela Lehan-Siegel ("Pamela"), on behalf of the beneficiaries of the Pamela Lehan-Siegel Trust (the "Pamela Trust") (sometimes collectively referred to as the "Lehan Parties"), file this their Motion for Declaration of Rights regarding Authority of Receiver to Pursue Certain Claims (the "Motion for Declaration"). In support of the same, the Lehan Parties would show the Court as follows:

1. On June 22, 2018, this Court entered the Order Appointing Receiver [ECF #33], and appointed Alysson Mills as the Receiver. On June 28, 2018, the Lehan Parties filed their Complaint [MEC #3][1] in the case styled *Jeanne Lehan, on behalf of the beneficiaries of the Jeanne M. Lehan Trust, and Pamela Lehan-Siegel, on behalf of the beneficiaries of the Pamela Lehan-Siegel Trust v. Pinnacle Trust Company LLC and John Does 1-10*, Cause No. 2018-603B, in the Chancery Court of Madison County, Mississippi

---

[1] Throughout this Motion, the citations to the docket entries from this case will be cited as [ECF #X] and the citations to docket entries in the Lehan Case will be designated as [MEC #Y] in order to distinguish the filings in the separate cases.

1

(the "Lehan Case").

2. In the Lehan Case, the Lehan Parties, as beneficiaries of the Jeanne Trust and the Pamela Trust, asserted that Pinnacle Trust Company LLC ("Pinnacle Trust") committed breaches of trust, fiduciary duties, and loyalty, and acted with negligence/gross negligence. The claims stem from Pinnacle Trust's actions and/or inactions as Trustee of the Jeanne Trust and the Pamela Trust including impermissible loans made to Madison Timber Properties LLC ("Madison Timber") by Foxglove LLC ("Foxglove"). Foxglove is a Mississippi limited liability company that is solely owned by the Jeanne Trust and the Pamela Trust and managed by Pinnacle Trust as the Trustee of such trusts. Pinnacle Trust directed, controlled, managed, and oversaw the formation of Foxglove and the preparation of its LLC Agreement. The LLC Agreement for Foxglove provides that its manager shall not make any loans or advances to anyone. Pinnacle Trust also directed, controlled, managed, and oversaw the impermissible loans made by Foxglove to Madison Timber, which were part of a ponzi scheme perpetrated by Lamar Adams ("Adams") and others. The funds loaned by Foxglove to Madison Timber were a majority of the assets owned by the Jeanne Trust and the Pamela Trust, and the loss of such funds has resulted in damages to the Lehan Parties due to Pinnacle Trust's actions and/or inactions as Trustee of such trusts. In the Lehan Case, the Lehan Parties did not assert any claims against Adams, Madison Timber, or any of their officers, directors, managers, agents, or partners.

3. On August 12, 2018, Pinnacle Trust filed its Motion to Dismiss or Stay Proceedings and Compel Arbitration ("Motion to Compel Arbitration") [MEC #10] and its Memorandum in Support [MEC #11] in the Lehan Case. Pinnacle Trust requested that the Chancery Court compel all of the Lehan Parties' claims to arbitration and dismiss or stay

the proceedings based on an inapplicable disclosure agreement signed by Jeanne and Pamela on behalf of an unrelated limited liability company. On August 31, 2018, the Lehan Parties filed their Response in Opposition to the Motion to Compel Arbitration (the "Response to the Motion to Compel Arbitration") [MEC #16] and Memorandum in Support [MEC #17] and asserted that the disclosure agreement was inapplicable to the Lehan Parties' claims. The Motion to Compel Arbitration is currently pending before the Chancery Court and was previously set for a hearing on December 4, 2018. The hearing, however, was postponed for the reasons set forth below and it has not been reset.

4. On November 30, 2018, the Receiver issued a letter to all counsel in the Lehan Case and stated that she was in the process of evaluating the claims of the Receivership Estate, that she had not ruled out any claims against Pinnacle Trust, and that the Lehan Case, in her opinion, should be stayed. On December 3, 2018, Pinnacle Trust filed a Motion to Stay [MEC #27] arguing that the Lehan Case should be stayed based on the November 30, 2018 letter from the Receiver. On December 13, 2018, the Lehan Parties filed their Request for Additional Time to Respond and Partial Response to the Motion to Stay All Proceedings [MEC #28] asking the Chancery Court to delay any ruling on the Motion to Stay until discussions between counsel for the Lehan Parties and the Receiver, which were ongoing at the time, had concluded. The Lehan Parties, however, did not concede that the Lehan Case should be stayed due to the proceedings in this case.

5. In order to fully respond to the Motion to Stay and to pursue their claims in the Lehan Case, the Lehan Parties file this Motion for Declaration and request that this Court determine whether the Receiver has standing to pursue any claims in the Lehan Case, and, if the Lehan Case must be stayed pursuant to the Order Appointing Receiver [ECF

#33], the Lehan Parties request permission from this Court to proceed with the Lehan Case. The Lehan Case should not be stayed because the Receiver does not have constitutional standing to pursue any claims asserted by the Lehan Parties in the Lehan Case, other than those concerning Pinnacle Trust's receipt of recruitments fees and/or kickbacks, if any. Further, neither the Order Appointing Receiver nor applicable state or federal law gives the Receiver the authority to stay or pursue any claims in which the Receiver lacks standing, or in which no Receivership Property is involved, which is the case here. Therefore, this Court should find that the Receiver lacks standing to pursue the Lehan Parties' claims against Pinnacle Trust, the Lehan Case should not be stayed, and the Lehan Parties should be allowed to pursue their claims against Pinnacle Trust in the Lehan Case.

6. As an initial point, the Complaint [MEC #3] in the Lehan Case asserted claims for breaches of trust, fiduciary duty, and duty of loyalty, and for negligence/gross negligence. As part of the factual allegations, the Lehan Parties asserted that owners, officers, managers, employees, agents, and/or representatives of Pinnacle Trust received recruitment fees and/or kickbacks for getting clients to loan money to or invest in Madison Timber. In their request for damages, the Lehan Parties requested a disgorgement and/or repayment of the recruitment fees and/or kickbacks. The Lehan Parties did not assert a claim or seek damages solely based on any recruitment fees and/or kickbacks, but do concede that the Receiver may have standing to pursue claims based on the recruitment fees and/or kickbacks paid to Pinnacle Trust. However, based upon information available to the Lehan Parties to date, it does not appear that Pinnacle Trust received any recruitment fees and/or kickbacks, which, if correct, would mean that the Receiver would not have any claims to assert against Pinnacle Trust. Even so, the Lehan Parties do not

4

intend to pursue any claims or damages based on the same, and this should not prevent the Lehan Parties from pursuing their other claims in the Lehan Case.

7. Aside from any potential claims concerning recruitment fees and/or kickbacks, the Receiver lacks constitutional standing to assert any of the Lehan Parties' claims on behalf of the Receivership Defendants or the Receivership Estate. Neither the Receivership Defendants nor the Receivership Estate was injured by the actions and/or inactions of Pinnacle Trust as the Trustee of the Jeanne Trust and the Pamela Trust or as the manager of Foxglove, which is owned by such trusts, concerning funds loaned by Foxglove to Madison Timber. Without an injury caused by the actions and/or inactions of Pinnacle Trust described above that can be redressed by a Court of competent jurisdiction, the Receiver lacks constitutional standing to stay or bring the claims asserted by the Lehan Parties in the Lehan Case.

8. The claims asserted in the Lehan Case are unique to the Lehan Parties and are not claims that could be asserted by the Receiver on behalf of the Receivership Defendants. The Receivership Defendants are not beneficiaries under the Trust Agreement establishing the Jeanne Trust and the Pamela Trust, Pinnacle Trust did not act as the Trustee for the Receivership Defendants in relation to the Jeanne Trust and the Pamela Trust, and Pinnacle Trust did not commit any breaches of trust, fiduciary duties, or loyalty or commit any acts of negligence/gross negligence in connection with the funds of the Jeanne Trust and the Pamela Trust loaned to Madison Timber that could have caused any injury to the Receivership Defendants. As such, the Receivership Defendants have not suffered any injury that would place them in the same position as the Lehan Parties, which precludes the Receiver from pursuing any of the claims of the Lehan Parties in the Lehan Case. If

Pinnacle Trust did somehow injure the Receivership Defendants to the extent that the Receiver would have standing to pursue claims against Pinnacle Trust, those claims would be completely separate and distinguishable from the claims asserted by the Lehan Parties in the Lehan Case.

9. In addition, neither the Order Appointing Receiver nor applicable state or federal law gives the Receiver the authority to stay or pursue any claims in which the Receiver lacks standing, or in which no Receivership Property is involved. The Order Appointing Receiver [ECF #33] permits the Receiver to pursue claims belonging to the Receivership Defendants and/or involving Receivership Property. The stay of litigation as issued in the Order Appointing Receiver [ECF #33] applies only to Ancillary Proceedings, which include actions by the Receiver in her capacity as Receiver, and any actions involving the Receivership Defendants, Receivership Property, or any of the Receivership Defendants or Receivership Estate's officers, directors, managers, agents, or partners.

10. The claims in the Lehan Case, however, do not fall into any of the categories of Ancillary Proceedings specifically designated in the Order Appointing Receiver [ECF #33]. The claims in the Lehan Case are causes of action unique to the Lehan Parties (i.e. beneficiaries of trusts asserting claims against the Trustee of such trusts for breach of trust and other related claims), they do not involve any claim by or against the Receivership Defendants (i.e. Adams, Madison Timber, or any of their officers, directors, managers, agents, or partners), and they do not involve any Receivership Property (i.e. all property interest of Receivership Defendants). Any recovery by the Lehan Parties in the Lehan Case would not involve Receivership Property or the Receivership Estate as the Lehan Parties would receive any award of damages from Pinnacle Trust and/or its liability insurer, which

6

would not implicate any Receivership Property. Therefore, the Lehan Case is not an Ancillary Proceeding and the Receiver lacks standing to stay or to pursue any of the claims in the Lehan Case.

11. In the alternative, if this Court finds that the stay of litigation does apply to any of their claims, then the Lehan Parties request that this Court enter an Order granting them relief from the stay, and allowing them to proceed with their claims in the Lehan Case, other than those claims that the Receiver may have standing to pursue against Pinnacle Trust on behalf of the Receivership Defendants and/or the Receivership Estate, if any.

12. In support of the Motion for Declaration, the Lehan Parties attach hereto, and incorporate herein by reference, the following exhibits:

| | | |
|---|---|---|
| Ex. "A" | | The Complaint filed in the Lehan Case |
| Ex. "B" | | The November 30, 2018 Letter from the Receiver |
| Ex. "C" | | The Motion to Stay filed in the Lehan Case |
| Ex. "D" | | The Lehan Parties' Response to the Motion to Stay filed in the Lehan Case |

13. In further support of the Motion for Declaration, the Lehan Parties adopt and incorporate herein by reference, their Memorandum Brief in Support of the Motion for Declaration of Rights.

WHEREFORE, PREMISES CONSIDERED, the Lehan Parties respectfully request that this Court enter an Order declaring that the Receiver lacks standing to pursue the Lehan Parties' claims in the Lehan Case and the stay of litigation does not apply to the Lehan Case or, in the alternative, enter an Order declaring that the Receiver has standing to pursue only certain claims in the Lehan Case, and allowing the Lehan Parties to proceed with the remainder of their claims in the Lehan Case. The Lehan Parties also respectfully

7

request any further relief they may be entitled to under the circumstances.

RESPECTFULLY SUBMITTED, this the 14th day of January, 2019.

>JEANNE LEHAN, ON BEHALF OF
>THE BENEFICIARIES OF THE
>JEANNE M. LEHAN TRUST AND
>PAMELA LEHAN-SIEGEL, ON
>BEHALF OF THE BENEFICIARIES
>OF THE PAMELA LEHAN-SIEGEL TRUST
>
>By: */s/ G. Todd Burwell*

OF COUNSEL:

John Davidson (MSB #9073)
jdavidson@dbslawfirm.net
DAVIDSON BOWIE, PLC
2506 Lakeland Drive, Suite 501
Flowood, MS 39232
Tel:    601-932-0028

G. Todd Burwell (MSB #8832)
tburwell@gtbpa.com
Emily K. Lindsay (MSB #104963)
elindsay@gtbpa.com
G.  TODD BURWELL, P.A.
618 Crescent Blvd., Suite 200
Ridgeland, MS  39157
Tel:    601-427-4470

**CERTIFICATE OF SERVICE**

I, G. Todd Burwell, one of the attorneys for the Lehan Parties, do hereby certify that on this the 14th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that I have this day forwarded via the ECF system, a true and correct copy of the foregoing to all counsel of record who have registered with that system in this case. In addition, a true and correct copy of the foregoing has been sent via email and/or U.S. Mail to:

> Luke Dove
> Dove and Chill
> 1020 Highland Col Pkwy Ste 412
> Ridgeland, MS 39157-8719
> lukedove@dovechill.com
> *Attorney for Pinnacle Trust Company, LLC*

                                               */s/ G. Todd Burwell*