# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge |

# RECEIVER'S REPORT

## February 19, 2019

*/s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
Fishman Haygood, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on December 21, 2018, and this report picks up where that report left off. It does not repeat the same information, except as necessary for context. It contains the following parts:

|  | *page* |
|---|---|
| Recent filings or events | 3 |
| Receiver's actions in the past 60 days | 6 |
| Receiver's plan for the next 60 days | 9 |
| Summary of status of assets | 12 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. I remain sensitive to potential ongoing criminal investigations and do not disclose information that might impair their progress.

**Recent filings or events**

*United States v. Adams, No. 3:18-cr-88*

Adams reported to the Bureau of Prisons on January 7, 2019. He is serving a 235-month, or 19.5-year, sentence, currently at the Federal Correctional Institution in Forrest City, Arkansas.

*Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-252*

*Motion for contempt—Alexander Seawright:* Readers will recall that I filed a motion for contempt against Alexander Seawright Timber Fund I, LLC, Brent Alexander, and Jon Seawright ("Alexander Seawright") following their pursuit and settlement of claims against UPS arising from UPS employees' notarization of fake timber deeds. The motion for contempt and related filings are available at madisontimberreceiver.com. The Court held a hearing on the motion for contempt on December 19, 2018, and as of this filing had not issued a ruling.

*Settlement—Ole Miss Athletic Foundation:* Readers will recall that the Foundation agreed to return an additional $310,169 to the Receivership Estate that, with the $39,667 it previously returned for unused 2018 football and 2019 baseball tickets, represents $349,836 of the $402,100 that Adams gave to the Foundation in the past ten years. For the remaining $52,264, Adams received "tangible benefits," including events tickets that he used. On January 9, 2019, I submitted to the Court a proposed settlement agreement with the Ole Miss Athletic Foundation. On January 29, 2019, the Court approved the proposed settlement agreement; the settlement agreement and the order of approval are available at madisontimberreceiver.com. Pursuant to the settlement agreement, the Foundation paid half of the amount due immediately. It will pay the remainder by April 29, 2019, or 90 days from the date of approval.

*Motion regarding stay—the Lehans:* On January 14, 2019, Jeanne Lehan and Pamela Lehan, representatives of an LLC that invested in Madison Timber, moved the Court to declare that the Court's stay of litigation did not apply to their lawsuit against Pinnacle Trust, who they say facilitated the LLC's investments in Madison Timber. The SEC and I both opposed the Lehans' motion. My response, filed January 28, 2019, argues the Court has the authority to issue "blanket stays" of any litigation affecting the Receivership Estate; the stay applies equally to all investors; I am assessing the Receivership Estate's claims against Pinnacle Trust; and the Lehans'

lawsuit could diminish assets of Pinnacle Trust available to satisfy the Receivership Estate's claims. The Lehans' motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Proposed marital property settlement—Vickie Lynn Adams:* On January 24, 2019, I submitted to the Court a proposed marital property settlement agreement with Adams's wife, Vickie Lynn Adams. The Adamses married in 1978 and Mrs. Adams has an interest in certain receivership property that constitutes marital assets under the laws of the State of Mississippi. We agreed to allocate those marital assets as set forth in the proposed marital property settlement agreement, available at madisontimberreceiver.com. As of this filing the Court had not entered an order of approval.

*Alysson Mills vs. Michael D. Billings, et al., No. 3:18-cv-679*

*Wayne Kelly:* Readers will recall that the Court approved the proposed settlement agreement with Kelly on December 19, 2018. The settlement agreement and the order of approval are available at madisontimberreceiver.com. Pursuant to the settlement agreement, Kelly has now transferred the following assets to the Receivership Estate:

- $836,000 in cash, subject to a tax escrow;
- $500,000 in proceeds from retirement accounts in Kelly's name;
- all proceeds from the liquidation of life insurance policies in Kelly's name or to which he is entitled to the cash value;
- all proceeds from the liquidation of Kelly's interest in 707, LLC; and
- Kelly's interest in KAPA Breeze, LLC.

The settlement agreement calls for Kelly to transfer any proceeds he received for his interest in 315 Iona, LLC. That company's sole business was the construction and sale of a home in Metairie, Louisiana. The home finally sold last month, but at a $4,000 loss to the company.

In addition to transferring the foregoing assets to the Receivership Estate, Kelly also executed a promissory note in the original principal amount of $400,000 due and payable in two and a half years that may be prepaid in the amount of $100,000 if paid within 365 days, $200,000 if paid in 547 days, or $300,000 if paid in 730 days. Kelly has undertaken to restate his federal and state income tax returns for the years in question, as permitted by law, and transfer 90% of any

refunds received to the Receivership Estate. He has a continuing obligation to cooperate with my ongoing efforts to recover money for the Receivership Estate.

*Mike Billings:* Readers will recall that Billings and I have had productive settlement negotiations, and I believe settlement with Billings is likely. He has made requested financial disclosures and submitted to examination under oath.

*Bill McHenry:* Litigation against McHenry is ongoing. On January 22, 2019, McHenry filed a response to my motion for summary judgment against him, and on January 29, 2019, I filed a reply. My reply represented that there are no factual disputes and the Court may enter judgment against McHenry in the amount requested, $3,473,320, as a matter of law, without hearing or trial. The motion for summary judgment and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Alysson Mills vs. Butler Snow, et al., No. 3:18-cv-866*

Readers will recall that on December 19, 2018, I filed a lawsuit against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright—law firms and their agents who lent their influence, their professional expertise, and even their clients to Adams and Madison Timber.

Butler Snow filed a motion to dismiss on January 24, 2019. Butler Snow did not address the facts alleged against it but argued the case should be submitted to private arbitration. I opposed Butler Snow's motion. My response, filed February 7, 2019, argues, among other things, that private arbitration is in no one's interest, except Butler Snow's. Butler Snow's motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

Baker Donelson's response to the lawsuit is due February 21, 2019.

**Receiver's actions in the past 60 days**

Since I filed my third report on December 21, 2018, I have:

*Continued to litigate Alysson Mills vs. Michael D. Billings, et al., No. 3:18-cv-679*

As summarized above, I received assets from Wayne Kelly following the Court's approval of the Receivership Estate's settlement with him on December 19, 2018; I filed a reply to Bill McHenry's response to my motion for summary judgment against him on January 29, 2019; and I continued to negotiate settlement with Mike Billings.

*Continued to litigate Alysson Mills vs. Butler Snow, et al., No. 3:18-cv-866*

As summarized above, I opposed Butler Snow's motion to dismiss, in which Butler Snow argues the claims against it should be submitted to private arbitration. My response, filed February 7, 2019, argues, among other things, that private arbitration is in no one's interest, except Butler Snow's.

*Finalized settlements with other parties*

*Ole Miss Athletic Foundation:* As summarized above, on January 9, 2019, I submitted to the Court a proposed settlement agreement with the Foundation and on January 29, 2019, the Court approved it. I received $155,084.50, or half of the amount due, immediately. The Foundation will pay the remainder by April 29, 2019, or 90 days from the date of approval.

*Vickie Lynn Adams:* As summarized above, on January 24, 2019, I submitted to the Court a proposed marital property settlement agreement with Mrs. Adams. The proposed marital property settlement agreement is available at madisontimberreceiver.com.

*Negotiated with Adams's family*

Readers will recall that I have had productive negotiations with Adams's children regarding the settlement of the Receivership Estate's claims to recover cash gifts made to them by Adams. I expect to present a proposed settlement agreement to the Court soon.

6

*Continued to account for "commissions" and gifts*

I continue to account for "commissions" paid by Adams or Madison Timber to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme.

*Continued to review records*

To date I have received and reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), and Pinnacle Trust. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

*Worked with LLCs of which Adams was a member*

Readers will recall that Adams was a member of at least six active limited liability companies ("LLCs") that own real estate, and two of those LLCs—707, LLC and Delta Farm Land Investments, LLC—sold their principal assets, dissolved, and tendered to the Receivership Estate proceeds representing the Receivership Estate's interests. Of the remaining LLCs, the following LLCs have taken the following action:

*KAPA Breeze, LLC:* The LLC's principal asset is 1.5+/- acres of mixed-use land on Highway 30A in Florida. The Receivership Estate has a 50% interest (25% from Adams plus 25% from Wayne Kelly) in the LLC, therefore a 50% interest in the property. I have received a letter of intent from a buyer who wishes to purchase the Receivership Estate's interest. Based on an appraisal that I obtained for the property, I believe the proposed sale will be in the best interests of the Receivership Estate. Any sale is contingent on the LLC's obtaining financing to continue to develop the property. I received evidence of financing yesterday and am presently reviewing.

*Mallard Park, LLC:* The LLC's principal asset is 1,723 acres with a hunting lodge in Humphreys County, Mississippi. I have obtained an appraisal of that property and have had preliminary negotiations with the LLC's other members regarding the purchase of the

7

Receivership Estate's 25% interest. I will consider any offer by any party to purchase the Receivership Estate's interest for a price that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate. In the meantime, I have agreed to release funds held in an LLC bank account that was frozen to its members, including the Receivership Estate, in proportion to the members' interests.

*MASH Farms, LLC:* The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I have obtained an appraisal of that property and have had preliminary negotiations with the LLC's other members regarding the purchase of the Receivership Estate's 25% interest. I will consider any offer by any party to purchase the Receivership Estate's interest for a price that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* The LLC executed a purchase agreement to sell its principal asset, 2,300+/- acres of undeveloped land in Lafayette County, Mississippi, on February 11, 2019. The purchaser is currently engaged in due diligence. The LLC anticipates that the sale will close on or before May 12, 2019. The LLC intends to dissolve after the sale and tender the proceeds representing the Receivership Estate's interest to the Receivership Estate.

*Conferred with federal and state authorities*

I have continued to confer with the U.S. Attorney's Office for the Southern District of Mississippi, the FBI, the Securities and Exchange Commission, the Mississippi Secretary of State's Office, and now also the Mississippi Department of Banking and Consumer Finance.

*Communicated with investors in Madison Timber*

I have continued to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily.

*Issued 1099s for 2018*

I am required to issue 1099s for Madison Timber Properties, LLC. I engaged a CPA to do that and all investors should have received a Form 1099-INT for any investment in their name in the year 2018. For any investment for which the investor invested through Madison Trust (no relation to Madison Timber), I issued a Form 1099-R not to the investor but instead to Madison Trust. I take no position on what an individual investor decides to do with his or her 1099. I encourage each investor to contact me promptly (504-586-5253) if he or she believes a 1099 is incorrect.

*Interviewed persons with knowledge*

I have continued to interview individuals with first-hand knowledge of matters bearing on the Receivership Estate.

*Researched legal claims against third parties*

Readers know that my colleagues and I research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants.

**Receiver's plan for the next 60 days**

*Continue to litigate Alysson Mills vs. Michael D. Billings, et al., No. 3:18-cv-679*

As noted above, I await the Court's ruling on my motion for summary judgment against Bill McHenry. No hearing or trial has been set, and it is my position that the Court may enter judgment against McHenry in the amount requested, $3,473,320, as a matter of law, without hearing or trial. I continue to negotiate with Mike Billings.

*Continue to litigate Alysson Mills vs. Butler Snow, et al., No. 3:18-cv-866*

As noted above, Butler Snow moved to dismiss the lawsuit. That motion has been briefed and I await the Court's ruling. I anticipate Baker Donelson's response to the lawsuit on February 21, 2019.

*Continue to negotiate with Adams's family*

As noted above, my negotiations with Adams's children have been productive, and I expect we will reach a settlement soon. I will submit any proposed settlement to the Court for its approval.

*Monetize Adams's interests in the remaining four LLCs*

For the remaining four LLCs, I intend to liquidate the Receivership Estate's interests to maximize value to the Receivership Estate:

*KAPA Breeze, LLC:* I intend to sell the Receivership Estate's 50% interest on terms that I believe to be in the best interests of the Receivership Estate. As noted above, the sale is contingent on the LLC's obtaining financing to continue to develop the LLC's property.

*Mallard Park, LLC:* I want to sell the Receivership Estate's 25% interest on terms that are in the best interests of the Receivership Estate. I will continue to consider a sale to the LLC's other members but, as noted above, I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Mash Farms, LLC:* I want to sell the Receivership Estate's 25% interest on terms that are in the best interests of the Receivership Estate. I will continue to consider a sale to the LLC's other members but, as noted above, I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* I intend to continue to assist the LLC with the proposed sale of its principal asset, as noted above.

*Liquidate Adams's remaining assets*

Adams's remaining assets include the house at 134 Saint Andrews Drive, Jackson, Mississippi; the 2018 King Ranch Ford F150 truck; and any other assets in Adams's name, including any outstanding life insurance policies and any interests in any companies. Readers will recall that Adams voluntarily surrendered title of the assets to me immediately prior to his

sentencing, and that the U.S. Attorney's Office agreed to forego forfeiture proceedings to allow me to liquidate the assets myself.

As noted above, Adams's wife has interests in certain of these assets, and those interests must be resolved before I undertake any liquidation. We agreed to allocate the assets as set forth in the proposed marital property settlement agreement, available at madisontimberreceiver.com. I submitted to the proposed marital property settlement agreement to the Court on January 24, 2019, and as of this filing the Court had not entered an order of approval.

The 2018 King Ranch Ford F150 truck is not subject to the proposed marital property settlement agreement. I have obtained an offer from CarMax to purchase the truck for $42,500. The truck is black, has only 11,480 miles, and is in good condition. I welcome any better offers and encourage interested parties to contact me directly (504-586-5253). If I do not receive a better offer before February 28, 2019, I will sell the truck to CarMax.

*File additional lawsuits*

I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it. To protect the Receivership Estate's position, I am not disclosing publicly third-party targets.

I intend to file additional lawsuits to recover commissions, fraudulent transfers, and gifts as necessary to recover money that belongs to the Receivership Estate.

Readers can expect one or more new lawsuits in the next 60 days.

*Continue communicating with investors*

I intend to continue communicating with investors, through my website, email, phone, and letters. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

**Summary of status of assets**

Readers know that my end goal is to make an equitable distribution to victims with the money I recover. Although I continue to recover money from various third parties, including an additional $1.5 million since my last report, the money that I have recovered to date would not go far.  As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

The current status of the Receivership Estate's assets is as follows:

| | | |
|---|---|---|
| **Receivership Estate's account at Hancock Bank** | | current balance $3,787,412.50 |
| Previous balance as of December 21, 2018 | $2,401,236.20 | |
| Settlement—Wayne Kelly | +$1,384,435.17 | |
| Settlement—Ole Miss Athletics Foundation | +$155,084.50 | |
| Interest | +$15,254.48 | |
| Bank fees | -$23.00 | |
| Receiver/Receiver's counsel's fees/expenses | -$168,574.85 | |

*Alysson Mills vs. Michael D. Billings, et al.*, No. 3:18-cv-679  
Lawsuit to recover $16,000,000 in commissions  
*settlement with Billings likely*  
*litigation against McHenry ongoing*

*Alysson Mills vs. Butler Snow, et al.*, No. 3:18-cv-866  
Lawsuit to hold law firms liable for debts of the Receivership Estate  
*litigation ongoing*

**Settlement—Wayne Kelly**  
*received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs*  
*promissory note in the original principal amount of $400,000 outstanding*

**Settlement—Ole Miss Athletics Foundation**  
*received $155,084.50, first installment*  
*$155,084.50, second installment, due April 29, 2019*

| | | |
|---|---|---|
| | **Settlement—Frank Zito** | *received $100,000, first installment* |
| | | *$100,000, second installment, due June 12, 2019* |

**House at 134 Saint Andrews Drive, Jackson, Mississippi**  *motion to approve marital property*
Purchased in 2011 for $364,000  *settlement agreement pending;*
Appraised in 2016 for $777,000  *liquidation after approval*
Unencumbered

**Condo in Calton Hill subdivision in Oxford, Mississippi**  *motion to approve marital property*
Purchased in 2013 for $135,000  *settlement agreement pending;*
Unencumbered  *liquidation after approval*

**2018 King Ranch Ford F150 truck**  *for sale; interested parties contact*
Estimated $42,500  *Receiver directly (504-586-5253)*

**~~Hartford Life and Annuity Insurance Co. life insurance policy~~**  *~~surrendered for $167,206.60~~*

**~~Lincoln National Life Insurance Co. life insurance policy~~**  *~~surrendered for $3,678.45~~*

**Hartford Life and Annuity Insurance Co. life insurance policy**  *ending account value $13,484.95*

**Jewelry**  *motion to approve marital property*
 *settlement agreement pending;*
 *liquidation after approval*

**Firearms**  *Adams voluntarily surrendered title*
 *to Receivership Estate;*
 *now resolving Receivership Estate's*
 *interests in property*

~~1/3~~   **~~Delta Farm Land Investments, LLC~~**  *~~LLC sold principal asset and dissolved;~~*
     ~~1170+ acres farmland in Oktibbeha County~~  *~~tendered $323,440.88 representing~~*
     ~~Purchased in 2014 for $2,796,100~~  *~~Adams's interest to the Receivership Estate~~*
     ~~Encumbered by Trustmark Bank mortgage~~
     ~~Owe approximately $2,200,000~~

1/2  **KAPA Breeze LLC**  *sale of the Receivership Estate's*
     1.5+/- acres mixed-use land on Highway 30A in Florida  *interest pending*
     Purchased in 2017 for approximately $1,900,000
     Encumbered by Jefferson Bank mortgage
     Owe approximately $1,365,000

1/4  **Mallard Park, LLC**  *assessing options*
     1,723 acres with hunting lodge in Humphreys County
     Purchased in 2016 for $2,593,500
     Encumbered by Southern AgCredit mortgage
     Owe approximately $2,000,000

1/4  **Mash Farms, LLC**  *assessing options*
     808+ acres with hunting camp in Sunflower County
     Purchased in 2014 for $1,600,000
     Encumbered by Trustmark Bank mortgage
     Owe approximately $900,000

**47.5%**   **Oxford Springs, LLC**                                            *sale of principal asset pending*
2,300+/- acres undeveloped land in Lafayette County
Purchased in 2015 and 2016 for total of $6,158,000
Encumbered by First Bank of Clarksdale mortgage
Owe approximately $4,500,000

~~**1/6**~~   ~~**707, LLC**~~                                                *~~LLC sold principal asset and dissolved;~~*
~~263+ acres recreational land in Holmes County~~         *~~tendered $6,994.09 representing Adams's,~~*
~~Purchased in 2009~~                                     *~~Kelly's, and McHenry's interests to the~~*
~~Encumbered by First Commercial Bank mortgage~~          *~~Receivership Estate~~*
~~Owe approximately $368,000~~

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.