UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  Plaintiff,  v.  ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,  Defendants. | Case No. 3:18-cv-252  Hon. Carlton W. Reeves, District Judge  Hon. F. Keith Ball, Magistrate Judge |

**MEMORANDUM IN SUPPORT OF
MOTION FOR APPROVAL OF SETTLEMENT**

Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC, through undersigned counsel, respectfully moves the Court to enter the attached proposed Order Approving Settlement,[1] which approves the Receiver's Settlement Agreement with Drake and Summer Adams ("Mr. and Mrs. Adams") [**Exhibit A**]. In support, she states as follows:

**BACKGROUND**

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership

---

[1] Pursuant to the Court's Administrative Procedures for Electronic Case Filing, Sec.5.B, the proposed Order Approving Settlement is being transmitted via e-mail to Judge Reeves's chambers simultaneous with the filing of this motion.

Estate"[2] and to investigate and "bring such legal actions based on law or equity in any state, federal or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver."[3]

Immediately following her appointment, the Receiver and her counsel began investigating claims against potential defendants who may be in possession of assets of the Receivership Estate, including against individuals and entities who received cash gifts from Lamar Adams or Madison Timber.

*Gifts to Mr. and Mrs. Adams*

The Receiver determined from January 1, 2010 to the present, Lamar Adams's children and their spouses received cash gifts that she believes were proceeds of the Madison Timber Ponzi scheme. These cash gifts were made with funds from bank accounts in Lamar Adams's name and from a bank account he shared with his wife, Vickie Adams. Of these cash gifts, Drake Adams, Lamar Adams's son, and his wife, Summer, received $56,000.

The Receiver notified Mr. and Mrs. Adams of her findings. They, along with Brandon Kennedy, in turn voluntarily disclosed to the Receiver that Lamar Adams separately had given Brandon Kennedy and Drake Adams an interest in a home in Indianola, Mississippi, in which his mother has a life estate (the "Indianola Property").

The Receiver has no evidence that Mr. and Mrs. Adams were involved in any wrongdoing associated with the Madison Timber Ponzi scheme. The Receiver and Mr. and Mrs.

---

[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

[3] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss). By order dated August 22, 2018, the Court eliminated the requirement that the Receiver obtain "prior approval of this Court upon ex parte request" before bringing any legal action. Docket No. 38, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

Adams undertook to resolve the Receivership Estate's claims to gifts made to Mr. and Mrs. Adams without litigation.

The parties have now reached an agreement whereby Mr. and Mrs. Adams shall return to the Receivership Estate $40,000 in settlement of the Receivership Estate's claims for gifts made to them by Lamar Adams. Separately, Mr. and Mrs. Adams shall contribute one-half of $25,000, or $12,500, in settlement of the Receivership Estate's claims to their interest in the Indianola Property. The proposed settlement agreement follows meaningful, informed, arm's length negotiations between the Receiver and Mrs. and Mrs. Adams, all represented by highly capable counsel.

The Receiver believes the proposed settlement agreement is in the Receivership Estate's best interests. The Receiver is satisfied that the total amount received pursuant to the proposed settlement agreement exceeds the net amount the Receivership Estate would actually receive if she litigated her potential claims against Mr. and Mrs. Adams to final judgment. The time and money spent on litigation, which would be funded on an hourly basis, is time and money the Receivership Estate would never recover and would almost certainly exceed any discount given in consideration for the avoidance of litigation. The Receiver values, too, that Mr. and Mrs. Adams have cooperated with her and have agreed to make their payment immediately, within 30 days of approval.

**PROPOSED SETTLEMENT AGREEMENT**

The proposed Settlement Agreement reflects that the Receiver and Mrs. and Mrs. Adams have agreed to the following terms and conditions:

1. Mr. and Mrs. Adams shall deliver to the Receiver or her designee a "Settlement Payment" in the amount of $40,000, due within 30 days of this Court's entry of the Order Approving Settlements.

2. Upon receipt of the Settlement Payment, the Receiver and Mr. and Mrs. Adams shall exchange mutual and general releases of any and all claims, demands, and causes of action of any type or description, either has or may have against the other.

3. The Receiver retains her claims against Arthur Lamar Adams or any persons or entities other than Mr. and Mrs. Adams who received any transfer of any cash or other property of any type or description, directly or indirectly, from Arthur Lamar Adams or Madison Timber Properties, LLC.

4. The Receiver and Mr. and Mrs. Adams shall take all actions as may be necessary or appropriate to obtain entry of the proposed Order Approving Settlements.

The foregoing is intended solely as a summary of the terms of the Settlement Agreement; in all events, the specific terms of the Settlement Agreement shall control.

## CONCLUSION

The Receiver recommends that the Court enter the proposed Order Approving Settlement because she believes settlement with Mr. and Mrs. Adams on the proposed terms without litigation is in the Receivership Estate's best interest.

4

February 28, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Lilli Evans Bass* | */s/ Brent B. Barriere* |
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admitted pro hac vice* |
| LaToya T. Jeter, Miss. Bar No. 102213 | Brent B. Barriere, *Primary Counsel* |
| 1755 Lelia Drive, Suite 400 | Jason W. Burge |
| Jackson, Mississippi 39216 | Kristen D. Amond |
| Tel: 601-487-8448 | Rebekka C. Veith |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
| *Receiver's counsel* | Tel: 504-586-5253 |
| | Fax: 504-586-5250 |
| | bbarriere@fishmanhaygood.com |
| | jburge@fishmanhaygood.com |
| | kamond@fishmanhaygood.com |
| | rveith@fishmanhaygood.com |
| | *Receiver's counsel* |

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

In addition, I have separately emailed a copy of the foregoing to:

Michel Jaques
mjaques@sessumsdallas.com

*Counsel for Drake and Summer Adams*

Date:   March 1, 2019			*/s/  Brent B. Barriere*