

No. 3:18-cv-252-CWR-FKB

SECURITIES AND EXCHANGE
COMMISSION,

*Plaintiff,*

v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

*Defendants.*

ORDER DENYING MOTION TO DIRECT RECEIVER TO RETURN
FUNDS

Before CARLTON W. REEVES, *District Judge*.

On April 20, 2018, John Endris invested $100,000 with Madison Timber Properties. William McHenry moves for the Receiver to return that investment. The Receiver and the SEC oppose the motion.

On April 19, 2018, Endris gave McHenry a $100,000 check for an investment with Madison Timber Properties ("MTP"). Hours later, Lamar Adams turned himself in to federal authorities and admitted MTP was a Ponzi scheme. The following morning, McHenry, unaware of Adams' actions the previous evening, deposited the $100,000 check from Endris into a MTP bank account at Southern Bancorp Bank. Later that afternoon, the SEC filed its complaint against Adams and in the early evening the Court entered an Order permanently freezing the assets and all operations of MTP. *See* Docket No. 5.

McHenry argues that the bank's acceptance of the $100,000 deposit on April 20, 2018, and the government's failure to reverse and cancel the check, is a violation of the Court's Order.[1] The SEC and the Receiver, with the support of the Mississippi Secretary of State's office, oppose this request because the check was deposited before the Order was entered and it would force the Receiver to prioritize the recovery of one victim over many others.

The SEC has also moved to file a sur-reply to include two new affidavits. One of the affidavits is from Southern Bancorp's senior vice president and he attests that the deposit was made before the Court issued the Order.[2] Based on the affidavits

---

[1] The posture of this motion is curious. Endris has not made this request. This request comes from the party that introduced Endris to the Ponzi scheme, McHenry. McHenry and Endris have adverse interests. McHenry's counsel argues that their interests are aligned regarding the relief requested. The adverse interests of parties, however, may not be isolated when convenient.

[2] The SEC acknowledges that additional filings, like their sur-reply, are usually disfavored. Here, however, the sur-reply provides new and

presented by the SEC and the Court's own records of when the Order was entered, it is clear the check was deposited before MTP's assets were frozen.

What is more important, however, is what granting this motion would mean for the Receiver.[3] As the SEC's opposition to McHenry's motion points out, the Receiver may not prioritize the recovery of certain victims over others. *See SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331–32 (5th Cir. 2001). Even though Endris lost his money in the final hours of the Ponzi scheme, he must wait with the other victims and allow the Receiver the opportunity to more thoroughly complete the job the Court appointed her to do.

This motion is denied.

SO ORDERED, this the 13th day of March, 2019.

s/ CARLTON W. REEVES<br>*United States District Judge*

---

necessary evidence for the Court. As such, the motion for leave to file the sur-reply will be granted.

[3] Today, the Court will be issuing three orders—all of which address similar questions regarding the scope of the Receivership. The Court's authority is broad, and the priority in this case is equity. *See SEC & Exch. Comm'n v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 373 (5th Cir. 1982).