# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252 |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

## ORDER APPROVING THE SALE OF REAL PROPERTY

On April 10, 2019, the Court entered an order that adopted procedures intended to allow Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC, to sell the real property at 134 Saint Andrews Drive, Jackson, Mississippi (the "Real Property") consistent with this Court's orders and in compliance with 28 U.S.C. §2001(b). The Court instructed that the Court would hold a hearing on the proposed sale on May 10, 2019 at 1:30 p.m. in Courtroom 5B. In advance of that hearing, the Receiver was required to obtain three qualified appraisals of the Real Property; announce the proposed sale and the Court's hearing on her website and in the *Clarion Ledger*; and consider any bona fide offers to purchase.

After notice and hearing, and after considering the submissions and argument of counsel, as well as the Receiver's declaration, attached as **Exhibit A**, the Court finds that the proposed sale

is in the best interests of the Receivership Estate and authorizes the Receiver to finalize the proposed sale consistent with this Court's orders and in compliance with 28 U.S.C. §2001(b).

In support, the Court hereby **ORDERS** as follows:

1.      The Court finds that the Receiver obtained three qualified appraisals as required by 28 U.S.C. §2001(b).  She obtained appraisals from three different appraisers: Jamie Greer, Randy Knoese, and John Newell. Each has experience in appraising residential real estate located in the Jackson, Mississippi metropolitan area and each was deemed appointed by the Court. Their declarations are **Exhibit 1 to the Receiver's declaration**.

2.      The Court finds that the average appraised value of the Real Property as determined by the three court-appointed appraisers is $549,667.

3.      The Court finds that the Receiver's proposal to sell the Real Property for $540,000, subject to a repair allowance of $20,000, is more than two-thirds of the appraised value as determined by the three court-appointed appraisers, as required by 28 U.S.C. §2001(b). The contract for the proposed sale is **Exhibit 2 to the Receiver's declaration**.

4.      The Court finds that the Receiver announced the proposed sale and the Court's hearing on her website, www.madisontimberreceiver.com, within three days of the entry of the Court's order adopting procedures intended to allow her to sell the Real Property.

5.      The Court finds that the Receiver announced the proposed sale and the Court's hearing in the *Clarion Ledger*, a newspaper of general circulation, sufficiently in advance to allow ten days' notice as required by 28 U.S.C. §2001(b).

6.      The Court finds that although the Receiver and her counsel invited bona fide offers of more than the proposed sale price, they did not receive any offers.

7.      The Court finds that the Receiver has complied with all requirements of this Court's orders and 28 U.S.C. §2001(b) applicable to the sale of the Real Property.

8.      The Court further finds that the proposed sale of the Real Property pursuant to the contract that is **Exhibit 2 to the Receiver's declaration** is in the best interests of the Receivership Estate.

8.      The Court authorizes and directs the Receiver to finalize the proposed sale of the Real Property pursuant to the contract that is **Exhibit 2 to the Receiver's declaration** and perform any and all obligations required of her pursuant to that contract.

9.      The Court authorizes and directs the Receiver to disburse the net proceeds from the sale of the Real Property pursuant to the Court's Order Approving Settlement [Doc. 94] entered on February 20, 2019.


**SO ORDERED**, this the 10th day of May, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE