UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252 |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR APPROVAL OF PURCHASE AGREEMENT**

Alysson L. Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC, through undersigned counsel, respectfully moves the Court to enter the attached proposed Order Approving Purchase Agreement, which approves the Receiver's Purchase Agreement with Robert L. Lloyd, Jack D. Holmes, and Payton L. Lockey to sell the Receiver's interest in Mallard Park Properties, LLC [**Exhibit A**]. The Receiver requests that the Court approve the sale pursuant to 28 U.S.C. § 2004, which permits a court to approve the sale of personalty, including intangible property such as an LLC interest, without strict observance of the requirements for the sale of real property under 28 U.S.C. § 2001. She submits this memorandum in support.

**SUMMARY**

Mallard Park Properties, LLC ("Mallard Park") was formed by Arthur Lamar Adams, Robert L. Lloyd, and Jack D. Holmes to purchase approximately 1,729 acres of farmland in

Humphreys County, Mississippi, for use as a duck hunting camp. Subsequently, in 2017, Payton L. Lockey purchased a 25% interest in Mallard Park. The membership interests in Mallard Park were shared equally (25% each) by the four members. Accordingly, the Receiver now controls 25% of the membership interests in Mallard Park. The Receiver seeks to sell that interest.

The Receiver obtained an independent appraisal of Mallard Park's assets and has engaged in arm's length negotiations with the other members of Mallard Park to find a way to monetize the Receivership Estate's interest in Mallard Park. The Receiver considered sales to third parties but has received limited interest. One complicating factor was that restrictions on transferability in the Mallard Park Operating Agreement presented a risk that a transfer of the interest in Mallard Park to a third party might provoke protracted litigation. Meanwhile, ongoing periodic operating costs of Mallard Park were depleting the value of the Receivership Estate's interest in Mallard Park.

The Receiver has now agreed to sell the Receivership Estate's 25% interest in Mallard Park in a private sale to Lloyd, Holmes, and Lockey for immediate payment of $175,000. The Receiver has also agreed to release all claims against Mallard Park and the assets of Mallard Park, or against the remaining members of Mallard Park, relating to Mallard Park.

The Receiver believes that the proposed sale price represents fair and reasonable consideration to the Receivership Estate. The proposed sale price represents approximately 70% of the independent appraised value of the Receivership Estate's interest in Mallard Park after reduction for outstanding debt on the property and accrued and unpaid operating costs. The proposed Purchase Agreement does not release any claims the Receiver may have against the former members of Mallard Park relating to any involvement in the Madison Timber Ponzi scheme. The proposed Purchase Agreement follows meaningful, informed, arm's length negotiations between the Receiver and the other members of Mallard Park. Given that the Receiver

is selling a minority interest in the LLC that may have restrictions on transferability and is saving the time and expense of protracted marketing and potential litigation over the transferability of the interest, the Receiver believes this is the best deal that could be achieved. The Receiver does not believe that a sale on such favorable terms could be obtained through an auction process or after the delay required to market the property.

Because the Receiver believes sale of the LLC interest pursuant to the terms of the Purchase Agreement is in the Receivership Estate's best interests she recommends that the Court approve the Purchase Agreement by entering the proposed Order Approving Purchase Agreement.

## BACKGROUND

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership Estate"[1] and to "terminate any and all leases of the Receivership Defendants' personal or real property, or to sell any of the Receivership Defendants' personal or real property."[2]

Immediately following her appointment, the Receiver and her counsel engaged the members of all LLCs of which Arthur Lamar Adams was a member and began negotiations to liquidate the Receivership Estate's interest in the LLCs. Two of the LLCs, 707 LLCs and Delta Farm Lands LLC, were already seeking to sell their principal assets, and the Receivership Estate assisted those LLCs in liquidating their assets and dissolving. This Court previously approved a private sale by the Receiver of a 50% interest in KAPA Breeze, LLC to a third-party who was

---

[1] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).
[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

willing to provide financing for the KAPA Breeze, LLC project and who was acceptable to the other members of KAPA Breeze, LLC.

After discussing with Mallard Park's members and reviewing Mallard Park's records, including a historical narrative, the operating agreement, records relating to the property acquisition, an appraisal of the property, records of the company's corporate actions, records relating to Payton L. Lockey's acquisition of an interest in Mallard Park, documents relating to the mortgage on the property, bank statements, and an initial construction proposal from David Smith Construction, Inc., the Receiver determined that a private sale of the Receivership Estate's LLC interest was in the best interest of the Receivership Estate.

*Mallard Park Properties, LLC*

Mallard Park Properties, LLC was created to purchase approximately 1,729 acres of land in Humphrey's County, Mississippi, to use for a duck hunting camp. Following its purchase, Mallard Park constructed a 3,020-square-foot lodge on the property. Mallard Park obtained $2,200,000 in financing from Southern Ag Credit to purchase the property and obtained an additional $1,000,000 to finance the construction of the lodge. The current outstanding balance on the Southern Ag Credit mortgage is approximately $2,941,000. Annual operating costs for Mallard Park have averaged $300,000 for the past few years, in addition to an annual payment on the mortgage of $135,000. Since the establishment of this Receivership, the Receivership Estate has not been contributing to these annual expenses, the Receivership Estate's share of which would be over $96,000 to date.

Mallard Park's operating agreement contains significant restrictions on the transferability of a membership interest. In addition, Mallard Park and each of the other members of Mallard Park individually have the option to match any offer to purchase a member's interest. Further, if the

1453527v.1

other members of Mallard Park choose not to match the offer, the value of the new member's interest would be decreased by the capital contributions previously made by other members, the new member would be required to pay any expenses incurred by the other members, and the new member would have to satisfy any other requirements deemed reasonably necessary by the other members before becoming a full member entitled to use the property for hunting.

*Negotiations leading to the Purchase Agreement*

The Receiver entered negotiations with the other members of Mallard Park seeking to sell the Receivership Estate's LLC interest shortly after appointment. Although the Receiver was provided with prior appraisals of the property, which valued the property at $3,800,000 (as of October 3, 2016), the Receiver also obtained an independent appraisal. Following several months of negotiations, the Receiver negotiated the attached Purchase Agreement.

The current offer represents approximately 70% of the full undiscounted value of the Receivership Estate's LLC interest based on the Receivership Estate's independent appraisal of the property owned by Mallard Park (82% of the full undiscounted value of the Receivership Estate's LLC interest based on Mallard Park's prior appraisal of its property) after accounting for the outstanding mortgage and accrued unpaid expenses.

**PROPOSED PURCHASE AGREEMENT**

The Purchase Agreement **[Exhibit A]** reflects that the Receiver and the other members of Mallard Park (Robert L. Lloyd, Jack D. Holmes, and Payton L. Lockey) have agreed to the following material terms and conditions:

1. Lloyd, Holmes, and Lockey will pay $175,000 in exchange for the Receivership Estate's transfer of its interest in Mallard Park, and in fact those funds have already been placed into escrow;

2. The Receiver will move this Court to approve the Purchase Agreement, and all terms of the Purchase Agreement are contingent on Court approval; and

3. The Receiver will release all claims against Mallard Park, its assets, or the remaining members of Mallard Park (Lloyd, Holmes, and Lockey), relating to Mallard Park. They will likewise release any and all claims against the Receiver or the Receivership Estate.

The foregoing is intended solely as a summary of the material terms of the Purchase Agreement; in all events, the specific terms of the Purchase Agreement shall control.

The Receiver is satisfied that $175,000 exceeds the net amount the Receivership Estate would receive from an auction of the Receivership Estate's 25% interest in Mallard Park or from a liquidation of Mallard Park's assets following retirement of the outstanding debt.

## ARGUMENT

28 U.S.C. § 2004 permits the Court to approve the sale of personal property, including intangible property such as an LLC interest, without observance of the stringent requirements of 28 U.S.C. § 2001. The Receiver believes that deviation from the strict requirements of § 2001 is appropriate here, where: (1) the Receiver has obtained an independent appraisal of the property owned by Mallard Park and the sale represents a fair return based on the appraised value; (2) sale of the LLC interest to a third party risks violation of the restrictions on transferability in Mallard Park's operating agreement; (3) sale of the LLC interest to a third party may require renegotiating Mallard Park's operating agreement among the remaining members; and (4) sale of the LLC interest to a third party will require a significant investment in marketing and possible litigation over the transferability of the interest. Given the circumstances, the Receiver submits that only a private sale could obtain fair value for the Receivership Estate. Further, extended delay of the sale of the LLC interest would put the Receiver's ability to recover any value in jeopardy because the LLC continues to incur ongoing operating expenses that are eroding the value of the Receivership Estate's interest.

1453527v.1

## CONCLUSION

The Receiver recommends that the Court enter the proposed Order Approving Purchase Agreement because she believes sale of the Receivership Estate's LLC interest in Mallard Park through private sale under the terms of the Purchase Agreement is in the Receivership Estate's best interests.

July 19, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Lilli Evans Bass* | */s/ Jason W. Burge* |
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admitted pro hac vice* |
| LaToya T. Jeter, Miss. Bar No. 102213 | Brent B. Barriere, *Primary Counsel* |
| 1755 Lelia Drive, Suite 400 | Jason W. Burge |
| Jackson, Mississippi 39216 | Kristen D. Amond |
| Tel: 601-487-8448 | Rebekka C. Veith |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
| *Receiver's counsel* | Tel: 504-586-5253 |
| | Fax: 504-586-5250 |
| | bbarriere@fishmanhaygood.com |
| | jburge@fishmanhaygood.com |
| | kamond@fishmanhaygood.com |
| | rveith@fishmanhaygood.com |
| | *Receiver's counsel* |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

Date:  July 19, 2019                    */s/ Jason W. Burge*
                                         Admitted *pro hac vice*

1453527v.1