UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252 |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

**ORDER APPROVING PURCHASE AGREEMENT**

Before the Court is the Motion for Approval of Purchase Agreement filed by Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC.

The motion asks the Court to approve the Receiver's Purchase Agreement with Robert L. Lloyd, Jack D. Holmes, and Payton L. Lockey to sell the Receivership Estate's 25% interest in Mallard Park Properties, LLC. 28 U.S.C. § 2004 permits a court to approve the sale of personalty, including intangible property such as an LLC interest, without strict observance of the requirements for the sale of real property under 28 U.S.C. § 2001. No party has filed any objections to the motion. After consideration, the Court finds that the proposed Purchase Agreement is in the Receivership Estate's best interests, and that the Receiver has demonstrated good grounds to deviate from the requirements of 28 U.S.C. § 2001.

The Court thus **GRANTS** the Receiver's motion.

## BACKGROUND

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership Estate"[1] and to "terminate any and all leases of the Receivership Defendants' personal or real property, or to sell any of the Receivership Defendants' personal or real property."[2]

Immediately following her appointment, the Receiver and her counsel engaged the members of all LLCs of which Arthur Lamar Adams was a member and began negotiations to liquidate the Receivership Estate's interest in the LLCs. Two of the LLCs, 707 LLCs and Delta Farm Lands LLC, were already seeking to sell their principal assets, and the Receivership Estate assisted those LLCs in liquidating their assets and dissolving. This Court previously approved a private sale by the Receiver of a 50% interest in KAPA Breeze, LLC to a third-party who was willing to provide financing for the KAPA Breeze, LLC project and who was acceptable to the other members of KAPA Breeze, LLC.

After discussing with Mallard Park's members and reviewing Mallard Park's records, including a historical narrative, the operating agreement, records relating to the property acquisition, an appraisal of the property, records of the company's corporate actions, records relating to Payton L. Lockey's acquisition of an interest in Mallard Park, documents relating to the mortgage on the property, bank statements, and an initial construction proposal from David Smith Construction, Inc., the Receiver determined that a private sale of the Receivership Estate's LLC interest was in the best interest of the Receivership Estate.

---

[1] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).
[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

*Mallard Park Properties, LLC*

Mallard Park Properties, LLC was created to purchase approximately 1,729 acres of land in Humphrey's County, Mississippi, to use for a duck hunting camp. Following its purchase, Mallard Park constructed a 3,020 square foot lodge on the property. Mallard Park obtained $2,200,000 in financing from Southern Ag Credit to purchase the property and obtained an additional $1,000,000 to finance the construction of the lodge. The current outstanding balance on the Southern Ag Credit mortgage is approximately $2,941,000. Annual operating costs for Mallard Park have averaged $300,000 for the past few years, in addition to an annual payment on the mortgage of $135,000. Since the establishment of this Receivership, the Receivership Estate has not been contributing to these annual expenses, the Receivership Estate's share of which would be over $96,000 to date.

Mallard Park's operating agreement contains significant restrictions on the transferability of a membership interest. In addition, Mallard Park, as well as each of the other members of Mallard Park individually have the option to match any offer to purchase a member's interest. Further, if the other members of Mallard Park choose not to match the offer, the value of the new member's interest would be decreased by the capital contributions previously made by other members, the new member would be required to pay any expenses incurred by the other members, and the new member would have to satisfy any other requirements deemed reasonably necessary by the other members before becoming a full member entitled to use the property for hunting.

*Negotiations leading to the Purchase Agreement*

The Receiver entered negotiations with the other members of Mallard Park shortly after her appointment. Although the Receiver was provided with prior appraisals of the property owned by Mallard Park, which valued the property at $3,800,000 (as of October 3, 2016), the Receiver

3

also obtained an independent appraisal. Following several months of negotiations, the Receiver negotiated the attached Purchase Agreement.

The current offer represents approximately 70% of the full undiscounted value of the Receivership Estate's LLC interest based on the Receivership Estate's independent appraisal of the property owned by Mallard Park (82% of the full undiscounted value of the Receivership Estate's LLC interest based on Mallard Park's prior appraisal of the property) after accounting for the outstanding mortgage and accrued unpaid expenses.

**ORDER**

After consideration, the Court finds that the terms of the Purchase Agreement are adequate, fair, reasonable, and equitable. Further, the Court finds that the Receiver has demonstrated good cause to deviate from the procedures of 28 U.S.C. § 2001 and proceed with this private sale because the purchase price represents a significant return compared to the appraised value and the value of the LLC interest is likely to decline over time given the ongoing accruing operating expenses. The Purchase Agreement should be and is hereby **APPROVED**.

Accordingly, the Court hereby **ORDERS** as follows:

1. The terms used in this Order Approving Purchase Agreement that are defined in the Purchase Agreement between the Receiver and Robert L. Lloyd, Jack D. Holmes, and Payton L. Lockey, unless expressly otherwise defined herein, shall have the same meaning as in the Purchase Agreement.

2. This Court has jurisdiction over the subject matter of this action, and the Receiver is a proper party to seek entry of this Order Approving Purchase Agreement.

3. The Purchase Agreement is, in all respects, fair, reasonable, and adequate and is hereby fully and finally approved. The parties are directed to implement and consummate the

transaction contemplated by the Purchase Agreement in accordance with its terms and with this Order Approving Purchase Agreement.

4. Nothing in this Order Approving Purchase Agreement or the Purchase Agreement and no aspect of the Purchase Agreement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of any party in any other proceeding.

5. Lloyd, Holmes, and Lockey shall deliver or cause to be delivered the Purchase Money in accordance with the terms of the Purchase Agreement.

6. Without in any way affecting the finality of this Order Approving Purchase Agreement, the Court retains continuing and exclusive jurisdiction over the parties for the purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Purchase Agreement.

**SO ORDERED**, this the 16th day of August, 2019.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE