UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252 |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

**ORDER APPROVING SETTLEMENTS**

Before the Court is the Motion for Approval of Settlements filed by Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC. Docket No. 166. No party has filed any objections to the motion.

The motion asks the Court to approve the Receiver's Settlement Agreements with Berachah Church ("Berachah") and R.B. Thieme, Jr. Bible Ministries ("R.B. Thieme Ministries") (collectively, the "Ministries"). After consideration, the Court finds that settlements with Berachah Church and R.B. Thieme Ministries on the proposed terms without litigation is in the Receivership Estate's best interests. The Court thus **GRANTS** the Receiver's motion.

# BACKGROUND

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership Estate"[1] and to investigate and "bring such legal actions based on law or equity in any state, federal or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver."[2]

Immediately following her appointment, the Receiver and her counsel began investigating claims against potential defendants who may be in possession of assets of the Receivership Estate, including against individuals and entities who received cash contributions from Arthur Lamar Adams, Madison Timber Properties, LLC, or their agents.

After an accounting, the Receiver determined that the Ministries had received contributions from Arthur Lamar Adams and Terry Wayne Kelly totaling $287,573.[3]

*The Ministries' contributions from Lamar Adams and Wayne Kelly*

The Receiver does not allege any wrongdoing by the Ministries, only that they received cash contributions from Adams and Kelly that Adams and Kelly made with proceeds of the Madison Timber Ponzi scheme.

The Ministries have agreed to return 100% of the contributions they received from Lamar Adams, totaling $104,274 from Berachah and $42,449 from R.B. Thieme Ministries. All of

---

[1] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss). By order dated August 22, 2018, the Court eliminated the requirement that the Receiver obtain "prior approval of this Court upon ex parte request" before bringing any legal action. Docket No. 38, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

[3] Berachah Church received contributions amounting to $179,674 from Lamar Adams and Wayne Kelly. R.B. Thieme Jr. Bible Ministries received $107,899.

Kelly's donations to the Ministries were made through his company, Kelly Management, LLC. The Receiver determined that during the time period of 2009 until April of 2018, all but immaterial amounts of Kelly Management, LLC's income was provided by proceeds of the Madison Timber Ponzi scheme. For this reason, the Receiver has agreed to the return of 95% of the donations the Ministries received from Wayne Kelly, amounting to $71,630 from Berachah and $62,177.50 from R.B. Thieme Ministries. The Receiver believes this is fair and reasonable consideration for the avoidance of the time and expense that would have accompanied any litigation.

*The Receiver's potential claims*

It is the Receiver's position that the contributions the Ministries received for which they did not provide any tangible benefits to Adams or Kelly are voidable fraudulent transfers because no reasonably equivalent value was provided for the transfers. *See Janvey v. Democratic Senatorial Campaign Committee*, 793 F. Supp. 2d 825, 857–58 (N.D. Tex. 2011) (granting summary judgment on fraudulent transfer claims to recover contributions to political campaigns).

The Receiver and the Ministries have agreed to resolve the Receivership Estate's claims to the contributions in question without litigation. Berachah shall return to the Receivership Estate $175,904, which reflects all contributions made to it by Adams and 95% of the contributions made to them by Kelly. R.B. Thieme Ministries shall return to the Receivership Estate $104,626.50, which reflects all contributions made to it by Adams and 95% of the contributions made to them by Kelly.  In turn, the Receiver shall release all claims the Receivership Estate has or may have against Berachah Church and R.B. Thieme Ministries.

**ORDER**

After consideration, the Court finds that the terms of the Settlement Agreements are adequate, fair, reasonable, and equitable. The Settlement Agreements should be and are hereby **APPROVED**.

Accordingly, the Court hereby **ORDERS** as follows:

1. The terms used in this Order Approving Settlements that are defined in the Settlement Agreements between the Receiver and Berachah Church and R.B. Thieme Ministries, respectively, unless expressly otherwise defined herein, shall have the same meaning as in the Settlement Agreements.

2. This Court has jurisdiction over the subject matter of this action, and the Receiver is a proper party to seek entry of this Order Approving Settlements.

3. The Settlement Agreements followed meaningful, informed, arm's-length negotiations between the Receiver and the Ministries, all represented by highly capable counsel.

4. The parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

5. The Settlement Agreements are, in all respects, fair, reasonable, and adequate and are hereby fully and finally approved. The parties are directed to implement and consummate the Settlement Agreements in accordance with their terms and with this Order Approving Settlements.

6. Nothing in this Order Approving Settlements or the Settlement Agreements and no aspect of the Settlement Agreements or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of any party in any other proceeding.

7.  The Ministries shall deliver or cause to be delivered the Settlement Payment in accordance with the terms of their respective Settlement Agreement.

8.  Without in any way affecting the finality of this Order Approving Settlements, the Court retains continuing and exclusive jurisdiction over the parties for the purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement Agreements.

**SO ORDERED**, this the 16th day of August, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
