UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:18-cv-252 |
| Plaintiff, | Hon. Carlton W. Reeves, District Judge |
| v. | Hon. F. Keith Ball, Magistrate Judge |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | |
| Defendants. | |

**ORDER APPROVING SETTLEMENT**

Before the Court is the Motion for Approval of Settlement filed by Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams and Madison Timber Properties, LLC. Docket No. 168. No party has filed any objections to the motion.

The motion asks the Court to approve the Receiver's Settlement Agreement with Operation Grace World Missions, Inc. After consideration, the Court finds that settlement with Operation Grace World Missions on the proposed terms without litigation is in the Receivership Estate's best interests. The Court thus **GRANTS** the Receiver's motion.

## BACKGROUND

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership Estate"[1] and to investigate and "bring such legal actions based on law or equity in any state, federal or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver."[2]

Immediately following her appointment, the Receiver and her counsel began investigating claims against potential defendants who may be in possession of assets of the Receivership Estate, including against individuals and entities who received cash contributions from Arthur Lamar Adams, Madison Timber Properties, LLC, or their agents.

After an accounting, the Receiver determined that Operation Grace World Missions had received contributions from Arthur Lamar Adams and Terry Wayne Kelly totaling $40,500.

*Operation Grace World Missions' contributions from Lamar Adams and Wayne Kelly*

The Receiver does not allege any wrongdoing by Operation Grace World Missions, only that it received cash contributions from Adams and Kelly that Adams and Kelly made with proceeds of the Madison Timber Ponzi scheme.

Operation Grace World Missions has agreed to return 100% of the contributions it received from Lamar Adams, totaling $17,000. All of Kelly's donations to Operation Grace World Missions were made through his company, Kelly Management, LLC. The Receiver

---

[1] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).
[2] Docket No. 33, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss). By order dated August 22, 2018, the Court eliminated the requirement that the Receiver obtain "prior approval of this Court upon ex parte request" before bringing any legal action. Docket No. 38, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

determined that during the time period of 2009 until April of 2018, all but immaterial amounts of Kelly Management, LLC's income was provided by proceeds of the Madison Timber Ponzi scheme. For this reason, the Receiver has agreed to the return of 95% of the donations Operation Grace World Missions received from Wayne Kelly, amounting to $22,325. The Receiver believes this is fair and reasonable consideration for the avoidance of the time and expense that would have accompanied any litigation.

*The Receiver's potential claims*

It is the Receiver's position that the contributions Operation Grace World Missions received for which it did not provide any tangible benefits to Adams or Kelly are voidable fraudulent transfers because no reasonably equivalent value was provided for the transfers. *See Janvey v. Democratic Senatorial Campaign Committee*, 793 F. Supp. 2d 825, 857–58 (N.D. Tex. 2011) (granting summary judgment on fraudulent transfer claims to recover contributions to political campaigns).

The Receiver Operation Grace World Missions have agreed to resolve the Receivership Estate's claims to the contributions in question without litigation. Operation Grace World Missions shall return to the Receivership Estate $39,325, which reflects all contributions made to it by Adams and 95% of the contributions made to them by Kelly. In turn, the Receiver shall release all claims the Receivership Estate has or may have against Operation Grace World Missions.

# ORDER

After consideration, the Court finds that the terms of the Settlement Agreement are adequate, fair, reasonable, and equitable. The Settlement Agreement should be and is hereby **APPROVED**.

Accordingly, the Court hereby **ORDERS** as follows:

1. The terms used in this Order Approving Settlement that are defined in the Settlement Agreement between the Receiver and Operation Grace World Missions, respectively, unless expressly otherwise defined herein, shall have the same meaning as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action, and the Receiver is a proper party to seek entry of this Order Approving Settlement.

3. The Settlement Agreement followed meaningful, informed, arm's-length negotiations between the Receiver and Operation Grace World Missions, each represented by highly capable counsel.

4. The parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

5. The Settlement Agreement is, in all respects, fair, reasonable, and adequate and is hereby fully and finally approved. The parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and with this Order Approving Settlement.

6. Nothing in this Order Approving Settlement or the Settlement Agreement and no aspect of the Settlement Agreement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of any party in any other proceeding.

7. Operation Grace World Missions shall deliver or cause to be delivered the Settlement Payment in accordance with the terms of the Settlement Agreement.

8. Without in any way affecting the finality of this Order Approving Settlement, the Court retains continuing and exclusive jurisdiction over the parties for the purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

**SO ORDERED**, this the 16th day of August, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE