UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC<br><br>　　　　Defendants. | Case No. 3:18-cv-252<br><br>Hon. Carlton W. Reeves, District Judge<br>Hon. F. Keith Ball, Magistrate Judge |

**MEMORANDUM IN SUPPORT OF
MOTION FOR APPROVAL OF PROPOSED SETTLEMENT WITH SANDS**

Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber"), through undersigned counsel, respectfully submits this memorandum in support of her Motion for Approval of Proposed Settlement with Patrick Sands ("Sands").

**INTRODUCTION**

Sands owns a 47.5% interest in Oxford Springs, LLC ("Oxford Springs") and is a guarantor of First National Bank of Clarksdale's ("FNBC") two loans to Oxford Springs. Separately, Sands was a Madison Timber investor and is a likely claimant of the Receivership Estate to the extent he still holds outstanding Madison Timber promissory notes.

Sands has agreed to convey to the Receivership Estate his 47.5% interest in Oxford Springs and also release the Receivership Estate of any claim by him to amounts due under his outstanding

Madison Timber promissory notes in exchange for the Receiver's obtaining from FNBC a release of his guarantees of FNBC's loans to Oxford Springs.

Simultaneously with the filing of this motion, the Receiver is filing a motion that asks the Court to approve the Receiver's proposed settlement with FNBC. As part of that proposed settlement, FNBC shall terminate and release Sands's guarantees of FNBC's loans to Oxford Springs.

The Receiver's proposed Settlement Agreement with Sands **[Exhibit A]** is contingent on the approval of the Receiver's proposed settlement with FNBC. Together the settlements will result in the Receivership Estate's owning a 100% interest in Oxford Springs and retaining all the proceeds from the future sale of Oxford Springs's property. The Receiver thus submits that, if the Court approves the Receiver's proposed settlement with FNBC, the Receiver's proposed Settlement Agreement with Sands is unquestionably in the Receivership Estate's best interest.

Because the proposed Settlement Agreement with Sands does not affect the rights of third parties this motion does not require a hearing. Absent objection, the Court, if it agrees, may enter the proposed Order Approving Settlement **[Exhibit B]**.

## BACKGROUND

*The Receiver's duties*

The Receiver has a duty "to take custody, control, and possession of all Receivership Property, Receivership Records, and any assets traceable to assets owned by the Receivership Estate" and to investigate and "bring such legal actions based on law or equity in any state, federal or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver."[1]

---

[1] Docket No. 33, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss).

2

*Oxford Springs*

"Receivership Property" and "assets owned by the Receivership Estate" include Adams's, and now the Receivership Estate's, interest in Oxford Springs.

Oxford Springs is a Delaware limited liability company formed in 2014. Its sole asset is 2,400 acres of undeveloped land in Lafayette County, Mississippi. Oxford Springs purchased the property with the intent to develop an upscale neighborhood with an equestrian park and golf course near Oxford, Mississippi. There has been no actual development on the property.

The Receivership Estate owns Adams's 47.5% interest in Oxford Springs. As of this filing, of the remaining interests, Patrick Sands owns 47.5% and Mike Billings owns 5%.

*FNBC*

FNBC holds two deeds of trust over Oxford Springs's property. Oxford Springs purchased the property in two separate transactions and for each obtained a loan from FNBC:

Oxford Springs purchased the first 2,300 acres ("Parcel 1") on April 29, 2015 for $5,158,031.54. In connection with that purchase, it borrowed $4,224,812 from FNBC, and FNBC obtained a deed of trust over the 2,300 acres as well as personal guarantees from Adams and Sands.

Oxford Springs purchased the additional 100 acres ("Parcel 2") on September 23, 2016 for $1,000,000. In connection with that purchase, it borrowed $1,000,000 from FNBC, and FNBC obtained a deed of trust over the 100 acres as well as personal guarantees from Adams and Sands.

FNBC's loans to Oxford Springs are cross-collateralized, and the current total balance is $4,552,113.

*Attempted sale*

Oxford Springs entered a contract to sell Parcels 1 and 2 earlier this year. That sale failed after the buyer declined to purchase Parcel 2 and sought to adjust the purchase price accordingly.

Oxford Springs could have sold only Parcel 1 to the buyer, but after paying off FNBC's loans and other debts and dividing what remained among Oxford Springs's members, the Receivership Estate would have received little, if any, proceeds from the sale. The Receiver refused to sell under those circumstances.

The failed sale caused the Receiver's counsel to reassess the Receivership Estate's options. Oxford Springs's property is valuable and can be sold for several millions of dollars, but no sale will meaningfully benefit the Receivership Estate so long as it must first pay off FNBC and Oxford Springs's other members. To maximize Oxford Springs's value to the Receivership Estate, the Receiver's counsel devised a plan to own 100% of Oxford Springs and to sell its property free and clear of Oxford Springs's debt to FNBC.

*The Receiver's negotiations—FNBC*

As of this filing, Oxford Springs owes FNBC $4,552,113.

Separately, FNBC was one of Madison Timber's multiple banks and is a likely defendant in a lawsuit by the Receivership Estate. The Receiver presented FNBC with a draft complaint asserting claims arising from FNBC's alleged role in the Madison Timber Ponzi scheme.

After thoughtful negotiation, FNBC agreed to forgive the $4,552,113 debt Oxford Springs owes to FNBC in exchange for the Receiver's release of any claims against FNBC arising from FNBC's alleged role in the Madison Timber Ponzi scheme.

*The Receiver's negotiations—Sands*

As of this filing, Sands owns a 47.5% interest in Oxford Springs and is a guarantor of FNBC's two loans to Oxford Springs.

Separately, Sands was a Madison Timber investor and is a likely claimant of the Receivership Estate to the extent he still holds outstanding Madison Timber promissory notes.

4

Sands agreed to convey to the Receivership Estate his 47.5% interest in Oxford Springs and also release the Receivership Estate of any claim by him to amounts due under his outstanding Madison Timber promissory notes in exchange for the Receiver's obtaining from FNBC a release of his guarantees of FNBC's loans to Oxford Springs.

*The Receiver's negotiations—Billings*

Billings is a defendant in the lawsuit styled *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.), in which the Receiver alleges he received millions of dollars in "commissions" in exchange for his recruitment of new investors to Madison Timber. On July 9, 2019, the Receiver filed a motion for approval of a proposed settlement with Billings. As part of that proposed settlement, Billings agreed to convey to the Receivership Estate his 5% interest in Oxford Springs. The Court approved the proposed settlement on August 16, 2019.[2]

*Intended result*

If the Court grants the motions for approval of proposed settlements with FNBC and Sands, the Receivership Estate will own 100% of Oxford Springs and can sell its property free and clear of Oxford Springs's debt to FNBC. The proceeds of a future sale will go entirely to the Receivership Estate.

**PROPOSED SETTLEMENT WITH SANDS**

The Receiver and Sands have undertaken thoughtful negotiations and the Receiver believes that settlement with Sands unquestionably is in the Receivership Estate's best interest.

The proposed Settlement Agreement with Sands will result in Sands conveying his 47.5% interest in Oxford Springs to the Receivership Estate. That conveyance, coupled with the

---

[2] Docket No. 61, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss).

5

conveyance of Billings's 5% interest, will ensure the Receivership Estate owns 100% of Oxford Springs and allow it to retain all the proceeds from the future sale of Oxford Springs's property.

In substance, the Receiver and Sands have agreed to the following terms:

1. The Receiver shall move the Court to approve the proposed Settlement Agreement with Sands **[Exhibit A]**.

2. The Settlement Agreement with Sands is contingent on the Court's approval of the Receiver's proposed settlement with FNBC and FNBC's termination and release of Sands' personal guarantees of FNBC's loans to Oxford Springs.

3. Within seven days of the Court's approval of the Receiver's proposed settlement with FNBC, Sands shall convey to the Receiver all his membership interest in Oxford Springs free and clear of any liens, encumbrances, or adverse claims whatsoever ("the Conveyance").

4. Simultaneously with the Conveyance, Sands shall release the Receiver, the Receivership Estate, and Oxford Springs of any claims, demands, or causes of action Sands may have against them.

5. Simultaneously with the Conveyance, the Receiver shall release Sands of any claims, demands, or causes of action the Receivership Estate may have against Sands.

The foregoing is intended solely as a summary of the terms of the Settlement Agreement with Sands; in all events, the specific terms of the Settlement Agreement with Sands shall control.

Because the proposed Settlement Agreement with Sands does not affect the rights of third parties this motion does not require a hearing. Absent objection, the Court, if it agrees, may enter the proposed Order Approving Settlement **[Exhibit B]**.

## CONCLUSION

The Receiver believes settlement on the proposed terms unquestionably is in the Receivership Estate's best interests. The Receiver thus recommends that if the Court approves the Receiver's proposed settlement with FNBC the Court approve the proposed Settlement Agreement with Sands.

August 23, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Lilli Evans Bass* | */s/ Brent B. Barriere* |
| BROWN BASS & JETER, PLLC | FISHMAN HAYGOOD, LLP |
| Lilli Evans Bass, Miss. Bar No. 102896 | *Admitted pro hac vice* |
| LaToya T. Jeter, Miss. Bar No. 102213 | Brent B. Barriere, *Primary Counsel* |
| 1755 Lelia Drive, Suite 400 | Jason W. Burge |
| Jackson, Mississippi 39216 | Kristen D. Amond |
| Tel: 601-487-8448 | Rebekka C. Veith |
| Fax: 601-510-9934 | 201 St. Charles Avenue, Suite 4600 |
| bass@bbjlawyers.com | New Orleans, Louisiana 70170 |
| *Receiver's counsel* | Tel: 504-586-5253 |
| | Fax: 504-586-5250 |
| | bbarriere@fishmanhaygood.com |
| | jburge@fishmanhaygood.com |
| | kamond@fishmanhaygood.com |
| | rveith@fishmanhaygood.com |
| | *Receiver's counsel* |

7

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

In addition, I have separately emailed a copy of the foregoing to:

Daniel H. Gold
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
daniel.gold@haynesboone.com

*Counsel for Patrick Sands*

Date:   August 23, 2019                         */s/  Brent B. Barriere*
                                                 Admitted *pro hac vice*