## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge |

## RECEIVER'S REPORT

## August 23, 2019

_____/s/ Alysson Mills_____

Alysson Mills, Miss. Bar No. 102861
Fishman Haygood, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on June 17, 2019, and this report picks up where that report left off. It does not repeat the same information, except as necessary for context. It contains the following parts:

| | *page* |
|---|---|
| Recent filings or events—criminal | 3 |
| Recent filings or events—civil | 3 |
| Receiver's actions in the past 60 days | 9 |
| Receiver's plan for the next 60 days | 13 |
| Summary of status of assets | 15 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. I remain sensitive to potential ongoing criminal investigations and do not disclose information that might impair their progress.

**Recent filings or events—criminal**

*United States v. Adams, No. 3:18-cr-88*

None.

*United States v. McHenry, No. 3:19-cr-20*

The U.S. Attorney's Office for the Southern District of Mississippi charged Bill McHenry with securities and commodities fraud and wire fraud earlier this year.  The Court set a trial date of September 3, 2019.[1]

**Recent filings or events—civil**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

*Settlement—Century Club Charities:* On July 19, 2019, the Court approved a settlement agreement[2] whereby Century Club Charities agreed to return to the Receivership Estate $56,944, reflecting the amount of contributions it received from Adams and Wayne Kelly, minus the value of tangible benefits received by Adams and Kelly for those contributions. The settlement agreement is available at madisontimberreceiver.com.

*Sale—interest in Mallard Park, LLC:* On August 16, 2019, the Court approved a purchase agreement[3] whereby the Receivership Estate sold its 25% interest in Mallard Park, LLC for $175,000. The purchase agreement is available at madisontimberreceiver.com.

*Settlement—Berachah Church and R.B. Thieme, Jr. Bible Ministries:* On August 16, 2019, the Court approved a settlement agreement[4] whereby Berachah Church and R.B. Thieme, Jr. Bible Ministries agreed to return to the Receivership Estate $280,530.50, reflecting 100% of the contributions they received from Adams and 95% of the contributions they received from Wayne Kelly. The settlement agreement is available at madisontimberreceiver.com.

---

[1] Doc. 24, *United States v. McHenry*, No. 3:19-cr-20 (S.D. Miss.).
[2] Doc. 162, *Securities & Exchange Commission vs. Adams, et al*., No. 3:18-cv-252 (S.D. Miss.).
[3] Doc. 171, *Securities & Exchange Commission vs. Adams, et al*., No. 3:18-cv-252 (S.D. Miss.).
[4] Doc. 172, *Securities & Exchange Commission vs. Adams, et al*., No. 3:18-cv-252 (S.D. Miss.).

*Settlement—Operation Grace World Ministries:* On August 16, 2019, the Court approved a settlement agreement[5] whereby Operations Grace World Ministries agreed to return to the Receivership Estate $39,325, reflecting 100% of the contributions it received from Adams and 95% of the contributions it received from Wayne Kelly. The settlement agreement is available at madisontimberreceiver.com.

*Proposed settlement—First National Bank of Clarksdale:* On August 20, 2019, I submitted to the Court a proposed settlement with First National Bank of Clarksdale ("FNBC"). In exchange for the Receivership Estate's release of claims, FNBC agrees to make a cash payment of $4,000,000 to the Receivership Estate. FNBC also agrees to give the Receivership Estate a 60-day "tender period" within which it may satisfy Oxford Springs's debt to FNBC, currently $4,552,113, by making a lump sum payment of $4,000,000 to FNBC.

The proposed settlement's value to the Receivership Estate far exceeds $4,000,000, as it will result in the Receivership Estate's owning a 100% interest in Oxford Springs and retaining all the proceeds from the future sale of Oxford Springs's property. This is also the first proposed settlement with a party who was not a recruiter for Madison Timber. I appreciate FNBC's cooperation in reaching a resolution that results in a substantial benefit to the Receivership Estate.

The proposed order approving settlement includes a channeling injunction, sometimes called a "bar order," which would bar any person from separately asserting claims against FNBC arising out of FNBC's banking relationship with Adams or Madison Timber and any role that FNBC may be alleged to have had in the Madison Timber Ponzi scheme. Those claims instead would be "channeled" through the Receivership Estate.

I am mindful that victims of the Madison Timber Ponzi scheme, as the ultimate beneficiaries of the Receivership Estate, have a substantial interest in the Receivership Estate's claims against FNBC and their proposed resolution. I have asked the Court to set a hearing at which interested parties will be given the opportunity to comment on the settlement before it is approved. The proposed settlement agreement with FNBC and related filings are available at madisontimberreceiver.com.

---

[5] Doc. 173, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

*Proposed settlement—Patrick Sands:* On August 23, 2019, I submitted to the Court a proposed settlement[6] whereby Patrick Sands agrees to convey to the Receivership Estate his 47.5% interest in Oxford Springs, LLC and separately release the Receivership Estate of any claim by him to amounts due under his outstanding Madison Timber promissory notes in exchange for the Receiver's obtaining from FNBC a release of his guarantees of FNBC's loans to Oxford Springs, LLC.  Together the proposed settlements with FNBC and Sands will result in the Receivership Estate's owning a 100% interest in Oxford Springs and retaining all the proceeds from the future sale of Oxford Springs's property. The proposed settlement agreement is available at madisontimberreceiver.com.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly already settled with the Receivership Estate.

*Mike Billings:* On August 16, 2019, the Court approved a settlement agreement with Mike Billings[7] whereby he shall transfer the following assets currently in his possession to the Receivership Estate:

- $325,000 in cash currently sitting bank accounts and

- his 5% interest in Oxford Springs.

In addition, Billings shall, among other things:

- execute a promissory note in the original principal amount of $500,000 due and payable in four years that may be prepaid in the amount of $187,500 if paid in 365 days, $250,000 if paid in 547 days, or $312,500 if paid in 730 days;

- restate his federal and state income tax returns for the years in question, as permitted by law, and transfer 90% of any refunds received to the Receivership Estate; and

- cooperate with ongoing efforts to recover money for the Receivership Estate.

---

[6] Doc. 177, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[7] Doc. 61, *Alysson Mills vs. Michael D. Billings, et al.,* No. 3:18-cv-00679 (S.D. Miss).

Unlike the Receivership Estate's settlement with Wayne Kelly, the settlement with Billings does not include what is known as a "bar order" which would bar any person from asserting claims against Billings arising out of his role in the Madison Timber Ponzi scheme. The settlement agreement is available at madisontimberreceiver.com.

*Bill McHenry:* On August 16, 2019, the Court granted my motion for summary judgment against Bill McHenry and entered final judgment against him in the amount of $3,473,320, reflecting the "commissions" he received from Madison Timber.[8]   The order is available is madisontimberreceiver.com.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. None of the defendants has settled with the Receivership Estate.

*Butler Snow:* The Butler Snow defendants have argued that the case against them should be submitted to private arbitration. I have argued, among other things, that private arbitration is in no one's interest, except Butler Snow's. The Butler Snow defendants' motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Baker Donelson:* Baker Donelson filed a motion to dismiss all claims against it, which I opposed. Baker Donelson's motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Alexander Seawright:* The Alexander Seawright defendants filed a motion to dismiss all claims against them, which I opposed. The Alexander Seawright defendants' motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

---

[8] Doc. 62, *Alysson Mills vs. Michael D. Billings, et al.,* No. 3:18-cv-00679 (S.D. Miss).

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

*BankPlus:* BankPlus filed a motion to dismiss all claims against it, which I opposed. BankPlus's motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Gee Gee Patridge:* Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus, filed a motion to dismiss all claims against it, which I opposed. Gee Gee Patridge's motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Martin Murphree:* Murphree, a former agent of BankPlus and Mutual of Omaha, filed an answer to the complaint on May 22, 2019. The answer is available at madisontimberreceiver.com.

*Jason Cowgill:* Cowgill, a former manager of BankPlus's Southaven, Mississippi branch, filed a motion to dismiss all claims against him, which I opposed.  Cowgill's motion and related filings are available at madisontimberreceiver.com.

*Mutual of Omaha:* Mutual of Omaha filed a motion to dismiss all claims against it, which I opposed. Mutual of Omaha's motion and related filings are available at madisontimber receiver.com.

*Stewart Patridge:* Stewart Patridge, a former agent of BankPlus and Mutual of Omaha, filed an answer to the complaint on July 1, 2019. The answer is available at madisontimberreceiver.com.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

*Rawlings & MacInnis:* Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm filed a motion to dismiss all claims against it on August 8, 2019. That motion and related filings are available at madisontimberreceiver.com.

*The UPS Store Madison:* I expect Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton to file a motion to dismiss or other responsive pleading on or before August 25, 2019.

*UPS:* I expect The UPS Store, Inc. to file a motion to dismiss or other responsive pleading on or before August 29, 2019.

I will respond to all defendants' motions to dismiss or other responsive pleadings on or before September 12, 2019.

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 20, 2019, the Securities and Exchange Commission filed a civil complaint charging Wayne Kelly with the sale of unregistered securities, fraud in the purchase or sale of securities, fraud in the offer or sale of securities, and the sale of securities while unregistered. The complaint alleges Kelly provided false information to investors by telling them that their money would be used by Madison Timber to secure and harvest timber.

On August 21, 2019, the Securities and Exchange Commission announced a settlement with Kelly whereby he consents to the entry of a judgment:

- permanently restraining and enjoining him from further violations of federal securities laws;

- disgorging his ill-gotten gains, in an amount to be determined; and

- ordering that he pay civil penalties, in an amount to be determined.

The Securities and Exchange Commission's filings and press release are available at madisontimberreceiver.com.

## Receiver's actions in the past 60 days

Since I filed my last report on June 17, 2019, I have:

*Continued to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

As summarized above, I finalized settlement with Mike Billings, and the Court granted my motion for summary judgment against Bill McHenry.

*Continued to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

As summarized above, I previously filed oppositions to the Butler Snow defendants' motion to compel arbitration and Baker Donelson's and the Alexander Seawright defendants' motions to dismiss. As of this filing the Court had not issued a ruling on those motions.

*Continued to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As summarized above, I previously filed oppositions to the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha. As of this filing the Court had not issued a ruling on those motions.

*Filed Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As summarized above, I previously filed a complaint and an amended complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm. As of this filing the Rawlings & MacInnis defendants had filed a motion to

dismiss, and the remaining defendants are expected to file motions to dismiss or other responsive pleadings by the end of the month.

### *Continued to account for "commissions" and gifts*

I continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme. I continue to account for gifts that Adams or Wayne Kelly made with proceeds from Madison Timber.

*Century Club Charities:* As summarized above, Century Club Charities returned to the Receivership Estate $56,944 that it received from Lamar Adams and Wayne Kelly.

*Berachah Church and R.B. Thieme, Jr. Bible Ministries:* As summarized above, Berachah Church and R.B. Thieme, Jr. Bible Ministries returned to the Receivership Estate $280,530.50 that they received from Lamar Adams and Wayne Kelly.

*Operation Grace World Ministries:* As summarized above, Operations Grace World Ministries returned to the Receivership Estate $39,325 that it received from Lamar Adams and Wayne Kelly.

### *Continued to review records*

To date I have received and reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

10

*Worked with LLCs of which Adams was a member*

Adams was a member of at least six active limited liability companies ("LLCs") that own real estate. The Receivership Estate has already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; and KAPA Breeze, LLC. The status of the remaining LLCs is as follows:

*Mallard Park, LLC:*  As summarized above, I entered a purchase agreement whereby the Receivership Estate sold its 25% interest in Mallard Park, LLC for $175,000. The Court approved the purchase agreement on August 16, 2019.

*MASH Farms, LLC:*  The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I have obtained an appraisal of that property and have had preliminary negotiations with the LLC's other members regarding the purchase of the Receivership Estate's 25% interest. I will consider any offer by any party to purchase the Receivership Estate's interest for a price that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* The LLC attempted, but failed, to sell its principal asset, 2,300+/- acres of undeveloped land in Lafayette County, Mississippi, earlier this year.

As a result of the failed sale, my counsel and I reassessed the Receivership Estate's options. Oxford Springs's property is valuable and can be sold for several millions of dollars, but no sale will meaningfully benefit the Receivership Estate so long as it must first pay off its bank, FNBC, and its other members. To maximize Oxford Springs's value to the Receivership Estate, we devised a plan to own 100% of Oxford Springs and to sell its property free and clear of its debts. Consistent with that plan, we undertook negotiations with FNBC, Patrick Sands, and Mike Billings.

As summarized above, we negotiated a proposed settlement with FNBC whereby it agrees to make a cash payment of $4,000,000 to the Receivership Estate and to give the Receivership Estate a 60-day "tender period" within which it may satisfy Oxford Springs's debt to FNBC, currently $4,552,113, by making a lump sum payment of $4,000,000 to FNBC. Separately, we negotiated a proposed settlement with Sands whereby he agrees to convey to the Receivership

Estate his 47.5% interest in Oxford Springs in exchange for my obtaining from FNBC a release of his guarantees of FNBC's loans to Oxford Springs.  I obtained from Billings his 5% interest in Oxford Springs in a settlement that the Court approved on August 16, 2019.

If the Court grants the motions for approval of proposed settlements with FNBC and Sands, the Receivership Estate will own 100% of Oxford Springs and can sell its property free and clear of Oxford Springs's debt to FNBC. The proceeds of a future sale will go entirely to the Receivership Estate.

### Conferred with federal and state authorities

I have continued to confer with the U.S. Attorney's Office for the Southern District of Mississippi, the FBI, the Securities and Exchange Commission, the Mississippi Secretary of State's Office, and the Mississippi Department of Banking and Consumer Finance.

### Communicated with investors in Madison Timber

I have continued to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily.

### Interviewed persons with knowledge

I have continued to interview individuals with first-hand knowledge of matters bearing on the Receivership Estate.

### Researched legal claims against third parties

My colleagues and I research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants.

12

**Receiver's plan for the next 60 days**

*Continue to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

I intend to collect from Mike Billings the amounts due under his settlement agreement and collect from Bill McHenry the amounts due under this Court's judgment against him.

*Continue to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

As noted above, I await the Court's rulings on the Butler Snow defendants' motion to compel arbitration and Baker Donelson's and the Alexander Seawright defendants' motions to dismiss.

*Continue to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As noted above, I await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.

*Continue to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As noted above, I expect to file oppositions to motions dismiss or other responsive pleadings filed or to-be-filed by The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm.

*Continue to account for "commissions" and gifts*

As noted above, I continue to account for "commissions" paid by Lamar Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme. I continue to account for gifts that Lamar Adams or Wayne Kelly made with proceeds from Madison Timber.

*Monetize Adams's interests in the remaining three LLCs*

For the remaining two LLCs, I intend to liquidate the Receivership Estate's interests to maximize value to the Receivership Estate:

*Mash Farms, LLC:*  I want to sell the Receivership Estate's 25% interest on terms that are in the best interests of the Receivership Estate. I will continue to consider a sale to the LLC's other members but, as noted above, I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* If the Court grants the motions for approval of proposed settlements with FNBC and Patrick Sands, the Receivership Estate will own 100% of the LLC and I will sell its property free and clear of the LLC's debt to FNBC.

### File additional lawsuits

I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it. To protect the Receivership Estate's position, I am not disclosing publicly third-party targets.

I intend to file additional lawsuits to recover commissions, fraudulent transfers, and gifts as necessary to recover money that belongs to the Receivership Estate.

### Continue communicating with investors

I intend to continue communicating with investors, through my website, email, phone, and letters. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

14

**Summary of status of assets**

My end goal is to make an equitable distribution to victims with the money I recover. Although I continue to recover money from various third parties, the money that I have recovered to date would not go far. As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

The current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**                         current balance $5,965,531.08

| | |
|---|---|
| Previous balance as of June 17, 2019 | $5,127,603.24 |
| Sale proceeds—134 Saint Andrews | +$350,777.38 |
| Sale—interest in Mallard Park, LLC | +$175,000.00 |
| Settlement—Century Club Charities | +$56,944.00 |
| Settlement—Berachah Church | +$175,904.00 |
| Settlement—R.B. Thieme, Jr. | +$104,626.50 |
| Settlement—Operation Grace World | +$39,325.00 |
| Interest | +$13,366.66 |
| Bank fees | -$ 24.00 |
| Receiver's counsel's fees/expenses | -$90,991.70 |

***Alysson Mills vs. Michael D. Billings, et al.*, No. 3:18-cv-679**
Lawsuit to recover $16,000,000 in commissions

*settlement with Billings:*
*$325,000 due now*
*plus 5% interest in*
*Oxford Springs, LLC;*

*promissory note in the original*
*principal amount of $500,000*
*outstanding*

*judgment against McHenry:*
*$3,473,320*

15

***Alysson Mills vs. Butler Snow, et al.*, No. 3:18-cv-866**
Lawsuit to hold law firms liable for debts of the Receivership
Estate

*litigation ongoing*

***Alysson Mills vs. BankPlus, et al.*, No. 3:19-cv-196**
Lawsuit to hold bank and financial services company liable for
debts of the Receivership Estate

*litigation ongoing*

***Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364**
Lawsuit to hold notaries liable for debts of the Receivership Estate

*litigation ongoing*

**Settlement—Wayne Kelly**

*~~received $1,384,435.17~~*
*~~plus interests in 707, 315 Iona,~~*
*~~and KAPA Breeze, LLCs~~*

*promissory note in the original*
*principal amount of $400,000*
*outstanding*

**~~Settlement—Frank Zito~~**

*~~received $100,000,~~*
*~~first installment~~*

*~~received $100,000, second~~*
*~~and final installment,~~*
*~~June 12, 2019~~*

**House at 134 Saint Andrews Drive, Jackson, Mississippi**
Unencumbered

*received $350,777.38*
*in proceeds from sale*

**~~Condo in Calton Hill subdivision in Oxford, Mississippi~~**
~~Unencumbered~~

*~~received $139,919.09~~*
*~~in proceeds from sale~~*

**Jewelry**

*for sale*

**1/4    Mallard Park, LLC**
1,723 acres with hunting lodge in Humphreys County
Purchased in 2016 for $2,593,500
Encumbered by Southern AgCredit mortgage
Owe approximately $2,000,000

*received $175,000*
*for sale of interest*

16

| | | |
|---|---|---|
| **1/4** | **Mash Farms, LLC** | *assessing options* |
| | 808+ acres with hunting camp in Sunflower County | |
| | Purchased in 2014 for $1,600,000 | |
| | Encumbered by Trustmark Bank mortgage | |
| | Owe approximately $900,000 | |

| | | |
|---|---|---|
| **47.5%** | **Oxford Springs, LLC** | *settlements with* |
| | 2,300+/- acres undeveloped land in Lafayette County | *FNBC and Patrick Sands* |
| | Purchased in 2015 and 2016 for total of $6,158,000 | *pending* |
| | Encumbered by FNBC mortgage | |
| | Owe approximately $4,500,000 | |

~~**Hartford Life and Annuity Insurance Co. life insurance policy**~~     *surrendered for $167,206.60*

~~**Lincoln National Life Insurance Co. life insurance policy**~~     *surrendered for $3,678.45*

| | | |
|---|---|---|
| ~~**1/6**~~ | ~~**707, LLC**~~ | *LLC sold principal asset and* |
| | ~~263+ acres recreational land in Holmes County~~ | *dissolved; tendered $6,994.09* |
| | ~~Purchased in 2009~~ | *representing Adams's, Kelly's, and* |
| | ~~Encumbered by First Commercial Bank mortgage~~ | *McHenry's interests to* |
| | ~~Owe approximately $368,000~~ | *the Receivership Estate* |

| | | |
|---|---|---|
| ~~**1/3**~~ | ~~**Delta Farm Land Investments, LLC**~~ | *LLC sold principal asset and* |
| | ~~1170+ acres farmland in Oktibbeha County~~ | *dissolved; tendered $323,440.88* |
| | ~~Purchased in 2014 for $2,796,100~~ | *representing Adams's interest to* |
| | ~~Encumbered by Trustmark Bank mortgage~~ | *the Receivership Estate* |
| | ~~Owe approximately $2,200,000~~ | |

~~**Settlement—Ole Miss Athletics Foundation**~~     *received $155,084.50, first installment*

*received $155,084.50, second and final installment, April 17, 2019*

~~**Marital Property Settlement—Vickie Lynn Adams**~~     *received $58,247*
~~Lump sum payment includes proceeds from sale of Lexus LX 570~~
~~and liquidation of Hartford Life and Annuity Insurance Co. life~~
~~insurance policy~~

~~**Settlement—Adams children**~~     *received $170,000*

17

| | | |
|---|---|---|
| ~~1/2~~ | ~~**KAPA Breeze LLC**~~ | *~~sold the Receivership Estate's~~* |
| | ~~1.5+/- acres mixed-use land on Highway 30A in Florida~~ | *~~interest for $700,000~~* |
| | ~~Purchased in 2017 for approximately $1,900,000~~ | |
| | ~~Encumbered by Jefferson Bank mortgage~~ | |
| | ~~Owe approximately $1,365,000~~ | |

~~**Alexander Seawright—UPS's funds***~~                     *~~holding $100,000~~*

~~**Settlement—Philippi Freedom Ministries**~~               *~~received $16,125~~*

~~**Settlement—Rick Hughes Evangelistic Ministries**~~       *~~received $43,657.95~~*

**Settlement—Century Club Charities**                       *received $56,944*

**Settlement—Berachah Church**                              *received $175,904*

**Settlement—R.B. Thieme, Jr.**                             *received $104,626.50*

**Settlement—Operation Grace World Missions**               *received $39,325*

~~**2018 King Ranch Ford F150 truck**~~                      *~~sold for $42,750~~*

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*Holding funds solely as an offset to UPS's monetary liability for future claims the Receivership Estate might have against UPS.