**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge |

**RECEIVER'S REPORT**

**October 25, 2019**

*/s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
Fishman Haygood, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on August 23, 2019, and this report picks up where that report left off. It does not repeat the same information, except as necessary for context. It contains the following parts:

|  | *page* |
|---|---|
| Recent filings or events—criminal | 3 |
| Recent filings or events—civil | 3 |
| Receiver's actions in the past 60 days | 8 |
| Receiver's plan for the next 60 days | 11 |
| Receiver's recommendation | 13 |
| Summary of status of assets | 14 |
| Proposed order | 18 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. I remain sensitive to potential ongoing criminal investigations and do not disclose information that might impair their progress.

**Recent filings or events—criminal**

*United States v. Adams, No. 3:18-cr-88*

None.

*United States v. McHenry, No. 3:19-cr-20*

The U.S. Attorney's Office for the Southern District of Mississippi charged Bill McHenry with securities and commodities fraud and wire fraud earlier this year. His trial is set to commence December 2, 2019.

**Recent filings or events—civil**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

*Settlement—First National Bank of Clarksdale:* On September 25, 2019, the Court approved a settlement[1] with First National Bank of Clarksdale ("FNBC") whereby FNBC will make a cash payment of $4,000,000 to the Receivership Estate and give the Receivership Estate a 60-day "tender period" within which it may satisfy Oxford Springs's debt to FNBC, currently $4,552,113, by making a lump sum payment of $4,000,000 to FNBC.

The settlement agreement provides that FNBC shall make the $4,000,000 cash payment after "expiration of all applicable appeal periods," which is today. I expect the payment in the next seven days and intend to exercise the tender right.

*Settlement—Patrick Sands:* Relatedly, on October 9, 2019, the Court approved a settlement[2] whereby Patrick Sands agrees to convey to the Receivership Estate his 47.5% interest in Oxford Springs and separately release the Receivership Estate of any claim by him to amounts due under his outstanding Madison Timber promissory notes in exchange for the Receiver's obtaining from FNBC a release of his guarantees of FNBC's loans to Oxford Springs.

---

[1] Doc. 183, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[2] Doc. 185, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

3

Together the FNBC and Patrick Sands settlements will result in the Receivership Estate's owning a 100% interest in Oxford Springs and retaining all the proceeds from the future sale of Oxford Springs's property.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate. I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[3]

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. None of the defendants has settled with the Receivership Estate.

*Butler Snow:* The Butler Snow defendants filed a motion to dismiss in which they argued that the case against them should be submitted to private arbitration. I responded, among other things, that private arbitration is in no one's interest, except Butler Snow's.

On September 12, 2019, the Court denied Butler Snow's motion to dismiss,[4] and on October 4, 2019, Butler Snow appealed that ruling to the Fifth Circuit. The claims against Butler Snow are stayed pending appeal. Butler Snow's appellant's brief is due December 2, 2019.

*Baker Donelson:* Baker Donelson filed a motion to dismiss in which it argued, among other things, that I lack standing to recover damages for investors. After I addressed Baker Donelson's motion's arguments, it filed more briefs, each more forcefully making the same argument that I

---

[3] Docs. 62, 63, *Alysson Mills vs. Michael D. Billings, et al.,* No. 3:18-cv-00679 (S.D. Miss).
[4] Doc. 48, *Alysson Mills vs. Butler Snow, et al.,* No. 3:18-cv-00866 (S.D. Miss).

4

lack standing to recover damages for investors. Baker Donelson's motion and related filings are available at madisontimberreceiver.com.

On October 1, 2019, the Court denied Baker Donelson's motion, but the Court instructed me to file an amended complaint, after which Baker Donelson may re-urge its arguments. The Court stated:

> [T]he Receiver is entitled to present her "best case" before a dispositive ruling. So, if she wishes to add anything to the complaint that she learned in the last nine months, or wishes to amend any of her theories in light of recent Fifth Circuit decisions, now is the time. An amended complaint is due on November 1, 2019. Renewed motions to dismiss may follow within 14 days, or, given the upcoming holidays, on a briefing schedule agreed-to by the parties. [5]

*Alexander Seawright:* The Alexander Seawright defendants filed a motion to dismiss all claims against them, which I opposed. The Alexander Seawright defendants' motion and related filings are available at madisontimberreceiver.com. Presumably they will re-urge their motion after I file an amended complaint.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

*BankPlus:* BankPlus filed a motion to dismiss all claims against it, which I opposed. BankPlus's motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

---

[5] Doc. 49, *Alysson Mills vs. Butler Snow, et al.,* No. 3:18-cv-00866 (S.D. Miss).

5

*Gee Gee Patridge:* Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus, filed a motion to dismiss all claims against it, which I opposed. Gee Gee Patridge's motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Martin Murphree:* Murphree, a former agent of BankPlus and Mutual of Omaha, filed an answer to the complaint on May 22, 2019. The answer is available at madisontimberreceiver.com.

*Jason Cowgill:* Cowgill, a former manager of BankPlus's Southaven, Mississippi branch, filed a motion to dismiss all claims against him, which I opposed.  Cowgill's motion and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued a ruling.

*Mutual of Omaha:* Mutual of Omaha filed a motion to dismiss all claims against it, which I opposed. Mutual of Omaha's motion and related filings are available at madisontimber receiver.com. As of this filing the Court had not issued a ruling.

*Stewart Patridge:* Stewart Patridge, a former agent of BankPlus and Mutual of Omaha, filed an answer to the complaint on July 1, 2019. The answer is available at madisontimberreceiver.com.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

*The UPS Store Madison:* Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton filed answers to the complaint on August 26, 2019. The answers are available at madisontimberreceiver.com.

6

*The UPS Store, Inc.:* The UPS Store, Inc. filed a motion to dismiss on August 29, 2019, and I responded on September 12, 2019. After the Court denied its motion on September 30, 2019,[6] The UPS Store, Inc. filed an answer to the complaint on October 15, 2019. The answer is available at madisontimberreceiver.com.

*Rawlings & MacInnis:* Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm filed a motion to dismiss on August 8, 2019, and I responded on September 12, 2019. After the Court denied their motion on September 30, 2019,[7] the Rawlings & MacInnis defendants filed answers to the complaint on October 11, 2019. The answers are available at madisontimberreceiver.com.

The Court's order denying The UPS Store, Inc.'s and Rawlings & MacInnis's motions to dismiss stated:

> They contend that the Receiver's factual allegations are insufficiently detailed, that the law bars the Receiver's claims, and that The UPS Store in particular cannot be held liable because the local store that aided and abetted Lamar Adams' fraudulent scheme was merely a franchise.
>
> The Court respectfully disagrees. The complaint is particularly detailed, Fifth Circuit and Mississippi law support the Receiver's causes of actions, and the UPS Store's affirmative defense is one that will turn on the facts adduced during discovery. The better course of action is to begin that discovery, which in a case about notarization should not be overly complex, and adjudicate motions for summary judgment next year.[8]

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 20, 2019, the Securities and Exchange Commission filed a civil complaint charging Wayne Kelly with the sale of unregistered securities, fraud in the purchase or sale of securities, fraud in the offer or sale of securities, and the sale of securities while unregistered. The complaint alleges Kelly provided false information to investors by telling them that their money would be used by Madison Timber to secure and harvest timber.

---

[6] Doc. 49, *Alysson Mills vs. The UPS Store, Inc., et al.,* No. 3:19-cv-00364 (S.D. Miss).
[7] Doc. 49, *Alysson Mills vs. The UPS Store, Inc., et al.,* No. 3:19-cv-00364 (S.D. Miss).
[8] Doc. 49, *Alysson Mills vs. The UPS Store, Inc., et al.,* No. 3:19-cv-00364 (S.D. Miss).

7

On August 21, 2019, the Securities and Exchange Commission announced a settlement with Kelly whereby he consents to the entry of a judgment against him.  On August 27, 2019, the Court entered judgment against Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[9]

**Receiver's actions in the past 60 days**

Since I filed my last report on August 23, 2019, I have:

*Continued to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

As summarized above, on September 12, 2019, the Court denied Butler Snow's motion to dismiss,[10] and on October 4, 2019, Butler Snow appealed that ruling to the Fifth Circuit. On October 1, 2019, the Court denied Baker Donelson's motion to dismiss and instructed me to file an amended complaint by November 1, 2019.[11]

*Continued to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As summarized above, I previously filed oppositions to the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.  As of this filing the Court had not issued a ruling on those motions.

*Continued to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As summarized above, on September 12, 2019 I filed oppositions to the motions to dismiss filed by The UPS Store, Inc. and Rawlings & MacInnis, and the Court denied the motions on September 30, 2019.[12]  All defendants have filed answered and the case is proceeding to discovery.

---

[9] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC,* No. 3:19-cv-00585 (S.D. Miss.).
[10] Doc. 48, *Alysson Mills vs. Butler Snow, et al.,* No. 3:18-cv-00866 (S.D. Miss.).
[11] Doc. 49, *Alysson Mills vs. Butler Snow, et al.,* No. 3:18-cv-00866 (S.D. Miss.).
[12] Doc. 49, *Alysson Mills vs. The UPS Store, Inc., et al.,* No. 3:19-cv-00364 (S.D. Miss.).

8

*Continued to account for "commissions," gifts, and proceeds*

I continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme. I continue to account for gifts that Adams or Wayne Kelly made with proceeds from Madison Timber.

I demanded and obtained the return of $309,000 that Madison Timber paid to Techwood, LLC between 2012 and 2016.

*Continued to review records*

To date I have received and reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

I issued a subpoena seeking additional records to Southern Bancorp on September 27, 2019.

*Worked with LLCs of which Adams was a member*

Adams was a member of at least six active limited liability companies ("LLCs") that own real estate. The Receivership Estate has already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; and Mallard Park, LLC. The status of the remaining LLCs is as follows:

*MASH Farms, LLC:* The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I have obtained an appraisal of that property and have had preliminary negotiations with the LLC's other members regarding the purchase of the Receivership Estate's 25% interest. I will consider any offer by any party to purchase the Receivership Estate's interest for a price that I believe is fair, and I encourage interested parties to

contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:*  The LLC owes FNBC $4,552,113 on two loans FNBC made to the LLC, and FNBC holds two deeds of trust over the LLC's principal asset, 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. The LLC attempted, but failed, to sell the property earlier this year.

As summarized above, on September 25, 2019, the Court approved a settlement[13] with FNBC whereby FNBC will make a cash payment of $4,000,000 to the Receivership Estate and give the Receivership Estate a 60-day "tender period" within which it may satisfy the LLC's debt to FNBC by making a lump sum payment of $4,000,000 to FNBC.

Relatedly, on October 9, 2019, the Court approved a settlement[14] whereby Patrick Sands agrees to convey to the Receivership Estate his 47.5% interest in the LLC and separately release the Receivership Estate of any claim by him to amounts due under his outstanding Madison Timber promissory notes in exchange for the Receiver's obtaining from FNBC a release of his guarantees of FNBC's loans to the LLC.

The settlement will result in the Receivership Estate's owning a 100% interest in Oxford Springs and retaining all the proceeds from the future sale of Oxford Springs's property.

*Conferred with federal and state authorities*

I have continued to confer with the U.S. Attorney's Office for the Southern District of Mississippi, the FBI, the Securities and Exchange Commission, the Mississippi Secretary of State's Office, and the Mississippi Department of Banking and Consumer Finance.

*Communicated with investors in Madison Timber*

I have continued to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily.

---

[13] Doc. 183, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[14] Doc. 185, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

10

*Interviewed persons with knowledge*

I have continued to interview individuals with first-hand knowledge of matters bearing on the Receivership Estate.

*Researched legal claims against third parties*

My colleagues and I research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants.

**Receiver's plan for the next 60 days**

*Continue to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

I intend to continue to collect amounts due from Wayne Kelly and Mike Billings under their respective settlement agreements and promissory notes and to attempt to collect from Bill McHenry the amounts due under this Court's judgment against him.

*Continue to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

As noted above, the Court instructed me to file an amended complaint by November 1, 2019. Butler Snow's appellant's brief is due December 2, 2019, and I will respond to it.

*Continue to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As noted above, I await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.

*Continue to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As noted above, the Court instructed the parties to proceed with discovery.

11

*Continue to account for "commissions," gifts, and proceeds*

As noted above, I continue to account for "commissions" paid by Lamar Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme. I continue to account for gifts that Lamar Adams or Wayne Kelly made with proceeds from Madison Timber.

*Monetize Adams's interests in the remaining two LLCs*

For the remaining two LLCs, I intend to liquidate the Receivership Estate's interests to maximize value to the Receivership Estate:

*Mash Farms, LLC:* I want to sell the Receivership Estate's 25% interest on terms that are in the best interests of the Receivership Estate. I will continue to consider a sale to the LLC's other members but, as noted above, I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* I expect FNBC's $4,000,000 cash payment in the next seven days and intend to exercise the Receivership Estate's tender right, which will result in the Receivership Estate owning 100% of the LLC with the ability to sell the LLC's property free and clear of the LLC's debt to FNBC. All proceeds from any future sale will go to the Receivership Estate.

*File additional lawsuits*

I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it. To protect the Receivership Estate's position, I am not disclosing publicly third-party targets.

I intend to file additional lawsuits to recover commissions, fraudulent transfers, and gifts as necessary to recover money that belongs to the Receivership Estate.

12

*Continue communicating with investors*

I intend to continue communicating with investors, through my website, email, phone, and letters. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

**Receiver's recommendation**

The Court's order of appointment invites me to make recommendations in my report. I previously used my report to recommend that the Court strike certain language from its order of appointment, and the Court accepted that recommendation. Consistent with that precedent, I recommend an additional amendment here.

I respectfully request that the Court amend its order of appointment to permit me to accept on behalf of the Receivership Estate assignments of any rights or interests that persons or entities may choose to assign to the Receivership Estate. The order of appointment sets forth my responsibilities and duties, and they are broad. While I believe the order of appointment already contemplates that I have the power to do many things, including accept assignments, in the fulfillment of my duties,[15] to avoid doubt I ask that the Court make the order explicit. I have discussed the matter with the Securities and Exchange Commission, and it does not object to this discrete amendment. If the Court agrees, the Court may amend its order simply by adding to the list of "General Powers & Duties of Receiver" in Part I a subpart numbered 19:

> (19) to accept on behalf of the Receivership Estate assignments of rights or interests that persons or entities may choose to assign to the Receivership Estate

A proposed order is attached.

---

[15] For example, the order of appointment provides that the Receiver shall have the power "to take any action which, prior to the entry of this Order, could have been taken by the officers, managers, and agents of and relating to the Receivership Defendants …." Doc. 33 at p. 8, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

**Summary of status of assets**

My end goal is to make an equitable distribution to victims with the money I recover. Although I continue to recover money from various third parties, the money that I have recovered to date would not go far. As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

The current status of the Receivership Estate's assets is as follows:

| | | |
|---|---|---|
| **Receivership Estate's account at Hancock Bank** | | current balance $6,606,871.42 |
| Previous balance as of August 23, 2019 | $5,965,531.08 | |
| Settlement—Mike Billings | +$325,000.00 | |
| Returned proceeds—Techwood, LLC | +$309,000.00 | |
| Interest | +$7,352.34 | |
| Bank fees | -$12.00 | |
| Receiver's counsel's fees/expenses | *n/a this 60 days* | |

| | |
|---|---|
| *Alysson Mills vs. Butler Snow, et al.*, **No. 3:18-cv-866**<br>Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| *Alysson Mills vs. BankPlus, et al.*, **No. 3:19-cv-196**<br>Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| *Alysson Mills v. The UPS Store, Inc., et al.*, **No. 3:19-cv-364**<br>Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |
| *Alysson Mills vs. Michael D. Billings, et al.*, **No. 3:18-cv-679**<br>Lawsuit to recover $16,000,000 in commissions | *$3,473,320 judgment against McHenry*<br><br>*settlements with Billings and Kelly (see below)* |
| **Settlement—Mike Billings** | *received $325,000 plus 5% interest in Oxford Springs, LLC* |

14

|   |   |   |
|---|---|---|
|   |   | *promissory note in the original principal amount of $500,000 outstanding* |
|   | **Settlement—Wayne Kelly** | *received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs* |
|   |   | *promissory note in the original principal amount of $400,000 outstanding* |
| 1/4 | **Mash Farms, LLC** <br> 808+ acres with hunting camp in Sunflower County <br> Purchased in 2014 for $1,600,000 <br> Encumbered by Trustmark Bank mortgage <br> Owe approximately $900,000 | *assessing options* |
| 47.5% | **Oxford Springs, LLC** <br> 2,300+/- acres undeveloped land in Lafayette County <br> Purchased in 2015 and 2016 for total of $6,158,000 <br> Encumbered by FNBC mortgage <br> Owe approximately $4,500,000 | *settlements with FNBC and Patrick Sands approved* |
| ~~1/6~~ | ~~**707, LLC**~~ <br> ~~263+ acres recreational land in Holmes County~~ <br> ~~Purchased in 2009~~ <br> ~~Encumbered by First Commercial Bank mortgage~~ <br> ~~Owe approximately $368,000~~ | *~~LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate~~* |
| ~~1/3~~ | ~~**Delta Farm Land Investments, LLC**~~ <br> ~~1170+ acres farmland in Oktibbeha County~~ <br> ~~Purchased in 2014 for $2,796,100~~ <br> ~~Encumbered by Trustmark Bank mortgage~~ <br> ~~Owe approximately $2,200,000~~ | *~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~* |
| ~~1/2~~ | ~~**KAPA Breeze LLC**~~ <br> ~~1.5+/- acres mixed-use land on Highway 30A in Florida~~ <br> ~~Purchased in 2017 for approximately $1,900,000~~ <br> ~~Encumbered by Jefferson Bank mortgage~~ <br> ~~Owe approximately $1,365,000~~ | *~~sold the Receivership Estate's interest for $700,000~~* |
| ~~1/4~~ | ~~**Mallard Park, LLC**~~ <br> ~~1,723 acres with hunting lodge in Humphreys County~~ | *~~received $175,000 for sale of interest~~* |

~~Purchased in 2016 for $2,593,500~~
~~Encumbered by Southern AgCredit mortgage~~
~~Owe approximately $2,000,000~~

| | |
|---|---|
| **~~Hartford Life and Annuity Insurance Co. life insurance policy~~** | *~~surrendered for $167,206.60~~* |
| **~~Lincoln National Life Insurance Co. life insurance policy~~** | *~~surrendered for $3,678.45~~* |
| **~~Settlement—Frank Zito~~** | *~~received $100,000, first installment~~* |
| | *~~received $100,000, second and final installment, June 12, 2019~~* |
| **~~Settlement—Ole Miss Athletics Foundation~~** | *~~received $155,084.50, first installment~~* |
| | *~~received $155,084.50, second and final installment, April 17, 2019~~* |
| **~~Marital Property Settlement—Vickie Lynn Adams~~** ~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~ | *~~received $58,247~~* |
| **~~Settlement—Adams children~~** | *~~received $170,000~~* |
| **~~Alexander Seawright—UPS's funds*~~** | *~~holding $100,000~~* |
| **~~2018 King Ranch Ford F150 truck~~** | *~~sold for $42,750~~* |
| **~~Condo in Calton Hill subdivision in Oxford, Mississippi~~** ~~Unencumbered~~ | *~~received $139,919.09 in proceeds from sale~~* |
| **~~Settlement—Philippi Freedom Ministries~~** | *~~received $16,125~~* |
| **~~Settlement—Rick Hughes Evangelistic Ministries~~** | *~~received $43,657.95~~* |

16

| | |
|---|---|
| ~~**2018 King Ranch Ford F150 truck**~~ | ~~*sold for $42,750*~~ |
| **Jewelry** | *for sale* |
| ~~**House at 134 Saint Andrews Drive, Jackson, Mississippi** Unencumbered~~ | ~~*received $350,777.38 in proceeds from sale*~~ |
| ~~**Settlement—Century Club Charities**~~ | ~~*received $56,944*~~ |
| ~~**Settlement—Berachah Church**~~ | ~~*received $175,904*~~ |
| ~~**Settlement—R.B. Thieme, Jr.**~~ | ~~*received $104,626.50*~~ |
| ~~**Settlement—Operation Grace World Missions**~~ | ~~*received $39,325*~~ |
| **Returned proceeds—Techwood, LLC** | *received $309,000* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*Holding funds solely as an offset to UPS's monetary liability for future claims the Receivership Estate might have against UPS.

**Proposed order**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>**Defendants.** | No: 3:18-cv-252<br><br>**Carlton W. Reeves, District Judge** |

**PROPOSED ORDER**

On June 22, 2018, this Court appointed Alysson Mills to serve as Receiver of the estates of Arthur Lamar Adams and Madison Timber Properties ("Receivership Estate") and instructed her to file a report of her preliminary findings and recommendations within 60 days. [Doc. 33]

The Court has received the Receiver's Report dated October 25, 2019. The Court accepts the recommendation, to which the Securities & Exchange Commission does not object, that the Court amend its order of appointment to permit the Receiver to accept on behalf of the Receivership Estate assignments of any rights or interests that persons or entities may choose to assign to the Receivership Estate. Accordingly, the Court's order of appointment [Doc. 33] shall be amended such that the list of "General Powers & Duties of Receiver" in Part I shall also include the following:

> "(19) to accept on behalf of the Receivership Estate assignments of rights or interests that persons or entities may choose to assign to the Receivership Estate"

The order of appointment [Doc. 33] shall in all other respects remain the same.


DATED: _____			_____
					Honorable Carlton W. Reeves
					United States District Judge