## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiffs,

    v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

        Defendants.

No: 3:18-cv-252

Carlton W. Reeves, District Judge
F. Keith Ball, Magistrate Judge


## RECEIVER'S REPORT

## December 31, 2019


        */s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
Fishman Haygood, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com

*Receiver for Arthur Lamar Adams and
Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on October 25, 2019, and this report picks up where that report left off. It does not repeat the same information, except as necessary for context. It contains the following parts:

| | *page* |
|---|---|
| Recent filings or events—criminal | 3 |
| Recent filings or events—civil | 3 |
| Receiver's actions in the past 60 days | 8 |
| Receiver's plan for the next 60 days | 12 |
| Summary of status of assets | 14 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. I remain sensitive to potential ongoing criminal investigations and do not disclose information that might impair their progress.

**Recent filings or events—criminal**

*United States v. Adams, No. 3:18-cr-88*

None.

*United States v. McHenry, No. 3:19-cr-20*

The U.S. Attorney's Office for the Southern District of Mississippi charged Bill McHenry with securities and commodities fraud and wire fraud earlier this year. His trial was December 2, 2019, and he was acquitted.

Many of McHenry's victims were elderly. They looked forward to McHenry's trial even if they could not be there. I talked to many of them in person and by phone during the trial and after the verdict. They are rightly disappointed.

The jury's verdict is not a rebuke of their personal stories. The U.S. Attorney's Office presented a narrow case. It called only one victim to testify. The jury did not hear from the dozens of victims before it deliberated over McHenry's guilt.

After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme. I am hopeful that criminal authorities are not finished with their work. Victims are right to expect that criminal authorities will pursue justice in this case.

**Recent filings or events—civil**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

*Settlement—First National Bank of Clarksdale:* On October 28, 2019, First National Bank of Clarksdale ("FNBC") made a cash payment of $4,000,000 to the Receivership Estate. As contemplated by the Court-approved settlement,[1] the Receivership Estate exercised its right to use the $4,000,000 to satisfy Oxford Springs, LLC's debt to FNBC, which was $4,552,113. The transaction resulted in a release of Patrick Sands's personal guarantees of FNBC's loans to Oxford Springs, and in exchange Sands conveyed to the Receivership Estate his 47.5% interest in Oxford

---

[1] Doc. 183, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

3

Springs. Today the Receivership Estate owns a 100% interest in Oxford Springs, debt-free, and will retain all proceeds from the future sale of Oxford Springs's property.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate. I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[2]

McHenry has not paid the judgment, and presumably he contends that he cannot pay the judgment. He pleaded sufficient impoverishment to qualify for court-appointed counsel in the criminal proceedings against him. I did not examine him regarding his assets while those criminal proceedings were pending because he would have invoked his right to silence. But those criminal proceedings have concluded.

On December 12, 2019, I filed a motion that asks the Court to permit me to examine McHenry under oath in open court regarding his ability to pay the judgment against him.[3] The motion also asks the Court to order McHenry to produce documentary evidence—including account statements, tax returns, contracts relating to property, titles, deeds, bills of sale, leases, liens, utilities and credit card bills, etc.—relevant to his finances. The motion is available at madisontimberreceiver.com. As of this filing the Court had not addressed the motion.

If the Court grants the motion, I will post notice of McHenry's examination's date, time, and place on madisontimberreceiver.com. Any persons, including of course any victims, who desire may attend.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms

---

[2] Docs. 62, 63, *Alysson Mills vs. Michael D. Billings, et al.*, No. 3:18-cv-00679 (S.D. Miss).
[3] Doc. 66, *Alysson Mills vs. Michael D. Billings, et al.*, No. 3:18-cv-00679 (S.D. Miss).

and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. None of the defendants has settled with the Receivership Estate.

The Court instructed me to file an amended complaint after Baker Donelson argued that I have no right to sue to recover money for defrauded investors.[4]  On November 22, 2019, I filed an amended complaint that alleges I have standing to sue the defendants and any responsible parties to recover money for defrauded investors—not only because I am the Court-appointed receiver for Madison Timber but also because investors have executed assignments that allow me to pursue claims on their behalves. The amended complaint is available at madisontimberreceiver.com.

*Butler Snow:* The Butler Snow defendants filed a motion to dismiss in which they argued that the case against them should be submitted to private arbitration. After the Court denied Butler Snow's motion to dismiss,[5] Butler Snow appealed to the Fifth Circuit.  The claims against Butler Snow are stayed pending appeal.  Butler Snow filed its appellant's brief on December 2, 2019, and I am preparing the Receivership Estate's response.

*Baker Donelson:* Baker Donelson filed another motion to dismiss on December 20, 2019. It continues to argue, among other things, that I lack standing to recover money for defrauded investors. Baker Donelson's motion is available at madisontimberreceiver.com. I am preparing the Receivership Estate's response.

*Alexander Seawright:* The Alexander Seawright defendants also filed another motion to dismiss on December 20, 2019. Like Baker Donelson, they continue to argue, among other things, that I lack standing to recover money for defrauded investors. Alexander Seawright's motion is available at madisontimberreceiver.com. I am preparing the Receivership Estate's response.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[6] By filing his petition, Seawright availed himself of the automatic stay of litigation provided to petitioners for bankruptcy pursuant to 11 U.S.C. § 362.

---

[4] Doc. 49, *Alysson Mills vs. Butler Snow, et al.,* No. 3:18-cv-00866 (S.D. Miss).
[5] Doc. 48, *Alysson Mills vs. Butler Snow, et al.,* No. 3:18-cv-00866 (S.D. Miss).
[6] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-03921 (Bankr. S.D. Miss).

In his filings, Seawright represents that he has a net worth of $1.29 million but owes creditors up to $166 million. Of that amount, he attributes $165 million to the Receivership Estate. Seawright purports to have no assets available to pay creditors—nevertheless he seeks a discharge of all debts. I attended a meeting of Seawright's creditors on December 11, 2019.

Separately, but relatedly, an adversary complaint filed in the bankruptcy court alleges Seawright made false representations to obtain insurance for another of his and Alexander's businesses.

*Brent Alexander:* On December 12, 2019, Alexander filed a motion that asks the Court to order a settlement conference to facilitate settlement of the Receivership Estate's claims against him. I currently do not intend to respond.

Separately, but relatedly, on November 27, 2019, Alexander filed in Bill McHenry's criminal proceedings a motion to quash a subpoena that ordered him to testify at McHenry's trial. Alexander argued he could not be compelled to testify because he invoked his right to silence. In support, he represented that "officials of the United States Attorney's Office in this District have advised [Alexander's counsel] that Brent Alexander is also among the individuals whose conduct is continuing to be investigated as a further party of the same investigation."[7]

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations

---

[7] Doc. 35, *United States v. McHenry*, No. 3:19-cr-20 (S.D. Miss.).

Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; and Mutual of Omaha all filed motions to dismiss the claims against them, which I opposed. The answers, motions, and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued any rulings.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton filed answers to the complaint. The UPS Store, Inc.; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm filed answers to the complaint after the Court denied their motions to dismiss.  The answers are available at madisontimberreceiver.com.

The Court has ordered the parties to proceed with discovery, "which in a case about notarization should not be overly complex."[8]

On December 13, 2019, I filed a motion for protective order that asks the Court to order the defendants to treat victims' names and identifying information as confidential.  The proposed protective order would require the defendants to redact victims' names and identifying information from any publicly filed documents. Protecting victims' privacy is important to me; victims tell me they fear being singled out and believe public exposure will feel like a revictimization. The UPS Store, Inc. refuses to agree to treat victims' names and identifying information as confidential. I do not know why it matters to The UPS Store, Inc. that it be able to publish victims' names and identifying information in its filings. Lawyers redact information that is private in nature from filings all the time. Redaction in no way limits The UPS Store, Inc.'s ability to defend against the

---

[8] Doc. 49, *Alysson Mills vs. The UPS Store, Inc., et al.*, No. 3:19-cv-00364 (S.D. Miss).

Receivership Estate's claims. As of this filing, the Court had not addressed the motion for protective order.

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

The Securities and Exchange Commission filed a civil complaint on August 20, 2019, charging Wayne Kelly with the sale of unregistered securities, fraud in the purchase or sale of securities, fraud in the offer or sale of securities, and the sale of securities while unregistered. The Commission obtained a judgment against Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[9]

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme. The complaint includes counts for civil conspiracy; aiding and abetting; recklessness, gross negligence, and at a minimum negligence; negligent retention and supervision; violations of Mississippi's Fraudulent Transfer Act; and violations of Mississippi's Racketeer Influenced and Corrupt Organization Act. The complaint is available at madisontimberreceiver.com.

**Receiver's actions in the past 60 days**

Since I filed my last report on October 25, 2019, I have:

*Continued to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

As noted above, on December 12, 2019, I filed a motion that asks the Court to permit me to examine Bill McHenry under oath in open court regarding his ability to pay the $3,473,320 judgment against him.[10] As of this filing the Court had not addressed that motion.

---

[9] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-00585 (S.D. Miss.).
[10] Doc. 66, *Alysson Mills vs. Michael D. Billings, et al.*, No. 3:18-cv-00679 (S.D. Miss.).

*Continued to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

As noted above, at the Court's instruction[11] I filed an amended complaint on November 22, 2019.  On December 2, 2019, Butler Snow, who appealed the Court's denial of its motion to dismiss to the Fifth Circuit,[12] filed its appellant's brief.  On December 20, 2019, Baker Donelson and Alexander Seawright filed new motions to dismiss.  I have been preparing responses to all of the defendants' filings. I have also monitored Jon Seawright's bankruptcy proceedings and participated as necessary to protect the Receivership Estate's interests.

*Continued to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As noted above, I await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.

*Continued to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As noted above, after the Court denied pending motions to dismiss,[13] the parties began discovery.  On December 13, 2019, I filed a motion for protective order that asks the Court to order the defendants to treat victims' names and identifying information as confidential. As of this filing the Court had not addressed that motion.

*Filed Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

I have reviewed documents relating to the provision of banking services to Adams and Madison Timber for more than a year and a half, and I received new documents as late as December 20, 2019. On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

---

[11] Doc. 49, *Alysson Mills vs. Butler Snow, et al.*, No. 3:18-cv-00866 (S.D. Miss).
[12] Doc. 48, *Alysson Mills vs. Butler Snow, et al.*, No. 3:18-cv-00866 (S.D. Miss).
[13] Doc. 49, *Alysson Mills vs. The UPS Store, Inc., et al.*, No. 3:19-cv-00364 (S.D. Miss).

9

*Continued to account for "commissions," gifts, and proceeds*

I have continued to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber.

*Continued to review records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.  I received documents requested in a subpoena issued to Southern Bancorp as recently as December 20, 2019.

*Worked with LLCs of which Adams was a member*

Adams was a member of at least six active limited liability companies ("LLCs") that own real estate. The Receivership Estate has already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; and Mallard Park, LLC. The status of the remaining LLCs is as follows:

*MASH Farms, LLC:*  The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I have obtained an appraisal of that property and have had preliminary negotiations with the LLC's other members regarding the purchase of the Receivership Estate's 25% interest.

*Oxford Springs, LLC:*  The LLC owed FNBC $4,552,113 on two loans FNBC made to the LLC, and FNBC held two deeds of trust over the LLC's principal asset, 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. Earlier this year I negotiated a settlement with FNBC whereby FNBC agreed to make a cash payment of $4,000,000 to the Receivership Estate

in exchange for a release of the Receivership Estate's claims against it. As summarized above, on October 28, 2019, FNBC made the cash payment of $4,000,000 to the Receivership Estate. As contemplated by the Court-approved settlement,[14] I exercised the Receivership Estate's right to use the $4,000,000 to satisfy the LLC's debt to FNBC. The transaction resulted in a release of Patrick Sands's personal guarantees of FNBC's loans to the LLC, and in exchange Sands conveyed to the Receivership Estate his 47.5% interest in the LLC.  Today the Receivership Estate owns a 100% interest in Oxford Springs, debt-free, and will retain all proceeds from the future sale of the LLC's property.

*Conferred with federal and state authorities*

I have continued to confer with federal and state authorities, including the FBI, the Securities and Exchange Commission, the Mississippi Secretary of State's Office, and the Mississippi Department of Banking and Consumer Finance.

*Communicated with investors in Madison Timber*

I have continued to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily.  I attended the trial of Bill McHenry and provided reports to investors who could not be there.

*Interviewed persons with knowledge*

I have continued to interview individuals with first-hand knowledge of matters bearing on the Receivership Estate.

*Researched legal claims against third parties*

My colleagues and I have continued to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants.

---

[14] Doc. 183, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

**Receiver's plan for the next 60 days**

*Continue to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

I intend to continue to attempt to collect from Bill McHenry the $3,473,320 judgment against him.  If the Court grants my motion, I intend to examine McHenry under oath in open court regarding his ability to pay. I intend to provide notice of McHenry's examination's date, time, and place on madisontimberreceiver.com and any persons, including of course any victims, who desire may attend.

*Continue to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

I intend to file oppositions to Baker Donelson's and Alexander Seawright's motions to dismiss by January 10, 2020, and to file a brief that responds to Butler Snow's appeal of the denial of its motion to dismiss by January 23, 2020. I intend to continue to monitor Jon Seawright's bankruptcy proceedings and participate as necessary to protect the Receivership Estate's interests.

*Continue to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As noted above, I await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.

*Continue to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As noted above, the parties are engaged in discovery. I await the Court's ruling on the motion for protective order in which I asked the Court to order the defendants to treat victims' names and identifying information as confidential.

*Continue to litigate Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

As noted above, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank on December 30, 2019.  I await the defendants' responses to the complaint.

12

*Continue to account for "commissions," gifts, and proceeds*

I intend to continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to continue to account for gifts that Adams or Wayne Kelly made with proceeds from Madison Timber.

*Monetize Adams's interests in the remaining two LLCs*

For the remaining two LLCs, I intend to liquidate the Receivership Estate's interests to maximize value to the Receivership Estate:

*Mash Farms, LLC:*  As noted above, the LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I want to sell the Receivership Estate's 25% interest on terms that are in the best interests of the Receivership Estate. I will continue to consider a sale to the LLC's other members but I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* As noted above, the Receivership Estate now owns 100% of the LLC. I want to sell the LLC's principal asset: 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253).

*File additional lawsuits*

I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it.

I intend to file additional lawsuits to recover commissions, fraudulent transfers, and gifts as necessary to recover money that belongs to the Receivership Estate.

*Continue communicating with investors*

I intend to continue communicating with investors, through my website, email, phone, and letters. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

## Summary of status of assets

My end goal is to make an equitable distribution to victims with the money I recover. Although I continue to recover money from various third parties, the money that I have recovered to date still would not go far. As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

The current status of the Receivership Estate's assets is as follows:

| Receivership Estate's account at Hancock Bank | | current balance $6,661,427.13 |
|---|---|---|
| Previous balance as of October 25, 2019 | $6,606,871.42 | |
| Wayne Kelly,<br>*promissory note payment* | +$100,000.00 | |
| Bloomingdeals,<br>*from sale of household goods on consignment* | +$3,277.45 | |
| Interest | +$14,584.27 | |
| Bank fees | -$58.00 | |
| Matthews Cutrer and Lindsay, PA,<br>*for preparation of Madison Timber taxes* | -$5,000.00 | |
| Receiver's counsel's fees/expenses | -$58,248.01 | |

| | |
|---|---|
| ***Alysson Mills vs. Butler Snow, et al.*, No. 3:18-cv-866**<br>Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| ***Alysson Mills vs. BankPlus, et al.*, No. 3:19-cv-196**<br>Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| ***Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364**<br>Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |

14

*Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941         *litigation ongoing*
Lawsuit to hold banks liable for debts of the Receivership Estate

*Alysson Mills vs. Michael D. Billings, et al.*, No. 3:18-cv-679         *$3,473,320 judgment*
Lawsuit to recover commissions from recruiters         *against McHenry*

*settlements with*
*Billings and Kelly*
*(see below)*

**Settlement—Mike Billings**         ~~*received $325,000*~~
~~*plus 5% interest in*~~
~~*Oxford Springs, LLC*~~

*promissory note in the original*
*principal amount of $500,000*
*outstanding*

*duty to restate taxes,*
*with 90% of any refunds to*
*Receivership Estate*

**Settlement—Wayne Kelly**         ~~*received $1,384,435.17*~~
~~*plus interests in 707, 315 Iona,*~~
~~*and KAPA Breeze, LLCs*~~

*received $100,000 in*
*satisfaction of promissory note*

*duty to restate taxes,*
*with 90% of any refunds to*
*Receivership Estate*

1/4   **Mash Farms, LLC**         *assessing options*
808+ acres with hunting camp in Sunflower County
Purchased in 2014 for $1,600,000
Encumbered by Trustmark Bank mortgage
Owe approximately $900,000

100%   **Oxford Springs, LLC**         *assessing options*
2,300+/- acres undeveloped land in Lafayette County
Unencumbered         *obtained from FNBC release of*
*$4,552,113 debt; obtained from*
*Patrick Sands 47.5% share*

~~1/6~~   ~~**707, LLC**~~         ~~*LLC sold principal asset and*~~
~~263+ acres recreational land in Holmes County~~         ~~*dissolved; tendered $6,994.09*~~
~~Purchased in 2009~~         ~~*representing Adams's, Kelly's, and*~~
~~Encumbered by First Commercial Bank mortgage~~         ~~*McHenry's interests to*~~
~~Owe approximately $368,000~~         ~~*the Receivership Estate*~~

15

| | | |
|---|---|---|
| ~~1/3~~ | ~~**Delta Farm Land Investments, LLC**~~<br>~~1170+ acres farmland in Oktibbeha County~~<br>~~Purchased in 2014 for $2,796,100~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $2,200,000~~ | *~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~* |
| ~~1/2~~ | ~~**KAPA Breeze LLC**~~<br>~~1.5+/- acres mixed-use land on Highway 30A in Florida~~<br>~~Purchased in 2017 for approximately $1,900,000~~<br>~~Encumbered by Jefferson Bank mortgage~~<br>~~Owe approximately $1,365,000~~ | *~~sold the Receivership Estate's interest for $700,000~~* |
| ~~1/4~~ | ~~**Mallard Park, LLC**~~<br>~~1,723 acres with hunting lodge in Humphreys County~~<br>~~Purchased in 2016 for $2,593,500~~<br>~~Encumbered by Southern AgCredit mortgage~~<br>~~Owe approximately $2,000,000~~ | *~~sold the Receivership Estate's interest for $175,000~~* |

~~**Hartford Life and Annuity Insurance Co. life insurance policy**~~  *~~surrendered for $167,206.60~~*

~~**Lincoln National Life Insurance Co. life insurance policy**~~  *~~surrendered for $3,678.45~~*

~~**Settlement – Frank Zito**~~  *~~received $100,000, first installment received $100,000, second and final installment, June 12, 2019~~*

~~**Settlement – Ole Miss Athletics Foundation**~~  *~~received $155,084.50, first installment received $155,084.50, second and final installment, April 17, 2019~~*

~~**Marital Property Settlement – Vickie Lynn Adams**~~  *~~received $58,247~~*
~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~

~~**Settlement – Adams children**~~  *~~received $170,000~~*

~~**Alexander Seawright – UPS's funds\***~~  *~~holding $100,000~~*

~~**2018 King Ranch Ford F150 truck**~~  *~~sold for $42,750~~*

~~**Condo in Calton Hill subdivision in Oxford, Mississippi**~~  *~~received $139,919.09 in proceeds from sale~~*
~~Unencumbered~~

~~**Settlement – Philippi Freedom Ministries**~~  *~~received $16,125~~*

~~**Settlement – Rick Hughes Evangelistic Ministries**~~  *~~received $43,657.95~~*

| | |
|---|---|
| **Jewelry** | *for sale* |
| ~~**House at 134 Saint Andrews Drive, Jackson, Mississippi**~~ ~~Unencumbered~~ | *~~received $350,777.38~~* *~~in proceeds from sale~~* |
| | *received $3,277.45* *from sale of household goods* *on consignment* |
| ~~**Settlement—Century Club Charities**~~ | *~~received $56,944~~* |
| ~~**Settlement—Berachah Church**~~ | *~~received $175,904~~* |
| ~~**Settlement—R.B. Thieme, Jr.**~~ | *~~received $104,626.50~~* |
| ~~**Settlement—Operation Grace World Missions**~~ | *~~received $39,325~~* |
| ~~**Returned proceeds—Techwood, LLC**~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*Holding funds solely as an offset to UPS's monetary liability for future claims the Receivership Estate might have against UPS.