UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>    Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge<br>F. Keith Ball, Magistrate Judge |

RECEIVER'S REPORT

February 28, 2020

_____/s/ Alysson Mills_____

Alysson Mills, Miss. Bar No. 102861
Fishman Haygood, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com

*Receiver for Arthur Lamar Adams and
Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on December 31, 2019, and this report picks up where that report left off. It does not repeat the same information, except as necessary for context. It contains the following parts:

|  | *page* |
| --- | --- |
| Recent filings or events—criminal | 3 |
| Recent filings or events—civil | 3 |
| Receiver's actions in the past 60 days | 8 |
| Receiver's plan for the next 60 days | 11 |
| Summary of status of assets | 14 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. I remain sensitive to potential ongoing criminal investigations and do not disclose information that might impair their progress.

**Recent filings or events—criminal**

*United States v. Adams, No. 3:18-cr-88*

None. Lamar Adams is serving a 19.5-year sentence in federal prison.

*United States v. McHenry, No. 3:19-cr-20*

None.  Bill McHenry was acquitted on December 5, 2019. The U.S. Attorney's Office presented a narrow case against McHenry.  It called only one victim to testify. The jury did not hear from McHenry's elderly victims before it deliberated.  The jury's verdict is not a rebuke of these victims' personal stories.

Some investors received a notice from the U.S. Department of Justice dated January 16, 2020 that stated it had "closed its investigation in the above referenced case."  The "above referenced case" was identified simply as "Case Number: 318B-JN-2961997."  I have confirmed that the case number refers only to the case that was tried against McHenry in December 2019.

\* \* \*

**After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme.  I am hopeful that criminal authorities are not finished with their work.  Victims are right to expect that criminal authorities will pursue justice in this case.**

**Recent filings or events—civil**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

None.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment

of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate. I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[1]

McHenry has not paid the judgment.  I asked the court for permission to examine him under oath in open court regarding his ability to pay.  The court set the examination for February 10, 2020 and ordered McHenry to produce documents relevant to his finances on or before January 27, 2020.  On January 27, 2020, McHenry filed a Chapter 7 petition for bankruptcy.[2]

By filing his petition for bankruptcy, McHenry triggered an automatic stay of litigation against him.  The automatic stay applies to all bankruptcy petitioners pursuant to 11 U.S.C. § 362. The result is that I cannot collect the $3,473,320 judgment against McHenry while his bankruptcy proceedings are pending. But I can and will participate in McHenry's bankruptcy proceedings in order to assert the Receivership Estate's rights, and I will object to the discharge of his debt to the Receivership Estate.

A meeting of McHenry's creditors has been set for March 4, 2020 at 9:00 a.m. in Suite 1.452 of the U.S. District Court courthouse at 501 East Court Street in Jackson, Mississippi.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. None of the defendants has settled with the Receivership Estate. On November 22, 2019, I filed an amended complaint.

*Butler Snow:* The Butler Snow defendants filed a motion to dismiss in which they argued that the case against them should be submitted to private arbitration. After the Court denied Butler Snow's motion to dismiss,[3] Butler Snow appealed to the Fifth Circuit.  Butler Snow filed its appellant's brief on December 2, 2019, and I filed the Receivership Estate's response on January

---

[1] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-00679 (S.D. Miss).
[2] Doc. 1, *In re: William Byrd McHenry, Jr.,* No. 20-00268 (Bankr. S.D. Miss).
[3] Doc. 48, *Alysson Mills v. Butler Snow*, *et al.*, No. 3:18-cv-00866 (S.D. Miss).

23, 2020.  Those filings are available at madisontimberreceiver.com.  The claims against Butler Snow are stayed pending appeal.

*Baker Donelson:* Baker Donelson filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Alexander Seawright:* The Alexander Seawright defendants also filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[4] By filing his petition for bankruptcy, Seawright triggered an automatic stay of litigation against him.  The automatic stay applies to all bankruptcy petitioners pursuant to 11 U.S.C. § 362. The result is that I cannot litigate the Receivership Estate's claims against Seawright while his bankruptcy proceedings are pending. But I can and will participate in Seawright's bankruptcy proceedings in order to assert the Receivership Estate's rights, and on February 7, 2020 I filed an adversary complaint that objects to the discharge of his debt to the Receivership Estate.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch;

---

[4] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-03921 (Bankr. S.D. Miss).

and Mutual of Omaha all filed motions to dismiss the claims against them, which I opposed. The answers, motions, and related filings are available at madisontimberreceiver.com. As of this filing the Court had not issued any rulings.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton filed answers to the complaint. The UPS Store, Inc.; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm filed answers to the complaint after the Court denied their motions to dismiss.  The answers are available at madisontimberreceiver.com.

The Court has ordered the parties to proceed with discovery, "which in a case about notarization should not be overly complex."[5]

On December 13, 2019, I filed a motion for protective order that asks the Court to order the defendants to treat victims' names and identifying information as confidential.  The proposed protective order would require the defendants to redact victims' names and identifying information from any publicly filed documents. Protecting victims' privacy is important to me; victims tell me they fear being singled out and believe public exposure will feel like a revictimization.

The UPS Store, Inc. refuses to agree to treat victims' names and identifying information as confidential. I do not know why it matters to The UPS Store, Inc. that it be able to publish victims' names and identifying information in its filings. Lawyers redact information that is private in nature from filings all the time. Redaction in no way limits The UPS Store, Inc.'s ability to defend against the Receivership Estate's claims.

---

[5] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-00364 (S.D. Miss).

As of this filing, the Court had not addressed the motion for protective order. The motion and related filings are available at madisontimberreceiver.com.

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

None.  On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[6]

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme. The complaint is available at madisontimberreceiver.com.  The defendants have not yet responded.

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

On January 31, 2020, the Securities and Exchange Commission filed a civil complaint charging Mike Billings with the sale of unregistered securities and the sale of securities while unregistered. The Commission seeks a judgment against Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[7]

*Alysson Mills v. Jon Darrell Seawright, No. 20-bk-00011*

On February 7, 2020, I filed an adversary complaint in Jon Seawright's bankruptcy proceedings that objects to the discharge of his debt to the Receivership Estate on the basis that

---

[6] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-00585 (S.D. Miss.).

[7] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-00050 (S.D. Miss.).

the debt flows from his false pretenses, false representations, and fraud. The adversary complaint is available at madisontimberreceiver.com.  Seawright has not yet responded.

**Receiver's actions in the past 60 days**

Since I filed my last report on December 31, 2019, I have:

*Continued to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

As noted above, I obtained from an order permitting me to examine McHenry on February 10, 2020 under oath in open court regarding his ability to pay the Receivership Estate's $3,473,320 judgment against him, but on January 27, 2020, McHenry filed a Chapter 7 petition for bankruptcy. I have monitored McHenry's bankruptcy proceedings and participated as necessary to protect the Receivership Estate's interests.

*Continued to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

As noted above, on January 10, 2020, I filed responses to Baker Donelson's and Alexander Seawright's motions to dismiss the amended complaint. On January 23, 2020, I filed a response to Butler Snow appellant's brief. I have monitored Jon Seawright's bankruptcy proceedings and participated as necessary to protect the Receivership Estate's interests.

*Continued to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As noted above, I await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.

*Continued to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As noted above, after the Court denied pending motions to dismiss, the parties began discovery.  I filed a motion for protective order that asks the Court to order the defendants to treat victims' names and identifying information as confidential on December 13, 2019 and filed

additional briefs in support on December 27, 2019 and January 3, 2020. As of this filing the Court had not addressed that motion.

*Continued to litigate Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

As noted above, on December 30, 2019 I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme. I await the defendants' responses to the complaint.

*Filed Alysson Mills v. Jon Darrell Seawright, No. 20-bk-00011*

As noted above, on February 7, 2020, I filed an adversary complaint in Jon Seawright's bankruptcy proceedings that objects to the discharge of his debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud. I await Seawright's response to the adversary complaint.

*Continued to account for "commissions," gifts, and proceeds*

I have continued to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber.

My practice has been to contact individuals who received "commissions," gifts, or proceeds and offer to negotiate repayment, provided the individual agrees to make complete financial disclosures. Most individuals have cooperated. At least one has not. Stu Anderson, who received as much as $130,520 in "commissions" paid by Wayne Kelly in exchange for his assistance in recruiting new investors to the Madison Timber Ponzi scheme, has not made the financial disclosures requested of him.

*Continued to review records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank,

Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

### *Worked with LLCs of which Adams was a member*

Adams was a member of at least six active limited liability companies ("LLCs") that own real estate. The Receivership Estate has already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; and Mallard Park, LLC. The status of the remaining LLCs is as follows:

*MASH Farms, LLC:* The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I have obtained an appraisal of that property and have had preliminary negotiations with the LLC's other members regarding the purchase of the Receivership Estate's 25% interest.

*Oxford Springs, LLC:* The LLC's principal asset is 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. Today the Receivership Estate owns a 100% interest in Oxford Springs, debt-free, and will retain all proceeds from the future sale of the LLC's property. I am marketing the property.

### *Conferred with federal and state authorities*

I have continued to confer with federal and state authorities, including the FBI, the Securities and Exchange Commission, the Mississippi Secretary of State's Office, and the Mississippi Department of Banking and Consumer Finance.

### *Communicated with investors in Madison Timber*

I have continued to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily. I attended the trial of Bill McHenry and provided reports to investors who could not be there.

10

*Interviewed persons with knowledge*

I have continued to interview individuals with first-hand knowledge of matters bearing on the Receivership Estate.

*Researched legal claims against third parties*

My colleagues and I have continued to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants.

**Receiver's plan for the next 60 days**

*Continue to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

I intend to continue to monitor Bill McHenry's bankruptcy proceedings and participate as necessary to protect the Receivership Estate's interests.  I intend to attend the meeting of McHenry's creditors that has been set for March 4, 2020 at 9:00 a.m. in Suite 1.452 of the U.S. District Court courthouse at 501 East Court Street in Jackson, Mississippi, and to separately examine McHenry regarding his finances on March 18, 2020 pursuant to Federal Rule of Bankruptcy Procedure 2004. I intend to file an adversary complaint in McHenry's bankruptcy proceedings that objects to the discharge of his debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.

*Continue to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

As noted above, I await the Court's rulings on the motions to dismiss the amended complaint filed by Baker Donelson and Alexander Seawright. I intend to continue to monitor Jon Seawright's bankruptcy proceedings and participate as necessary to protect the Receivership Estate's interests.

11

*Continue to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

As noted above, I await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.

*Continue to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

As noted above, the parties are engaged in discovery. I await the Court's ruling on the motion for protective order in which I asked the Court to order the defendants to treat victims' names and identifying information as confidential.

*Continue to litigate Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

As noted above, I await the defendants' responses to the complaint. I expect the responses in the next fourteen days and will respond accordingly.

*Continue to litigate Alysson Mills v. Jon Darrell Seawright, No. 20-bk-00011*

As noted above, I await Seawright's response to the adversary complaint. I expect his response on or before March 12, 2020 and will respond accordingly.

*Continue to account for "commissions," gifts, and proceeds*

I intend to continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to continue to account for gifts that Adams or Wayne Kelly made with proceeds from Madison Timber.

As noted above, my practice has been to contact individuals who received "commissions," gifts, or proceeds and offer to negotiate repayment, provided the individual agrees to make complete financial disclosures. Stu Anderson, who received as much as $130,520 in "commissions" paid by Wayne Kelly in exchange for his assistance in recruiting new investors to the Madison Timber Ponzi scheme, has not made the financial disclosures requested of him. I

intend to take legal action against Anderson as necessary to enforce the Receivership Estate's rights.

*Monetize Adams's interests in the remaining two LLCs*

For the remaining two LLCs, I intend to liquidate the Receivership Estate's interests to maximize value to the Receivership Estate:

*Mash Farms, LLC:* As noted above, the LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I want to sell the Receivership Estate's 25% interest on terms that are in the best interests of the Receivership Estate. I will continue to consider a sale to the LLC's other members but I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* As noted above, the Receivership Estate now owns 100% of the LLC. I want to sell the LLC's principal asset: 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253).

*File additional lawsuits*

I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it.

I intend to file additional lawsuits to recover commissions, fraudulent transfers, and gifts as necessary to recover money that belongs to the Receivership Estate.

*Continue communicating with investors*

I intend to continue communicating with investors, through my website, email, phone, and letters. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

**Summary of status of assets**

My end goal is to make an equitable distribution to victims with the money I recover. Although I continue to recover money from various third parties, the money that I have recovered to date still would not go far. As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

The current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**   current balance $6,675,469.48

| | | |
|---|---|---|
| Previous balance as of December 31, 2019 | $6,661,427.13 | |
| Interest | +$14,071.35 | |
| Bank fees | -$29.00 | |

***Alysson Mills v. Butler Snow, et al.*, No. 3:18-cv-866**   *litigation ongoing*
Lawsuit to hold law firms liable for debts of the Receivership Estate

***Alysson Mills v. BankPlus, et al.*, No. 3:19-cv-196**   *litigation ongoing*
Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate

***Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364**   *litigation ongoing*
Lawsuit to hold notaries liable for debts of the Receivership Estate

***Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941**   *litigation ongoing*
Lawsuit to hold banks liable for debts of the Receivership Estate

***Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679**   *$3,473,320 judgment against McHenry*
Lawsuit to recover commissions from recruiters

*settlements with Billings and Kelly (see below)*

**Settlement—Mike Billings**   ~~*received $325,000 plus 5% interest in Oxford Springs, LLC*~~

*promissory note in the original principal amount of $500,000 outstanding*

14

|  |  |  | *duty to restate taxes, with 90% of any refunds to Receivership Estate* |
|--|--|--|--|

**Settlement—Wayne Kelly**

*~~received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs~~*

*~~received $100,000 in satisfaction of promissory note~~*

*duty to restate taxes, with 90% of any refunds to Receivership Estate*

**1/4**    **Mash Farms, LLC**                                  *assessing options*
808+ acres with hunting camp in Sunflower County
Purchased in 2014 for $1,600,000
Encumbered by Trustmark Bank mortgage
Owe approximately $900,000

**100%**   **Oxford Springs, LLC**                              *for sale*
2,300+/- acres undeveloped land in Lafayette County
Unencumbered

**~~1/6~~**    **~~707, LLC~~**                             *~~LLC sold principal asset and~~*
~~263+ acres recreational land in Holmes County~~     *~~dissolved; tendered $6,994.09~~*
~~Purchased in 2009~~                       *~~representing Adams's, Kelly's, and~~*
~~Encumbered by First Commercial Bank mortgage~~    *~~McHenry's interests to~~*
~~Owe approximately $368,000~~               *~~the Receivership Estate~~*

**~~1/3~~**    **~~Delta Farm Land Investments, LLC~~**       *~~LLC sold principal asset and~~*
~~1170+ acres farmland in Oktibbeha County~~     *~~dissolved; tendered $323,440.88~~*
~~Purchased in 2014 for $2,796,100~~        *~~representing Adams's interest to~~*
~~Encumbered by Trustmark Bank mortgage~~     *~~the Receivership Estate~~*
~~Owe approximately $2,200,000~~

**~~1/2~~**    **~~KAPA Breeze LLC~~**              *~~sold the Receivership Estate's~~*
~~1.5+/- acres mixed-use land on Highway 30A in Florida~~   *~~interest for $700,000~~*
~~Purchased in 2017 for approximately $1,900,000~~
~~Encumbered by Jefferson Bank mortgage~~
~~Owe approximately $1,365,000~~

**~~1/4~~**    **~~Mallard Park, LLC~~**             *~~sold the Receivership Estate's~~*
~~1,723 acres with hunting lodge in Humphreys County~~   *~~interest for $175,000~~*
~~Purchased in 2016 for $2,593,500~~
~~Encumbered by Southern AgCredit mortgage~~
~~Owe approximately $2,000,000~~

**~~Hartford Life and Annuity Insurance Co. life insurance policy~~**    *~~surrendered for $167,206.60~~*

| | |
|---|---|
| ~~Lincoln National Life Insurance Co. life insurance policy~~ | *surrendered for $3,678.45* |
| ~~Settlement—Frank Zito~~ | *received $100,000, first installment* *received $100,000, second and final installment, June 12, 2019* |
| ~~Settlement—Ole Miss Athletics Foundation~~ | *received $155,084.50, first installment* *received $155,084.50, second and final installment, April 17, 2019* |
| ~~Marital Property Settlement—Vickie Lynn Adams~~ ~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~ | *received $58,247* |
| ~~Settlement—Adams children~~ | *received $170,000* |
| ~~Alexander Seawright—UPS's funds*~~ | *holding $100,000* |
| ~~2018 King Ranch Ford F150 truck~~ | *sold for $42,750* |
| ~~Condo in Calton Hill subdivision in Oxford, Mississippi~~ ~~Unencumbered~~ | *received $139,919.09 in proceeds from sale* |
| ~~Settlement—Philippi Freedom Ministries~~ | *received $16,125* |
| ~~Settlement—Rick Hughes Evangelistic Ministries~~ | *received $43,657.95* |
| **Jewelry** | *for sale* |
| ~~House at 134 Saint Andrews Drive, Jackson, Mississippi~~ ~~Unencumbered~~ | *received $350,777.38 in proceeds from sale* *received $3,277.45 from sale of household goods on consignment* |
| ~~Settlement—Century Club Charities~~ | *received $56,944* |
| ~~Settlement—Berachah Church~~ | *received $175,904* |
| ~~Settlement—R.B. Thieme, Jr.~~ | *received $104,626.50* |

~~**Settlement—Operation Grace World Missions**~~                                        *~~received $39,325~~*

~~**Returned proceeds—Techwood, LLC**~~                                        *~~received $309,000~~*

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*Holding funds solely as an offset to UPS's monetary liability for future claims the Receivership Estate might have against UPS.