UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC<br><br>Defendants. | Case No. 3:18-cv-252<br><br>Hon. Carlton W. Reeves, District Judge<br>Hon. F. Keith Ball, Magistrate Judge |

**AGREED ORDER**

Before the Court is the Motion for Clarification filed by parties identified as the Russell Plaintiffs and the Gibson Plaintiffs [Doc. 156] which asks the Court "for clarification of this Court's June 22, 2018 Order" [Doc. 33].

The motion represents that the Russell Plaintiffs and the Gibson Plaintiffs filed complaints alleging, *inter alia*, claims for intentional infliction of emotional distress against William McHenry and others on April 19, 2019. Prior to filing the complaints, counsel for the Russell Plaintiffs and the Gibson Plaintiffs conferred with Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber") regarding whether this Court's June 22, 2018 Order tolls the statutes of limitations for Russell Plaintiffs' and the Gibson Plaintiffs' claims. The Receiver advised that she believes it does but encouraged the Russell Plaintiffs and the Gibson Plaintiffs to seek confirmation from the Court.

The Court, having considered the motion, finds that it is well-taken. The Court's June 22, 2018 Order stayed all litigation against Adams, Madison Timber, and their agents pending

administration of the Receivership Estate. The Court has previously explained, in an opinion addressing a separate motion, that:

> The [June 22, 2018] Order prohibited any interference with Receivership Property. This, in effect, froze varying types of activities. Victims could not commence or pursue their own lawsuits; LLCs in which Adams was a member could not dissolve without the Receiver's approval; and cases against Receivership Defendants and recruiters for MTP were stayed in state court. This list is not exhaustive.
>
> In the simplest terms, the Order positions the Receiver as if she was the first person in line to board a Southwest Airlines flight, where there is limited capacity and there are no reserved seats. If someone cuts in front of the Receiver, her choices become more limited. The Order also prevents victims from jostling for a position closer to the front of the line.

[Doc. 133 at p. 3]

The Court, having received no objection to the motion of the Russell Plaintiffs and the Gibson Plaintiffs, hereby clarifies that its June 22, 2018 Order applies equally to claims for emotional distress and tolls the statutes of limitations for those claims.

The Receiver separately has advised the Court that the Receivership Estate's own litigation against two agents of Madison Timber—William McHenry and Michael Billings—has concluded, and there is no good cause to continue to stay litigation against them. Accordingly, the June 22, 2018 Order's stay of litigation against McHenry, Billings, and their companies First South Investments, LLC and MDB Group, LLC, respectively, is lifted. Any party, including the Russell Plaintiffs and the Gibson Plaintiffs, wishing to file or otherwise proceed with their claims against McHenry or Billings may do so.

**SO ORDERED**, this the 23rd day of April, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE