**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge<br>F. Keith Ball, Magistrate Judge |

**RECEIVER'S REPORT**

**April 27, 2020**

       */s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
Fishman Haygood, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com

*Receiver for Arthur Lamar Adams and
Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on February 28, 2020, and this report picks up where that report left off. It does not repeat the same information, except as necessary for context. It contains the following parts:

|  | *page* |
|---|---|
| Recent filings or events—criminal | 3 |
| Recent filings or events—civil | 3 |
| Receiver's actions in the past 60 days | 8 |
| Receiver's plan for the next 60 days | 10 |
| Summary of status of assets | 13 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. I remain sensitive to potential ongoing criminal investigations and do not disclose information that might impair their progress.

**Recent filings or events—criminal**

*United States v. Adams, No. 3:18-cr-88*

None. Lamar Adams is serving a 19.5-year sentence in federal prison.

*United States v. McHenry, No. 3:19-cr-20*

None.  Bill McHenry was acquitted on December 5, 2019, after a trial in which the U.S. Attorney's Office called only one victim to testify.

\* \* \*

**After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme.  I am hopeful that criminal authorities are not finished with their work.  Victims are right to expect that criminal authorities will pursue justice in this case.**

**Recent filings or events—civil**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

On April 23, 2020, the Court entered an order reiterating the stay of litigation against Adams, Madison Timber, and their agents pending the administration of the Receivership Estate, but lifting the stay of litigation against Mike Billings and Bill McHenry.[1]  Any party wishing to file a lawsuit against Billings, McHenry, or their companies may do so.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment

---

[1] Doc. 200, *Securities & Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252 (S.D. Miss.).

3

of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate. I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[2]

McHenry has not paid the judgment. On January 27, 2020, he filed a Chapter 7 petition for bankruptcy.[3] I attended a meeting of McHenry's creditors on March 4, 2020, and made requests of him for documents relating to his finances.

On April 3, 2020, I filed a motion to compel that asks the bankruptcy court to order McHenry to turn over documents.[4] A bankruptcy petitioner must make a full disclosure of his finances. McHenry, however, has failed to produce, among other things, documents relating to First South Investments, the single-member LLC by which he purports to conduct business. The motion is available at madisontimberreceiver.com. A hearing on the motion is set for May 4, 2020.

On April 23, 2020, I filed an adversary complaint in McHenry's bankruptcy proceedings that objects to the discharge of his debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud.[5] The complaint is available at madisontimberreceiver.com.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
*Related: In re: Jon Darrell Seawright, No. 19-bk-3921, No. 20-ap-11*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. None of the defendants has settled with the Receivership Estate. On November 22, 2019, I filed an amended complaint.

On April 22, 2020, the Court announced it would hold a settlement conference on May 27, 2020. The Court instructed:

---

[2] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss).
[3] Doc. 1, *In re: William Byrd McHenry, Jr.*, No. 20-bk-268 (Bankr. S.D. Miss).
[4] Doc. 68, *In re: William Byrd McHenry, Jr.*, No. 20-bk-268 (Bankr. S.D. Miss).
[5] Doc. 1, *Alysson Mills v. William Byrd McHenry, Jr.*, No. 20-ap-22 (Bankr. S.D. Miss).

4

> All parties, including a person with full settlement authority, are required to be present at the conference unless excused by the Court. If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court ….

Meanwhile, as for individual defendants:

*Butler Snow:* The Butler Snow defendants filed a motion to dismiss in which they argued that the case against them should be submitted to private arbitration. After the Court denied Butler Snow's motion to dismiss,[6] Butler Snow appealed to the Fifth Circuit. Butler Snow filed its appellant's brief on December 2, 2019, and I filed the Receivership Estate's response on January 23, 2020. Those filings are available at madisontimberreceiver.com.

*Baker Donelson:* Baker Donelson filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Alexander Seawright:* The Alexander Seawright defendants also filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[7] On February 7, 2020, I filed an adversary complaint that objects to the discharge of his debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud,[8] and on March 16, 2020, I filed a motion to withdraw the reference—that is, to transfer the complaint from the bankruptcy court to the district court.[9] Those filings are available at madisontimberreceiver.com.

---

[6] Doc. 48, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss).

[7] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-bk-3921 (Bankr. S.D. Miss).

[8] Doc. 1, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss).

[9] Doc. 24, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss); Doc. 1, *Alysson Mills v. Jon Darrell Seawright,* No. 20-cv-232 (S.D. Miss.).

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; and Mutual of Omaha all filed motions to dismiss the claims against them, which I opposed. The answers, motions, and related filings are available at madisontimberreceiver.com.

On March 20, 2020, the Court held a telephonic status conference during which it inquired whether the legal issues raised by the defendants' motions to dismiss are similar to the legal issues raised by defendants in other of the Receivership Estate's lawsuits. After, on March 31, 2020, the Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton filed answers to the complaint. The UPS Store, Inc.; Rawlings & MacInnis,

PA; Tammy Vinson; and Jeannie Chisholm filed answers to the complaint after the Court denied their motions to dismiss. Those filings are available at madisontimberreceiver.com.

The Court has ordered the parties to proceed with discovery, "which in a case about notarization should not be overly complex."[10]

On December 13, 2019, I filed a motion for protective order that asks the Court to order the defendants to treat victims' names and identifying information as confidential. As of this filing, the Court had not addressed the motion for protective order. The motion and related filings are available at madisontimberreceiver.com.

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

None. On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[11]

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme. The complaint is available at madisontimberreceiver.com. The defendants obtained additional time to respond to the complaint due to the coronavirus pandemic. Their responses are due April 30, 2020.

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

None. On March 3, 2020, the Securities and Exchange Commission obtained a judgment against Billings permanently enjoining him from further violations of federal securities laws;

---

[10] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss).

[11] Docs. 5, 6, *Securities & Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

7

disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[12]

**Receiver's actions in the past 60 days**

Since I filed my last report on February 28, 2020, I:

*Continued to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

I monitored Bill McHenry's bankruptcy proceedings and participated as necessary to protect the Receivership Estate's interests. As noted above, on April 3, 2020, I filed a motion to compel that asks the bankruptcy court to order McHenry to turn over documents. On April 23, 2020, I filed an adversary complaint in McHenry's bankruptcy proceedings that objects to the discharge of his debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud.

*Continued to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

I continued to litigate while awaiting the Court's rulings on the motions to dismiss filed by Baker Donelson and Alexander Seawright and the Fifth Circuit's decision in Butler Snow's appeal.

I monitored Jon Seawright's bankruptcy proceedings and participated as necessary to protect the Receivership Estate's interests. I previously filed an adversary complaint that objects to the discharge of his debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.  As noted above, on March 16, 2020, I filed a motion to withdraw the reference—that is, to transfer the complaint from the bankruptcy court to the district court.

*Continued to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

I continued to litigate while awaiting the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason

---

[12] Doc. 5, *Securities & Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

Cowgill; and Mutual of Omaha. As noted above, I participated in the Court's March 20, 2020 telephonic status conference.

*Continued to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

I continued to litigate while awaiting the Court's ruling on the motion I filed that asks the Court to order the defendants to treat victims' names and identifying information as confidential.

*Continued to litigate Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

I continued to litigate while awaiting the defendants' responses to the complaint.

*Continued to account for "commissions," gifts, and proceeds*

I continued to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber.

*Continued to review records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continued to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

*Worked with LLCs of which Adams was a member*

Adams was a member of at least six active limited liability companies ("LLCs") that own real estate. The Receivership Estate has already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; and Mallard Park, LLC. The remaining LLCs are MASH Farms, LLC and Oxford Springs, LLC.

The Receivership Estate now owns a 100% interest in Oxford Springs, LLC, debt-free. It will retain all proceeds from the future sale of the LLC's principal asset, 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. I have spent time on the property recently and have undertaken several cost-effective improvements to maximize its value. I recently renewed an agricultural lease with a farmer who grows soybeans and cotton on the property. I retained a broker to market the property nationally.

*Conferred with federal and state authorities*

I continued to confer with federal and state authorities, including the FBI, the U.S. Attorney's Office, the Securities and Exchange Commission, and the Mississippi Secretary of State's Office.

*Communicated with investors in Madison Timber*

I continued to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily.

*Interviewed persons with knowledge*

I continued to interview individuals with first-hand knowledge of matters bearing on the Receivership Estate.

*Researched legal claims against third parties*

My colleagues and I continued to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants.

**Receiver's plan for the next 60 days**

*Continue to litigate Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*

I will continue to monitor Bill McHenry's bankruptcy proceedings and participate as necessary to protect the Receivership Estate's interests. I will continue to press for the disclosure

10

of documents relating to his finances and to forcefully oppose the discharge of his debt to the Receivership Estate.  I will attend the bankruptcy court's hearing on my motion to compel McHenry to turn over documents on May 4, 2020.

*Continue to litigate Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*

I will continue to litigate and assess all possible outcomes while awaiting the Court's rulings on the motions to dismiss filed by Baker Donelson and Alexander Seawright and the Fifth Circuit's decision in Butler Snow's appeal.  I will attend the Court's settlement conference on May 27, 2020.

I will continue to monitor Jon Seawright's bankruptcy proceedings and participate as necessary to protect the Receivership Estate's interests. I expect his response to my adversary complaint on April 30, 2020, and I will respond accordingly.

*Continue to litigate Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

I will continue to litigate and assess all possible outcomes while awaiting the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.  As noted above, on March 31, 2020, the Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

*Continue to litigate Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The parties are engaged in discovery. I will continue to litigate while awaiting the Court's ruling on the motion I filed that asks the Court to order the defendants to treat victims' names and identifying information as confidential.

*Continue to litigate Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

I expect the defendants' responses to the complaint on April 30, 2020, and I will respond accordingly.

11

*Continue to account for "commissions," gifts, and proceeds*

I will to continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to continue to account for gifts that Adams or Wayne Kelly made with proceeds from Madison Timber.

My practice has been to contact individuals who received "commissions," gifts, or proceeds and offer to negotiate repayment, provided the individual agrees to make complete financial disclosures. Stu Anderson, who received as much as $130,520 in "commissions" paid by Wayne Kelly in exchange for his assistance in recruiting new investors to the Madison Timber Ponzi scheme, has not made the financial disclosures requested of him. I intend to take legal action against Anderson as necessary to enforce the Receivership Estate's rights.

*Monetize Adams's interests in the remaining two LLCs*

For the remaining two LLCs, my desire is to liquidate the Receivership Estate's interests to maximize value to the Receivership Estate:

*Mash Farms, LLC:* The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I want to sell the Receivership Estate's 25% interest on terms that are in the best interests of the Receivership Estate. I will continue to consider a sale to the LLC's other members but I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253). If I am unable to sell the Receivership Estate's interest, I will evaluate other options available to the Receivership Estate.

*Oxford Springs, LLC:* As noted above, the Receivership Estate now owns 100% of the LLC. I want to sell the LLC's principal asset: 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253).

*File additional lawsuits*

I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it.

I intend to file additional lawsuits to recover commissions, fraudulent transfers, and gifts as necessary to recover money that belongs to the Receivership Estate.

*Continue communicating with investors*

I will continue to communicate with investors, through my website, email, phone, and letters. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

**Summary of status of assets**

My end goal is to make an equitable distribution to victims with the money I recover. Although I continue to recover money from various third parties, the money that I have recovered to date still would not go far. As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

The current status of the Receivership Estate's assets is as follows:

| | | |
|---|---|---|
| **Receivership Estate's account at Hancock Bank** | | current balance $6,685,910.56 |
| Previous balance as of February 28, 2020 | $6,675,469.48 | |
| Interest | +$10,441.08 | |

*Alysson Mills v. Butler Snow, et al.*, **No. 3:18-cv-866**      *litigation ongoing*
Lawsuit to hold law firms liable for debts of the Receivership Estate

*Alysson Mills v. BankPlus, et al.*, **No. 3:19-cv-196**     *litigation ongoing*
Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate

*Alysson Mills v. The UPS Store, Inc., et al.*, **No. 3:19-cv-364**     *litigation ongoing*
Lawsuit to hold notaries liable for debts of the Receivership Estate

*Alysson Mills v. Trustmark, et al.*, **No. 3:19-cv-941**     *litigation ongoing*
Lawsuit to hold banks liable for debts of the Receivership Estate

*Alysson Mills v. Michael D. Billings, et al.*, **No. 3:18-cv-679**     *$3,473,320 judgment against McHenry*
Lawsuit to recover commissions from recruiters

*settlements with Billings and Kelly (see below)*

**Settlement—Mike Billings**     ~~received $325,000 plus 5% interest in Oxford Springs, LLC~~

*promissory note in the original principal amount of $500,000 outstanding*

*duty to restate taxes, with 90% of any refunds to Receivership Estate*

**Settlement—Wayne Kelly**     ~~received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs~~

~~received $100,000 in satisfaction of promissory note~~

*duty to restate taxes, with 90% of any refunds to Receivership Estate*

    1/4     **Mash Farms, LLC**     *assessing options*
             808+ acres with hunting camp in Sunflower County
             Purchased in 2014 for $1,600,000

14

|       |                                                                                                                                                                                                                 |                                                                                                                                                              |
|-------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       | Encumbered by Trustmark Bank mortgage<br>Owe approximately $900,000                                                                                                                                             |                                                                                                                                                              |
| 100%  | **Oxford Springs, LLC**<br>2,300+/- acres undeveloped land in Lafayette County<br>Unencumbered                                                                                                                  | *for sale*                                                                                                                                                   |
| 1/6   | ~~**707, LLC**~~<br>~~263+ acres recreational land in Holmes County~~<br>~~Purchased in 2009~~<br>~~Encumbered by First Commercial Bank mortgage~~<br>~~Owe approximately $368,000~~                            | *~~LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate~~*           |
| 1/3   | ~~**Delta Farm Land Investments, LLC**~~<br>~~1170+ acres farmland in Oktibbeha County~~<br>~~Purchased in 2014 for $2,796,100~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $2,200,000~~ | *~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~*                                  |
| 1/2   | ~~**KAPA Breeze LLC**~~<br>~~1.5+/- acres mixed-use land on Highway 30A in Florida~~<br>~~Purchased in 2017 for approximately $1,900,000~~<br>~~Encumbered by Jefferson Bank mortgage~~<br>~~Owe approximately $1,365,000~~ | *~~sold the Receivership Estate's interest for $700,000~~*                                                                                                    |
| 1/4   | ~~**Mallard Park, LLC**~~<br>~~1,723 acres with hunting lodge in Humphreys County~~<br>~~Purchased in 2016 for $2,593,500~~<br>~~Encumbered by Southern AgCredit mortgage~~<br>~~Owe approximately $2,000,000~~ | *~~sold the Receivership Estate's interest for $175,000~~*                                                                                                    |
|       | ~~**Hartford Life and Annuity Insurance Co. life insurance policy**~~                                                                                                                                           | *~~surrendered for $167,206.60~~*                                                                                                                            |
|       | ~~**Lincoln National Life Insurance Co. life insurance policy**~~                                                                                                                                               | *~~surrendered for $3,678.45~~*                                                                                                                              |
|       | ~~**Settlement – Frank Zito**~~                                                                                                                                                                                 | *~~received $100,000, first installment~~*<br>*~~received $100,000, second and final installment, June 12, 2019~~*                                           |
|       | ~~**Settlement – Ole Miss Athletics Foundation**~~                                                                                                                                                              | *~~received $155,084.50, first installment~~*<br>*~~received $155,084.50, second and final installment, April 17, 2019~~*                                    |
|       | ~~**Marital Property Settlement – Vickie Lynn Adams**~~                                                                                                                                                         | *~~received $58,247~~*                                                                                                                                       |

15

~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~

| | |
|---|---|
| ~~**Settlement – Adams children**~~ | ~~*received $170,000*~~ |
| ~~**Alexander Seawright – UPS's funds***~~ | ~~*holding $100,000*~~ |
| ~~**2018 King Ranch Ford F150 truck**~~ | ~~*sold for $42,750*~~ |
| ~~**Condo in Calton Hill subdivision in Oxford, Mississippi** Unencumbered~~ | ~~*received $139,919.09 in proceeds from sale*~~ |
| ~~**Settlement – Philippi Freedom Ministries**~~ | ~~*received $16,125*~~ |
| ~~**Settlement – Rick Hughes Evangelistic Ministries**~~ | ~~*received $43,657.95*~~ |
| **Jewelry** | *for sale* |
| ~~**House at 134 Saint Andrews Drive, Jackson, Mississippi** Unencumbered~~ | ~~*received $350,777.38 in proceeds from sale*~~ |
| | ~~*received $3,277.45 from sale of household goods on consignment*~~ |
| ~~**Settlement – Century Club Charities**~~ | ~~*received $56,944*~~ |
| ~~**Settlement – Berachah Church**~~ | ~~*received $175,904*~~ |
| ~~**Settlement – R.B. Thieme, Jr.**~~ | ~~*received $104,626.50*~~ |
| ~~**Settlement – Operation Grace World Missions**~~ | ~~*received $39,325*~~ |
| ~~**Returned proceeds – Techwood, LLC**~~ | ~~*received $309,000*~~ |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*Holding funds solely as an offset to UPS's monetary liability for future claims the Receivership Estate might have against UPS.