UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiffs,

    v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

          Defendants.

No: 3:18-cv-252

Carlton W. Reeves, District Judge
F. Keith Ball, Magistrate Judge

RECEIVER'S REPORT

June 26, 2020

*/s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
Fishman Haygood, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: 504-586-5253
Fax: 504-586-5250
amills@fishmanhaygood.com

*Receiver for Arthur Lamar Adams and
Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on April 27, 2020, and this report picks up where that report left off.  It contains the following parts:

|                                                    | *page* |
|----------------------------------------------------|--------|
| Highlights                                         | 3      |
| Criminal cases' status                             | 4      |
| Civil cases' status                                | 4      |
| Receiver's actions (past 60 days and next 60 days) | 10     |
| Summary of status of assets                        | 14     |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims.

**Highlights**

These reports can be cumbersome and repetitive.  At the suggestion of one reader, I have attempted to summarize this report's highlights for those who have neither the time nor desire to read it in its entirety.  In no particular order:

- On May 27, 2020, I participated in a settlement conference convened by the Court and attended by Baker Donelson, Jon Seawright, and Brent Alexander. It did not result in settlement between any parties.

- On June 15, 2020, victims received a notice stating that Adams has asked for compassionate release.  Victims should contact the U.S. Attorney's Office no later than June 29, 2020 to share their opinion.

- On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC that seeks to recover the more than $635,000 in Madison Timber "commissions" they received.

- I continue to fight any bankruptcy discharge of Bill McHenry's or Jon Seawright's debts to the Receivership Estate.  On June 26, 2020, I filed a motion to hold McHenry in contempt for failing to disclose documents pertaining to his finances.

- Since my last report, defendants in the Trustmark et al. case filed motions to dismiss and to compel arbitration, and I filed responses.  Those motions are fully briefed.

- In the BankPlus et al. case, Martin Murphree has done something no other defendant in any case has done: attempted to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him.  I recently have received three checks, each in the amount of $800.00, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

- Oral argument in Butler Snow's appeal will be July 2, 2020 and will be conducted via video conference.  A recording of the oral argument will be made available later the same day.  I will post a link to the recording at madisontimberreceiver.com.

- I retained a broker to market nationally the largest of Oxford Springs's two tracts. That listing is available at https://www.outdoorproperties.com/listings/oxford-springs/ and has resulted in recent showings.

3

**Criminal cases' status**

*United States v. Adams, No. 3:18-cr-88*

Lamar Adams is serving a 19.5-year sentence in federal prison.  On June 15, 2020, victims received a notice stating that Adams has asked for compassionate release.  The notice and Adams's motion are available at madisontimberreceiver.com.

Victims should contact the U.S. Attorney's Office to share their opinion on Adams's release.  The notice that victims received includes contact information for persons in that office and requests comments no later than June 29, 2020.

I strongly encourage victims to contact the U.S. Attorney's Office directly to share their opinion on Adams's release or on any other matter for which the U.S. Attorney's Office is responsible.  If victims still have questions, they may always contact me.

*United States v. McHenry, No. 3:19-cr-20*

Bill McHenry was acquitted on December 5, 2019.

After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme.  I am hopeful that criminal authorities are not finished with their work.  Victims are right to expect that criminal authorities will pursue justice in this case.

**Civil cases' status**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

The Securities and Exchange Commission's case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

On April 23, 2020, the Court entered an order reiterating the stay of litigation against Adams, Madison Timber, and their agents pending the Receivership Estate's administration, but

4

lifting the stay of litigation against Mike Billings and Bill McHenry.[1]  Any party wishing to file a lawsuit against Billings, McHenry, or their companies may now do so.

> *Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
> *Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate. I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[2]

McHenry has not paid the judgment.  To avoid a judgment debtor examination, on January 27, 2020, he filed a Chapter 7 petition for bankruptcy.[3] By filing his petition for bankruptcy, he triggered an automatic stay of litigation against him. The result is that I cannot collect the $3,473,320 judgment against McHenry while his bankruptcy proceedings are pending.

I have participated in McHenry's bankruptcy proceedings in order to protect the Receivership Estate's interests.  On April 23, 2020, I filed an adversary complaint that objects to the discharge of his debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud.[4]

On May 8, 2020, I obtained a court order requiring McHenry to make a full disclosure of his finances by producing numerous documents requested of him.  He has not complied with the court order.  On June 26, 2020, I filed a motion to hold him in contempt.

> *Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
> *Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC;

---

[1] Doc. 200, *Securities & Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252 (S.D. Miss).

[2] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss).

[3] Doc. 1, *In re: William Byrd McHenry, Jr.,* No. 20-bk-268 (Bankr. S.D. Miss).

[4] Doc. 1, *Alysson Mills v. William Byrd McHenry, Jr.,* No. 20-ap-22 (Bankr. S.D. Miss).

Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. None of the defendants has settled with the Receivership Estate. On November 22, 2019, I filed an amended complaint.

On April 22, 2020, the Court announced that it would hold a settlement conference on May 27, 2020. All parties except the Butler Snow defendants attended. The settlement conference did not result in a settlement between any parties.

*Butler Snow:* The Butler Snow defendants filed a motion to dismiss in which they argued that the case against them should be submitted to private arbitration. After the Court denied Butler Snow's motion to dismiss,[5] Butler Snow appealed to the Fifth Circuit. The parties' filings in that court are available at madisontimberreceiver.com. Oral argument will be July 2, 2020 and will be conducted via video conference. A recording of the oral argument will be made available later the same day at http://www.ca5.uscourts.gov/oral-argument-information/oral-argument-recordings; the appeal's title is *Mills v. Butler Snow, et al.* and its docket number is 19-60749. I will post a link to the recording at madisontimberreceiver.com when it is available.

*Baker Donelson:* Baker Donelson filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Alexander Seawright:* The Alexander Seawright defendants also filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[6] By filing his petition for bankruptcy, Seawright triggered an automatic stay of litigation against him. The result is that I cannot litigate the Receivership Estate's claims against Seawright while his bankruptcy proceedings are pending.

---

[5] Doc. 48, *Alysson Mills v. Butler Snow*, *et al.,* No. 3:18-cv-866 (S.D. Miss).

[6] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-bk-3921 (Bankr. S.D. Miss).

I have participated in Seawright's bankruptcy proceedings in order to protect the Receivership Estate's interests. On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud,[7] and on March 16, 2020, I filed a motion to withdraw the reference—that is, to transfer the complaint from the bankruptcy court to the district court. The district court granted that motion on May 12, 2020.[8]

Seawright filed a motion to dismiss the adversary complaint on April 30, 2020, and I filed the Receivership Estate's response on May 28, 2020. Those filings are available at madisontimberreceiver.com.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; and Mutual of Omaha all filed motions to dismiss the claims against them, which I opposed. The answers, motions, and related filings are available at madisontimberreceiver.com.

On March 20, 2020, the Court held a telephonic status conference during which it inquired whether the legal issues raised by the defendants' motions to dismiss are similar to the legal issues raised by defendants in other of the Receivership Estate's lawsuits. After, on March 31, 2020, the

---

[7] Doc. 1, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss).
[8] Doc. 12, *Alysson Mills v. Jon Darrell Seawright,* No. 20-cv-232 (S.D. Miss).

Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

Since then, Murphree has done something no other defendant has done: attempted to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him. I recently have received three checks, each in the amount of $800.00, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton filed answers to the complaint. The UPS Store, Inc.; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm filed answers to the complaint after the Court denied their motions to dismiss. The answers are available at madisontimberreceiver.com.

The Court has ordered the parties to proceed with discovery, "which in a case about notarization should not be overly complex."[9]

On December 13, 2019, I filed a motion for protective order that asks the Court to order the defendants to treat victims' names and identifying information as confidential. As of this filing, the Court had not addressed the motion for protective order. The motion and related filings are available at madisontimberreceiver.com.

---

[9] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss).

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[10]

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank each filed a motion to dismiss, and Jud Watkins filed a motion to compel arbitration, on April 30, 2020.  I filed the Receivership Estate's responses on May 21, 2020. Those filings are available at madisontimberreceiver.com.

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

On March 3, 2020, the Securities and Exchange Commission obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[11]

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant

---

[10] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

[11] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions." The complaint is available at madisontimberreceiver.com.

## Receiver's actions (past 60 days and next 60 days)

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

I have fought and will continue to fight any bankruptcy discharge of McHenry's $3,473,320 debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud.  On June 26, 2020, I filed a motion to hold McHenry in contempt for failing to disclose documents pertaining to his finances.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
*Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

I have litigated and will continue to litigate while awaiting the Court's rulings on motions to dismiss filed by Baker Donelson and Alexander Seawright and the Fifth Circuit's decision in Butler Snow's appeal.  On May 27, 2020, I participated in a settlement conference attended by all parties except the Butler Snow defendants. Oral argument in Butler Snow's appeal will be July 2, 2020 via video conference and I will post a link to the recording at madisontimberreceiver.com.

I also have fought and will continue to fight any bankruptcy discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.  On May 28, 2020, I filed a response to his motion to dismiss the Receivership Estate's adversary complaint against him.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

I continue to await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and

Mutual of Omaha.  As noted above, the Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

### *Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

I have litigated and will continue to litigate while awaiting the Court's ruling on a motion for protective order that I filed that asks the Court to order the defendants to treat victims' names and identifying information as confidential.

### *Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On May 21, 2020, I filed responses to the motions to dismiss filed by Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank and the motion to compel arbitration filed by Jud Watkins. On June 12, 2020, I filed an additional response to Watkins's motion.  I will continue to litigate while awaiting the Court's rulings.

### *Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC that seeks to recover the more than $635,000 in Madison Timber "commissions" they received. I expect the defendants' responses in the next thirty days and I will respond accordingly.

### *"Commissions," gifts, and proceeds*

I have accounted and will continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber. My practice has been to contact individuals who received "commissions," gifts, or proceeds and offer to negotiate repayment, provided the individual agrees to make complete financial disclosures.  Most individuals have cooperated. Stuart Anderson did not, and on June 25, 2020, I filed a complaint against him (and others, as noted above).

*Records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

*LLCs of which Adams was a member*

Of the six active limited liability companies ("LLCs") of which Adams was a member, the Receivership Estate has already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; and Mallard Park, LLC.  For the two remaining LLCs, my intent is to monetize the Receivership Estate's interest to maximize value to the Receivership Estate.

*Oxford Springs, LLC:*  The LLC's principal asset is 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. Today the Receivership Estate owns a 100% interest in Oxford Springs, debt-free, and will retain all proceeds from the future sale of the LLC's property.  After a proposed sale failed late last year, I undertook several cost-effective improvements to maximize the property's value.  I retained a broker to market nationally the largest of the property's two tracts.  That listing is available at https://www.outdoorproperties.com/listings/oxford-springs/ and has resulted in recent showings.

*MASH Farms, LLC:*  The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I obtained an appraisal of that property and had preliminary negotiations with the LLC's other members regarding the purchase of the Receivership Estate's 25% interest. I will continue to consider a sale to the LLC's other members but I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253).

12

*Federal and state authorities*

I continue to confer with federal and state authorities, including the FBI, the Securities and Exchange Commission, the U.S. Attorney's Office, the Mississippi Secretary of State's Office, and the Mississippi Department of Banking and Consumer Finance regarding matters bearing on the Receivership Estate.

*Investors*

I continue to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

*Persons with knowledge*

I continue to speak to persons with first-hand knowledge of matters bearing on the Receivership Estate.

*Other third parties*

My colleagues and I continue to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants. I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it.

**Summary of status of assets**

My end goal is to make an equitable distribution to victims with the money I recover. Although I continue to recover money from various third parties, the money that I have recovered to date still would not go far. As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

The current status of the Receivership Estate's assets is as follows:

| | | |
|---|---|---|
| **Receivership Estate's account at Hancock Bank** | | current balance $6,475,431.22 |
| Previous balance as of April 27, 2020 | $6,685,910.56 | |
| Interest | +$3,770.69 | |
| Martin Murphree's voluntary repayments | +$2,400.00 | |
| CPA fees | -$1,835.00 | |
| Counsel's fees and expenses** | -$214,815.03 | |

*Alysson Mills v. Butler Snow, et al.*, No. 3:18-cv-866 — *litigation ongoing*
Lawsuit to hold law firms liable for debts of the Receivership Estate

*Alysson Mills v. BankPlus, et al.*, No. 3:19-cv-196 — *litigation ongoing*
Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate

Martin Murphree's voluntary repayment of his debt to the — *holding $2,300*
Receivership Estate, three installments of $800.00 each to date*

*Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 — *litigation ongoing*
Lawsuit to hold notaries liable for debts of the Receivership Estate

*Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941 — *litigation ongoing*
Lawsuit to hold banks liable for debts of the Receivership Estate

*Alysson Mills v. Stuart Anderson, et al.*, No. 3:20-cv-427 — *litigation ongoing*
Lawsuit to recover commissions from recruiters

*Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 — *$3,473,320 judgment against McHenry*
Lawsuit to recover commissions from recruiters

*settlements with Billings and Kelly (see below)*

14

**Settlement—Mike Billings**                        ~~received $325,000 plus 5% interest in Oxford Springs, LLC~~

*promissory note in the original principal amount of $500,000 outstanding*

*duty to restate taxes, with 90% of any refunds to Receivership Estate*

**Settlement—Wayne Kelly**                        ~~received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs~~

~~received $100,000 in satisfaction of promissory note~~

*duty to restate taxes, with 90% of any refunds to Receivership Estate*

1/4   **Mash Farms, LLC**                        *assessing options*
808+ acres with hunting camp in Sunflower County
Purchased in 2014 for $1,600,000
Encumbered by Trustmark Bank mortgage
Owe approximately $900,000

100%   **Oxford Springs, LLC**                        *for sale*
2,300+/- acres undeveloped land in Lafayette County
Unencumbered

~~1/6   **707, LLC**~~                        *~~LLC sold principal asset and~~*
~~263+ acres recreational land in Holmes County~~        *~~dissolved; tendered $6,994.09~~*
~~Purchased in 2009~~                        *~~representing Adams's, Kelly's, and~~*
~~Encumbered by First Commercial Bank mortgage~~        *~~McHenry's interests to~~*
~~Owe approximately $368,000~~                *~~the Receivership Estate~~*

~~1/3   **Delta Farm Land Investments, LLC**~~        *~~LLC sold principal asset and~~*
~~1170+ acres farmland in Oktibbeha County~~        *~~dissolved; tendered $323,440.88~~*
~~Purchased in 2014 for $2,796,100~~                *~~representing Adams's interest to~~*
~~Encumbered by Trustmark Bank mortgage~~        *~~the Receivership Estate~~*
~~Owe approximately $2,200,000~~

~~1/2   **KAPA Breeze LLC**~~                        *~~sold the Receivership Estate's~~*
~~1.5+/- acres mixed-use land on Highway 30A in Florida~~    *~~interest for $700,000~~*
~~Purchased in 2017 for approximately $1,900,000~~
~~Encumbered by Jefferson Bank mortgage~~
~~Owe approximately $1,365,000~~

**1/4** **Mallard Park, LLC** ~~*sold the Receivership Estate's*~~
~~1,723 acres with hunting lodge in Humphreys County~~ ~~*interest for $175,000*~~
~~Purchased in 2016 for $2,593,500~~
~~Encumbered by Southern AgCredit mortgage~~
~~Owe approximately $2,000,000~~

~~**Hartford Life and Annuity Insurance Co. life insurance policy**~~ ~~*surrendered for $167,206.60*~~

~~**Lincoln National Life Insurance Co. life insurance policy**~~ ~~*surrendered for $3,678.45*~~

~~**Settlement—Frank Zito**~~ ~~*received $100,000,*~~
~~*first installment*~~
~~*received $100,000, second*~~
~~*and final installment,*~~
~~*June 12, 2019*~~

~~**Settlement—Ole Miss Athletics Foundation**~~ ~~*received $155,084.50,*~~
~~*first installment*~~
~~*received $155,084.50,*~~
~~*second and final installment,*~~
~~*April 17, 2019*~~

~~**Marital Property Settlement—Vickie Lynn Adams**~~ ~~*received $58,247*~~
~~Lump sum payment includes proceeds from sale of Lexus LX 570~~
~~and liquidation of Hartford Life and Annuity Insurance Co. life~~
~~insurance policy~~

~~**Settlement—Adams children**~~ ~~*received $170,000*~~

~~**Alexander Seawright—UPS's funds\***~~ ~~*holding $100,000*~~

~~**2018 King Ranch Ford F150 truck**~~ ~~*sold for $42,750*~~

~~**Condo in Calton Hill subdivision in Oxford, Mississippi**~~ ~~*received $139,919.09*~~
~~Unencumbered~~ ~~*in proceeds from sale*~~

~~**Settlement—Philippi Freedom Ministries**~~ ~~*received $16,125*~~

~~**Settlement—Rick Hughes Evangelistic Ministries**~~ ~~*received $43,657.95*~~

**Jewelry** *for sale*

~~**House at 134 Saint Andrews Drive, Jackson, Mississippi**~~ ~~*received $350,777.38*~~
~~Unencumbered~~ ~~*in proceeds from sale*~~

~~*received $3,277.45*~~
~~*from sale of household goods*~~
~~*on consignment*~~

| | |
|---|---|
| ~~Settlement – Century Club Charities~~ | *~~received $56,944~~* |
| ~~Settlement – Berachah Church~~ | *~~received $175,904~~* |
| ~~Settlement – R.B. Thieme, Jr.~~ | *~~received $104,626.50~~* |
| ~~Settlement – Operation Grace World Missions~~ | *~~received $39,325~~* |
| ~~Returned proceeds – Techwood, LLC~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

**Please see the Court's order dated May 19, 2020, and previously filed fee applications for the eight months' work performed between August 2019 and March 2020, all available at madisontimberreceiver.com.