**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **No: 3:18-cv-252** |
| **Plaintiffs,** | **Carlton W. Reeves, District Judge** **F. Keith Ball, Magistrate Judge** |
| **v.** | |
| **ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,** | |
| **Defendants.** | |

**RECEIVER'S REPORT**

**October 23, 2020**

_____ */s/ Alysson Mills* _____

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and*
*Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on August 25, 2020, and this report picks up where that report left off.  It contains the following parts:

|                                                      | *page* |
|------------------------------------------------------|--------|
| Highlights                                           | 3      |
| Criminal cases' status                               | 4      |
| Civil cases' status                                  | 4      |
| Receiver's actions (past 60 days and next 60 days)   | 10     |
| Summary of status of assets                          | 14     |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims.

**Highlights**

These reports can be cumbersome and repetitive.  At the suggestion of one reader, I have attempted to summarize this report's highlights for those who have neither the time nor desire to read it in its entirety.

At the outset, I should say I do not have much that I can report here.  The Receivership Estate's biggest lawsuits are either officially or unofficially stayed pending a decision in Butler Snow's appeal and rulings on pending motions to dismiss.  The Receivership Estate still has more than $6.5 million in its account, but I believe we need more to make a meaningful distribution.  As of this filing, I am reviewing offers for the purchase of Oxford Springs and hope that I will have good news to report on that soon.

Meanwhile, in no particular order:

- On August 26, 2020, UPS filed a motion to dismiss the Receivership Estate's lawsuit against it.  The motion is UPS's second motion to dismiss; the Court denied UPS's first motion to dismiss last year and ordered the parties to proceed with discovery.  In addition to its second motion to dismiss, UPS filed a motion to stay all proceedings in the case.  I filed oppositions on October 7, 2020 and October 12, 2020.

- On September 11, 2020, the Court entered an order denying Lamar Adams's motion for compassionate release.

- On September 23, 2020, I filed a motion for approval of a proposed settlement of the Receivership Estate's claims against Stu Anderson for the return of the $130,520 in "commissions" that he received in exchange for his sales of Madison Timber investments.

- On October 7, 2020, I deposed Bill McHenry regarding his finances. The bankruptcy court previously held him in contempt for failing to disclose documents pertaining to his finances. Discovery has now concluded, and I expect to soon file a motion that asks the bankruptcy court to enter judgment denying the discharge of McHenry's debt.

**Criminal cases' status**

*United States v. Adams, No. 3:18-cr-88*

Lamar Adams is serving a 19.5-year sentence in federal prison.

On June 15, 2020, victims received a notice stating that Adams had asked for compassionate release.  After inviting input from victims, on September 11, 2020, the Court entered an order denying Adams's motion for compassionate release. The order is available at madisontimberreceiver.com.

*United States v. McHenry, No. 3:19-cr-20*

Bill McHenry was acquitted on December 5, 2019.

After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme.  I am hopeful that criminal authorities are not finished with their work.  Victims are right to expect that criminal authorities will pursue justice in this case.

**Civil cases' status**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

The Securities and Exchange Commission's case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate. I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[1]

---

[1] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).

4

McHenry has not paid the judgment.  To avoid a judgment debtor examination, on January 27, 2020, he filed a Chapter 7 petition for bankruptcy.[2] By filing his petition for bankruptcy, he triggered an automatic stay of litigation against him. The result is that I cannot collect the $3,473,320 judgment against McHenry while his bankruptcy proceedings are pending.

I have participated in McHenry's bankruptcy proceedings in order to protect the Receivership Estate's interests.  On April 23, 2020, I filed an adversary complaint that objects to the discharge of McHenry's debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud.[3] On August 14, 2020, the bankruptcy court held McHenry in contempt for failing to disclose documents pertaining to his finances that I requested of him.

On October 7, 2020, I deposed Bill McHenry regarding his finances. Discovery has now concluded, and I expect to soon file a motion that asks the bankruptcy court to enter judgment denying the discharge of McHenry's debt.

> *Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
> *Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. None of the defendants has settled with the Receivership Estate. On November 22, 2019, I filed an amended complaint.

*Butler Snow:* The Butler Snow defendants filed a motion to dismiss in which they argued that the case against them should be submitted to private arbitration. After the Court denied Butler Snow's motion to dismiss,[4] Butler Snow appealed to the Fifth Circuit.  The parties' filings in that

---

[2] Doc. 1, *In re: William Byrd McHenry, Jr.,* No. 20-bk-268 (Bankr. S.D. Miss.).

[3] Doc. 1, *Alysson Mills v. William Byrd McHenry, Jr.,* No. 20-ap-22 (Bankr. S.D. Miss.).

[4] Doc. 48, *Alysson Mills v. Butler Snow*, *et al.,* No. 3:18-cv-866 (S.D. Miss.).

court are available at madisontimberreceiver.com.  Oral argument was July 2, 2020 and a link to the recording is available at madisontimberreceiver.com.

*Baker Donelson:* Baker Donelson filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Alexander Seawright:* The Alexander Seawright defendants also filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[5] By filing his petition for bankruptcy, Seawright triggered an automatic stay of litigation against him.  The result is that I cannot litigate the Receivership Estate's claims against Seawright while his bankruptcy proceedings are pending.

I have participated in Seawright's bankruptcy proceedings in order to protect the Receivership Estate's interests. On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.[6] Seawright filed a motion to dismiss the adversary complaint on April 30, 2020, and I filed the Receivership Estate's response on May 28, 2020. Those filings are available at madisontimberreceiver.com.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto

---

[5] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-bk-3921 (Bankr. S.D. Miss.).

[6] Doc. 1, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss.).

DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; and Mutual of Omaha all filed motions to dismiss the claims against them, which I opposed. The answers, motions, and related filings are available at madisontimberreceiver.com.

On March 20, 2020, the Court held a telephonic status conference during which it inquired whether the legal issues raised by the defendants' motions to dismiss are similar to the legal issues raised by defendants in other of the Receivership Estate's lawsuits.  After, on March 31, 2020, the Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

Murphree continues to do something no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him.  I have now received a total of seven checks, each in the amount of $800.00, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton filed answers to the complaint. The UPS Store, Inc.; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm filed answers to the complaint after the Court denied their motions to dismiss.  The answers are available at madisontimberreceiver.com.

On December 13, 2019, I filed a motion for protective order that asks the Court to order the defendants to treat victims' names and identifying information as confidential.  On July 6, 2020, the Court entered a protective order that permits me to designate information as confidential and, if a defendant intends to use it in a public filing, move the court to redact or seal it.

The parties are now exchanging discovery which, as the Court observed, "in a case about notarization should not be overly complex."[7]  The Court's scheduling order set a trial date of December 6, 2021.

On August 26, 2020, however, UPS filed a motion to dismiss the Receivership Estate's lawsuit against it.  The motion is UPS's second motion to dismiss; the Court denied UPS's first motion to dismiss last year.  In addition to its second motion to dismiss, UPS filed a motion to stay all proceedings in the case.  I filed oppositions on October 7, 2020 and October 12, 2020.  The motions and related filings are available at madisontimberreceiver.com.

### *Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[8]

### *Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

---

[7] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

[8] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

8

Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank filed motions to dismiss, and Jud Watkins filed a motion to compel arbitration, and I opposed all. Those filings are available at madisontimberreceiver.com.

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

On March 3, 2020, the Securities and Exchange Commission obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[9]

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions."

Randy Shell and Shell Investments, LLC filed an answer to the complaint on August 15, 2020.  The answer is available at madisontimberreceiver.com.

On September 23, 2020, I filed a motion for approval of a proposed settlement of the Receivership Estate's claims against Stu Anderson for the return of the $130,520 in "commissions" that he received in exchange for his sales of Madison Timber investments.  The motion is available at madisontimberreceiver.com.

---

[9] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

**Receiver's actions (past 60 days and next 60 days)**

> *Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
> *Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

I have fought and will continue to fight any bankruptcy discharge of McHenry's $3,473,320 debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud.  On October 7, 2020, I deposed McHenry regarding his finances. Discovery has now concluded, and I expect to soon file a motion that asks the bankruptcy court to enter judgment denying the discharge of McHenry's debt.

> *Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
> *Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

I have litigated and will continue to litigate while awaiting the Court's rulings on motions to dismiss filed by Baker Donelson and Alexander Seawright and the Fifth Circuit's decision in Butler Snow's appeal.

I also have fought and will continue to fight any bankruptcy discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.  I await the Court's ruling on Seawright's motion to dismiss the adversary complaint I filed against him.

> *Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

I continue to await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha.  As noted above, the Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

> *Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

I have litigated and will continue to litigate the Receivership Estate's claims against the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds.  The parties currently are exchanging discovery.  On August 26, 2020, however, UPS filed

10

another motion to dismiss the Receivership Estate's claims against it as well as a motion to stay all proceedings. I filed oppositions on October 7, 2020 and October 12, 2020 and away the Court's rulings.

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

I await the Court's rulings on the motions to dismiss filed by Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank and the motion to compel arbitration filed by Jud Watkins.

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

I have litigated and will continue to litigate the Receivership Estate's claims against Randy Shell and Shell Investments, LLC. I await the Court's ruling on the motion for approval of a proposed settlement of the Receivership Estate's claims against Stu Anderson for the return of the $130,520 in "commissions" that he received in exchange for his sales of Madison Timber investments.

*"Commissions," gifts, and proceeds*

I have accounted and will continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber.

*Records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

11

*LLCs of which Adams was a member*

Of the six active limited liability companies ("LLCs") of which Adams was a member, the Receivership Estate has already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; and Mallard Park, LLC. For the two remaining LLCs, my intent is to monetize the Receivership Estate's interest to maximize value to the Receivership Estate.

*Oxford Springs, LLC:* The LLC's principal asset is 2,300+/- acres of undeveloped land in Lafayette County, Mississippi. Today the Receivership Estate owns a 100% interest in Oxford Springs, debt-free, and will retain all proceeds from the future sale of the LLC's property. After a proposed sale failed late last year, I undertook several cost-effective improvements to maximize the property's value. As of this filing, I am reviewing offers for the purchase of the property and hope that I will have good news to report on that soon. The property's listing remains available at https://www.outdoorproperties.com/listings/oxford-springs/.

*MASH Farms, LLC:* The LLC's principal asset is 808+ acres with a hunting camp in Sunflower County, Mississippi. I obtained an appraisal of that property and had preliminary negotiations with the LLC's other members regarding the purchase of the Receivership Estate's 25% interest. I will continue to consider a sale to the LLC's other members but I will consider any offer by any party that I believe is fair, and I encourage interested parties to contact me directly (504-586-5253).

*Federal and state authorities*

I continue to confer with federal and state authorities, including the FBI, the Securities and Exchange Commission, the U.S. Attorney's Office, the Mississippi Secretary of State's Office, and the Mississippi Department of Banking and Consumer Finance regarding matters bearing on the Receivership Estate.

*Investors*

I continue to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

12

*Persons with knowledge*

I continue to speak to persons with first-hand knowledge of matters bearing on the Receivership Estate.

*Other third parties*

My colleagues and I continue to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants. I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it.

13

**Summary of status of assets**

My end goal is to make an equitable distribution to victims with the money I recover. As I have advised, it may take a long time and a lot of work to recover enough money to make a meaningful distribution, but I am committed to pursuing recoveries for the benefit of victims so long as the Court allows. The Receivership Estate's most valuable assets are the lawsuits it has filed or intends to file.

I have spoken with several victims who are hurting badly right now.  The Receivership Estate has more than $6.5 million in its account, and I have no interest in holding onto that money. My only reason for not distributing it is I would like to have more to distribute, because the money we currently have will not go far. I am eager to sell Oxford Springs or resolve one of the Receivership Estate's larger lawsuits, which may allow for a more meaningful distribution. I am sympathetic to victims' impatience and am open to the possibility of an interim distribution, however small, if things do not pick up soon

The current status of the Receivership Estate's assets is as follows:

| | | |
|---|---|---|
| **Receivership Estate's account at Hancock Bank** | | current balance $6,677,045.76 |
| Previous balance as of August 25, 2020 | $6,669,926.88 | |
| Interest | +$5,543.88 | |
| Martin Murphree's voluntary repayments | +$1,600.00 | |
| Mississippi corporate tax | -$25.00 | |
| | | |
| ***Alysson Mills v. Butler Snow, et al.*, No. 3:18-cv-866** | | *litigation ongoing* |
| Lawsuit to hold law firms liable for debts of the Receivership Estate | | |
| | | |
| ***Alysson Mills v. BankPlus, et al.*, No. 3:19-cv-196** | | *litigation ongoing* |
| Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | | |
| | | |
| Martin Murphree's voluntary repayment of his debt to the Receivership Estate, seven installments of $800.00 each to date* | | *holding $5,600* |
| | | |
| ***Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364** | | *litigation ongoing* |
| Lawsuit to hold notaries liable for debts of the Receivership Estate | | |
| | | |
| ***Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941** | | *litigation ongoing* |
| Lawsuit to hold banks liable for debts of the Receivership Estate | | |

14

***Alysson Mills v. Stuart Anderson, et al.***, No. 3:20-cv-427                 *litigation ongoing*
Lawsuit to recover commissions from recruiters

***Alysson Mills v. Michael D. Billings, et al.***, No. 3:18-cv-679
Lawsuit to recover commissions from recruiters

Judgment—Bill McHenry                            *$3,473,320 judgment*
                                                  *outstanding*

Settlement—Mike Billings                        ~~*received $325,000*~~
                                         ~~*plus 5% interest in*~~
                                     ~~*Oxford Springs, LLC*~~

                                         ~~*received $187,500 in*~~
                      ~~*satisfaction of promissory note*~~

                                           *duty to restate taxes,*
                              *with 90% of any refunds to*
                                         *Receivership Estate*

Settlement—Wayne Kelly                       ~~*received $1,384,435.17*~~
                           ~~*plus interests in 707, 315 Iona,*~~
                                 ~~*and KAPA Breeze, LLCs*~~

                                           ~~*received $100,000 in*~~
                      ~~*satisfaction of promissory note*~~

                                           *duty to restate taxes,*
                              *with 90% of any refunds to*
                                         *Receivership Estate*

**Settlement—Brad Pugh**                        *promissory note in the original*
                                    *principal amount of $183,002.66*
                                                 *outstanding*

**1/4**     **Mash Farms, LLC**                               *assessing options*
             808+ acres with hunting camp in Sunflower County
             Purchased in 2014 for $1,600,000
             Encumbered by Trustmark Bank mortgage
             Owe approximately $900,000

**100%**    **Oxford Springs, LLC**                            *for sale*
             2,300+/- acres undeveloped land in Lafayette County
             Unencumbered

**~~1/6~~**     **~~707, LLC~~**                                ~~*LLC sold principal asset and*~~
             ~~263+ acres recreational land in Holmes County~~     ~~*dissolved; tendered $6,994.09*~~
             ~~Purchased in 2009~~                        ~~*representing Adams's, Kelly's, and*~~
             ~~Encumbered by First Commercial Bank mortgage~~    ~~*McHenry's interests to*~~
             ~~Owe approximately $368,000~~                  ~~*the Receivership Estate*~~

| | | |
|---|---|---|
| ~~1/3~~ | ~~**Delta Farm Land Investments, LLC**~~ | *LLC sold principal asset and* |
| | ~~1170+ acres farmland in Oktibbeha County~~ | *dissolved; tendered $323,440.88* |
| | ~~Purchased in 2014 for $2,796,100~~ | *representing Adams's interest to* |
| | ~~Encumbered by Trustmark Bank mortgage~~ | *the Receivership Estate* |
| | ~~Owe approximately $2,200,000~~ | |
| | | |
| ~~1/2~~ | ~~**KAPA Breeze LLC**~~ | *sold the Receivership Estate's* |
| | ~~1.5+/- acres mixed-use land on Highway 30A in Florida~~ | *interest for $700,000* |
| | ~~Purchased in 2017 for approximately $1,900,000~~ | |
| | ~~Encumbered by Jefferson Bank mortgage~~ | |
| | ~~Owe approximately $1,365,000~~ | |
| | | |
| ~~1/4~~ | ~~**Mallard Park, LLC**~~ | *sold the Receivership Estate's* |
| | ~~1,723 acres with hunting lodge in Humphreys County~~ | *interest for $175,000* |
| | ~~Purchased in 2016 for $2,593,500~~ | |
| | ~~Encumbered by Southern AgCredit mortgage~~ | |
| | ~~Owe approximately $2,000,000~~ | |

~~**Hartford Life and Annuity Insurance Co. life insurance policy**~~ *surrendered for $167,206.60*

~~**Lincoln National Life Insurance Co. life insurance policy**~~ *surrendered for $3,678.45*

~~**Settlement – Frank Zito**~~ *received $100,000, first installment received $100,000, second and final installment, June 12, 2019*

~~**Settlement – Ole Miss Athletics Foundation**~~ *received $155,084.50, first installment received $155,084.50, second and final installment, April 17, 2019*

~~**Marital Property Settlement – Vickie Lynn Adams**~~ *received $58,247*
~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~

~~**Settlement – Adams children**~~ *received $170,000*

~~**Alexander Seawright – UPS's funds\***~~ *holding $100,000*

~~**2018 King Ranch Ford F150 truck**~~ *sold for $42,750*

~~**Condo in Calton Hill subdivision in Oxford, Mississippi**~~ *received $139,919.09*
~~Unencumbered~~ *in proceeds from sale*

~~**Settlement – Philippi Freedom Ministries**~~ *received $16,125*

~~**Settlement – Rick Hughes Evangelistic Ministries**~~ *received $43,657.95*

16

| | |
|---|---|
| **Jewelry** | *for sale* |
| ~~**House at 134 Saint Andrews Drive, Jackson, Mississippi** Unencumbered~~ | *~~received $350,777.38 in proceeds from sale~~* |
| | *~~received $3,277.45 from sale of household goods on consignment~~* |
| ~~**Settlement – Century Club Charities**~~ | *~~received $56,944~~* |
| ~~**Settlement – Berachah Church**~~ | *~~received $175,904~~* |
| ~~**Settlement – R.B. Thieme, Jr.**~~ | *~~received $104,626.50~~* |
| ~~**Settlement – Operation Grace World Missions**~~ | *~~received $39,325~~* |
| ~~**Returned proceeds – Techwood, LLC**~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

17