UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge<br>F. Keith Ball, Magistrate Judge |

# RECEIVER'S REPORT

**December 31, 2020**

*/s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere and Lilli Bass.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on October 23, 2020, and this report picks up where that report left off.  It contains the following parts:

|  | *page* |
|---|---|
| Highlights | 3 |
| Criminal cases' status | 4 |
| Civil cases' status | 4 |
| Receiver's actions (past 60 days and next 60 days) | 10 |
| Summary of status of assets | 14 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims.

**Highlights**

These reports can be cumbersome and repetitive. I provide the highlights below for those who have neither the time nor desire to read this report in its entirety.

In my last report, I advised that the Receivership Estate had more than $6.5 million in its account but needed more to make a meaningful distribution. Meanwhile the Receivership Estate's biggest lawsuits (also its biggest assets) were all either officially or unofficially stayed pending a decision in Butler Snow's appeal.

I now have good news. Since my last report:

- On November 10, 2020, Wayne Kelly tendered to the Receivership Estate an additional **$304,971.86** in proceeds from a federal tax refund, following the restatement of his 2018 taxes required by his settlement agreement with the Receivership Estate.[1]

- On December 11, 2020, the Court approved the sale of the Receivership Estate's 25% interest in MASH Farms, LLC, resulting in an additional **$258,500**.

- On December 28, 2020, I sold approximately 2,278 acres, comprising the largest of two tracts of property owned by Oxford Springs, LLC, resulting in an additional **$4,668,530.48**.[2]

- Today the Receivership Estate has $7,155,312.07 in the bank, not counting the $4,668,530.48 in proceeds from the sale of Oxford Springs's property. Together that's **$11,823,842.55** before any settlement or judgment in any of the Receivership Estate's big lawsuits.

- I am pleased to announce that after two years of litigation, I have reached a proposed settlement with Butler Snow for **$9,500,000**.

- I believe the proposed settlement with Butler Snow is in the Receivership Estate's best interests because it will make a meaningful distribution possible; will dispose of Butler Snow's appeal, which has impeded progress in other cases; and might lead to settlements with other parties. Nevertheless, investors and interested parties will have an opportunity to object to the settlement if they choose. They can expect more information on the approval process from me soon.

---

[1] Mike Billings's settlement agreement also requires that he restate his federal taxes, but he has failed to do so.

[2] Oxford Springs, LLC still owns a 100-acre tract that I am trying to sell.

3

**Criminal cases' status**

*United States v. Adams, No. 3:18-cr-88*

Lamar Adams is serving a 19.5-year sentence in federal prison.

*United States v. McHenry, No. 3:19-cr-20*

Bill McHenry was acquitted on December 5, 2019.

After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme. I am hopeful that criminal authorities are not finished with their work. Victims are right to expect that criminal authorities will pursue justice in this case.

**Civil cases' status**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

The Securities and Exchange Commission's case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Sale—interest in MASH Farms, LLC:* On December 11, 2020, the Court approved a purchase agreement[3] whereby the Receivership Estate sold its 25% interest in MASH Farms, LLC for $275,000. The purchase agreement is available at madisontimberreceiver.com. The sale resulted in an additional $258,500, after broker's fees, to the Receivership Estate.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber.

---

[3] Doc. 217, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

Wayne Kelly and Mike Billings settled with the Receivership Estate. Among other things, their settlement agreements required them to restate their income tax returns for the years in question, with proceeds of any refund to go to the Receivership Estate. On November 10, 2020, Wayne Kelly tendered to the Receivership Estate $304,971.86 in proceeds from a federal tax refund, following the restatement of his 2018 taxes.

So far Mike Billings has failed to restate his income tax returns, despite my inquiry. I am weighing the Receivership Estate's options.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[4] McHenry has not paid the judgment. To avoid a judgment debtor examination, he filed a Chapter 7 petition for bankruptcy.[5] By filing his petition for bankruptcy, he triggered an automatic stay of litigation against him. The result is that I cannot collect the $3,473,320 judgment against McHenry while his bankruptcy proceedings are pending. I have participated in McHenry's bankruptcy proceedings in order to protect the Receivership Estate's interests. On December 1, 2020, following a deposition of McHenry regarding his finances, I filed a motion that asks the bankruptcy court to enter judgment denying the discharge of McHenry's debt and also to hold him in contempt (again). A hearing on that motion is January 14, 2021.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
*Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

*Butler Snow:* The Butler Snow defendants filed a motion to dismiss in which they argued that the case against them should be submitted to private arbitration. After the Court denied Butler

---

[4] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).
[5] Doc. 1, *In re: William Byrd McHenry, Jr.*, No. 20-bk-268 (Bankr. S.D. Miss.).

5

Snow's motion to dismiss,[6] Butler Snow appealed to the Fifth Circuit. The parties' filings in that court are available at madisontimberreceiver.com. Oral argument was July 2, 2020, but as of December 21, 2020, the Fifth Circuit still had not ruled. Meanwhile, as a result of the appeal, other of the Receivership Estate's lawsuits were officially or unofficially stayed.

On December 21, 2020, Butler Snow and I jointly filed a motion to stay further proceedings that advised that the parties had reached a settlement in principle. On December 30, 2020, I signed a proposed settlement agreement whereby in exchange for the Receivership Estate's claims and a bar order, Butler Snow agrees to make a cash payment of $9,500,000 to the Receivership Estate and to dismiss its appeal.

I believe the proposed settlement with Butler Snow is in the Receivership Estate's best interests because it will make a meaningful distribution possible; will dispose of Butler Snow's appeal, which has impeded progress in other cases; and might lead to settlements with other parties.

The settlement is subject to the Court's approval. Investors and interested parties will have an opportunity to object to the settlement if they choose and should expect to receive more information from me soon.

*Baker Donelson:* Baker Donelson filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Alexander Seawright:* The Alexander Seawright defendants also filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[7] By filing his petition for bankruptcy, Seawright triggered an automatic stay of litigation against him. The result is that I cannot litigate the Receivership Estate's claims against Seawright while his bankruptcy proceedings are pending. I have participated in Seawright's bankruptcy proceedings in order to protect the Receivership Estate's interests. On February 7, 2020, I filed an

---

[6] Doc. 48, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss.).

[7] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-bk-3921 (Bankr. S.D. Miss.).

adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.[8] Seawright filed a motion to dismiss the adversary complaint on April 30, 2020, and I filed the Receivership Estate's response on May 28, 2020. Those filings are available at madisontimberreceiver.com.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; and Mutual of Omaha all filed motions to dismiss the claims against them, which I opposed. The answers, motions, and related filings are available at madisontimberreceiver.com.

On March 20, 2020, the Court held a telephonic status conference during which it inquired whether the legal issues raised by the defendants' motions to dismiss are similar to the legal issues raised by defendants in other of the Receivership Estate's lawsuits. After, on March 31, 2020, the Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

Murphree continues to do something no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him. I have

---

[8] Doc. 1, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss.).

now received a total of nine checks, each in the amount of $800.00, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

The parties are exchanging discovery which, as the Court observed, "in a case about notarization should not be overly complex."[9]  The Court's scheduling order set a trial date of December 6, 2021.

On August 26, 2020, UPS filed a motion to dismiss the Receivership Estate's lawsuit against it. The motion is UPS's second motion to dismiss; the Court denied UPS's first motion to dismiss last year. In addition to its second motion to dismiss, UPS filed a motion to stay all proceedings in the case. I filed oppositions on October 7, 2020 and October 12, 2020. The motions and related filings are available at madisontimberreceiver.com.

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[10]

---

[9] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

[10] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

8

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank filed motions to dismiss, and Jud Watkins filed a motion to compel arbitration, and I opposed all. Those filings are available at madisontimberreceiver.com.

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

On March 3, 2020, the Securities and Exchange Commission obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[11]

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions."

On October 30, 2020, the Court approved a settlement[12] of the Receivership Estate's claims against Stu Anderson for the return of the $130,520 in "commissions" that he received in exchange for his sales of Madison Timber investments. The order and accompanying consent judgment are available at madisontimberreceiver.com.

---

[11] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

[12] Doc. 18, *Alysson Mills v. Stuart Anderson, et al.*, No. 3:20-cv-427 (S.D. Miss.).

9

On December 30, 2020, I filed a motion for summary judgment against Randy Shell and Shell Investments, LLC. The motion and related filings are available at madisontimberreceiver.com. A settlement conference is set before the magistrate judge on January 8, 2020.

**Receiver's actions (past 60 days and next 60 days)**

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

On November 10, 2020, I received from Wayne Kelly an additional $304,971.86 in proceeds from a federal tax refund, following the restatement of his 2018 taxes. I am weighing the Receivership Estate's options against Mike Billings, who thus far has failed to restate his income taxes.

I have fought and will continue to fight any bankruptcy discharge of McHenry's $3,473,320 debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud. On December 1, 2020, I filed a motion that asks the bankruptcy court to enter judgment denying the discharge of McHenry's debt and also to hold him in contempt (again). A hearing on that motion is January 14, 2021.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
*Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

On December 30, 2020, I signed a proposed settlement agreement with Butler Snow for $9,500,000 that, if approved, will make a meaningful distribution possible; will dispose of Butler Snow's appeal, which has impeded progress in other cases; and might lead to settlements with other parties. I intend to soon file a motion for approval of the proposed settlement, which will request a hearing that provides an opportunity for investors and other interested parties to be heard and object if they choose.

I have litigated and will continue to litigate while awaiting the Court's rulings on motions to dismiss filed by Baker Donelson and Alexander Seawright.

10

I also have fought and will continue to fight any bankruptcy discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud. I await the Court's ruling on Seawright's motion to dismiss the adversary complaint I filed against him.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

I continue to await the Court's rulings on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha. As noted above, the Court entered an order "temporarily staying this case pending a ruling on the outstanding motions in Mills v. Baker Donelson et al., No. 3:18-cv-866."

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

I have litigated and will continue to litigate the Receivership Estate's claims against the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. The parties currently are exchanging discovery. On August 26, 2020, however, UPS filed another motion to dismiss the Receivership Estate's claims against it as well as a motion to stay all proceedings. I filed oppositions on October 7, 2020 and October 12, 2020 and await the Court's rulings.

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

I await the Court's rulings on the motions to dismiss filed by Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank and the motion to compel arbitration filed by Jud Watkins.

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

I have litigated and will continue to litigate the Receivership Estate's claims against Randy Shell and Shell Investments, LLC. I intend to attend a settlement conference with Shell on January 8, 2021.

11

*"Commissions," gifts, and proceeds*

I have accounted and will continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber.

*Records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

*LLCs of which Adams was a member*

Of the six active limited liability companies ("LLCs") of which Adams was a member, the Receivership Estate already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; and Mallard Park, LLC. On December 11, 2020, the Court approved a purchase agreement[13] whereby the Receivership Estate sold its 25% interest in MASH Farms, LLC for $275,000. The sale resulted in $258,500, after broker's fees, to the Receivership Estate.

That leaves only Oxford Springs, LLC, whose principal asset is undeveloped land in Lafayette County, Mississippi. The Receivership Estate owns a 100% interest in the LLC. On December 28, 2020, I sold approximately 2,278 acres, comprising the largest of two tracts of property owned the LLC, for $5,000,000, resulting in $4,668,530.48, after broker's fees and the payment of overdue property taxes, to the Receivership Estate. The LLC still owns a 100-acre tract that I am trying to sell.

---

[13] Doc. 217, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).

*Federal and state authorities*

I continue to confer with federal and state authorities, including the FBI, the Securities and Exchange Commission, the U.S. Attorney's Office, the Mississippi Secretary of State's Office, and the Mississippi Department of Banking and Consumer Finance regarding matters bearing on the Receivership Estate.

*Investors*

I continue to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

*Persons with knowledge*

I continue to speak to persons with first-hand knowledge of matters bearing on the Receivership Estate.

*Other third parties*

My colleagues and I continue to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants. I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it.

**Summary of status of assets**

My end goal is to make an equitable distribution to victims with the money I recover. In my last report, I advised that the Receivership Estate had more than $6.5 million in its account but needed more to make a meaningful distribution. Meanwhile the Receivership Estate's biggest lawsuits (also its biggest assets) were all either officially or unofficially stayed pending a decision in Butler Snow's appeal.

Today, after all outstanding expenses, the Receivership Estate has $7,155,312.07 in its account, not counting the $4,668,530.48 in proceeds from the sale of Oxford Springs's property. That's $11,823,842.55 before any settlement or judgment in any of the Receivership Estate's biggest lawsuits. After two years of litigation, I'm pleased to have reached a proposed settlement with Butler Snow for $9,500,000.00, and I hope that this first big settlement leads to others.

It has taken a long time and a lot of work to recover enough money to make a meaningful distribution, and I thank victims for their patience. I look forward to finally making a distribution if the proposed settlement with Butler Snow is approved.

Meanwhile, the current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of October 23, 2020 | $6,677,045.76 |
| Interest | +$5,484.35 |
| Martin Murphree's voluntary repayments | +$1,600.00 |
| Wayne Kelly's tax refund proceeds | +$304,971.86 |
| Sale of interest—MASH Farms, LLC | +$258,500.00 |
| Bank fees | -$23.00 |
| Mississippi corporate tax | -$25.00 |
| CPA fees | -$5,888.75 |
| Counsel's fees and expenses** | -$86,353.15 |
| *current account balance* | **$7,155,312.07** |
| *plus proceeds from Oxford Springs sale* | $4,668,530.48 |
| | $11,823,842.55 |

14

| | |
|---|---|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866**<br>Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing*<br><br>*$9,500,000 settlement with Butler Snow pending* |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196**<br>Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| Martin Murphree's voluntary repayment of his debt to the Receivership Estate, nine installments of $800.00 each to date* | *holding $7,200* |
| **Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364**<br>Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Trustmark, et al., No. 3:19-cv-941**<br>Lawsuit to hold banks liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427**<br>Lawsuit to recover commissions from recruiters | *litigation against Randy Shell ongoing* |
| Settlement—Stuart Anderson | *promissory note in the original principal amount of $130,520 outstanding* |
| **Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679**<br>Lawsuit to recover commissions from recruiters | |
| Judgment—Bill McHenry | *$3,473,320 judgment outstanding* |
| Settlement—Mike Billings | ~~*received $325,000 plus 5% interest in Oxford Springs, LLC*~~<br><br>~~*received $187,500 in satisfaction of promissory note*~~<br><br>*duty to restate taxes, with 90% of any refunds to Receivership Estate* |

15

| | |
|---|---|
| Settlement—Wayne Kelly | ~~received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs~~ |
| | ~~received $100,000 in satisfaction of promissory note~~ |
| | *received $304,971.86 in proceeds from federal tax refund* |
| **Settlement—Brad Pugh** | *promissory note in the original principal amount of $183,002.66 outstanding* |
| **1/4 interest in Mash Farms, LLC**<br>808+ acres with hunting camp in Sunflower County<br>Purchased in 2014 for $1,600,000<br>Encumbered by Trustmark Bank mortgage<br>Owe approximately $900,000 | *received $258,500 in proceeds from sale of the Receivership Estate's interest* |
| **100% interest in Oxford Springs, LLC**<br>Undeveloped land in Lafayette County<br>Sold 2,278 acres; 100 acres remain<br>Unencumbered | *received $4,668,530.48 in proceeds from sale of 2,278 acres* |
| **~~1/6 interest in 707, LLC~~**<br>~~263+ acres recreational land in Holmes County~~<br>~~Purchased in 2009~~<br>~~Encumbered by First Commercial Bank mortgage~~<br>~~Owe approximately $368,000~~ | ~~*LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate*~~ |
| **~~1/3 interest in Delta Farm Land Investments, LLC~~**<br>~~1170+ acres farmland in Oktibbeha County~~<br>~~Purchased in 2014 for $2,796,100~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $2,200,000~~ | ~~*LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate*~~ |
| **~~1/2 interest in KAPA Breeze LLC~~**<br>~~1.5+/- acres mixed-use land on Highway 30A in Florida~~<br>~~Purchased in 2017 for approximately $1,900,000~~<br>~~Encumbered by Jefferson Bank mortgage~~<br>~~Owe approximately $1,365,000~~ | ~~*sold the Receivership Estate's interest for $700,000*~~ |

16

| | |
|---|---|
| **1/4 interest in Mallard Park, LLC** ~~1,723 acres with hunting lodge in Humphreys County~~ ~~Purchased in 2016 for $2,593,500~~ ~~Encumbered by Southern AgCredit mortgage~~ ~~Owe approximately $2,000,000~~ | *sold the Receivership Estate's interest for $175,000* |
| **Hartford Life and Annuity Insurance Co. policy** | *surrendered for $167,206.60* |
| **Lincoln National Life Insurance Co. policy** | *surrendered for $3,678.45* |
| **Settlement – Frank Zito** | *received $100,000, first installment* |
| | *received $100,000, second and final installment, June 12, 2019* |
| **Settlement – Ole Miss Athletics Foundation** | *received $155,084.50, first installment* |
| | *received $155,084.50, second and final installment, April 17, 2019* |
| **Marital Property Settlement – Vickie Lynn Adams** ~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~ | *received $58,247* |
| **Settlement – Adams children** | *received $170,000* |
| **Alexander Seawright – UPS's funds*** | *holding $100,000* |
| **2018 King Ranch Ford F150 truck** | *sold for $42,750* |
| **Condo in Calton Hill subdivision in Oxford, Mississippi** ~~Unencumbered~~ | *received $139,919.09 in proceeds from sale* |
| **Settlement – Philippi Freedom Ministries** | *received $16,125* |
| **Settlement – Rick Hughes Evangelistic Ministries** | *received $43,657.95* |

17

| | |
|---|---|
| **Jewelry** | *for sale* |
| **House at 134 Saint Andrews Drive, Jackson, Mississippi** <br> ~~Unencumbered~~ | *~~received $350,777.38~~* <br> *~~in proceeds from sale~~* |
| | *~~received $3,277.45~~* <br> *~~from sale of household goods~~* <br> *~~on consignment~~* |
| ~~**Settlement – Century Club Charities**~~ | *~~received $56,944~~* |
| ~~**Settlement – Berachah Church**~~ | *~~received $175,904~~* |
| ~~**Settlement – R.B. Thieme, Jr.**~~ | *~~received $104,626.50~~* |
| ~~**Settlement – Operation Grace World Missions**~~ | *~~received $39,325~~* |
| ~~**Returned proceeds – Techwood, LLC**~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

**Please see the Court's order dated December 1, 2020, and previously filed fee applications detailing the six months' work performed between April 2020 and September 2020, all available at madisontimberreceiver.com.