# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge<br>F. Keith Ball, Magistrate Judge |

## RECEIVER'S REPORT

**February 26, 2021**

　　　　　　　　　　　　　　　*/s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me Receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere, Lilli Bass, and Kristen Amond.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on December 31, 2020, and this report picks up where that report left off. It contains the following parts:

|  | *page* |
|---|---|
| Highlights | 3 |
| Criminal cases' status | 4 |
| Civil cases' status | 4 |
| Receiver's actions (past 60 days and next 60 days) | 9 |
| Summary of status of assets | 13 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims.

**Highlights**

These reports can be cumbersome and repetitive. I provide the following highlights for those who have neither the time nor desire to read this report in its entirety:

- In my last report, I announced a proposed settlement with Butler Snow for $9,500,000. The Court entered an order approving the settlement on February 25, 2021.

- The Court held a hearing on the settlement on February 23, 2021 and provided a phone line for the public, including victims, to listen-in. The vast majority of victims thus far have been unable to attend hearings in these proceedings. Numerous victims who took advantage of the opportunity to attend the February 23, 2021 hearing by phone asked me to tell the Court they appreciated it.

- By law, an objecting party has 30 days from February 25, 2021 to appeal the Court's order approving the settlement (until March 27, 2021). But if the 30 days expire without appeal, the settlement will become effective seven days later (on April 3, 2021), and Butler Snow will tender $9,500,000 to the Receivership Estate within ten days of the effective date (on or before April 13, 2021). That's a long way to say: I expect Butler Snow's payment on April 13, 2021.

- I intend to make a distribution as soon as possible after Butler Snow's payment, but a distribution will require the Court's approval. I will prepare a motion for distribution while I wait for Butler Snow's payment. Victims will have an opportunity to review and comment on that motion before any distribution.

- In addition to the Butler Snow settlement, on February 2, 2021, I reached a proposed settlement with Randy Shell and Shell Investments, LLC for the return of Madison Timber "commissions" that Shell received.

- On January 4, 2021, I filed an amended complaint against BankPlus that names BankPlus's insurers as defendants. BankPlus, Gee Gee Patridge, Jason Cowgill, and Mutual of Omaha all moved to dismiss the amended complaint. I filed an opposition to their motions on February 15, 2021.

- On February 25, 2021, I moved to compel The UPS Store, Inc. to produce documents demanded of it in the course of discovery as part of the lawsuit against notaries on whom Lamar Adams principally relied to notarize fake timber deeds.

- Finally, I continued to fight the bankruptcy discharge of Bill McHenry's $3,473,320 debt to the Receivership Estate.

**Criminal cases' status**

*United States v. Adams, No. 3:18-cr-88*

Lamar Adams is serving a 19.5-year sentence in federal prison.

*United States v. McHenry, No. 3:19-cr-20*

Bill McHenry was acquitted on December 5, 2019.

After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme. I am hopeful that criminal authorities are not finished with their work. Victims are right to expect that criminal authorities will pursue justice in this case.

**Civil cases' status**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

The Securities and Exchange Commission's case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Settlement—Butler Snow:* On January 11, 2021, I filed a motion that asked the Court to approve the proposed $9,500,000 settlement with Butler Snow. I recommended approval because the settlement will make a meaningful distribution possible; will dispose of Butler Snow's appeal, which has impeded progress in other cases; and might lead to settlements with other parties. The motion requested a public hearing at which interested parties could voice their objection, if any.

There were a handful of objections but mostly from other defendants (Baker Donelson, Alexander Seawright LLC, Brent Alexander, Jon Seawright, BankPlus, Mutual of Omaha, RiverHills Bank, and Jud Watkins). The lawyer John Hawkins objected on behalf of his clients, investors in Madison Timber who desire to separately sue Butler Snow for emotional distress. Those objections and my response are available at madisontimberreceiver.com.

The Court held a public hearing via Zoom and telephone on February 23, 2021, after which any objections to settlement were resolved or overruled. The Court entered an order approving settlement on February 25, 2021.[1] The order is available at madisontimberreceiver.com.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[2] McHenry has not paid the judgment. To avoid a judgment debtor examination, he filed a Chapter 7 petition for bankruptcy.[3] By filing his petition for bankruptcy, he triggered an automatic stay of litigation against him. The result is that I cannot collect the $3,473,320 judgment against McHenry while his bankruptcy proceedings are pending. I have participated in McHenry's bankruptcy proceedings in order to protect the Receivership Estate's interests. Since my last report, I have continued to litigate both a motion to enter judgment denying the discharge of McHenry's debt and a motion to hold McHenry in contempt (again). After a hearing on January 14, 2021, the bankruptcy judge directed my counsel to appear at McHenry's personal office on January 29, 2021 to collect previously undisclosed documents from him. After reviewing those documents, I re-urged the motions on February 24, 2021.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
*Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms

---

[1] Doc. 250, *Securities & Exchange Commission vs. Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[2] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).
[3] Doc. 1, *In re: William Byrd McHenry, Jr.,* No. 20-bk-268 (Bankr. S.D. Miss.).

5

and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

*Butler Snow:* On January 11, 2021, I filed a motion that asked the Court to approve a proposed $9,500,000 settlement with Butler Snow. After a public hearing on February 23, 2021, on February 25, 2021 the Court entered an order approving the settlement. By law, an objecting party has 30 days from February 25, 2021 to appeal that order. Related filings are available at madisontimberreceiver.com.

The settlement will dispose of Butler Snow's own appeal, still pending in the Fifth Circuit. As a result of that appeal, other of the Receivership Estate's lawsuits were officially or unofficially stayed.

*Baker Donelson:* Baker Donelson filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Alexander Seawright:* The Alexander Seawright defendants also filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[4] By filing his petition for bankruptcy, Seawright triggered an automatic stay of litigation against him. The result is that I cannot litigate the Receivership Estate's claims against Seawright while his bankruptcy proceedings are pending. I have participated in Seawright's bankruptcy proceedings in order to protect the Receivership Estate's interests. On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.[5] Seawright filed a motion to dismiss the adversary complaint on April 30, 2020, and I filed the Receivership Estate's response on May 28, 2020. Those filings are available at madisontimberreceiver.com.

---

[4] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-bk-3921 (Bankr. S.D. Miss.).

[5] Doc. 1, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss.).

6

*Alysson Mills v. BankPlus, et al.*, No. 3:19-cv-196

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate. On January 4, 2021, I filed an amended complaint that names BankPlus's insurers as defendants.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the amended complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; and Mutual of Omaha all moved to dismiss the amended complaint.  On February 15, 2021, I filed an opposition to their motions. The answers, motions, and related filings are available at madisontimberreceiver.com.

Meanwhile Murphree continues to do something no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him.  I have now received a total of eleven checks, each in the amount of $800.00, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

*Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

The parties are exchanging discovery which, as the Court observed, "in a case about notarization should not be overly complex."[6] The Court's scheduling order set a trial date of December 6, 2021.

On August 26, 2020, UPS filed a motion to dismiss the Receivership Estate's lawsuit against it. The motion is UPS's second motion to dismiss; the Court denied UPS's first motion to dismiss last year. In addition to its second motion to dismiss, UPS filed a motion to stay all proceedings in the case. I filed oppositions on October 7, 2020 and October 12, 2020. The motions and related filings are available at madisontimberreceiver.com.

On February 25, 2021, I moved to compel The UPS Store, Inc. to, among other things, produce documents demanded of it in the course of discovery.

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[7]

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank filed motions to dismiss, and Jud Watkins filed a motion to compel arbitration, and I opposed all. Those filings are available at madisontimberreceiver.com.

---

[6] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).
[7] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

8

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

On March 3, 2020, the Securities and Exchange Commission obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[8]

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions." Stu Anderson settled with the Receivership Estate.

On December 30, 2020, I filed a motion for summary judgment against Randy Shell and Shell Investments, LLC. After, I attended two settlement conferences before Magistrate Judge Keith F. Ball. On February 2, 2021, with Judge Ball's help, I reached a proposed settlement with Shell for the return of the $505,114 in Madison Timber "commissions" he received. The settlement is still being finalized.

**Receiver's actions (past 60 days and next 60 days)**

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

I have monitored and will continue to monitor Wayne Kelly's and Mike Billings's compliance with their settlement agreements.

I have fought and will continue to fight any bankruptcy discharge of Bill McHenry's $3,473,320 debt to the Receivership Estate on the basis, among others, that the debt flows from

---

[8] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

9

his false pretenses, false representations, and fraud. I await the bankruptcy judge's rulings on a motion to enter judgment denying the discharge of McHenry's debt and also a motion to hold McHenry in contempt (again).

> *Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
> *Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

I obtained approval of a $9,500,000 settlement with Butler Snow that will make a meaningful distribution possible; will dispose of Butler Snow's appeal, which has impeded progress in other cases; and might lead to settlements with other parties. If no one appeals the order of approval, I expect Butler Snow's payment on April 13, 2021 and will make preparations for a distribution in advance.

I have litigated and will continue to litigate while awaiting the Court's rulings on motions to dismiss filed by Baker Donelson and Alexander Seawright.

I also have fought and will continue to fight any bankruptcy discharge of Jon Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud. I await the Court's ruling on Seawright's motion to dismiss the adversary complaint I filed against him.

> *Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

I filed an amended complaint and opposed new motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha. I have litigated and will continue to litigate while awaiting the Court's rulings on those motions.

> *Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

I have litigated and will continue to litigate the Receivership Estate's claims against the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. I await the Court's rulings on new motions to dismiss filed by The UPS Store, Inc. and joined by other defendants. Meanwhile the parties currently are exchanging discovery and on February 25, 2021 I moved to compel The UPS Store, Inc. to produce documents demanded of it.

10

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

I await the Court's rulings on the motions to dismiss filed by Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank and the motion to compel arbitration filed by Jud Watkins.

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

I reached a proposed settlement with Randy Shell and Shell Investments, LLC. I will finalize that settlement agreement and separately monitor Stu Anderson's compliance with his settlement agreement.

*"Commissions," gifts, and proceeds*

I have accounted and will continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber.

*Records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

*LLCs of which Adams was a member*

Of the six active limited liability companies ("LLCs") of which Adams was a member, the Receivership Estate already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; Mallard Park, LLC; and MASH Farms, LLC.

11

That leaves only Oxford Springs, LLC, whose principal asset is undeveloped land in Lafayette County, Mississippi. The Receivership Estate owns a 100% interest in the LLC. After selling approximately 2,278 acres late last year, the LLC still owns 100 acres that I am trying to sell.

*Federal and state authorities*

I continue to confer with federal and state authorities, including the FBI, the Securities and Exchange Commission, the U.S. Attorney's Office, and the Mississippi Secretary of State's Office regarding matters bearing on the Receivership Estate.

*Investors*

I continue to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

Since my last report, investors should have received two letters from me: The first, dated January 11, 2021, explained the then-proposed settlement with Butler Snow. The second, dated February 19, 2021, enclosed information regarding each investor's investments and losses. Investors can expect to hear from me again as we prepare for a first distribution.

*Persons with knowledge*

I continue to speak to persons with first-hand knowledge of matters bearing on the Receivership Estate.

*Other third parties*

My colleagues and I continue to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants. I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it.

**Summary of status of assets**

As I have said from the beginning, my end goal is to make an equitable distribution to victims with the money I recover.

Today, after all outstanding expenses, the Receivership Estate has $7,161,270.60 in its account, not counting the $4,668,530.48 in proceeds from the sale of Oxford Springs's property, which I am holding separately pending a review of the sale's tax consequences. That's $11,829,801.08 before the $9,500,000 Butler Snow settlement.

It has taken a long time and a lot of work to recover enough money to make a meaningful distribution, and I thank victims for their patience. I look forward to making a first distribution as soon as possible after the anticipated payment of $9,500,000 by Butler Snow.

Meanwhile, the current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of December 31, 2021 | $7,155,312.07 |
| Interest | +$4,387.53 |
| Martin Murphree's voluntary repayments | +$1,600.00 |
| Bank fees | -$29.00 |
| *current account balance* | **$7,161,270.60** |
| *plus proceeds from Oxford Springs sale* | $4,668,530.48 |
| | **$11,829,801.08** |

| | |
|---|---|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866** <br> Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| Settlement—Butler Snow | *$9,500,000 settlement with Butler Snow approved; payment anticipated April 13, 2021* |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196** <br> Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |

13

| | |
|---|---|
| Martin Murphree's voluntary repayment of his debt to the Receivership Estate, eleven installments of $800.00 each to date* | *holding $8,800* |
| **Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364**<br>Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Trustmark, et al., No. 3:19-cv-941**<br>Lawsuit to hold banks liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427**<br>Lawsuit to recover commissions from recruiters | |
| Settlement—Stuart Anderson | *promissory note in the original principal amount of $130,520 outstanding* |
| Settlement—Randy Shell | *settlement in principle; pending finalization* |
| **Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679**<br>Lawsuit to recover commissions from recruiters | |
| Judgment—Bill McHenry | *$3,473,320 judgment outstanding* |
| Settlement—Mike Billings | ~~*received $325,000 plus 5% interest in Oxford Springs, LLC*~~<br><br>~~*received $187,500 in satisfaction of promissory note*~~<br><br>*duty to restate taxes, with 90% of any refunds to Receivership Estate* |

14

| | |
|---|---|
| Settlement—Wayne Kelly | ~~received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs~~ |
| | ~~received $100,000 in satisfaction of promissory note~~ |
| | ~~received $304,971.86 in proceeds from federal tax refund~~ |
| **Settlement—Brad Pugh** | *promissory note in the original principal amount of $183,002.66 outstanding* |
| **1/4 interest in Mash Farms, LLC**<br>~~808+ acres with hunting camp in Sunflower County~~<br>~~Purchased in 2014 for $1,600,000~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $900,000~~ | ~~received $258,500 in proceeds from sale of the Receivership Estate's interest~~ |
| **100% interest in Oxford Springs, LLC**<br>Undeveloped land in Lafayette County<br>Sold 2,278 acres; 100 acres remain<br>Unencumbered | ~~received $4,668,530.48 in proceeds from sale of 2,278 acres~~<br><br>*100 acres for sale* |
| **1/6 interest in 707, LLC**<br>~~263+ acres recreational land in Holmes County~~<br>~~Purchased in 2009~~<br>~~Encumbered by First Commercial Bank mortgage~~<br>~~Owe approximately $368,000~~ | ~~LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate~~ |
| **1/3 interest in Delta Farm Land Investments, LLC**<br>~~1170+ acres farmland in Oktibbeha County~~<br>~~Purchased in 2014 for $2,796,100~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $2,200,000~~ | ~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~ |
| **1/2 interest in KAPA Breeze LLC**<br>~~1.5+/- acres mixed-use land on Highway 30A in Florida~~<br>~~Purchased in 2017 for approximately $1,900,000~~<br>~~Encumbered by Jefferson Bank mortgage~~<br>~~Owe approximately $1,365,000~~ | ~~sold the Receivership Estate's interest for $700,000~~ |

| | |
|---|---|
| ~~**1/4 interest in Mallard Park, LLC**~~<br>~~1,723 acres with hunting lodge in Humphreys County~~<br>~~Purchased in 2016 for $2,593,500~~<br>~~Encumbered by Southern AgCredit mortgage~~<br>~~Owe approximately $2,000,000~~ | ~~*sold the Receivership Estate's interest for $175,000*~~ |
| ~~**Hartford Life and Annuity Insurance Co. policy**~~ | ~~*surrendered for $167,206.60*~~ |
| ~~**Lincoln National Life Insurance Co. policy**~~ | ~~*surrendered for $3,678.45*~~ |
| ~~**Settlement – Frank Zito**~~ | ~~*received $100,000, first installment*~~ |
| | ~~*received $100,000, second and final installment, June 12, 2019*~~ |
| ~~**Settlement – Ole Miss Athletics Foundation**~~ | ~~*received $155,084.50, first installment*~~ |
| | ~~*received $155,084.50, second and final installment, April 17, 2019*~~ |
| ~~**Marital Property Settlement – Vickie Lynn Adams**~~<br>~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~ | ~~*received $58,247*~~ |
| ~~**Settlement – Adams children**~~ | ~~*received $170,000*~~ |
| ~~**Alexander Seawright – UPS's funds***~~ | ~~*holding $100,000*~~ |
| ~~**2018 King Ranch Ford F150 truck**~~ | ~~*sold for $42,750*~~ |
| ~~**Condo in Calton Hill subdivision in Oxford, Mississippi**~~<br>~~Unencumbered~~ | ~~*received $139,919.09 in proceeds from sale*~~ |
| ~~**Settlement – Philippi Freedom Ministries**~~ | ~~*received $16,125*~~ |
| ~~**Settlement – Rick Hughes Evangelistic Ministries**~~ | ~~*received $43,657.95*~~ |

16

| | |
|---|---|
| **Jewelry** | *for sale* |
| ~~**House at 134 Saint Andrews Drive, Jackson, Mississippi**~~ ~~Unencumbered~~ | *~~received $350,777.38~~* *~~in proceeds from sale~~* |
| | *~~received $3,277.45~~* *~~from sale of household goods~~* *~~on consignment~~* |
| ~~**Settlement – Century Club Charities**~~ | *~~received $56,944~~* |
| ~~**Settlement – Berachah Church**~~ | *~~received $175,904~~* |
| ~~**Settlement – R.B. Thieme, Jr.**~~ | *~~received $104,626.50~~* |
| ~~**Settlement – Operation Grace World Missions**~~ | *~~received $39,325~~* |
| ~~**Returned proceeds – Techwood, LLC**~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

17