**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>       **Plaintiffs,**<br><br>   **v.**<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>     **Defendants.** | **No: 3:18-cv-252**<br><br>**Carlton W. Reeves, District Judge**<br>**F. Keith Ball, Magistrate Judge** |

**RECEIVER'S REPORT**

**April 27, 2021**

_____/s/ Alysson Mills_____

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and*
*Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere, Lilli Bass, and Kristen Amond.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on February 26, 2021, and this report picks up where that report left off.  It contains the following parts:

|  | *page* |
|---|---|
| Highlights | 3 |
| Criminal cases' status | 4 |
| Civil cases' status | 4 |
| Receiver's actions (past 60 days and next 60 days) | 11 |
| Summary of status of assets | 15 |

As always, my reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims.

**Highlights**

These reports can be cumbersome and repetitive.  I provide highlights for those who have neither the time nor desire to read this report in its entirety.

The biggest highlight to report: On April 19, 2021, I filed a motion to approve a first distribution.  It proposes to make $17,500,000 available to Madison Timber's victims. **I have mailed a copy to Madison Timber's victims and encourage them to read it closely.**  For persons reading this report online, the motion also can be accessed here.  Key takeaways:

- The motion proposes that this first distribution prioritize restoring each investor's principal.  In other words, the Receivership Estate first would repay any principal still due to any investor under any promissory note, minus any interest the investor may have received under any promissory note. I call these losses "Priority 1" losses.

- The motion asks to distribute $17,000,000 to investors with Priority 1 losses, on a pro rata basis.  This first distribution would pay back 36% of all Priority 1 losses.

- The motion asks to set aside $500,000 for the benefit of investors who do not qualify for a first distribution but who establish a financial hardship based on objective measures including their age and income.  Qualified hardship investors would be eligible for a non-recourse equitable advance as funds allow.

- The motion asks to exclude from the first distribution and equitable advance any investors who the Receivership Estate has sued or settled with.  (There are only four such investors.)

- The motion asks that, instead of giving the Alexander Seawright Timber Fund its share of any distribution, I give it directly to the Alexander Seawright Timber Fund's 33 investors.  Brent Alexander and Jon Seawright, through counsel, advise that they consent and agree to assist.

- The Court will hold a public hearing on the motion on May 17, 2021, at 9:00 a.m. I will post a Zoom link and dial-in information on madisontimberreceiver.com in advance of the hearing.

Other highlights include:

- On March 1, 2021, the Court entered orders denying several motions to dismiss, filed in three different lawsuits, by Jon Seawright; The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store, Austin Elsen, Tammie Elsen, Courtney Herring, Diane

3

Lofton, and Chandler Westover; Rawlings & MacInnis, PA, Tammy Vinson, and Jeannie Chisholm; Trustmark National Bank; Bennie Butts; RiverHills Bank; and Southern Bancorp Bank.

- On March 26, 2021, the bankruptcy judge entered summary judgment against Bill McHenry, refusing him bankruptcy discharge of his $3,473,320 debt to the Receivership Estate.

- On April 12, 2021, the Court held a hearing on a motion to sell the last 100 acres of undeveloped land in Lafayette County, Mississippi, formerly owned by Oxford Springs, LLC and now owned solely by the Receivership Estate.  The Court approved the sale, which is for $540,000.  An order is forthcoming.

**Criminal cases' status**

*United States v. Adams, No. 3:18-cr-88*

Lamar Adams is serving a 19.5-year sentence in federal prison.

*United States v. McHenry, No. 3:19-cr-20*

Bill McHenry was acquitted on December 5, 2019.

After Adams, McHenry is the only person to have been charged in connection with the Madison Timber Ponzi scheme.  I am hopeful that criminal authorities are not finished with their work.  Victims are right to expect that criminal authorities will pursue justice in this case.

**Civil cases' status**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

The Securities and Exchange Commission's case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Sale—the last 100 acres in Lafayette County, Mississippi:* On March 12, 2021, I moved the Court for permission to sell for $540,000 the last 100 acres of undeveloped land in Lafayette County, Mississippi, formerly owned by Oxford Springs, LLC, and now owned solely by the

4

Receivership Estate.  Gary Property Management, an adjacent property owner, objected to the sale and asserts a claim against the sale proceeds.

The Court approved the sale notwithstanding Gary Property Management's objection following a hearing on April 12, 2021. An order is forthcoming. Gary Property Management's claim against the sale proceeds nevertheless must be resolved.

The motion, Gary Property Management's objection, my response to it, and the Court's order are all available at madisontimberreceiver.com.

*Motion to approve first distribution:* On April 19, 2021, I filed a motion that, if granted, will make $17,500,000 available to Madison Timber's victims.

The motion proposes that this first distribution prioritize restoring each investor's principal. In other words, the Receivership Estate first would repay any principal still due to any investor under any promissory note, minus any interest the investor may have received under any promissory note. I call these losses "Priority 1" losses.

The motion asks to distribute $17,000,000 to investors with Priority 1 losses, on a pro rata basis.  This first distribution would pay back 36% of all Priority 1 losses.

The motion asks to set aside $500,000 for the benefit of investors who do not qualify for a first distribution but who establish a financial hardship based on objective measures including their age and income. Qualified hardship investors would be eligible for a non-recourse equitable advance as funds allow.

The motion asks to exclude any investors who the Receivership Estate has sued or settled with.  (There are only four such investors.)

The motion asks that, instead of giving the Alexander Seawright Timber Fund its share of any distribution, I give it directly to the Alexander Seawright Timber Fund's 33 investors.  Brent Alexander and Jon Seawright, through counsel, advise that they consent and agree to assist.

The Court will hold a public hearing on the motion on May 17, 2021, at 9:00 a.m. I will post a Zoom link and dial-in information on the website madisontimberreceiver.com in advance of the hearing.

*Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
*Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[1] McHenry has not paid the judgment. To avoid a judgment debtor examination, he filed a Chapter 7 petition for bankruptcy.[2] By filing his petition for bankruptcy, he triggered an automatic stay of litigation against him. The result is that I cannot collect the $3,473,320 judgment against McHenry while his bankruptcy proceedings are pending.

I have participated in McHenry's bankruptcy proceedings in order to protect the Receivership Estate's interests. On March 26, 2021, the bankruptcy judge granted a motion for summary judgment that I filed against McHenry. The result is McHenry is not entitled to a bankruptcy discharge of his $3,473,320 debt to the Receivership Estate. McHenry moved for reconsideration on March 31, 2021, and hearing was held on April 26, 2021.

*Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
*Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

*Butler Snow:* On February 25, 2021 the Court entered an order approving a $9.5 million settlement with Butler Snow. Because no objector appealed that order, the settlement is final. The

---

[1] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).

[2] Doc. 1, *In re: William Byrd McHenry, Jr.,* No. 20-bk-268 (Bankr. S.D. Miss.).

settlement proceeds form a large part of the proposed $17,500,000 first distribution to Madison Timber's victims.

*Baker Donelson:* Baker Donelson filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Alexander Seawright:* The Alexander Seawright defendants also filed a motion to dismiss the amended complaint on December 20, 2019, and I filed the Receivership Estate's response on January 10, 2020. Those filings are available at madisontimberreceiver.com.

*Jon Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.[3] By filing his petition for bankruptcy, Seawright triggered an automatic stay of litigation against him. The result is that I cannot litigate the Receivership Estate's claims against Seawright while his bankruptcy proceedings are pending.

I have participated in Seawright's bankruptcy proceedings in order to protect the Receivership Estate's interests. On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.[4] Seawright filed a motion to dismiss the adversary complaint, which I opposed. On March 1, 2021, the Court entered an order denying Seawright's motion.[5] Those filings are available at madisontimberreceiver.com. A scheduling conference is set for May 14, 2021.

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto

---

[3] Doc. 1, *In re: Jon Darrell Seawright,* No. 19-bk-3921 (Bankr. S.D. Miss.).

[4] Doc. 1, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss.).

[5] Doc. 18, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss.).

DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. None of the defendants has settled with the Receivership Estate. On January 4, 2021, I filed an amended complaint that names BankPlus's insurers as defendants.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the amended complaint. BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; and Mutual of Omaha all moved to dismiss the amended complaint. I filed an opposition to their motions on February 15, 2021.

BankPlus's insurers also moved to dismiss the amended complaint. I filed an opposition to that motion on March 19, 2021.

All answers, motions, and related filings are available at madisontimberreceiver.com.

Meanwhile Murphree continues to do something no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him. I have now received a total of thirteen checks, each in the amount of $800.00, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. None of the defendants has settled with the Receivership Estate.

A jury trial is set for April 4, 2022. The parties currently are exchanging discovery which, as the Court observed, "in a case about notarization should not be overly complex."[6] On February

---

[6] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

25, 2021, I moved to compel The UPS Store, Inc. to, among other things, produce documents that I have demanded of it in the course of discovery.  That motion is pending.

On August 26, 2020, UPS filed a second motion to dismiss the Receivership Estate's lawsuit against it, which I opposed.  On March 1, 2021, the Court entered an order denying UPS's second motion to dismiss.[7]

On March 29, 2021, UPS moved to certify for interlocutory appeal the Court's order denying UPS's second motion to dismiss.  Herring Ventures, LLC d/b/a The UPS Store, Austin Elsen, Tammie Elsen, Courtney Herring, Diane Lofton, and Chandler Westover; and Rawlings & MacInnis, PA, Tammy Vinson, and Jeannie Chisholm all joined the motion to certify.  Absent extraordinary circumstances, a defendant such as UPS has no right to appeal an order denying a motion to dismiss.  I filed an opposition to the motion to certify on April 12, 2021.

All motions and related filings are available at madisontimberreceiver.com.

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[8]

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

---

[7] Doc. 169, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).
[8] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

Trustmark National Bank, Bennie Butts, Southern Bancorp Bank, and RiverHills Bank all filed motions to dismiss, which I opposed. On March 1, 2021, the Court entered an order denying the motions.[9]

On March 17, 2021, Trustmark moved to certify for interlocutory appeal the Court's order denying its motion to dismiss. Bennie Butts, Southern Bancorp Bank, and RiverHills Bank joined Trustmark's motion to certify. Absent extraordinary circumstances, a defendant such as Trustmark has no right to appeal an order denying a motion to dismiss. I opposed the motion to certify on March 31, 2021.

All motions and related filings are available at madisontimberreceiver.com.

A scheduling conference is set for May 14, 2021.

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

On March 3, 2020, the Securities and Exchange Commission obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[10]

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions." The defendants have all settled with the Receivership Estate.

---

[9] Doc. 67, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[10] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

**Receiver's actions (past 60 days and next 60 days)**

> *Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679*
> *Related: In re William B. McHenry, Jr., No. 20-bk-268; No. 20-ap-22*

I have monitored and will continue to monitor Wayne Kelly's and Mike Billings's compliance with their settlement agreements.

I have fought and will continue to fight any bankruptcy discharge of Bill McHenry's $3,473,320 debt to the Receivership Estate on the basis, among others, that the debt flows from his false pretenses, false representations, and fraud. I await the bankruptcy judge's ruling on McHenry's motion to reconsider the bankruptcy judge's determination that McHenry is not entitled to a bankruptcy discharge of his $3,473,320 debt to the Receivership Estate.

> *Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866*
> *Related: In re Jon Darrell Seawright, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232*

Because no objector appealed the order approving $9.5 million settlement with Butler Snow, the settlement is final, and Butler Snow's appeal, which was stayed but nevertheless remains pending in the Fifth Circuit, will be dismissed. I have prepared to make a first distribution to Madison Timber's victims with proceeds from the settlement.

I have litigated and will continue to litigate while awaiting the Court's rulings on motions to dismiss filed by Baker Donelson and Alexander Seawright.

I also have fought and will continue to fight any bankruptcy discharge of Jon Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud. The Court denied Seawright's motion to dismiss the adversary complaint I filed against him on March 1, 2021. A scheduling conference is set for May 14, 2021.

11

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

I opposed new motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Jason Cowgill; and Mutual of Omaha. I have litigated and will continue to litigate while awaiting the Court's rulings on those motions.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

I have litigated and will continue to litigate the Receivership Estate's claims against the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds. I opposed a motion filed by The UPS Store, Inc., and joined by other defendants, which asked to certify for appeal the Court's denial of The UPS Store, Inc.'s second motion to dismiss.

The parties continue to exchange discovery, and I await the Court's ruling on a motion to compel The UPS Store, Inc. to produce documents that I have demanded of it.

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

I have litigated and will continue to litigate the Receivership Estate's claims against the financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme. I opposed a motion filed by Trustmark National Bank, and joined by other defendants, which asked to certify for appeal the Court's denial of their motions to dismiss. A scheduling conference is set for May 14, 2021.

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

I have monitored and will continue to monitor Stu Anderson's and Randy Shell's compliance with their settlement agreements.

*"Commissions," gifts, and proceeds*

I have accounted and will continue to account for "commissions" paid by Adams, Madison Timber, or Wayne Kelly to individuals in exchange for their assistance in recruiting new investors to the Madison Timber Ponzi scheme and to account for gifts that Adams or Kelly made with proceeds from Madison Timber.

*Records*

To date I have reviewed records from Wayne Kelly, Mike Billings, Alexander Seawright, Brent Alexander, Jon Seawright, First Bank of Clarksdale, Southern Bancorp, River Hills Bank, Community Bank, Jefferson Bank, Trustmark Bank, BankPlus, Southern AgCredit, Adams's and Madison Timber's accounting firm, Butler Snow, Rawlings & MacInnis, Madison Trust Company (no relation to Madison Timber), Pinnacle Trust, and The UPS Store. I continue to request and review additional records as necessary to assess the Receivership Estate's rights against third parties that had professional relationships with Adams or Madison Timber.

*LLCs of which Adams was a member*

Of the six active limited liability companies ("LLCs") of which Adams was a member, the Receivership Estate already resolved its interests in 707, LLC; Delta Farm Land Investments, LLC; KAPA Breeze, LLC; Mallard Park, LLC; and MASH Farms, LLC.

That leaves only Oxford Springs, LLC, whose principal asset is undeveloped land in Lafayette County, Mississippi. The Receivership Estate owns a 100% interest in the LLC.  After selling approximately 2,278 acres late last year, the LLC still owned 100 acres.

 On March 12, 2021, I moved the Court for permission to sell the last 100 acres for $540,000. Gary Property Management, an adjacent property owner, objected to the sale and asserts a claim against the sale proceeds. The Court approved the sale notwithstanding Gary Property Management's objection following a hearing on April 12, 2021. An order is forthcoming. Gary Property Management's claim against the sale proceeds nevertheless must be resolved.

*Federal and state authorities*

I continue to confer with federal and state authorities, including the FBI, the Securities and Exchange Commission, the U.S. Attorney's Office, and the Mississippi Secretary of State's Office regarding matters bearing on the Receivership Estate.

*Investors*

I continue to communicate with investors in Madison Timber via phone, letter, email, and in-person meetings. I speak to investors almost daily. Investors provide information that is useful to my investigation and, in turn, I hope that I demystify the receivership process for them.

Investors already received two letters from me this year: The first, dated January 11, 2021, explained the then-proposed settlement with Butler Snow. The second, dated February 19, 2021, enclosed information regarding each investor's investments and losses.

I prepared a third letter, which explains my proposed first distribution, on April 19, 2021, the same day that I filed my motion to approve a first distribution. I finally mailed the letter on April 26, 2021, the same day that the Court signed an order setting a hearing for May 17, 2021.

*Persons with knowledge*

I continue to speak to persons with first-hand knowledge of matters bearing on the Receivership Estate.

*Other third parties*

My colleagues and I continue to research legal claims against third parties as new facts are discovered. I do not publish our assessments here because to do so would be to telegraph our legal strategies to future defendants. I intend to file additional lawsuits against third parties that contributed to the debts of Madison Timber, and therefore to the debts of the Receivership Estate, so long as new information justifies it. I have obtained tolling agreements from known third parties as necessary to protect the Receivership Estate's rights.

### Summary of status of assets

As I have said from the beginning, my end goal is to make an equitable distribution to victims with the money I recover.  Today the Receivership Estate has $11,916,450.58 in its account before the $9,500,000 Butler Snow settlement.

It has taken a long time and a lot of work to recover enough money to make a meaningful distribution, and I thank victims for their patience.  I look forward to making a first distribution as soon as possible.

Meanwhile, the current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of February 26, 2021 | $7,161,270.60 |
| Interest | +$2,344.06 |
| Martin Murphree's voluntary repayments | +$1,600.00 |
| Oxford Springs, LLC—proceeds from sale of 2,278 acres | +$4,668,530.48 |
| Oxford Springs, LLC—additional proceeds from dissolution | +78,473.31 |
| Community Bank—proceeds from closed accounts | +$4,286.13 |
| Mississippi Department of Revenue—2020 tax return extension | -$25.00 |
| Bank fees | -$29.00 |
| | **$11,916,450.58** |

| | |
|---|---:|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866** | *litigation ongoing* |
| Lawsuit to hold law firms liable for debts of the Receivership Estate | |
| | |
| Settlement—Butler Snow | *$9,500,000 settlement with Butler Snow finalized* |
| | |
| | |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196** | *litigation ongoing* |
| Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | |
| | |
| Martin Murphree's voluntary repayment of his debt to the Receivership Estate, thirteen installments of $800.00 each to date* | *holding $10,400* |

15

**Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364**                    *litigation ongoing*
Lawsuit to hold notaries liable for debts of the Receivership
Estate

**Alysson Mills v. Trustmark, et al., No. 3:19-cv-941**                    *litigation ongoing*
Lawsuit to hold banks liable for debts of the Receivership Estate

**Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427**
Lawsuit to recover commissions from recruiters

Settlement—Stuart Anderson                    *promissory note in the original principal*
                                                                    *amount of $130,520 outstanding*

Settlement—Randy Shell                    *promissory note in the original principal*
                                                            *amount of $505,114 outstanding*

**Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679**
Lawsuit to recover commissions from recruiters

Judgment—Bill McHenry                    *$3,473,320 judgment outstanding*

Settlement—Mike Billings                    ~~*received $325,000*~~
                                                            ~~*plus 5% interest in Oxford Springs, LLC*~~

                                                            ~~*received $187,500 in satisfaction*~~
                                                            ~~*of promissory note*~~

                                                            *duty to restate taxes,*
                                                            *with 90% of any refunds to*
                                                            *Receivership Estate*

Settlement—Wayne Kelly                    ~~*received $1,384,435.17*~~
                                                            ~~*plus interests in 707, 315 Iona,*~~
                                                            ~~*and KAPA Breeze, LLCs*~~

                                                            ~~*received $100,000 in satisfaction of*~~
                                                            ~~*promissory note*~~

                                                            ~~*received $304,971.86 in proceeds*~~
                                                            ~~*from federal tax refund*~~

**Settlement—Brad Pugh**

*promissory note in the original principal amount of $183,002.66 outstanding*

~~**1/4 interest in Mash Farms, LLC**~~
~~808± acres with hunting camp in Sunflower County~~
~~Purchased in 2014 for $1,600,000~~
~~Encumbered by Trustmark Bank mortgage~~
~~Owe approximately $900,000~~

*~~received $258,500 in proceeds from sale of the Receivership Estate's interest~~*

**100% interest in Oxford Springs, LLC**
Undeveloped land in Lafayette County
Sold 2,278 acres; 100 acres remain
Unencumbered

*~~received $4,668,530.48 in proceeds from sale of 2,278 acres~~*

*awaiting order approving sale of 100 acres for $540,000*

~~**1/6 interest in 707, LLC**~~
~~263± acres recreational land in Holmes County~~
~~Purchased in 2009~~
~~Encumbered by First Commercial Bank mortgage~~
~~Owe approximately $368,000~~

*~~LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate~~*

~~**1/3 interest in Delta Farm Land Investments, LLC**~~
~~1170± acres farmland in Oktibbeha County~~
~~Purchased in 2014 for $2,796,100~~
~~Encumbered by Trustmark Bank mortgage~~
~~Owe approximately $2,200,000~~

*~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~*

~~**1/2 interest in KAPA Breeze LLC**~~
~~1.5± acres mixed-use land on Highway 30A in Florida~~
~~Purchased in 2017 for approximately $1,900,000~~
~~Encumbered by Jefferson Bank mortgage~~
~~Owe approximately $1,365,000~~

*~~sold the Receivership Estate's interest for $700,000~~*

~~**1/4 interest in Mallard Park, LLC**~~
~~1,723 acres with hunting lodge in Humphreys County~~
~~Purchased in 2016 for $2,593,500~~
~~Encumbered by Southern AgCredit mortgage~~
~~Owe approximately $2,000,000~~

*~~sold the Receivership Estate's interest for $175,000~~*

~~**Hartford Life and Annuity Insurance Co. policy**~~

*~~surrendered for $167,206.60~~*

17

| | |
|---|---|
| **Lincoln National Life Insurance Co. policy** | *surrendered for $3,678.45* |
| **Settlement—Frank Zito** | *received $100,000, first installment* |
| | *received $100,000, second and final installment, June 12, 2019* |
| **Settlement—Ole Miss Athletics Foundation** | *received $155,084.50, first installment* |
| | *received $155,084.50, second and final installment, April 17, 2019* |
| **Marital Property Settlement—Vickie Lynn Adam**s Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy | *received $58,247* |
| **Settlement—Adams children** | *received $170,000* |
| **Alexander Seawright—UPS's funds\*** | *holding $100,000* |
| **2018 King Ranch Ford F150 truck** | *sold for $42,750* |
| **Condo in Calton Hill subdivision in Oxford, Mississippi** Unencumbered | *received $139,919.09 in proceeds from sale* |
| **Settlement—Philippi Freedom Ministries** | *received $16,125* |
| **Settlement—Rick Hughes Evangelistic Ministries** | *received $43,657.95* |
| **Jewelry** | *for sale* |
| **House at 134 Saint Andrews Drive, Jackson, Mississippi** Unencumbered | *received $350,777.38 in proceeds from sale* |
| | *received $3,277.45 from sale of household goods on consignment* |

| | |
|---|---|
| ~~**Settlement – Century Club Charities**~~ | *~~received $56,944~~* |
| ~~**Settlement – Berachah Church**~~ | *~~received $175,904~~* |
| ~~**Settlement – R.B. Thieme, Jr.**~~ | *~~received $104,626.50~~* |
| ~~**Settlement – Operation Grace World Missions**~~ | *~~received $39,325~~* |
| ~~**Returned proceeds – Techwood, LLC**~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

19