# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge<br>F. Keith Ball, Magistrate Judge |

## RECEIVER'S REPORT

### June 30, 2021

*/s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available for distributions to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere, Lilli Bass, and Kristen Amond.

The Court instructed me to file a report of my progress every 60 days. I filed my last report on April 27, 2021, and this report picks up where that report left off. It contains the following parts:

|  | *page* |
|---|---|
| Highlights | 3 |
| Criminal cases' status | 5 |
| Civil cases' status | 5 |
| Next 60 days | 11 |
| Recommendation | 12 |
| Summary of status of assets | 13 |

My reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. All of the filings mentioned in my reports are available at madisontimberreceiver.com.

**Highlights**

The biggest highlight to report: On May 17, 2021, following a public hearing, the Court approved a $17,500,000 distribution to Madison Timber's victims. The distribution is the Receivership Estate's first. Thank you to victims for their input and patience, and thank you to the Court for a prompt hearing and decision. Key takeaways:

- The distribution makes $17,000,000 available to victims who have what I call "Priority 1" losses. It sets aside $500,000 for "equitable advances" to victims who do not have a Priority 1 loss but who establish a financial hardship.

- Victims who have a Priority 1 loss should have already received a check representing their share of the $17,000,000 distribution. The checks were sent via U.S.P.S. Priority Mail the week of May 24, 2021.

- Victims who do not have a Priority 1 loss should have received a letter from me explaining how to apply for an equitable advance. The letters were mailed the week of May 24, 2021. Following an initial 45-day application period, I will make equitable advances to qualified applicants as funds allow, on a rolling basis.

- Victims who invested in Madison Timber through the Alexander Seawright Timber Fund also should have received a letter from me, also mailed the week of May 24, 2021. The letter advises that I have set aside an amount equal to two-times Alexander Seawright Timber Fund's proposed distribution pending a complete accounting.

Also notable: On May 20, 2021, the U.S. Attorney's Office announced the criminal indictment of Brent Alexander and Jon Seawright. The indictment charges them with one count of conspiracy to commit securities fraud and wire fraud; one count of securities fraud; and four counts of wire fraud involving a scheme to defraud investors. Alexander and Seawright, a lobbyist and shareholder, respectively, of the Baker Donelson law firm, sold investments in the Alexander Seawright Timber Fund, which in turn invested solely in Madison Timber. Relatedly:

- On May 28, 2021, Baker Donelson asked the Court to reconsider the denial of its motion to dismiss claims against in the Receivership Estate's lawsuit. In its motion, Baker Donelson argues it is not liable for the acts of Alexander and Seawright.

- On June 9, 2021, Alexander and Seawright, joined by Baker Donelson, moved to stay the Receivership Estate's lawsuit pending the resolution of Alexander and Seawright's criminal proceedings.

- On June 18, 2021, Baker Donelson finally answered the complaint which initiated the Receivership Estate's lawsuit.

- A criminal trial of Alexander and Seawright has been set for January 18, 2022.

In other lawsuits:

On May 20, 2021, the Court refused to certify for appeal its order denying the motions to dismiss filed by Trustmark National Bank and joined by Bennie Butts, RiverHills Bank, and Southern Bancorp Bank.

On June 11, 2021, the Court held a hearing on the motions to dismiss filed by BankPlus; Gee Gee Patridge, Vice President and Chief Operating Officer of BankPlus; Jason Cowgill; Mutual of Omaha; and BankPlus's insurers.

On June 18, 2021, UPS issued subpoenas to at least 32 victims of Madison Timber. I believe the subpoenas are overbroad and heavy-handed. I have asked the Court for protective relief in various motions that I have filed over the past two weeks, including motions for a protective order, to quash the subpoenas or otherwise limit their scope, and to seal or redact victims' names and identifying information from any documents filed in the Court's record. **I will attempt to communicate the outcome of these motions to the affected victims. In the meantime, please visit madisontimberreceiver.com for more information.**

Finally:

On June 16, 2021, I closed the sale of the last 100 acres of undeveloped land in Lafayette County, Mississippi, formerly owned by Oxford Springs, LLC, for $540,000. After three years, the Receivership Estate has now sold or otherwise resolved its interests in any property or real estate. Its remaining assets are its lawsuits, and I will continue to report their progress here.

**Criminal cases' status**

*United States v. Adams, No. 3:18-cr-88*

Lamar Adams is serving a 19.5-year sentence in federal prison.

*United States v. McHenry, No. 3:19-cr-20*

Bill McHenry was acquitted on December 5, 2019.

*United States v. Alexander, et al., No. 3:20-cr-31*

On May 20, 2021, the U.S. Attorney's Office announced the criminal indictment of Brent Alexander and Jon Seawright for their role in the Madison Timber Ponzi scheme. The indictment charges them with one count of conspiracy to commit securities fraud and wire fraud; one count of securities fraud; and four counts of wire fraud involving a scheme to defraud investors.

A criminal trial has been set for January 18, 2022.

**Civil cases' status**

*Securities & Exchange Commission v. Adams, et al., No. 3:18-cv-252*

The Securities and Exchange Commission's case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Motion to approve first distribution:* On May 17, 2021, following a public hearing, the Court approved a $17,500,000 distribution to Madison Timber's victims.[1] The distribution is the Receivership Estate's first.

*Motion for attorney's fees:* On June 2, 2021, following the settlement of claims against Butler Snow in the separate civil action *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866, my

---

[1] Doc. 282, *Securities and Exchange Commission v. Arthur Lamar Adams, et al..*, No. 3:18-cv-252 (S.D. Miss.).

counsel moved the Court for a contingency fee and costs as contemplated by the Court's Order Regarding Fee Arrangement dated May 17, 2019.[2]

> *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679
> Related: *In re William B. McHenry, Jr.*, No. 20-bk-268; No. 20-ap-22

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber. Wayne Kelly and Mike Billings settled with the Receivership Estate.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[3] McHenry has not paid the judgment. To avoid a judgment debtor examination, he filed a Chapter 7 petition for bankruptcy. After more than a year of litigation, the bankruptcy judge entered a final judgment denying McHenry bankruptcy discharge.[4] McHenry moved for reconsideration and clarification, but both motions were denied.[5] The bankruptcy court issued a formal "Notice of Order Denying Discharge" on April 28, 2021.[6]

> *Alysson Mills v. Butler Snow, et al.*, No. 3:18-cv-866
> Related: *In re Jon Darrell Seawright*, No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

Butler Snow already settled with the Receivership Estate.

---

[2] Doc. 154, *Securities and Exchange Commission v. Arthur Lamar Adams, et al..*, No. 3:18-cv-252 (S.D. Miss.).

[3] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).

[4] Doc. 54, *In re: William Byrd McHenry, Jr.*, No. 20-ap-22 (Bankr. S.D. Miss.).

[5] Doc. 65, *In re: William Byrd McHenry, Jr.*, No. 20-ap-22 (Bankr. S.D. Miss.); Doc. 170, *In re: William Byrd McHenry, Jr.*, No. 20-bk-268 (Bankr. S.D. Miss.).

[6] Doc. 167, *In re: William Byrd McHenry, Jr.*, No. 20-bk-268 (Bankr. S.D. Miss.).

*Baker Donelson, Alexander, and Seawright:* On May 5, 2021, the Court entered an order denying motions to dismiss filed by Baker Donelson, Alexander, and Seawright.[7]

On May 20, 2021, the U.S. Attorney's Office announced the criminal indictment of Alexander and Seawright.

On May 28, 2021, Baker Donelson asked the Court to reconsider the denial of its motion to dismiss, arguing primarily that it cannot be held liable for the acts of Alexander and Seawright. I opposed that motion.

On June 9, 2021, Alexander and Seawright, joined by Baker Donelson, moved to stay the Receivership Estate's lawsuit pending the resolution of Alexander and Seawright's criminal proceedings. A criminal trial has been set for January 18, 2022.

On June 18, 2021, Baker Donelson finally answered the amended complaint.

*Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019. By filing his petition for bankruptcy, Seawright triggered an automatic stay of litigation against him. The result is that I cannot litigate the Receivership Estate's claims against Seawright while his bankruptcy proceedings are pending.

I have participated in Seawright's bankruptcy proceedings in order to protect the Receivership Estate's interests. On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud. Seawright moved to dismiss the adversary complaint, and on March 1, 2021, the Court entered an order denying that motion.[8]

*Alysson Mills v. BankPlus, et al., No. 3:19-cv-196*

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc.,

---

[7] Doc. 70, *Alysson Mills v. Butler Snow, et al.*, No. 3:18-cv-866 (S.D. Miss.).
[8] Doc. 18, *Alysson Mills v. Jon Darrell Seawright,* No. 20-ap-11 (Bankr. S.D. Miss.).

filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. On January 4, 2021, I filed an amended complaint that names BankPlus's insurers as defendants.

None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, filed answers to the amended complaint.

BankPlus; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Cowgill, a former manager of BankPlus's Southaven, Mississippi branch; Mutual of Omaha; and BankPlus's insurers all moved to dismiss the amended complaint. The Court held a hearing on those motions on June 11, 2021.

Meanwhile Murphree continues to do something no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him. I have now received a total of fifteen checks, each in the amount of $800.00, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

*Alysson Mills v. The UPS Store, Inc., et al., No. 3:19-cv-364*

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds.

None of the defendants has settled with the Receivership Estate. A jury trial has been set for April 4, 2022.

All of the defendants moved to dismiss the complaint not once but twice, and on both occasions the Court denied their motions, most recently on March 1, 2021.[9]

On March 29, 2021, the defendants moved to certify for interlocutory appeal the Court's order denying their second motion to dismiss. Absent extraordinary circumstances, a defendant has no right to appeal an order denying a motion to dismiss. I have opposed the motion to certify for interlocutory appeal.

The parties currently are exchanging discovery which, as the Court observed, "in a case about notarization should not be overly complex."[10]

On February 25, 2021, I moved to compel The UPS Store, Inc. to, among other things, produce documents relating to its franchisor-franchisee relationship with Herring Ventures, LLC d/b/a The UPS Store (also called The UPS Store Madison). That motion is pending.

On June 18, 2021, The UPS Store, Inc. issued subpoenas to at least 32 victims of Madison Timber. I believe the subpoenas are overbroad and heavy-handed. I have asked the Court for protective relief in various motions that I have filed over the past two weeks, including motions for a protective order, to quash the subpoenas or otherwise limit their scope, and to seal or redact victims' names and identifying information from any documents filed in the Court's record. **I will attempt to communicate the outcome of these motions to the affected victims. In the meantime, please visit madisontimberreceiver.com for more information.**

*Securities & Exchange Commission v. Kelly, et al., No. 3:19-cv-585*

On August 27, 2019, the Securities and Exchange Commission obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[11]

---

[9] Docs. 49, 169, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

[10] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

[11] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

9

*Alysson Mills v. Trustmark, et al., No. 3:19-cv-941*

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

None of the defendants has settled with the Receivership Estate.  A jury trial has been set for October 17, 2022.

All of the defendants moved to dismiss the complaint, and on March 1, 2021, the Court entered an order denying their motions.[12]

On March 17, 2021, the defendants moved to certify for interlocutory appeal the Court's order denying their motion to dismiss.  Absent extraordinary circumstances, a defendant has no right to appeal an order denying a motion to dismiss.  I opposed the motion to certify for interlocutory appeal.  On May 20, 2021, the Court denied the motion.[13]

The parties are now exchanging discovery.

*Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50*

On March 3, 2020, the Securities and Exchange Commission obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[14]

*Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427*

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant

---

[12] Doc. 67, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[13] Doc. 94, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[14] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

10

received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions." The defendants have all settled with the Receivership Estate.

**Next 60 days**

June 22, 2021 was the Receivership Estate's three-year anniversary. After three years, we have sold or otherwise resolved the Receivership Estate's interests in any property or real estate. We have recovered "commissions" and gifts made with proceeds from Madison Timber. We also have accounted for Madison Timber's victims' losses and made a first and meaningful distribution. I am proud of this progress but we still have a lot of work to do.

Going forward I will continue to administer the business of the Receivership Estate, but my focus will be primarily on its remaining lawsuits.

Over the next 60 days, I will continue to push each of those lawsuits. We will respond to motions, file motions as circumstances require, and exchange discovery. I am eager to address the subpoenas that The UPS Store, Inc. served on Madison Timber's victims; I have asked the Court for relief and look forward to a ruling.

Over the next 60 days, I will make equitable advances to qualified applicants.

Over the next 60 days, I will continue to seek information that will allow me to conduct a complete accounting of the Alexander Seawright Timber Fund.

I will continue to monitor settling defendants' compliance with their settlement agreements and attempt to execute on the judgment against Bill McHenry.

I will continue to review new records as they become available and file new lawsuits against third parties if new information warrants it. I have obtained tolling agreements from known third parties as necessary to protect the Receivership Estate's rights.

I will continue to confer with federal and state authorities as circumstances require.

11

I will continue to communicate with Madison Timber's victims. They may continue to call, email, or write me anytime.

**Recommendation**

Because I have wound up most of the Receivership Estate's business and going forward will focus primarily on its lawsuits, I recommend that the Court amend its order of appointment to provide that I report to the Court, and file any fee applications, at a minimum every quarter (approximately every 90 days, as opposed to every 60 days).

Quarterly reports will reduce the Court's and the Receivership Estate's time and expense. Quarterly reports ought to be sufficient to apprise readers of the Receivership Estate's lawsuits' progress—but if events warrant it, I may always file a report before it is due. I will continue to update my website and post there, among other things, any meaningful filings in any of the Receivership Estate's lawsuits.

If the Court agrees, I propose it enter an order as follows:

> The Court has received the Receiver's most recent report and accepts the recommendation that going forward she report to the Court, and file any fee applications, at a minimum every quarter (approximately every 90 days, as opposed to every 60 days).
>
> The Court amends it previous Order, Docket No. 38, which provided that the Receiver "report[] to the Court at a minimum every 60 days." Going forward, the Receiver shall report to the Court every quarter (approximately every 90 days).
>
> Further, the Court amends its previous Order, Docket No. 43, which provided that fee applications "shall be due within 30 days after the end of every 60-day period while the Receivership is in effect." Going forward, fee applications shall be due every quarter (approximately every 90 days).
>
> The Receiver's next report and fee application shall be due September 30, 2021. After that, December 31, 2021; March 31, 2022; June 30, 2022, and so forth.
>
> The Court's Order of Appointment and any amendments to it shall in all other respects remain the same.

**Summary of status of assets**

My goal is to pay amounts still due to Madison Timber's victims under the 485 promissory notes that they hold. The $17,500,000 first distribution is a meaningful first step but we still have a long way to go.

The current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of April 27, 2021 | $11,916,450.58 |
| Interest | +$3,518.67 |
| Martin Murphree's voluntary repayments | +$1,600.00 |
| Oxford Springs, LLC—proceeds from sale of 100 acres | +$539,193.90 |
| Oxford Springs, LLC—additional proceeds | +$664.50 |
| Butler Snow—proceeds from settlement** | +$6,000,000.00 |
| Receiver's counsel's fees and reimbursed costs*** | -$82,285.57 |
| Bank fees | -$81.00 |
| Distribution—$17,000,000 to victims with Priority 1 losses**** | -$17,000,000.00 |
| | **$1,379,861.08** |

| | |
|---|---:|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866**<br>Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| ~~Settlement – Butler Snow~~ | *~~received $9,500,000~~* |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196**<br>Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| Martin Murphree's voluntary repayment of his debt to the Receivership Estate, fifteen installments of $800.00 each to date* | *holding $12,000* |

| | |
|---|---|
| **Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364**<br>Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Trustmark, et al., No. 3:19-cv-941**<br>Lawsuit to hold banks liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427**<br>Lawsuit to recover commissions from recruiters | |
| Settlement—Stuart Anderson | *promissory note in the original principal amount of $130,520 outstanding* |
| Settlement—Randy Shell | *promissory note in the original principal amount of $505,114 outstanding* |
| **Alysson Mills v. Michael D. Billings, et al., No. 3:18-cv-679**<br>Lawsuit to recover commissions from recruiters | |
| Judgment—Bill McHenry | *$3,473,320 judgment outstanding* |
| Settlement—Mike Billings | ~~*received $325,000 plus 5% interest in Oxford Springs, LLC*~~ |
| | ~~*received $187,500 in satisfaction of promissory note*~~ |
| | *duty to restate taxes, with 90% of any refunds to Receivership Estate* |
| Settlement—Wayne Kelly | ~~*received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs*~~ |
| | ~~*received $100,000 in satisfaction of promissory note*~~ |
| | ~~*received $304,971.86 in proceeds from federal tax refund*~~ |

14

**Settlement—Brad Pugh**  *promissory note in the original principal amount of $183,002.66 outstanding*

~~**1/4 interest in Mash Farms, LLC**~~  *~~received $258,500 in proceeds~~*
~~808+ acres with hunting camp in Sunflower County~~  *~~from sale of the Receivership Estate's~~*
~~Purchased in 2014 for $1,600,000~~  *~~interest~~*
~~Encumbered by Trustmark Bank mortgage~~
~~Owe approximately $900,000~~

~~**100% interest in Oxford Springs, LLC**~~  *~~received $4,668,530.48 in proceeds~~*
~~Undeveloped land in Lafayette County~~  *~~from sale of 2,278 acres~~*
~~Sold 2,278 acres; 100 acres remain~~
~~Unencumbered~~  *~~received $539,193.90 in proceeds~~*
  *~~from sale of 100 acres~~*

~~**1/6 interest in 707, LLC**~~  *~~LLC sold principal asset and dissolved;~~*
~~263+ acres recreational land in Holmes County~~  *~~tendered $6,994.09 representing~~*
~~Purchased in 2009~~  *~~Adams's, Kelly's, and McHenry's~~*
~~Encumbered by First Commercial Bank mortgage~~  *~~interests to the Receivership Estate~~*
~~Owe approximately $368,000~~

~~**1/3 interest in Delta Farm Land Investments, LLC**~~  *~~LLC sold principal asset and dissolved;~~*
~~1170+ acres farmland in Oktibbeha County~~  *~~tendered $323,440.88 representing~~*
~~Purchased in 2014 for $2,796,100~~  *~~Adams's interest to the Receivership Estate~~*
~~Encumbered by Trustmark Bank mortgage~~
~~Owe approximately $2,200,000~~

~~**1/2 interest in KAPA Breeze LLC**~~  *~~sold the Receivership Estate's~~*
~~1.5+/- acres mixed-use land on Highway 30A in Florida~~  *~~interest for $700,000~~*
~~Purchased in 2017 for approximately $1,900,000~~
~~Encumbered by Jefferson Bank mortgage~~
~~Owe approximately $1,365,000~~

~~**1/4 interest in Mallard Park, LLC**~~  *~~sold the Receivership Estate's~~*
~~1,723 acres with hunting lodge in Humphreys County~~  *~~interest for $175,000~~*
~~Purchased in 2016 for $2,593,500~~
~~Encumbered by Southern AgCredit mortgage~~
~~Owe approximately $2,000,000~~

~~**Hartford Life and Annuity Insurance Co. policy**~~  *~~surrendered for $167,206.60~~*

~~**Lincoln National Life Insurance Co. policy**~~  *~~surrendered for $3,678.45~~*

15

| | |
|---|---|
| **~~Settlement – Frank Zito~~** | *~~received $100,000, first installment~~* |
| | *~~received $100,000, second and final installment, June 12, 2019~~* |
| **~~Settlement – Ole Miss Athletics Foundation~~** | *~~received $155,084.50, first installment~~* |
| | *~~received $155,084.50, second and final installment, April 17, 2019~~* |
| **~~Marital Property Settlement – Vickie Lynn Adams~~** ~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~ | *~~received $58,247~~* |
| **~~Settlement – Adams children~~** | *~~received $170,000~~* |
| **~~Alexander Seawright – UPS's funds*~~** | *~~holding $100,000~~* |
| **~~2018 King Ranch Ford F150 truck~~** | *~~sold for $42,750~~* |
| **~~Condo in Calton Hill subdivision in Oxford, Mississippi~~** ~~Unencumbered~~ | *~~received $139,919.09 in proceeds from sale~~* |
| **~~Settlement – Philippi Freedom Ministries~~** | *~~received $16,125~~* |
| **~~Settlement – Rick Hughes Evangelistic Ministries~~** | *~~received $43,657.95~~* |
| **Jewelry** | *for sale* |
| **~~House at 134 Saint Andrews Drive, Jackson, Mississippi~~** ~~Unencumbered~~ | *~~received $350,777.38 in proceeds from sale~~* |
| | *~~received $3,277.45 from sale of household goods on consignment~~* |

16

| | |
|---|---|
| ~~**Settlement – Century Club Charities**~~ | ~~*received $56,944*~~ |
| ~~**Settlement – Berachah Church**~~ | ~~*received $175,904*~~ |
| ~~**Settlement – R.B. Thieme, Jr.**~~ | ~~*received $104,626.50*~~ |
| ~~**Settlement – Operation Grace World Missions**~~ | ~~*received $39,325*~~ |
| ~~**Returned proceeds – Techwood, LLC**~~ | ~~*received $309,000*~~ |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

\*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

\*\* Fishman Haygood is holding the remaining $3,500,000 in trust pending resolution of its motion for attorney's fees and costs. That motion, filed June 2, 2021, seeks a contingency fee of $3,083,467.50 and costs in the amount of $24,392.14 pursuant to the Court's "Order Regarding Fee Arrangement" dated May 17, 2019, both available at madisontimberreceiver.com.

\*\*\* Please see the Court's order dated May 17, 2021, and previously filed fee applications detailing the six months' work performed between October 2020 and March 2021, all available at madisontimberreceiver.com.

\*\*\*\* In the next 60 days I intend to make equitable advances with the $500,000 set aside for that purpose. Currently the $500,000 is in the Receivership Estate's money market account, where it continues to earn interest. I moved the $17,000,000 for victims with Priority 1 losses to an institutional checking account.