**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,**<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge<br>F. Keith Ball, Magistrate Judge |

**RECEIVER'S REPORT**

**September 30, 2021**

          */s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and
Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere, Lilli Bass, and Kristen Amond.  Earlier this year, we distributed more than $17 million to victims, but we still have a long way to go.

The Court's order of appointment instructed me to report to the Court every 60 days, but recently the Court authorized me to report quarterly, or approximately every 90 days, instead.

I filed my last report on June 30, 2021, and this report picks up where that report left off. It contains the following parts:

|  | *page* |
|---|---|
| Highlights | 3 |
| Criminal cases' status | 6 |
| Civil cases' status | 6 |
| Next 90 days | 13 |
| Summary of status of assets | 14 |

My reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. All of the filings mentioned in my reports are available at madisontimberreceiver.com.

**Highlights**

I previously reported that, after three years, the Receivership Estate has sold or otherwise resolved its interests in any property or real estate belonging to Adams or Madison Timber. Going forward I will focus primarily on its lawsuits and, with the Court's permission, file reports quarterly, or approximately every 90 days.

Highlights from the past 90 days include:

**July 9, 2021 equitable advance:**

The Court authorized me to set aside $500,000 of the proposed $17,500,000 first distribution for victims who do not have a Priority 1 loss but who establish a financial hardship. Following an initial 45-day application period, on July 9, 2021 I made equitable advances to qualified applications totaling $71,914.61 (substantially less than the $500,000 set aside). As of September 17, 2021, every check issued to every recipient of a May 17, 2021 distribution or a July 9, 2021 equitable advance had cleared.

**Bill McHenry:**

After the bankruptcy court finally denied McHenry's petition for bankruptcy, I obtained writs of garnishment for his known bank accounts and a writ of execution authorizing me to seize and sell his known property. In addition, I asked the Court for permission to examine him in open court regarding his assets. That examination will be before Magistrate Judge F. Keith Ball at 9:00 a.m. on November 18, 2021, and anyone who wishes may attend.

Separately, on August 26, 2021, the S.E.C. announced charges against McHenry for unlawfully selling unregistered securities.

**BankPlus:**

On July 8, 2021, the Court denied BankPlus's motion to dismiss the Receivership Estate's case against it. BankPlus moved for reconsideration, which of course I opposed.

In the same case, Martin Murphree and I attended a settlement conference led by Judge Ball on September 21, 2021. We reached a settlement in principle but as of the date of this report have not finalized it. I will report any proposed settlement at madisontimberreceiver.com.

3

**Progress of cases generally:**

The Court has now denied or otherwise resolved every motion to dismiss filed by every defendant in the Receivership Estate's four biggest cases. The cases ought to proceed to discovery and, finally, trial. The Baker Donelson case necessarily is stayed pending the criminal trial of Brent Alexander and Jon Seawright, but the UPS and Trustmark cases already have trial dates and the BankPlus case will soon.

I have opposed the unnecessary delay of trial in any case. Delay is not in the Receivership Estate's interests (among other reasons, many victims are elderly) and there is no just reason for delay (for instance, the UPS case, which is solely about notaries, is straightforward). I have taken certain measures to make discovery in all cases more efficient (for instance, I established a virtual data room for all parties) but nevertheless I anticipate that defendants will seek continuances or stays.

On August 10, 2021, The UPS Store, Inc., whose trial currently is set for April 4, 2022, filed a motion to consolidate all the Receivership Estate's cases and stay them pending the resolution of Alexander and Seawright's criminal proceedings. I do not oppose consolidation for certain purposes, if it makes discovery more efficient, but what The UPS Store, Inc. seeks is indefinite delay.

Judge Ball will decide The UPS Store, Inc.'s motion to consolidate. In the meantime, the Receivership Estate's cases are, effectively, paused.

**Victims' privacy:**

I previously reported that The UPS Store, Inc. issued subpoenas to at least 32 victims of Madison Timber. I believe the subpoenas are overbroad and heavy-handed, but my primary concern is that defendants do not intend to treat victims' personal information as confidential.

I have asked the Court for protective relief in various motions currently pending before Judge Ball. Among these, the S.E.C. and I jointly moved for a protective order that would require any parties to identify victims by numbers instead of names. The U.S. Attorney's Office separately has asked that the Court redact victims' names from any unsealed documents.

4

I will attempt to communicate the outcome of these motions to victims.  In the meantime, please check madisontimberreceiver.com for updates.

**Alexander Seawright:**

On September 2, 2021, the Commodity Futures Trading Commission announced a registration action against Brent Alexander that seeks to suspend his registration as a commodity trading advisor based on the criminal indictment against him.

I told victims who invested in Madison Timber through the Alexander Seawright Timber Fund that I set aside an amount equal to two-times Alexander Seawright Timber Fund's proposed distribution pending a complete accounting.  I thank these victims for their patience; a lot has happened since I last communicated with them in May.  I assure them that, notwithstanding the pending criminal proceedings, I have obtained information regarding their investments from Alexander and Seawright's counsel, and a complete accounting is underway.

**Criminal cases' status**

### *United States v. Adams,* **No. 3:18-cr-88**

Lamar Adams is serving a 19.5-year sentence in federal prison.

On July 13, 2021, The UPS Store, Inc. filed a motion to unseal documents used at Adams's sentencing hearing. In its response, filed August 11, 2021, the Government argued "the Court should not unseal the documents in question unless the victim's names, victim's identifiers, and other sensitive personal information have been redacted."[1] The motion is pending; related filings are available at madisontimberreceiver.com.

### *United States v. McHenry,* **No. 3:19-cr-20**

Bill McHenry was acquitted on December 5, 2019.

### *United States v. Alexander, et al.,* **No. 3:20-cr-31**

On May 20, 2021, the U.S. Attorney's Office announced the criminal indictment of Brent Alexander and Jon Seawright for their role in the Madison Timber Ponzi scheme. The indictment charges them with one count of conspiracy to commit securities fraud and wire fraud; one count of securities fraud; and four counts of wire fraud involving a scheme to defraud investors.

A criminal trial is set for January 18, 2022.

**Civil cases' status**

### *Securities & Exchange Commission v. Adams, et al.,* **No. 3:18-cv-252**

The S.E.C.'s case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

---

[1] Doc. 55, *United States v. Arthur Lamar Adams*, No. 3:18-cr-88 (S.D. Miss.).

*Joint Motion for Protective Order:* On June 30, 2021, the S.E.C. and I jointly moved for a protective order that would require any parties in any of the Receivership Estate's cases to identify victims by numbers instead of names.[2] The motion is pending; related filings are available at madisontimberreceiver.com.

### *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679
### Related: *In re William B. McHenry, Jr.,* No. 20-bk-268; No. 20-ap-22

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber.

Wayne Kelly and Mike Billings settled with the Receivership Estate. Among other things, their settlement agreements required them to restate their income tax returns for the years in question, with proceeds of any refund to go to the Receivership Estate. Kelly previously tendered to the Receivership Estate $304,971.86, following the restatement of his 2018 taxes, and on August 18, 2021, he tendered an additional $32,105.02, following the restatement of his 2017 taxes. After some initial reluctance, Billings now represents that he is working on doing the same.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[3] McHenry has not paid the judgment. To avoid a judgment debtor examination, he filed a Chapter 7 petition for bankruptcy, but ultimately the bankruptcy court denied the discharge of his debts.[4]

On July 30, 2021, I caused writs of garnishment to be issued to McHenry's known banks: First Commercial Bank, Guaranty Bank and Trust Company, Magnolia Credit Union, and First Bank and Trust.[5]

---

[2] Doc. 290, *Securities and Exchange Commission v. Arthur Lamar Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[3] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).
[4] Doc. 54, *In re: William Byrd McHenry, Jr.,* No. 20-ap-22 (Bankr. S.D. Miss.).
[5] Docs. 73, 74, 75, 76, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).

On August 19, 2021, I moved for a writ of execution authorizing me to seize and sell known property of McHenry, with proceeds going to the Receivership Estate.[6] The Court granted that motion on September 23, 2021.[7]

Also on August 19, 2021, I moved to conduct a judgment debtor exam of McHenry.[8] The Court granted that motion on September 17, 2021.[9] Per the Court's order, the judgment debtor exam will be held in **open court** at **9:00 a.m.** on **November 18, 2021**:

> The Judgment Debtor, William B. McHenry ("Judgment Debtor"), is hereby ORDERED to appear in open Court at the United States District Court for the Southern District of Mississippi, Jackson Division, 501 E. Court Street, Jackson, MS, 39201, in Courtroom 5D (Jackson) before Magistrate Judge F. Keith Ball on November 28, 2021 at 9:00 a.m. to be examined under oath ….[10]

Anyone who wishes may attend.

***Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866**
***Related: In re Jon Darrell Seawright,* No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232**

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

Butler Snow already settled with the Receivership Estate for $9,500,000.

*Baker Donelson, Alexander, and Seawright:* The Court denied the defendants' motions to dismiss the amended complaint on May 5, 2021.[11] On May 28, 2021, Baker Donelson moved for

---

[6] Doc. 82, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[7] Doc. 94, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[8] Doc. 84, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[9] Doc. 92, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[10] Doc. 92, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[11] Doc. 70, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss.).

8

reconsideration, which of course I opposed. That motion is pending; related filings are available at madisontimberreceiver.com.

On June 9, 2021, the defendants moved to stay the Receivership Estate's lawsuit against them pending the resolution of Alexander and Seawright's criminal proceedings, and on June 30, 2021, the Court granted that motion. A criminal trial is set for January 18, 2022.

*Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019. On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud. The Court denied Seawright's motion to dismiss the adversary complaint on March 1, 2021,[12] but on July 6, 2021, it stayed further proceedings pending the resolution of Alexander and Seawright's criminal proceedings.

### *Alysson Mills v. BankPlus, et al.,* No. 3:19-cv-196

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. On January 4, 2021, I filed an amended complaint that names BankPlus's insurers as defendants.

None of the defendants has settled with the Receivership Estate.

Murphree and Stewart Patridge, former agents of BankPlus and Mutual of Omaha, answered the amended complaint. All other defendants moved to dismiss. On July 8, 2021, the Court granted Mutual of Omaha's motion but denied every other defendants', including BankPlus's, motion.[13]

---

[12] Doc. 18, *In re Jon Darrell Seawright,* No. 20-cv-232 (S.D. Miss.).

[13] Doc. 123, *Alysson Mills v. BankPlus, et al.,* No. 3:19-cv-196 (S.D. Miss.).

On August 9, 2021, BankPlus moved for reconsideration, which of course I opposed. That motion is pending; related filings, however, are not available at madisontimberreceiver.com because BankPlus asked that they be filed under seal.

On September 21, 2021, Murphree and I, along with our respective counsel, attended a settlement conference with Magistrate Judge F. Keith Ball. We reached a settlement in principle but as of the date of this report have not finalized it. I will report any proposed settlement at madisontimberreceiver.com. In the meantime, Murphree continues to do something that no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of any claims against him. As of this filing, I have received a total of 18 checks, each in the amount of $800, which I am holding solely as an offset to Murphree's monetary liability for the Receivership Estate's claims against him.

### *Alysson Mills v. The UPS Store, Inc., et al.,* No. 3:19-cv-364

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds.

None of the defendants has settled with the Receivership Estate.

The defendants moved to dismiss the complaint not once but twice, and on both occasions the Court denied their motions, most recently on March 1, 2021.[14] On March 29, 2021, the defendants moved to certify the Court's order for interlocutory appeal, which of course I opposed. The motion is pending; related filings are available at madisontimberreceiver.com.

A jury trial currently is set for April 4, 2022, and the parties are exchanging discovery which, as the Court observed, "in a case about notarization should not be overly complex."[15] On September 7, 2021, the Court granted in part my motion to compel The UPS Store, Inc. to, among

---

[14] Docs. 49, 169, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

[15] Doc. 49, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

other things, produce documents relating to its franchisor-franchisee relationship with Herring Ventures, LLC d/b/a The UPS Store (also called The UPS Store Madison).[16]

On June 18, 2021, The UPS Store, Inc. issued subpoenas to at least 32 victims of Madison Timber. I believe the subpoenas are overbroad and heavy-handed. I have asked the Court for protective relief in various motions, including motions for a protective order, to quash the subpoenas or otherwise limit their scope, and to seal or redact victims' names and identifying information from any documents filed in the Court's record. Those motions are still pending. I will attempt to communicate the outcome of these motions to the affected victims. In the meantime, please check madisontimberreceiver.com for updates.

On August 5, 2021, Rawlings & MacInnis filed a motion to stay the UPS case, or alternatively continue certain discovery deadlines, in which it contended that it has requested, and been denied, the opportunity to review timber deeds currently in the FBI's possession. I opposed that motion on the ground, among others, that Rawlings & MacInnis already has an electronic copy of Madison Timber's files, which the FBI seized. By agreement the parties extended certain discovery deadlines pending the motion's resolution. The motion itself is pending; related filings are available at madisontimberreceiver.com.

On August 10, 2021, The UPS Store, Inc. filed a motion to consolidate all the Receivership Estate's cases and stay them pending the resolution of Brent Alexander and Jon Seawright's criminal proceedings. I do not oppose consolidation for certain purposes, if it makes discovery more efficient, but what The UPS Store, Inc. seeks is indefinite delay. The motion is pending; related filings are available at madisontimberreceiver.com.

### *Securities & Exchange Commission v. Kelly, et al.*, No. 3:19-cv-585

On August 27, 2019, the S.E.C. obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in

---

[16] Doc. 293, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[17]

### *Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

None of the defendants has settled with the Receivership Estate.

The Court denied the defendants' motions to dismiss on March 1, 2021.[18]  On March 17, 2021, the defendants moved to certify the Court's order for interlocutory appeal, which of course I opposed.  The Court denied that motion on May 20, 2021.[19]

Jud Watkins moved to compel arbitration, which I initially opposed.  But rather than litigate the issue (which risked a time-consuming appeal), on August 23, 2021, I moved to voluntarily dismiss Watkins from the lawsuit without prejudice to my rights to pursue the same claims against him in an arbitral forum.  The Court granted that motion on September 9, 2021.

A jury trial currently is set for October 17, 2022, and the parties are exchanging discovery.

### *Securities & Exchange Commission v. Billings, et al.*, No. 3:20-cv-50

On March 3, 2020, the S.E.C. obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in

---

[17] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).
[18] Doc. 67, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).
[19] Doc. 94, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[20]

### *Alysson Mills v. Stuart Anderson, et al.,* No. 3:20-cv-427

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions." The defendants have all settled with the Receivership Estate.

### *Securities & Exchange Commission v. McHenry, et al.,* No. 3:21-cv-554

On August 26, 2021, the S.E.C. announced charges against Bill McHenry for unlawfully selling unregistered securities. The complaint, which is available at madisontimberreceiver.com, seeks a judgment declaring that McHenry violated federal securities laws, permanently enjoining him from further violating federal securities laws, and ordering him to pay civil penalties.

**Next 90 days**

Over the next 90 days, I will continue to push each of the Receivership Estate's lawsuits. We will respond to motions, file motions as circumstances require, and exchange discovery. I am still eager to address the subpoenas that The UPS Store, Inc. served on Madison Timber's victims; I have asked the Court for relief and await a ruling.

I will complete the accounting of the Alexander Seawright Timber Fund and make recommendations as to how to distribute among its victims its share of the May 17, 2021 distribution.

I will continue to monitor settling defendants' compliance with their settlement agreements

---

[20] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

and attempt to execute on the judgment against Bill McHenry. I encourage McHenry's victims to attend the judgment debtor exam that we will conduct in open court on November 18, 2021 at 9:00 a.m.

I will continue to review new records as they become available and file new lawsuits against third parties if new information warrants it. I have obtained tolling agreements from known third parties as necessary to protect the Receivership Estate's rights.

I will continue to confer with federal and state authorities as circumstances require.

I will continue to communicate with Madison Timber's victims. They may continue to call, email, or write me anytime.

**Summary of status of assets**

My goal is to pay amounts still due to Madison Timber's victims under the 485 promissory notes that they hold. The $17,500,000 first distribution earlier this year was a meaningful first step but we still have a long way to go.

The current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of June 30, 2021 | $1,379,861.08 |
| Interest | +$378.94 |
| Martin Murphree's voluntary repayments | +$2,400.00 |
| Wayne Kelly's additional tax refunds proceeds | +$32,105.02 |
| Butler Snow—additional proceeds from settlement** | +$392,140.36 |
| Bank fees | -$35.00 |
| Equitable advance to qualified applicants*** | -$73,914.61 |
| | **$1,732,935.79** |

| | |
|---|---|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866**<br>Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| ~~Settlement—Butler Snow~~ | *~~received $9,500,000~~* |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196**<br>Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| Martin Murphree's voluntary repayment of his debt to the Receivership Estate, 18 installments of $800.00 each to date* | *holding $14,400* |
| **Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364**<br>Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Trustmark, et al., No. 3:19-cv-941**<br>Lawsuit to hold banks liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427**<br>Lawsuit to recover commissions from recruiters | |
| Settlement—Stuart Anderson | *promissory note in the original principal amount of $130,520 outstanding* |
| Settlement—Randy Shell | *promissory note in the original principal amount of $505,114 outstanding* |
| **Alysson Mills v. Michael Billings, et al., No. 3:18-cv-679**<br>Lawsuit to recover commissions from recruiters | |
| Judgment—Bill McHenry | *$3,473,320 judgment outstanding* |

| | |
|---|---|
| Settlement—Mike Billings | ~~*received $325,000 plus 5% interest in Oxford Springs, LLC*~~ |
| | ~~*received $187,500 in satisfaction of promissory note*~~ |
| | *duty to restate taxes, with 90% of any refunds to Receivership Estate* |
| Settlement—Wayne Kelly | ~~*received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs*~~ |
| | ~~*received $100,000 in satisfaction of promissory note*~~ |
| | ~~*received $304,971.86 in proceeds from federal tax refund*~~ |
| | *received additional $32,105.02 in proceeds from federal tax refund* |
| **Settlement—Brad Pugh** | *promissory note in the original principal amount of $183,002.66 outstanding* |
| **1/4 interest in Mash Farms, LLC**<br>~~808+ acres with hunting camp in Sunflower County~~<br>~~Purchased in 2014 for $1,600,000~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $900,000~~ | ~~*received $258,500 in proceeds from sale of the Receivership Estate's interest*~~ |
| **100% interest in Oxford Springs, LLC**<br>~~Undeveloped land in Lafayette County~~<br>~~Sold 2,278 acres; 100 acres remain~~<br>~~Unencumbered~~ | ~~*received $4,668,530.48 in proceeds from sale of 2,278 acres*~~<br><br>~~*received $539,193.90 in proceeds from sale of 100 acres*~~ |

| | |
|---|---|
| ~~**1/6 interest in 707, LLC**~~ ~~263+ acres recreational land in Holmes County~~ ~~Purchased in 2009~~ ~~Encumbered by First Commercial Bank mortgage~~ ~~Owe approximately $368,000~~ | *~~LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate~~* |
| ~~**1/3 interest in Delta Farm Land Investments, LLC**~~ ~~1170+ acres farmland in Oktibbeha County~~ ~~Purchased in 2014 for $2,796,100~~ ~~Encumbered by Trustmark Bank mortgage~~ ~~Owe approximately $2,200,000~~ | *~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~* |
| ~~**1/2 interest in KAPA Breeze LLC**~~ ~~1.5+/- acres mixed-use land on Highway 30A in Florida~~ ~~Purchased in 2017 for approximately $1,900,000~~ ~~Encumbered by Jefferson Bank mortgage~~ ~~Owe approximately $1,365,000~~ | *~~sold the Receivership Estate's interest for $700,000~~* |
| ~~**1/4 interest in Mallard Park, LLC**~~ ~~1,723 acres with hunting lodge in Humphreys County~~ ~~Purchased in 2016 for $2,593,500~~ ~~Encumbered by Southern AgCredit mortgage~~ ~~Owe approximately $2,000,000~~ | *~~sold the Receivership Estate's interest for $175,000~~* |
| ~~**Hartford Life and Annuity Insurance Co. policy**~~ | *~~surrendered for $167,206.60~~* |
| ~~**Lincoln National Life Insurance Co. policy**~~ | *~~surrendered for $3,678.45~~* |
| ~~**Settlement—Frank Zito**~~ | *~~received $100,000, first installment~~* |
| | *~~received $100,000, second and final installment, June 12, 2019~~* |
| ~~**Settlement—Ole Miss Athletics Foundation**~~ | *~~received $155,084.50, first installment~~* |
| | *~~received $155,084.50, second and final installment, April 17, 2019~~* |

 

| | |
|---|---|
| ~~**Marital Property Settlement—Vickie Lynn Adams**~~ ~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~ | ~~*received $58,247*~~ |
| ~~**Settlement—Adams children**~~ | ~~*received $170,000*~~ |
| ~~**Alexander Seawright—UPS's funds***~~ | ~~*holding $100,000*~~ |
| ~~**2018 King Ranch Ford F150 truck**~~ | ~~*sold for $42,750*~~ |
| ~~**Condo in Calton Hill subdivision in Oxford, Mississippi**~~ ~~Unencumbered~~ | ~~*received $139,919.09 in proceeds from sale*~~ |
| ~~**Settlement—Philippi Freedom Ministries**~~ | ~~*received $16,125*~~ |
| ~~**Settlement—Rick Hughes Evangelistic Ministries**~~ | ~~*received $43,657.95*~~ |
| **Jewelry** | *for sale* |
| ~~**House at 134 Saint Andrews Drive, Jackson, Mississippi**~~ ~~Unencumbered~~ | ~~*received $350,777.38 in proceeds from sale*~~ |
| | ~~*received $3,277.45 from sale of household goods on consignment*~~ |
| ~~**Settlement—Century Club Charities**~~ | ~~*received $56,944*~~ |
| ~~**Settlement—Berachah Church**~~ | ~~*received $175,904*~~ |
| ~~**Settlement—R.B. Thieme, Jr.**~~ | ~~*received $104,626.50*~~ |
| ~~**Settlement—Operation Grace World Missions**~~ | ~~*received $39,325*~~ |
| ~~**Returned proceeds—Techwood, LLC**~~ | ~~*received $309,000*~~ |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

** In my last report, I advised that, of the $9,500,000 paid by Butler Snow, Fishman Haygood transferred $6,000,000 to the Receivership Estate and held $3,500,000 in trust pending resolution of its motion for attorney's fees and costs, filed June 2, 2021 and granted July 2, 2021. After attorney's fees and costs were paid, $392,104.36 remained.

*** I set aside $500,000 for equitable advances, but I continued to hold it in the Receivership Estate's money market account, where it earned interest.

Ultimately, I only needed $71,914.61 for the July 9, 2021 equitable advances. I moved a total of $73,914.61 ($71,914.61 plus an additional $2,000 to cover bank fees and any adjustments) to the same institutional checking account I used for the May 17, 2021 distributions.

As of September 17, 2021, every check issued to every recipient of a May 17, 2021 distribution or a July 9, 2021 equitable advance had cleared. The remaining amount in the institutional checking account is $1,143.25.