UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Defendants. | No: 3:18-cv-252<br><br>Carlton W. Reeves, District Judge<br>F. Keith Ball, Magistrate Judge |

# RECEIVER'S REPORT
### December 31, 2021

/s/ Alysson Mills

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere, Lilli Bass, and Kristen Amond.  Earlier this year, we distributed more than $17 million to victims, but we still have a long way to go.

The Court's order of appointment instructed me to report to the Court every 60 days, but recently the Court authorized me to report quarterly, or approximately every 90 days, instead.

I filed my last report on September 30, 2021, and this report picks up where that report left off.  It contains the following parts:

|  | *page* |
|---|---|
| Highlights | 3 |
| Criminal cases' status | 5 |
| Civil cases' status | 6 |
| Next 90 days | 12 |
| Summary of status of assets | 13 |

My reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. All of the filings mentioned in my reports are available at madisontimberreceiver.com.

**Highlights**

The Receivership Estate already sold or otherwise resolved its interests in any property or real estate belonging to Adams or Madison Timber. I now focus primarily on its lawsuits.

Highlights from the past 90 days include:

**Bill McHenry:**

I have continued to attempt to collect on the Receivership Estate's $3,473,320 judgment against McHenry by, among other things, obtaining and prosecuting writs of execution; coordinating with the U.S. Marshal's Office and others to seize McHenry's known assets; and, on November 18, 2021, examining McHenry under oath in open court regarding his assets.

McHenry has continued to fight these efforts in court. On December 22, 2021, the Court denied McHenry's most recent motions, which argued that state law exempts certain of his assets from seizure.

On November 16, 2021, the Court denied McHenry's motion to dismiss the S.E.C.'s complaint against him. The complaint charges McHenry with unlawfully selling unregistered securities.

**Martin Murphree:**

On December 3, 2021, the Court approved settlement with Murphree for the return of $374,937.50 in Madison Timber "commissions" that he received. Before settlement, Murphree did something that no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of release of any claims against him.

**Progress of cases generally:**

Earlier this year the Court denied or otherwise resolved every motion to dismiss filed by every defendant in the Receivership Estate's four biggest cases. The cases ought to proceed to discovery and, finally, trial.

The Baker Donelson case necessarily is stayed pending the criminal trial of Brent Alexander and Jon Seawright.

The UPS and Trustmark cases had been set for trial in 2022, but those trials were continued without new dates after Magistrate Judge Keith Ball consolidated all four cases for discovery.

I have not opposed consolidation to the extent it makes discovery more efficient, but I have opposed the unnecessary delay of trial in any case. Delay is not in the Receivership Estate's interests (among other reasons, many victims are elderly) and there is no just reason for delay (for instance, the UPS case, which is solely about notaries, is straightforward).

Judge Ball will continue to decide issues pertaining to discovery, and I anticipate that he soon will enter an order instructing the parties how to proceed. In the meantime, the Receivership Estate's cases are, effectively, paused.

**Victims' privacy:**

I previously reported that the S.E.C. and I jointly moved for a protective order that would require any parties to identify victims by numbers instead of names, and that the U.S. Attorney's Office separately asked that the Court redact victims' names from any unsealed documents. Judge Ball has indicated that he agrees and I anticipate that he will enter appropriate orders soon.

**Alexander Seawright:**

The Court's order approving the Receivership Estate's first distribution instructed me to set aside an amount equal to two-times Alexander Seawright Timber Fund's proposed first distribution for the benefit of victims who invested in Madison Timber through the Alexander Seawright Timber Fund, pending a complete accounting.

Having now undertaken that accounting, I still have questions that I hope Brent Alexander and Jon Seawright will be able to answer one day, but I believe that I have a clear-enough picture of the Alexander Seawright Timber Fund's activity from August 2011 to April 2018.

I recently provided victims who invested in Madison Timber through the Alexander Seawright Timber Fund statements of losses based on my accounting. I advised that, for distribution purposes, I propose to treat them the same as every other investor in Madison Timber. That is, I propose to pay them the same pro-rata share of the Receivership Estate's first distribution, approximately 33% of their Priority 1 losses. I have invited their input and anticipate obtaining the Court's approval of any ultimate decisions.

4

**Criminal cases' status**

### *United States v. Adams,* **No. 3:18-cr-88**

Lamar Adams is serving a 19.5-year sentence in federal prison.

On July 13, 2021, The UPS Store, Inc. filed a motion to unseal documents used at Adams's sentencing hearing. In its response, filed August 11, 2021, the Government argued "the Court should not unseal the documents in question unless the victim's names, victim's identifiers, and other sensitive personal information have been redacted."[1] Judge Ball has indicated that he agrees and I anticipate that he will enter an order soon. Related filings are available at madisontimberreceiver.com.

### *United States v. McHenry,* **No. 3:19-cr-20**

Bill McHenry was acquitted on December 5, 2019.

### *United States v. Alexander, et al.,* **No. 3:20-cr-31**

On May 20, 2021, the U.S. Attorney's Office announced the criminal indictment of Brent Alexander and Jon Seawright for their role in the Madison Timber Ponzi scheme. The indictment charges them with one count of conspiracy to commit securities fraud and wire fraud; one count of securities fraud; and four counts of wire fraud involving a scheme to defraud investors.

The criminal trial which was previously set for January 18, 2022, has been postponed until August 15, 2022. Alexander asked for the postponement, to give him time to recover from an emergency organ transplant.

Dave Fulcher, the Assistant U.S. Attorney who handled Lamar Adams's prosecution, recently filed a notice of appearance in the case. The notice advised that he will be the case's lead prosecutor going forward.

---

[1] Doc. 55, *United States v. Arthur Lamar Adams*, No. 3:18-cr-88 (S.D. Miss.).

**Civil cases' status**

    *Securities & Exchange Commission v. Adams, et al.*, **No. 3:18-cv-252**

The S.E.C.'s case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Joint Motion for Protective Order:* On June 30, 2021, the S.E.C. and I jointly moved for a protective order that would require any parties in any of the Receivership Estate's cases to identify victims by numbers instead of names.[2] Judge Ball has indicated that he agrees and I anticipate that he will enter an order soon. Related filings are available at madisontimberreceiver.com.

    *Alysson Mills v. Michael D. Billings, et al.*, **No. 3:18-cv-679**
    *Related: In re William B. McHenry, Jr.*, **No. 20-bk-268; No. 20-ap-22**

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber.

Wayne Kelly and Mike Billings settled with the Receivership Estate. Among other things, their settlement agreements required them to restate their income tax returns for the years in question, with proceeds of any refund to go to the Receivership Estate.

Kelly previously tendered to the Receivership Estate $304,971.86 and $32,105.02 in resulting proceeds. On October 16, 2021, he tendered an additional $84,339.41.

Billings advises that he is working on doing the same.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[3] McHenry has not paid the judgment. To avoid a judgment debtor examination, he filed a Chapter 7 petition for bankruptcy, but ultimately the bankruptcy court denied the discharge of his debts.[4]

---

[2] Doc. 290, *Securities and Exchange Commission v. Arthur Lamar Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[3] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).
[4] Doc. 54, *In re: William Byrd McHenry, Jr.*, No. 20-ap-22 (Bankr. S.D. Miss.).

I previously caused writs of garnishment to be issued to McHenry's known banks: First Commercial Bank, Guaranty Bank and Trust Company, Magnolia Credit Union, and First Bank and Trust.[5]

I also obtained a writ of execution authorizing me to seize and sell known property of McHenry, with proceeds going to the Receivership Estate.[6] The U.S. Marshal's Office served the writ on McHenry on October 14, 2021, at which time certain property was seized.

On November 18, 2021, my counsel examined McHenry under oath in open court regarding his assets. I encouraged McHenry's victims to attend, and those who could did.

McHenry has continued to fight these efforts in court. On December 22, 2021, the Court denied McHenry's most recent motions, which argued that state law exempts certain of his assets from seizure.[7]

***Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866**
***Related: In re Jon Darrell Seawright,* No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232**

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

Butler Snow already settled with the Receivership Estate for $9,500,000.

*Baker Donelson, Alexander, and Seawright:* The Court denied the defendants' motions to dismiss the amended complaint on May 5, 2021.[8] On May 28, 2021, Baker Donelson moved for reconsideration, which of course I opposed. That motion is pending; related filings are available at madisontimberreceiver.com.

---

[5] Docs. 73, 74, 75, 76, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[6] Doc. 94, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[7] Doc. 115, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[8] Doc. 70, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss.).

7

On June 9, 2021, the defendants moved to stay the Receivership Estate's lawsuit against them pending the resolution of Alexander and Seawright's criminal proceedings, and on June 30, 2021, the Court granted that motion. The criminal trial which was previously set for January 18, 2022, has been postponed until August 15, 2022.

Meanwhile, Judge Ball has consolidated for discovery purposes the Receivership Estate's case against Baker Donelson with the Receivership Estate's cases against BankPlus, UPS, and Trustmark. Judge Ball will decide issues pertaining to discovery going forward, and I anticipate that he soon will enter an order instructing the parties how to proceed. In the meantime, the cases are, effectively, paused.

*Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019. On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud. The Court denied Seawright's motion to dismiss the adversary complaint on March 1, 2021,[9] but on July 6, 2021, it stayed further proceedings pending the resolution of Alexander and Seawright's criminal proceedings.

### *Alysson Mills v. BankPlus, et al.,* No. 3:19-cv-196

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. On January 4, 2021, I filed an amended complaint that names BankPlus's insurers as defendants.

On September 21, 2021, with Judge Ball's help, I reached a settlement in principle with Murphree for the return of $374,937.50 in Madison Timber "commissions" that he received. I presented the proposed settlement to the Court on October 27, 2021, and the Court approved it on

---

[9] Doc. 18, *In re Jon Darrell Seawright,* No. 20-cv-232 (S.D. Miss.).

December 3, 2021.[10]   Related filings are available at madisontimberreceiver.com.  Before settlement, Murphree did something that no other defendant has done: attempt to voluntarily repay the Receivership Estate without any guarantee of release of any claims against him.

As for the remaining defendants:

Stewart Patridge, former agent of BankPlus and Mutual of Omaha, answered the amended complaint.  All other defendants moved to dismiss.  On July 8, 2021, the Court granted Mutual of Omaha's motion but denied every other defendants', including BankPlus's, motion.[11]

On August 9, 2021, BankPlus moved for reconsideration, which of course I opposed. That motion is pending; related filings, however, are not available at madisontimberreceiver.com because BankPlus asked that they be filed under seal.

Judge Ball has consolidated for discovery purposes the Receivership Estate's case against BankPlus with the Receivership Estate's cases against Baker Donelson, UPS, and Trustmark. Judge Ball will decide issues pertaining to discovery going forward, and I anticipate that he soon will enter an order instructing the parties how to proceed.  In the meantime, the cases are, effectively, paused.

### *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds.

None of the defendants has settled with the Receivership Estate.

The defendants moved to dismiss the complaint not once but twice, and on both occasions the Court denied their motions, most recently on March 1, 2021.  On March 29, 2021, the

---

[10] Doc. 174, *Alysson Mills v. BankPlus, et al.*, No. 3:19-cv-196 (S.D. Miss.).

[11] Doc. 123, *Alysson Mills v. BankPlus, et al.*, No. 3:19-cv-196 (S.D. Miss.).

defendants moved to certify the Court's order for interlocutory appeal, which of course I opposed. The Court denied that motion on November 10, 2021.[12] Related filings are available at madisontimberreceiver.com.

On June 18, 2021, The UPS Store, Inc. issued subpoenas to at least 32 victims of Madison Timber. I believe the subpoenas are overbroad and heavy-handed. I have asked the Court for protective relief in various motions, including motions for a protective order, to quash the subpoenas or otherwise limit their scope, and to seal or redact victims' names and identifying information from any documents filed in the Court's record. Those motions are still pending. I will attempt to communicate the outcome of these motions to the affected victims. In the meantime, please check madisontimberreceiver.com for updates.

The UPS case had been set for trial on April 4, 2022, but that trial was continued without new date after Judge Ball consolidated for discovery purposes the Receivership Estate's case against UPS with the Receivership Estate's cases against Baker Donelson, BankPlus, and Trustmark. Judge Ball will decide issues pertaining to discovery going forward, and I anticipate that he soon will enter an order instructing the parties how to proceed. In the meantime, the cases are, effectively, paused.

### *Securities & Exchange Commission v. Kelly, et al.*, No. 3:19-cv-585

On August 27, 2019, the S.E.C. obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[13]

### *Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and

---

[12] Doc. 310, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).
[13] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

None of the defendants has settled with the Receivership Estate.

The Court denied the defendants' motions to dismiss on March 1, 2021.[14]  On March 17, 2021, the defendants moved to certify the Court's order for interlocutory appeal, which of course I opposed.  The Court denied that motion on May 20, 2021.[15]

The Trustmark case had been set for trial on October 17, 2022, but that trial was continued without new date after Judge Ball consolidated for discovery purposes the Receivership Estate's case against Trustmark with the Receivership Estate's cases against Baker Donelson, BankPlus, and UPS.  Judge Ball will decide issues pertaining to discovery going forward, and I anticipate that he soon will enter an order instructing the parties how to proceed.  In the meantime, the cases are, effectively, paused.

### *Securities & Exchange Commission v. Billings, et al.*, No. 3:20-cv-50

On March 3, 2020, the S.E.C. obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[16]

### *Alysson Mills v. Stuart Anderson, et al.*, No. 3:20-cv-427

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received

---

[14] Doc. 67, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[15] Doc. 94, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[16] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

11

more than $635,000 in Madison Timber "commissions." The defendants have all settled with the Receivership Estate.

### *Securities & Exchange Commission v. McHenry, et al.*, No. 3:21-cv-554

On August 26, 2021, the S.E.C. announced charges against Bill McHenry for unlawfully selling unregistered securities. The complaint, which is available at madisontimberreceiver.com, seeks a judgment declaring that McHenry violated federal securities laws, permanently enjoining him from further violating federal securities laws, and ordering him to pay civil penalties.

On November 16, 2021, the Court denied McHenry's motion to dismiss the S.E.C.'s complaint against him.[17]

**Next 90 days**

Over the next 90 days, I will continue to push each of the Receivership Estate's lawsuits. We will respond to motions, file motions as circumstances require, and, hopefully, exchange discovery. I am still eager to address the subpoenas that The UPS Store, Inc. served on Madison Timber's victims; I have asked the Court for relief and await a ruling.

I will continue to communicate with victims of Madison Timber who invested through the Alexander Seawright Timber Fund regarding their losses and pro rata shares of the May 17, 2021 distribution.

I will continue to monitor settling defendants' compliance with their settlement agreements and attempt to execute on the judgment against Bill McHenry.

I will continue to review new records as they become available and file new lawsuits against third parties if new information warrants it. I have obtained tolling agreements from known third parties as necessary to protect the Receivership Estate's rights.

---

[17] Doc. 7, *Securities and Exchange Commission v. William B. McHenry Jr. and First South Investments, LLC*, No. 3:21-cv-554 (S.D. Miss.)

I will continue to confer with federal and state authorities as circumstances require.

I will continue to communicate with Madison Timber's victims. They may continue to call, email, or write me anytime.

**Summary of status of assets**

My goal is to pay amounts still due to Madison Timber's victims under the 485 promissory notes that they hold.  The $17,500,000 first distribution earlier this year was a meaningful first step but we still have a long way to go.

The current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of September 30, 2021 | $1,732,935.79 |
| Interest | +$368.11 |
| Wayne Kelly's additional tax refunds proceeds | +$84,339.41 |
| Harland Clarke checks (reorder) | -$33.84 |
| Mississippi Department of Revenue (corporate tax) | -$25.00 |
| | **$1,817,584.47** |

| | |
|---|---|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866**<br>Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| ~~Settlement—Butler Snow~~ | *~~received $9,500,000~~* |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196**<br>Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| Settlement—Martin Murphree | *promissory note in the original principal amount of $374,937.50 outstanding*<br><br>*~~received $14,400 already~~* |
| **Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364**<br>Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Trustmark, et al., No. 3:19-cv-941**<br>Lawsuit to hold banks liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427**<br>Lawsuit to recover commissions from recruiters | |
| Settlement—Stuart Anderson | *promissory note in the original principal amount of $130,520 outstanding* |
| Settlement—Randy Shell | *promissory note in the original principal amount of $505,114 outstanding* |
| **Alysson Mills v. Michael Billings, et al., No. 3:18-cv-679**<br>Lawsuit to recover commissions from recruiters | |
| Judgment—Bill McHenry | *$3,473,320 judgment outstanding* |

| | |
|---|---|
| Settlement—Mike Billings | *received $325,000 plus 5% interest in Oxford Springs, LLC* |
| | *received $187,500 in satisfaction of promissory note* |
| | *duty to restate taxes, with 90% of any refunds to Receivership Estate* |
| Settlement—Wayne Kelly | *received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs* |
| | *received $100,000 in satisfaction of promissory note* |
| | *received $304,971.86 in proceeds from federal tax refund* |
| | *received additional $32,105.02 in proceeds from federal tax refund* |
| | received additional $84,339.41 in proceeds from federal tax refund |
| **Settlement—Brad Pugh** | promissory note in the original principal amount of $183,002.66 outstanding |
| **1/4 interest in Mash Farms, LLC**<br>808+ acres with hunting camp in Sunflower County<br>Purchased in 2014 for $1,600,000<br>Encumbered by Trustmark Bank mortgage<br>Owe approximately $900,000 | *received $258,500 in proceeds from sale of the Receivership Estate's interest* |
| **100% interest in Oxford Springs, LLC**<br>Undeveloped land in Lafayette County<br>Sold 2,278 acres; 100 acres remain<br>Unencumbered | *received $4,668,530.48 in proceeds from sale of 2,278 acres*<br><br>*received $539,193.90 in proceeds from sale of 100 acres* |

15

~~**1/6 interest in 707, LLC**~~  
~~263+ acres recreational land in Holmes County~~  
~~Purchased in 2009~~  
~~Encumbered by First Commercial Bank mortgage~~  
~~Owe approximately $368,000~~

*~~LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate~~*

~~**1/3 interest in Delta Farm Land Investments, LLC**~~  
~~1170+ acres farmland in Oktibbeha County~~  
~~Purchased in 2014 for $2,796,100~~  
~~Encumbered by Trustmark Bank mortgage~~  
~~Owe approximately $2,200,000~~

*~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~*

~~**1/2 interest in KAPA Breeze LLC**~~  
~~1.5+/- acres mixed-use land on Highway 30A in Florida~~  
~~Purchased in 2017 for approximately $1,900,000~~  
~~Encumbered by Jefferson Bank mortgage~~  
~~Owe approximately $1,365,000~~

*~~sold the Receivership Estate's interest for $700,000~~*

~~**1/4 interest in Mallard Park, LLC**~~  
~~1,723 acres with hunting lodge in Humphreys County~~  
~~Purchased in 2016 for $2,593,500~~  
~~Encumbered by Southern AgCredit mortgage~~  
~~Owe approximately $2,000,000~~

*~~sold the Receivership Estate's interest for $175,000~~*

~~**Hartford Life and Annuity Insurance Co. policy**~~    *~~surrendered for $167,206.60~~*

~~**Lincoln National Life Insurance Co. policy**~~    *~~surrendered for $3,678.45~~*

~~**Settlement—Frank Zito**~~    *~~received $100,000, first installment~~*

*~~received $100,000, second and final installment, June 12, 2019~~*

~~**Settlement—Ole Miss Athletics Foundation**~~    *~~received $155,084.50, first installment~~*

*~~received $155,084.50, second and final installment, April 17, 2019~~*

16

| | |
|---|---|
| ~~**Marital Property Settlement—Vickie Lynn Adams**~~ ~~Lump sum payment includes proceeds from sale of Lexus~~ ~~LX 570 and liquidation of Hartford Life and Annuity~~ ~~Insurance Co. life insurance policy~~ | *~~received $58,247~~* |
| ~~**Settlement—Adams children**~~ | *~~received $170,000~~* |
| ~~**Alexander Seawright—UPS's funds***~~ | *~~holding $100,000~~* |
| ~~**2018 King Ranch Ford F150 truck**~~ | *~~sold for $42,750~~* |
| ~~**Condo in Calton Hill subdivision in Oxford, Mississippi**~~ ~~Unencumbered~~ | *~~received $139,919.09~~* *~~in proceeds from sale~~* |
| ~~**Settlement—Philippi Freedom Ministries**~~ | *~~received $16,125~~* |
| ~~**Settlement—Rick Hughes Evangelistic Ministries**~~ | *~~received $43,657.95~~* |
| **Jewelry** | *for sale* |
| ~~**House at 134 Saint Andrews Drive, Jackson, Mississippi**~~ ~~Unencumbered~~ | *~~received $350,777.38~~* *~~in proceeds from sale~~* |
| | *~~received $3,277.45~~* *~~from sale of household goods~~* *~~on consignment~~* |
| ~~**Settlement—Century Club Charities**~~ | *~~received $56,944~~* |
| ~~**Settlement—Berachah Church**~~ | *~~received $175,904~~* |
| ~~**Settlement—R.B. Thieme, Jr.**~~ | *~~received $104,626.50~~* |
| ~~**Settlement—Operation Grace World Missions**~~ | *~~received $39,325~~* |
| ~~**Returned proceeds—Techwood, LLC**~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.