# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiffs,

    v.

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

        Defendants.

**No: 3:18-cv-252**

**Carlton W. Reeves, District Judge**
**F. Keith Ball, Magistrate Judge**


## RECEIVER'S REPORT
## March 31, 2022


_____ */s/ Alysson Mills* _____

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and*
*Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere, Lilli Bass, and Kristen Amond.  We already distributed $17,500,000 to victims, but we still have a long way to go.

The Court's order of appointment instructed me to report to the Court every 60 days, but recently the Court authorized me to report quarterly, or approximately every 90 days, instead.

I filed my last report on December 31, 2021, and this report picks up where that report left off.  It contains the following parts:

|  |  | *page* |
|---|---|---|
| Highlights | | 3 |
| Criminal cases' status | | 5 |
| Civil cases' status | | 5 |
| Next 90 days | | 12 |
| Summary of status of assets | | 13 |

My reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. All the filings mentioned in my reports are available at madisontimberreceiver.com.

2

**Highlights**

The Receivership Estate already sold or otherwise resolved its interests in any property or real estate belonging to Adams or Madison Timber.  I now focus primarily on its lawsuits.

Highlights from the past 90 days include:

**Progress of cases generally:**

The Court already denied or otherwise resolved every motion to dismiss filed by every defendant in the Receivership Estate's four biggest cases.  Ordinarily, a case would proceed to discovery and, finally, trial.  I asked for a trial date for each of the four cases but did not receive one. Magistrate Judge Keith Ball consolidated all four cases for discovery, and that has slowed things down.  Currently the parties are exchanging written discovery only.

I nevertheless have identified issues that the parties need not await trial to resolve, and I have asked the Court to decide those issues now.

As one example, in the BankPlus case I filed a motion which argues, among other things, that "investor reliance" or, relatedly, good faith, is not an element of the Receivership Estate's claims.  If I am correct, defendants including BankPlus are not entitled to discovery into Madison Timber victims' personal lives and finances.

**Subpoenas to victims:**

Last summer UPS issued subpoenas to at least 32 victims of Madison Timber, and I objected.  Judge Ball finally quashed the subpoenas on February 7, 2022, but only so that UPS may reissue the subpoenas as part of ongoing consolidated discovery.

On February 28, 2022, all defendants advised of their intent to issue new, and substantially broader, subpoenas to all victims of Madison Timber.  I have already objected to the subpoenas on numerous grounds including relevancy. Judge Ball necessarily must rule on my objections before defendants may serve the subpoenas, so no victim should have received a subpoena yet.  Related filings are available at madisontimberreceiver.com, and I will post any updates there.

3

**Victims' privacy:**

Last summer the S.E.C. and I jointly moved for a protective order that would require any parties to identify victims by numbers instead of names, and the U.S. Attorney's Office separately asked that the Court redact victims' names from any unsealed court documents. Judge Ball agreed and on January 31, 2022, ordered that victims' personal identifying information shall be redacted from any filings in the court's record.

**Alexander Seawright:**

When the Receivership Estate made its first distribution, it set aside the proposed distribution to the Alexander Seawright Timber Fund pending a complete accounting. I finalized that accounting on January 31, 2022, and on February 7, 2022, I filed a motion that asked the Court to approve a first distribution to victims who invested in Madison Timber through the Alexander Seawright Timber Fund. I proposed to treat such victims the same as every other victim of Madison Timber; that is, I proposed to pay them the same pro-rata share of the Receivership Estate's first distribution, approximately 33% of their Priority 1 losses. The Court granted the motion on March 7, 2022, and I issued checks to qualifying victims the next day.

**Pinnacle Trust:**

On February 9, 2022, I asked the Court to approve a proposed settlement with Pinnacle Trust. In exchange for the release of the Receivership Estate's claims, Pinnacle Trust agreed to pay the Receivership Estate a lump sum of $500,000. *The settlement does not include a bar order; that is, unlike the Receivership Estate's settlement with Butler Snow, it does not prevent any other interested parties, including Madison Timber's victims, from pursuing their separate claims.* The Court approved the settlement on March 7, 2022.

**Bill McHenry:**

I continue to attempt to collect on the Receivership Estate's $3,473,320 judgment against Bill McHenry, including by auctioning certain of his known property that I have already seized. On March 31, 2022, I filed a motion to hold him in contempt for, among other things, perjuring himself during his judgment debtor exam.

4

**Criminal cases' status**

### *United States v. Adams,* **No. 3:18-cr-88**

Lamar Adams is serving a 19.5-year sentence in federal prison.

### *United States v. McHenry,* **No. 3:19-cr-20**

Bill McHenry was acquitted on December 5, 2019.

### *United States v. Alexander, et al.,* **No. 3:20-cr-31**

On May 20, 2021, the U.S. Attorney's Office announced the criminal indictment of Brent Alexander and Jon Seawright for their role in the Madison Timber Ponzi scheme. The indictment charges them with one count of conspiracy to commit securities fraud and wire fraud; one count of securities fraud; and four counts of wire fraud involving a scheme to defraud investors.

The criminal trial is set for August 15, 2022.

**Civil cases' status**

### *Securities & Exchange Commission v. Adams, et al.,* **No. 3:18-cv-252**

The S.E.C.'s case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Alexander Seawright:* When the Receivership Estate made its first distribution, it set aside the proposed distribution to the Alexander Seawright Timber Fund pending a complete accounting. Following that accounting, on February 7, 2022, I filed a motion that asked the Court to approve a first distribution to victims who invested in Madison Timber through the Alexander Seawright Timber Fund. I proposed to treat such victims the same as every other victim of Madison Timber; that is, I proposed to pay them the same pro-rata share of the Receivership Estate's first

distribution, approximately 33% of their Priority 1 losses. The Court granted the motion on March 7, 2022,[1] and I issued checks to qualifying victims the next day.

*Pinnacle Trust:* On February 9, 2022, I asked the Court to approve a proposed settlement with Pinnacle Trust. In exchange for the release of the Receivership Estate's claims, Pinnacle Trust agreed to pay the Receivership Estate a lump sum of $500,000. *The settlement does not include a bar order; that is, unlike the Receivership Estate's settlement with Butler Snow, it does not prevent any other interested parties, including Madison Timber's victims, from pursuing their separate claims.* The Court approved the settlement on March 7, 2022.[2]

### *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679
### *Related: In re William B. McHenry, Jr.,* No. 20-bk-268; No. 20-ap-22

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber.

Wayne Kelly and Mike Billings settled with the Receivership Estate. Among other things, their settlement agreements required them to restate their income tax returns for the years in question, with proceeds of any refund to go to the Receivership Estate. Kelly previously tendered to the Receivership Estate $421,416.29 in resulting proceeds. Billings advises that he is working on doing the same.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[3] McHenry has not paid the judgment. First he filed for bankruptcy, but the bankruptcy court denied the discharge of his debts.[4] Next he fought writs of garnishments and execution that I obtained, but the Court denied his most recent filings on December 22, 2021.[5] I will continue to attempt to execute on the Receivership Estate's judgment, including by auctioning certain of his known

---

[1] Doc. 335, *Securities and Exchange Commission v. Arthur Lamar Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[2] Doc. 336, *Securities and Exchange Commission v. Arthur Lamar Adams, et al.*, No. 3:18-cv-252 (S.D. Miss.).
[3] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).
[4] Doc. 54, *In re: William Byrd McHenry, Jr.,* No. 20-ap-22 (Bankr. S.D. Miss.).
[5] Doc. 115, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).

property that I have already seized. On March 31, 2022, I filed a motion to hold him in contempt for, among other things, perjuring himself during his judgment debtor exam.  That filing is available at madisontimberreceiver.com.

***Alysson Mills v. Butler Snow, et al.,*** **No. 3:18-cv-866**
***Related: In re Jon Darrell Seawright,*** **No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232**

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

Butler Snow already settled with the Receivership Estate for $9,500,000.

*Baker Donelson:* The Court denied the defendants' motions to dismiss the amended complaint on May 5, 2021.[6]  Baker Donelson asked the Court to reconsider and on February 8, 2022, the Court granted Baker Donelson's motion in part but did not dismiss any of the Receivership Estate's claims.[7]  Related filings are available at madisontimberreceiver.com.

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against Baker Donelson with the Receivership Estate's cases against BankPlus, UPS, and Trustmark. Currently the parties are exchanging written discovery only.

*Alexander and Seawright*: The Receivership Estate's claims against Alexander and Seawright are stayed pending the resolution of their related criminal proceedings. A criminal trial is set for August 15, 2022.

*Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.  On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false

---

[6] Doc. 70, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss.).
[7] Doc. 112, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss.).

representations, and fraud.  The Court denied Seawright's motion to dismiss the adversary complaint on March 1, 2021,[8] but on July 6, 2021, it stayed further proceedings pending the resolution of Alexander and Seawright's criminal proceedings.

### *Alysson Mills v. BankPlus, et al.,* No. 3:19-cv-196

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. On January 4, 2021, I filed an amended complaint that names BankPlus's insurers as defendants.

Martin Murphree already settled with the Receivership Estate.

As for the remaining defendants:

Stewart Patridge, former agent of BankPlus and Mutual of Omaha, answered the amended complaint.  All other defendants moved to dismiss.  On July 8, 2021, the Court granted Mutual of Omaha's motion but denied every other defendants', including BankPlus's, motion.[9] Related filings are available at madisontimberreceiver.com.

On August 9, 2021, BankPlus moved for reconsideration, which of course I opposed. That motion is pending; related filings, however, are not available at madisontimberreceiver.com because BankPlus asked that they be filed under seal.

On February 23, 2022, I filed a motion for judgment on the pleadings which argues, among other things, that "investor reliance" or, relatedly, an investor's good faith, is not an element of the Receivership Estate's claims against BankPlus.  If I am correct, BankPlus is not entitled to

---

[8] Doc. 18, *In re Jon Darrell Seawright,* No. 20-cv-232 (S.D. Miss.).

[9] Doc. 123, *Alysson Mills v. BankPlus, et al.,* No. 3:19-cv-196 (S.D. Miss.).

discovery into Madison Timber victims' personal lives and finances.  Related filings are available at madisontimberreceiver.com.

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against BankPlus with the Receivership Estate's cases against Baker Donelson, UPS, and Trustmark. Currently the parties are exchanging written discovery only.

### *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds.

None of the defendants has settled with the Receivership Estate.

The defendants moved to dismiss the complaint not once but twice, and on both occasions the Court denied their motions, most recently on March 1, 2021.  The Court denied the defendants' motion to certify the Court's order for interlocutory appeal on November 10, 2021.[10] Related filings are available at madisontimberreceiver.com.

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against UPS with the Receivership Estate's cases against Baker Donelson, BankPlus, and Trustmark. Currently the parties are exchanging written discovery only.

Last summer UPS filed a motion to compel me to produce to it, among other things, my personal communications with victims of Madison Timber.  Judge Ball granted that motion on February 2, 2022, and I appealed his order on February 23, 2022.  Related filings are available at madisontimberreeiver.com.

---

[10] Doc. 310, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

Last summer UPS issued subpoenas to at least 32 victims of Madison Timber, and I objected. Judge Ball finally quashed the subpoenas on February 7, 2022, but only so that UPS may reissue the subpoenas as part of all defendants' ongoing consolidated discovery.

On February 28, 2022, all defendants, including UPS, advised of their intent to issue new, and substantially broader, subpoenas to all victims of Madison Timber. I have already objected to the proposed subpoenas on numerous grounds including relevancy. Judge Ball necessarily must rule on my objections before defendants may serve the subpoenas, so no victim should have received a subpoena yet. Related filings are available at madisontimberreceiver.com, and I will post any updates there.

### *Securities & Exchange Commission v. Kelly, et al.*, No. 3:19-cv-585

On August 27, 2019, the S.E.C. obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[11]

### *Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

None of the defendants has settled with the Receivership Estate.

---

[11] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

The Court denied the defendants' motions to dismiss on March 1, 2021.[12]  The Court denied the defendants' motion to certify the Court's order for interlocutory appeal on May 20, 2021.[13] Related filings are available at madisontimberreceiver.com.

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against Trustmark with the Receivership Estate's cases against Baker Donelson, BankPlus, and UPS. Currently the parties are exchanging written discovery only.

### Securities & Exchange Commission v. Billings, et al., No. 3:20-cv-50

On March 3, 2020, the S.E.C. obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[14]

### Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions."  The defendants have all settled with the Receivership Estate.

### Securities & Exchange Commission v. McHenry, et al., No. 3:21-cv-554

On August 26, 2021, the S.E.C. announced charges against Bill McHenry for unlawfully selling unregistered securities.  The complaint, which is available at madisontimberreceiver.com,

---

[12] Doc. 67, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[13] Doc. 94, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[14] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

11

seeks a judgment declaring that McHenry violated federal securities laws, permanently enjoining him from further violating federal securities laws, and ordering him to pay civil penalties.

On November 16, 2021, the Court denied McHenry's motion to dismiss the S.E.C.'s complaint against him.[15]

After McHenry failed to answer the S.E.C.'s complaint, the S.E.C. moved for the entry of default, which motion was granted.

**Next 90 days**

Over the next 90 days, I will continue to push each of the Receivership Estate's lawsuits. We will respond to motions, file motions as circumstances require, and exchange written discovery with all defendants. I will continue to identify issues that the parties need not await trial to resolve, and I will ask the Court to decide those issues now.

I will continue to object to invasive discovery into victims' personal lives and finances. The subpoenas that all defendants now propose to send to all victims are grossly overbroad.

I will continue to monitor settling defendants' compliance with their settlement agreements and attempt to execute on the judgment against Bill McHenry.

I will continue to confer with federal and state authorities as circumstances require.

I will continue to communicate with Madison Timber's victims. They may continue to call, email, or write me anytime.

---

[15] Doc. 7, *Securities and Exchange Commission v. William B. McHenry Jr. and First South Investments, LLC*, No. 3:21-cv-554 (S.D. Miss.)

**Summary of status of assets**

My goal is to pay amounts still due to Madison Timber's victims under the 485 promissory notes that they hold. The $17,500,000 first distribution was a meaningful first step but we still have a long way to go.

The current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of December 31, 2021 | $1,817,584.47 |
| Interest | +$221.97 |
| Pinnacle Trust settlement | +$500,000.00 |
| First distribution to Alexander Seawright victims | <span style="color:red">-$460,317.36</span> |
| Receiver's counsel's fees and expenses** | <span style="color:red">-$84,696.25</span> |
| | **$1,772,792.83** |

| | |
|---|---:|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866** <br> Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| ~~Settlement—Butler Snow~~ | *~~received $9,500,000~~* |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196** <br> Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| Settlement—Martin Murphree | *promissory note in the original principal amount of $374,937.50 outstanding* |
| | *~~received $14,400 already~~* |
| **Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364** <br> Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |

13

**Alysson Mills v. Trustmark, et al., No. 3:19-cv-941**                    *litigation ongoing*
Lawsuit to hold banks liable for debts of the Receivership
Estate

**Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427**
Lawsuit to recover commissions from recruiters

Settlement—Stuart Anderson                           *promissory note in the original*
                                                     *principal amount of $130,520*
                                                     *outstanding*

Settlement—Randy Shell                               *promissory note in the original*
                                                     *principal amount of $505,114*
                                                     *outstanding*

**Alysson Mills v. Michael Billings, et al., No. 3:18-cv-679**
Lawsuit to recover commissions from recruiters

Judgment—Bill McHenry                                *$3,473,320 judgment outstanding*

Settlement—Mike Billings                             ~~*received $325,000*~~
                                                     ~~*plus 5% interest in Oxford Springs,*~~
                                                     ~~*LLC*~~

                                                     ~~*received $187,500 in satisfaction*~~
                                                     ~~*of promissory note*~~

                                                     *duty to restate taxes,*
                                                     *with 90% of any refunds to*
                                                     *Receivership Estate*

~~Settlement—Wayne Kelly~~                           ~~*received $1,384,435.17*~~
                                                     ~~*plus interests in 707, 315 Iona,*~~
                                                     ~~*and KAPA Breeze, LLCs*~~

                                                     ~~*received $100,000 in satisfaction of*~~
                                                     ~~*promissory note*~~

                                                     ~~*received $304,971.86 in proceeds*~~
                                                     ~~*from federal tax refund*~~

                                                     ~~*received additional $32,105.02 in*~~
                                                     ~~*proceeds from federal tax refund*~~

14

*received additional $84,339.41 in
proceeds from federal tax refund*

**Settlement—Brad Pugh**                    *promissory note in the original
principal amount of $183,002.66
outstanding*

**Settlement—Pinnacle Trust**                    *received $500,000*

**1/4 interest in Mash Farms, LLC**          *received $258,500 in proceeds
808+ acres with hunting camp in Sunflower County          from sale of the Receivership Estate's
Purchased in 2014 for $1,600,000          interest*
Encumbered by Trustmark Bank mortgage
Owe approximately $900,000

**100% interest in Oxford Springs, LLC**          *received $4,668,530.48 in proceeds
Undeveloped land in Lafayette County          from sale of 2,278 acres*
Sold 2,278 acres; 100 acres remain
Unencumbered          *received $539,193.90 in proceeds
from sale of 100 acres*

**1/6 interest in 707, LLC**          *LLC sold principal asset and dissolved;
263+ acres recreational land in Holmes County          tendered $6,994.09 representing
Purchased in 2009          Adams's, Kelly's, and McHenry's
Encumbered by First Commercial Bank mortgage          interests to the Receivership Estate*
Owe approximately $368,000

**1/3 interest in Delta Farm Land Investments, LLC**          *LLC sold principal asset and dissolved;
1170+ acres farmland in Oktibbeha County          tendered $323,440.88 representing
Purchased in 2014 for $2,796,100          Adams's interest to the Receivership
Encumbered by Trustmark Bank mortgage          Estate*
Owe approximately $2,200,000

15

~~1/2 interest in KAPA Breeze LLC~~               *sold the Receivership Estate's*
~~1.5+/- acres mixed-use land on Highway 30A in Florida~~        *interest for $700,000*
~~Purchased in 2017 for approximately $1,900,000~~
~~Encumbered by Jefferson Bank mortgage~~
~~Owe approximately $1,365,000~~

~~1/4 interest in Mallard Park, LLC~~               *sold the Receivership Estate's*
~~1,723 acres with hunting lodge in Humphreys County~~        *interest for $175,000*
~~Purchased in 2016 for $2,593,500~~
~~Encumbered by Southern AgCredit mortgage~~
~~Owe approximately $2,000,000~~

~~Hartford Life and Annuity Insurance Co. policy~~        *surrendered for $167,206.60*

~~Lincoln National Life Insurance Co. policy~~        *surrendered for $3,678.45*

~~Settlement—Frank Zito~~               *received $100,000,*
                                          *first installment*

                                          *received $100,000,*
                                          *second and final installment,*
                                          *June 12, 2019*

~~Settlement—Ole Miss Athletics Foundation~~        *received $155,084.50,*
                                          *first installment*

                                          *received $155,084.50,*
                                          *second and final installment,*
                                          *April 17, 2019*

~~Marital Property Settlement—Vickie Lynn Adam~~s        *received $58,247*
~~Lump sum payment includes proceeds from sale of Lexus~~
~~LX 570 and liquidation of Hartford Life and Annuity~~
~~Insurance Co. life insurance policy~~

~~Settlement—Adams children~~               *received $170,000*

~~Alexander Seawright—UPS's funds*~~        *holding $100,000*

~~2018 King Ranch Ford F150 truck~~        *sold for $42,750*

16

| | |
|---|---|
| ~~Condo in Calton Hill subdivision in Oxford, Mississippi~~ ~~Unencumbered~~ | *received $139,919.09* *in proceeds from sale* |
| ~~Settlement—Philippi Freedom Ministries~~ | *received $16,125* |
| ~~Settlement—Rick Hughes Evangelistic Ministries~~ | *received $43,657.95* |
| **Jewelry** | *for sale* |
| ~~House at 134 Saint Andrews Drive, Jackson, Mississippi~~ ~~Unencumbered~~ | *received $350,777.38* *in proceeds from sale* |
| | *received $3,277.45* *from sale of household goods* *on consignment* |
| ~~Settlement—Century Club Charities~~ | *received $56,944* |
| ~~Settlement—Berachah Church~~ | *received $175,904* |
| ~~Settlement—R.B. Thieme, Jr.~~ | *received $104,626.50* |
| ~~Settlement—Operation Grace World Missions~~ | *received $39,325* |
| ~~Returned proceeds—Techwood, LLC~~ | *received $309,000* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

**Please see the Court's order dated February 8, 2022, and previously filed fee applications detailing the eight months' work performed between April 2021 and November 2021, all available at madisontimberreceiver.com.

17