# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | No: 3:18-cv-252 |
| Plaintiffs, | Carlton W. Reeves, District Judge |
| | F. Keith Ball, Magistrate Judge |
| v. | |
| **ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,** | |
| Defendants. | |

## RECEIVER'S REPORT

## June 30, 2022

*/s/ Alysson Mills*

Alysson Mills, Miss. Bar No. 102861
650 Poydras Street Suite 1525
New Orleans, Louisiana 70130
Telephone: 504-586-5253
Fax: 504-586-5253
amills@millsamond.com

*Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC*

**Introduction**

For many years Arthur Lamar Adams, through his companies Madison Timber Company, Inc. and Madison Timber Properties, LLC, operated a Ponzi scheme that defrauded hundreds of investors. On May 9, 2018, Adams pleaded guilty to the federal crime of wire fraud. On October 30, 2018, he was sentenced to 19.5 years in prison.

On June 22, 2018, the Court appointed me receiver of the estates of Adams and Madison Timber. The order of appointment sets forth my responsibilities and duties. Among other things, the order instructs me to take any action necessary and appropriate to preserve the assets of Adams and his businesses, to maximize funds available to victims. I have undertaken these tasks with substantial assistance from my counsel, including principally Brent Barriere, Lilli Bass, and Kristen Amond. We already distributed $17,500,000 to victims, but we still have a long way to go.

The Court's order of appointment instructed me to report to the Court every 60 days, but recently the Court authorized me to report quarterly, or approximately every 90 days, instead.

I filed my last report on March 31, 2022, and this report picks up where that report left off. It contains the following parts:

|                              | page |
|------------------------------|------|
| Highlights                   | 3    |
| Criminal cases' status       | 5    |
| Civil cases' status          | 5    |
| Next 90 days                 | 11   |
| Summary of status of assets  | 12   |

My reports are for the Court's benefit, but I write them for a broader audience, knowing that they may be read by non-lawyers including victims. All the filings mentioned in my reports are available at madisontimberreceiver.com.

**Highlights**

The Receivership Estate already sold or otherwise resolved its interests in any property or real estate belonging to Adams or Madison Timber.  I now focus primarily on its lawsuits.

Highlights from the past 90 days include:

**Progress of cases generally:**

The Court already denied or otherwise resolved every motion to dismiss filed by every defendant in the Receivership Estate's four biggest cases.  Ordinarily, a case would proceed to discovery and, finally, trial.  I asked for a trial date for each of the four cases but did not receive one. Magistrate Judge Keith Ball consolidated all four cases for discovery, and that has slowed things down.  Currently the parties are exchanging written discovery only.

I nevertheless have identified issues that the parties need not await trial to resolve, and I have asked the Court to decide those issues now.

**Subpoenas to victims:**

Last summer UPS issued subpoenas to at least 32 victims of Madison Timber, and I objected.  Judge Ball finally quashed the subpoenas on February 7, 2022, but only so that UPS may reissue the subpoenas as part of ongoing consolidated discovery.

On February 28, 2022, all defendants advised of their intent to issue new, and substantially broader, subpoenas to all victims of Madison Timber.  I have already objected to the subpoenas on numerous grounds including relevancy. Judge Ball necessarily must rule on my objections before defendants may serve the subpoenas, so no victim should have received a subpoena yet.  Related filings are available at madisontimberreceiver.com, and I will post any updates there.

Relatedly, victims should know that I obtained a protective order that requires parties in any of the Receivership Estate's cases to identify victims by numbers instead of names.  Victims' personal identifying information shall be redacted from any filings in the court's record.

**Bill McHenry:**

I continue to attempt to collect on the Receivership Estate's $3,473,320 judgment against Bill McHenry, including by auctioning certain of his known property that I have already seized. Sales of those items have resulted in total proceeds of $16,728.55.

On March 31, 2022, I filed a motion to hold McHenry in contempt for, among other things, perjuring himself during his judgment debtor exam. The Court recently appointed criminal counsel to represent him in those proceedings. A hearing will be held **July 13, 2022** at **9:30 a.m.** in Courtroom 5B.

**Alexander Seawright:**

As of this filing, the criminal trial of Brent Alexander and Jon Seawright is still set to commence on August 15, 2022.

**Gary Property Management:**

On June 2, 2022, I filed a complaint against Gary Property Management, LLC, for a declaratory judgment that it is not entitled to proceeds from the Receivership Estate's sale of property formerly owned by Oxford Springs, LLC.

Lamar Adams, through Oxford Springs, purchased 100 acres of undeveloped land in Lafayette County, Mississippi, from the Gary family in 2016. He suspiciously paid $1,000,000 for the property—more than four times he paid per acre for adjacent property the previous year. In addition to grossly overpaying for the property, he committed Oxford Springs to build a road on the property for the Gary family's benefit.

The Gary family, through its representative Brad Walsh, objected to the Receivership Estate's sale of the 100 acres last year because the buyer was not required to build the road that Adams said he would build. The Court overruled Walsh's objections, but he asserts that the Gary family is entitled to proceeds from the sale.

The complaint alleges the Gary family's sale of the 100 acres to Adams was fraudulent, the sale unjustly enriched the Gary family at the expense of Madison Timber's victims, and the Gary family has no claim to proceeds from the Receivership Estate's sale.

**Criminal cases' status**

*United States v. Adams,* **No. 3:18-cr-88**

Lamar Adams is serving a 19.5-year sentence in federal prison.

*United States v. McHenry,* **No. 3:19-cr-20**

Bill McHenry was acquitted on December 5, 2019.

*United States v. Alexander, et al.,* **No. 3:20-cr-31**

On May 20, 2021, the U.S. Attorney's Office announced the criminal indictment of Brent Alexander and Jon Seawright for their role in the Madison Timber Ponzi scheme. The indictment charges them with one count of conspiracy to commit securities fraud and wire fraud; one count of securities fraud; and four counts of wire fraud involving a scheme to defraud investors.

The criminal trial is set for August 15, 2022.

**Civil cases' status**

*Securities & Exchange Commission v. Adams, et al.,* **No. 3:18-cv-252**

The S.E.C.'s case against Adams and Madison Timber, filed April 20, 2018, remains open for the purpose of administering the Receivership Estate's affairs.

*Alysson Mills v. Michael D. Billings, et al.,* **No. 3:18-cv-679**
*Related: In re William B. McHenry, Jr.,* **No. 20-bk-268; No. 20-ap-22**

The complaint against Mike Billings, Wayne Kelly, and Bill McHenry, filed October 1, 2018, alleged they received millions of dollars in "commissions" in exchange for their recruitment of new investors to Madison Timber.

Wayne Kelly and Mike Billings settled with the Receivership Estate. Among other things, their settlement agreements required them to restate their income tax returns for the years in

5

question, with proceeds of any refund to go to the Receivership Estate. Kelly previously tendered to the Receivership Estate $421,416.29 in resulting proceeds. Billings still advises that he is working on doing the same.

I obtained a final judgment against Bill McHenry in the amount of $3,473,320.[1] McHenry has not paid the judgment. First he filed for bankruptcy, but the bankruptcy court denied the discharge of his debts.[2] Next he fought writs of garnishments and execution that I obtained, but the Court denied his most recent filings on December 22, 2021.[3] I will continue to attempt to execute on the Receivership Estate's judgment, including by auctioning certain of his known property that I have already seized. Sales of those items have resulted in total proceeds of $16,728.55.

On March 31, 2022, I filed a motion to hold McHenry in contempt for, among other things, perjuring himself during his judgment debtor exam. The Court recently appointed criminal counsel to represent him in those proceedings. A hearing will be held **July 13, 2022** at **9:30 a.m.** in Courtroom 5B.

> ***Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866**
> ***Related: In re Jon Darrell Seawright,* No. 19-bk-3921; No. 20-ap-11; No. 20-cv-232**

The complaint against Butler Snow LLP; Butler Snow Advisory Services, LLC; Matt Thornton; Baker, Donelson, Bearman, Caldwell & Berkowitz, PC; Alexander Seawright, LLC; Brent Alexander; and Jon Seawright, originally filed December 19, 2018, alleges the law firms and their agents lent their influence, their professional expertise, and even their clients to Adams and Madison Timber. On November 22, 2019, I filed an amended complaint.

Butler Snow already settled with the Receivership Estate for $9,500,000.

*Baker Donelson:* The Court denied the defendants' motions to dismiss the amended complaint on May 5, 2021.[4] Baker Donelson asked the Court to reconsider and on February 8,

---

[1] Docs. 62, 63, *Alysson Mills v. Michael D. Billings, et al.*, No. 3:18-cv-679 (S.D. Miss.).
[2] Doc. 54, *In re: William Byrd McHenry, Jr.,* No. 20-ap-22 (Bankr. S.D. Miss.).
[3] Doc. 115, *Alysson Mills v. Michael D. Billings, et al.,* No. 3:18-cv-679 (S.D. Miss.).
[4] Doc. 70, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss.).

2022, the Court granted Baker Donelson's motion in part but did not dismiss any of the Receivership Estate's claims.[5]  Related filings are available at madisontimberreceiver.com.

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against Baker Donelson with the Receivership Estate's cases against BankPlus, UPS, and Trustmark. Currently the parties are exchanging written discovery only.

*Alexander and Seawright*: The Receivership Estate's claims against Alexander and Seawright are stayed pending the resolution of their related criminal proceedings. A criminal trial is set for August 15, 2022.

*Seawright:* Seawright filed a Chapter 7 petition for bankruptcy on November 3, 2019.  On February 7, 2020, I filed an adversary complaint that objects to the discharge of Seawright's debt to the Receivership Estate on the basis that the debt flows from his false pretenses, false representations, and fraud.  The Court denied Seawright's motion to dismiss the adversary complaint on March 1, 2021,[6] but on July 6, 2021, it stayed further proceedings pending the resolution of Alexander and Seawright's criminal proceedings.

### ***Alysson Mills v. BankPlus, et al.,*** **No. 3:19-cv-196**

The complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operations Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc., filed March 20, 2019, alleges the financial institutions and their agents lent their influence, their professional services, and even their customers to Madison Timber, establishing for it a de facto DeSoto County headquarters within BankPlus's Southaven, Mississippi branch office. On January 4, 2021, I filed an amended complaint that names BankPlus's insurers as defendants.

Martin Murphree already settled with the Receivership Estate.

As for the remaining defendants:

---

[5] Doc. 112, *Alysson Mills v. Butler Snow, et al.,* No. 3:18-cv-866 (S.D. Miss.).
[6] Doc. 18, *In re Jon Darrell Seawright,* No. 20-cv-232 (S.D. Miss.).

Stewart Patridge, former agent of BankPlus and Mutual of Omaha, answered the amended complaint. All other defendants moved to dismiss. On July 8, 2021, the Court granted Mutual of Omaha's motion but denied every other defendants', including BankPlus's, motion.[7] Related filings are available at madisontimberreceiver.com.

On February 23, 2022, I filed a motion for judgment on the pleadings which argues, among other things, that "investor reliance" or, relatedly, an investor's good faith, is not an element of the Receivership Estate's claims against BankPlus. If I am correct, BankPlus is not entitled to discovery into Madison Timber victims' personal lives and finances. BankPllus filed a cross-motion on May 20, 2022, which I have opposed. Related filings are available at madisontimberreceiver.com.

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against BankPlus with the Receivership Estate's cases against Baker Donelson, UPS, and Trustmark. Currently the parties are exchanging written discovery only.

### *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364

The complaint against The UPS Store, Inc.; Herring Ventures, LLC d/b/a The UPS Store; Austin Elsen; Tammie Elsen; Courtney Herring; Diane Lofton; Chandler Westover; Rawlings & MacInnis, PA; Tammy Vinson; and Jeannie Chisholm, filed May 23, 2019 and amended June 13, 2019, alleges the defendants are the notaries and their employers on whom Lamar Adams principally relied to notarize fake timber deeds.

None of the defendants has settled with the Receivership Estate.

The defendants moved to dismiss the complaint not once but twice, and on both occasions the Court denied their motions, most recently on March 1, 2021. The Court denied the defendants' motion to certify the Court's order for interlocutory appeal on November 10, 2021.[8] Related filings are available at madisontimberreceiver.com.

---

[7] Doc. 123, *Alysson Mills v. BankPlus, et al.,* No. 3:19-cv-196 (S.D. Miss.).
[8] Doc. 310, *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-cv-364 (S.D. Miss.).

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against UPS with the Receivership Estate's cases against Baker Donelson, BankPlus, and Trustmark. Currently the parties are exchanging written discovery only.

On February 28, 2022, all defendants, including UPS, advised of their intent to issue new, and substantially broader, subpoenas to all victims of Madison Timber. I have already objected to the proposed subpoenas on numerous grounds including relevancy. Judge Ball necessarily must rule on my objections before defendants may serve the subpoenas, so no victim should have received a subpoena yet. Related filings are available at madisontimberreceiver.com, and I will post any updates there.

### *Securities & Exchange Commission v. Kelly, et al.*, No. 3:19-cv-585

On August 27, 2019, the S.E.C. obtained a judgment against Wayne Kelly permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[9]

### *Alysson Mills v. Trustmark, et al.*, No. 3:19-cv-941

On December 30, 2019, I filed a complaint against Trustmark National Bank, Bennie Butts, Jud Watkins, Southern Bancorp Bank, and RiverHills Bank—financial institutions and professionals who provided banking services that enabled and sustained the Madison Timber Ponzi scheme.

None of the defendants has settled with the Receivership Estate.

---

[9] Docs. 5, 6, *Securities and Exchange Commission v. Terry Wayne Kelly and Kelly Management, LLC*, No. 3:19-cv-585 (S.D. Miss.).

The Court denied the defendants' motions to dismiss on March 1, 2021.[10] The Court denied the defendants' motion to certify the Court's order for interlocutory appeal on May 20, 2021.[11] Related filings are available at madisontimberreceiver.com.

For discovery purposes, Judge Ball consolidated the Receivership Estate's case against Trustmark with the Receivership Estate's cases against Baker Donelson, BankPlus, and UPS. Currently the parties are exchanging written discovery only.

### *Securities & Exchange Commission v. Billings, et al.,* No. 3:20-cv-50

On March 3, 2020, the S.E.C. obtained a judgment against Mike Billings permanently enjoining him from further violations of federal securities laws; disgorging his ill-gotten gains, in an amount to be determined; and ordering that he pay civil penalties, in an amount to be determined.[12]

### *Alysson Mills v. Stuart Anderson, et al.,* No. 3:20-cv-427

On June 25, 2020, I filed a complaint against Stuart Anderson, Randy Shell, and Shell Investments, LLC. The complaint alleges the defendants identified new investors for Madison Timber, and for each investment made by an investor he personally recruited, each defendant received a cut of the investor's payment to Madison Timber. Over time, the defendants received more than $635,000 in Madison Timber "commissions." The defendants have all settled with the Receivership Estate.

### *Securities & Exchange Commission v. McHenry, et al.,* No. 3:21-cv-554

On August 26, 2021, the S.E.C. announced charges against Bill McHenry for unlawfully selling unregistered securities. The complaint, which is available at madisontimberreceiver.com,

---

[10] Doc. 67, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[11] Doc. 94, *Alysson Mills vs. Trustmark, et al.*, No. 3:19-cv-00941 (S.D. Miss.).

[12] Doc. 1, *Securities and Exchange Commission v. Michael Douglas Billings and MDB Group, LLC*, No. 3:20-cv-50 (S.D. Miss.).

seeks a judgment declaring that McHenry violated federal securities laws, permanently enjoining him from further violating federal securities laws, and ordering him to pay civil penalties.

On November 16, 2021, the Court denied McHenry's motion to dismiss the S.E.C.'s complaint against him.[13]

After McHenry failed to answer the S.E.C.'s complaint, the S.E.C. moved for the entry of default, which motion was granted.

### *Alysson Mills v. Gary Property Management, LLC.*, No. 3:22-cv-296

On June 2, 2022, I filed a complaint against Gary Property Management, LLC, for a declaratory judgment that it is not entitled to proceeds from the Receivership Estate's sale of property formerly owned by Oxford Springs, LLC. The complaint is available at madisontimberreceiver.com.

**Next 90 days**

Over the next 90 days, I will continue to push each of the Receivership Estate's lawsuits. We will respond to motions, file motions as circumstances require, and exchange written discovery with all defendants. I will continue to identify issues that the parties need not await trial to resolve, and I will ask the Court to decide those issues now.

I will continue to object to invasive discovery into victims' personal lives and finances. The subpoenas that all defendants now propose to send to all victims are grossly overbroad.

I will continue to monitor settling defendants' compliance with their settlement agreements and attempt to execute on the judgment against Bill McHenry.

I will continue to confer with federal and state authorities as circumstances require.

---

[13] Doc. 7, *Securities and Exchange Commission v. William B. McHenry Jr. and First South Investments, LLC*, No. 3:21-cv-554 (S.D. Miss.).

I will continue to communicate with Madison Timber's victims. They may continue to call, email, or write me anytime.

**Summary of status of assets**

My goal is to pay amounts still due to Madison Timber's victims under the 485 promissory notes that they hold. The $17,500,000 first distribution was a meaningful first step but we still have a long way to go.

The current status of the Receivership Estate's assets is as follows:

**Receivership Estate's account at Hancock Bank**

| | |
|---|---:|
| Previous account balance as of March 31, 2022 | $1,772,792.83 |
| Interest | +$209.63 |
| Proceeds from sale of Bill McHenry's assets | +$16,635.75 |
| Proceeds from sale of Bill McHenry's assets | +$92.80 |
| Mississippi Department of Revenue (corporate tax) | -$25.00 |
| Matthews Cutrer and Lindsay, PA, *for preparation of Madison Timber taxes* | -$750.00 |
| | **$1,788,956.01** |

| | |
|---|---|
| **Alysson Mills v. Butler Snow, et al., No. 3:18-cv-866**<br>Lawsuit to hold law firms liable for debts of the Receivership Estate | *litigation ongoing* |
| ~~Settlement—Butler Snow~~ | *~~received $9,500,000~~* |
| **Alysson Mills v. BankPlus, et al., No. 3:19-cv-196**<br>Lawsuit to hold bank and financial services company liable for debts of the Receivership Estate | *litigation ongoing* |
| Settlement—Martin Murphree | *promissory note in the original principal amount of $374,937.50 outstanding* |
| | *~~received $14,400 already~~* |

12

| | |
|---|---|
| **Alysson Mills v. The UPS Store, et al., No. 3:19-cv-364** <br> Lawsuit to hold notaries liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Trustmark, et al., No. 3:19-cv-941** <br> Lawsuit to hold banks liable for debts of the Receivership Estate | *litigation ongoing* |
| **Alysson Mills v. Stuart Anderson, et al., No. 3:20-cv-427** <br> Lawsuit to recover commissions from recruiters | |
| Settlement—Stuart Anderson | *promissory note in the original principal amount of $130,520 outstanding* |
| Settlement—Randy Shell | *promissory note in the original principal amount of $505,114 outstanding* |
| **Alysson Mills v. Michael Billings, et al., No. 3:18-cv-679** <br> Lawsuit to recover commissions from recruiters | |
| Judgment—Bill McHenry | *$3,473,320 judgment outstanding* |
| Settlement—Mike Billings | *~~received $325,000 plus 5% interest in Oxford Springs, LLC~~* <br><br> *~~received $187,500 in satisfaction of promissory note~~* <br><br> *duty to restate taxes, with 90% of any refunds to Receivership Estate* |

13

| | |
|---|---|
| Settlement—Wayne Kelly | ~~received $1,384,435.17 plus interests in 707, 315 Iona, and KAPA Breeze, LLCs~~ |
| | ~~received $100,000 in satisfaction of promissory note~~ |
| | ~~received $304,971.86 in proceeds from federal tax refund~~ |
| | ~~received additional $32,105.02 in proceeds from federal tax refund~~ |
| | ~~received additional $84,339.41 in proceeds from federal tax refund~~ |
| **Settlement—Brad Pugh** | *promissory note in the original principal amount of $183,002.66 outstanding* |
| **Settlement—Pinnacle Trust** | *received $500,000* |
| **1/4 interest in Mash Farms, LLC**<br>~~808+ acres with hunting camp in Sunflower County~~<br>~~Purchased in 2014 for $1,600,000~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $900,000~~ | ~~received $258,500 in proceeds from sale of the Receivership Estate's interest~~ |
| **100% interest in Oxford Springs, LLC**<br>~~Undeveloped land in Lafayette County~~<br>~~Sold 2,278 acres; 100 acres remain~~<br>~~Unencumbered~~ | ~~received $4,668,530.48 in proceeds from sale of 2,278 acres~~<br><br>~~received $539,193.90 in proceeds from sale of 100 acres~~ |
| **1/6 interest in 707, LLC**<br>~~263+ acres recreational land in Holmes County~~<br>~~Purchased in 2009~~<br>~~Encumbered by First Commercial Bank mortgage~~<br>~~Owe approximately $368,000~~ | ~~LLC sold principal asset and dissolved; tendered $6,994.09 representing Adams's, Kelly's, and McHenry's interests to the Receivership Estate~~ |

| | |
|---|---|
| ~~**1/3 interest in Delta Farm Land Investments, LLC**~~<br>~~1170+ acres farmland in Oktibbeha County~~<br>~~Purchased in 2014 for $2,796,100~~<br>~~Encumbered by Trustmark Bank mortgage~~<br>~~Owe approximately $2,200,000~~ | *~~LLC sold principal asset and dissolved; tendered $323,440.88 representing Adams's interest to the Receivership Estate~~* |
| ~~**1/2 interest in KAPA Breeze LLC**~~<br>~~1.5+/- acres mixed-use land on Highway 30A in Florida~~<br>~~Purchased in 2017 for approximately $1,900,000~~<br>~~Encumbered by Jefferson Bank mortgage~~<br>~~Owe approximately $1,365,000~~ | *~~sold the Receivership Estate's interest for $700,000~~* |
| ~~**1/4 interest in Mallard Park, LLC**~~<br>~~1,723 acres with hunting lodge in Humphreys County~~<br>~~Purchased in 2016 for $2,593,500~~<br>~~Encumbered by Southern AgCredit mortgage~~<br>~~Owe approximately $2,000,000~~ | *~~sold the Receivership Estate's interest for $175,000~~* |
| ~~**Hartford Life and Annuity Insurance Co. policy**~~ | *~~surrendered for $167,206.60~~* |
| ~~**Lincoln National Life Insurance Co. policy**~~ | *~~surrendered for $3,678.45~~* |
| ~~**Settlement—Frank Zito**~~ | *~~received $100,000, first installment~~* |
| | *~~received $100,000, second and final installment, June 12, 2019~~* |
| ~~**Settlement—Ole Miss Athletics Foundation**~~ | *~~received $155,084.50, first installment~~* |
| | *~~received $155,084.50, second and final installment, April 17, 2019~~* |
| ~~**Marital Property Settlement—Vickie Lynn Adams**~~<br>~~Lump sum payment includes proceeds from sale of Lexus LX 570 and liquidation of Hartford Life and Annuity Insurance Co. life insurance policy~~ | *~~received $58,247~~* |
| ~~**Settlement—Adams children**~~ | *~~received $170,000~~* |

15

| | |
|---|---|
| ~~Alexander Seawright—UPS's funds*~~ | *~~holding $100,000~~* |
| ~~2018 King Ranch Ford F150 truck~~ | *~~sold for $42,750~~* |
| ~~Condo in Calton Hill subdivision in Oxford, Mississippi~~ ~~Unencumbered~~ | *~~received $139,919.09 in proceeds from sale~~* |
| ~~Settlement—Philippi Freedom Ministries~~ | *~~received $16,125~~* |
| ~~Settlement—Rick Hughes Evangelistic Ministries~~ | *~~received $43,657.95~~* |
| Jewelry | *for sale* |
| ~~House at 134 Saint Andrews Drive, Jackson, Mississippi~~ ~~Unencumbered~~ | *~~received $350,777.38 in proceeds from sale~~* |
| | *~~received $3,277.45 from sale of household goods on consignment~~* |
| ~~Settlement—Century Club Charities~~ | *~~received $56,944~~* |
| ~~Settlement—Berachah Church~~ | *~~received $175,904~~* |
| ~~Settlement—R.B. Thieme, Jr.~~ | *~~received $104,626.50~~* |
| ~~Settlement—Operation Grace World Missions~~ | *~~received $39,325~~* |
| ~~Returned proceeds—Techwood, LLC~~ | *~~received $309,000~~* |

~~Strikethrough~~ indicates asset has been liquidated or proceeds are already accounted for in the Hancock Bank account balance.

*I am holding these funds solely as an offset to the defendant's liability for the Receivership Estate's claims.

16