IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff*, | |
| v. | CAUSE NO. 3:18-CV-252-CWR-BWR |
| ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | Related cases: |
| *Defendants*, | *Alysson Mills v. BankPlus, et al.*, No. 3:19-CV-196 (S.D. Miss.) |
| v. | *Alysson Mills v. The UPS Store, Inc., et al.*, No. 3:19-CV-364 (S.D. Miss.) |
| BIRDIE COOPERWOOD, et al., | *Alysson Mills v. Trustmark, et al.*, No. 3:19-CV-941 (S.D. Miss.) |
| *Objectors*. | |

## ORDER

Before the Court are the Objections of Birdie Cooperwood, Kathy Nutt, Col. James Garner, Mary Ellen Garner, Eric W. Orth, Lori Orth, Robert L. Bond, Patricia Gallina, Tip Jacob, and Jean Jacob (the "Objectors"), Docket No. 377, to the proposed final bar orders as relevant to the settling defendants[1], *see* Docket No. 372-2 through 372-11. On review, the Objection will be overruled.

---

[1] The settling defendants are BankPlus, BankPlus Wealth Management, LLC, Eloise ("Gee Gee") Moore Strain Patridge, Stewart Patridge, and Jason Cowgill (collectively, the "BankPlus parties"); Trustmark National Bank, Benjamin Butts, and Jud Watkins (collectively, the "Trustmark parties"); RiverHills Bank and Jud Watkins (collectively, the "RiverHills parties"); Tammy Vinson, Jeannie Chisholm, and Rawlings & MacInnis, P.A., the former employer of Vinson and Chisholm (collectively, the "Vinson/Chisholm parties"); and Southern Bancorp.

I.      **Factual and Procedural History**

On October 9, 2023, Receiver Alysson Mills moved this Court to approve proposed settlement agreements with the settling defendants. *See* Docket No. 372. In addition to the proposed settlement agreements, the Receiver attached proposed bar orders she negotiated with these defendants. Docket No. 372-2 through 372-11. The proposed settlement agreements and proposed bar orders make clear that *any* settlement "is conditioned on the Court's entry of a bar order." *See, e.g.*, Docket No. 372-7, Ex. 2.1 at 5. "A bar order bars any person [from] asserting claims against the settling defendant arising out of, in connection with, or relating to the Madison Timber Ponzi scheme." *Id.*

The Court scheduled a hearing for November 6, 2023 to entertain arguments for and against the Receiver's motion. Docket No. 374. The parties and victims of the Madison Timber Ponzi scheme were instructed to file any objections at least seven days before the hearing. *Id.* at 3. Ms. Cooperwood and others timely filed the present Objection. Docket No. 377. It has been fully briefed.

Ms. Cooperwood in particular—and not all Objectors—previously informed this Court of her desire to bring emotional distress claims against settling defendants BankPlus, Stewart Patridge, and Jason Cowgill. *See* Docket No. 367. The present Order addresses Ms. Cooperwood's objection to the bar orders, insofar as they will preclude her from bringing emotional distress claims against BankPlus, Stewart Patridge, and Jason Cowgill. Relatedly, during the November 6 hearing, defendant BankPlus entered into evidence Ms. Cooperwood's Assignment of claims to the Receiver. BankPlus Ex. 2. Paragraph six of that Assignment states:

> Assignor assigns to the Receiver any and all claims [] that in any way relate to Arthur Lamar Adams or Madison Timber Properties, LLC, and/or arise out of Assignor's Promissory Notes, which Assignor has or may have against the Third Parties and which the Receiver has asserted or may assert in any of the Lawsuits ("Assigned Claims").

BankPlus Ex. 2. Exhibit A to the Assignment lists BankPlus, Stewart Patridge, and Jason Cowgill and others as "Third Parties" *Id.* at 4.

In short, the Objectors argue that the proposed bar orders will "improperly extinguish Objectors' Emotional Distress Claims." Docket No. 367 at 6. They claim that they "have viable aiding and abetting claims against the settling defendants," *id.* at 7, and wish to preserve their rights to pursue their claims, "particularly aiding and abetting [to] seek emotional distress and other damages," *id.* at 2.

## II. Legal Standard

Courts may utilize bar orders when they are "both necessary to effectuate a settlement and fair, equitable, reasonable, and in the best interest of the Receivership Estate." *S.E.C. v. Adams*, No. 3:18-CV-252, 2021 WL 8016843, at *2 (S.D. Miss. Feb. 25, 2021) (quoting *S.E.C. v. Kaleta*, 530 F. App'x 360, 363 (5th Cir. 2013)). Bar orders are sometimes essential to guarantee finality during the receivership process and "ensure that key members of the fraudulent scheme" pay the scheme's victims. *Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 898 (5th Cir. 2019) (citation omitted).

In *Zacarias*, for example, the Fifth Circuit affirmed the entry of a bar order that extinguished Objectors' "speculative" claims that they could get more money from the settling defendants if they were permitted to litigate their claims. *Id.* at 904. The Fifth Circuit authorizes trial courts to enter bar orders and approve proposed settlements after they consider the "tradeoffs the parties faced," including, among other things: (i) any uncertainty

3

as to the outcome of the Receiver's or the victims' claims against the settling defendants; (ii) whether the defendants contest their liability for the claims made against them; and (iii) whether the potential benefits of continued litigation are outweighed by the risk of failing to overcome the defendants' defenses. *Id.*

## III. Discussion

On review, the Court finds that the proposed settlement agreements and final bar orders are fair, equitable, reasonable, and necessary to effectuate a just settlement with the settling defendants.

First, the Receiver and settling defendants make clear that settlement is contingent on the execution of the proposed bar orders. A failure to issue the bar orders will nullify the proposed settlement agreements—extinguishing the possibility of a reasonable settlement at this critical juncture. It then follows that the issuance of the bar orders is necessary to effectuate this settlement and make a sizable distribution of the receivership estate's assets to all victims of this fraudulent scheme.

Second, the Objectors' claims to future recovery are "at best speculative." *Id.* The settling defendants have vigorously defended this action for years. They deny any liability for all claims brought against them, including the Receiver's aiding and abetting claims. Just as the outcome of the Receiver's actions against the settling defendants is uncertain, so too is the successful outcome of the Objectors' future civil actions. This Court has "considered tradeoffs the parties faced with the prospect of settlement" and finds the proposed settlements "consistent with interests of both the receivership and the investors." *Id.*

Third, entry of bar orders to preclude Objectors' aiding and abetting claims is further supported by the fact that the Receiver has already brought aiding and abetting claims

4

against the settling defendants. Such claims by the Objectors are, thus, duplicative. The proposed final bar orders accomplish their intended purpose—avoidance of "collective-action problems" that may diminish the assets available for distribution to victims.

And finally, to the extent that Ms. Cooperwood intends to bring intentional or negligent infliction of emotional distress claims against settling defendants BankPlus, Stewart Patridge, and Jason Cowgill, such claims were extinguished by Ms. Cooperwood's assignment of all related claims against these parties to the Receiver.

For these reasons, the Court overrules the Objection to the proposed settlements and final bar orders. The proposed orders are in the best interest of the Receivership Estate and will enable the Receiver to equitably distribute its assets to all investors—including the Objectors—harmed by the Madison Timber Ponzi scheme.

### IV. Conclusion

The Objection, Docket No. 377, is hereby overruled.

**SO ORDERED**, this the 14th day of November, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE