UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    *Plaintiff,*

    *v.*

ARTHUR LAMAR ADAMS AND
MADISON TIMBER PROPERTIES, LLC,

    *Defendants.*

CAUSE NO. 3:18-cv-252-CWR-BWR

## ORDER APPROVING SECOND DISTRIBUTION

Before the Court is the Motion to Approve Second Distribution, Docket No. 396, filed by Alysson Mills, in her capacity as the court-appointed Receiver for Arthur Lamar Adams and Madison Timber Properties, LLC. For the reasons stated, the Court **GRANTS** the motion.

### BACKGROUND

The Receiver asks the Court for permission to make a second distribution to Madison Timber's victims using the same method that this Court already approved.[1]

In 2021, in anticipation of her first distribution, the Receiver filed a motion to approve first distribution[2] that prioritized restoring each investor's principal—that is, principal still due to the investor under the investor's promissory notes after subtracting any interest the investor ever received (what is often called net losses). An accompanying memorandum explained the Receiver's proposed method of distribution.[3] Because the distribution was her

---

[1] Order Approving First Distribution, Docket No. 282.
[2] Motion to Approve First Distribution, Docket No. 264.
[3] Memorandum in Support of Motion to Approve First Distribution, Docket No. 265.

first, she notified victims and interested parties, including the U.S. Attorney's Office and Securities and Exchange Commission, and invited their input before the Court approved the method of distribution. With few exceptions, no one objected to the method of distribution. After a hearing, the Court approved the method of distribution[4] and the Receiver made approximately $17,500,000 available to qualifying Madison Timber victims. That first distribution repaid 32.7% of Madison Timber victims' net losses.

The Receiver recently reached settlements with certain defendants in separate but related lawsuits. The Court approved those settlements on November 14, 2023. Presuming that the Partial Final Judgments and Bar Orders become final on December 14, 2023 (30 days later, per Federal Rules of Appellate Procedure), the Receiver wishes to be in a position to distribute a substantial portion of those proceeds promptly.

The Receiver anticipates that she will be in a position to distribute up to $14,500,000 to qualifying Madison Timber victims. That proposed second distribution could repay an additional 27% of Madison Timber victims' net losses, for a total of nearly 60% of net losses to date.

Because the proposed second distribution will use the same method that this Court already approved,[5] the Court agrees that it does not require the same notice or hearing that

---

[4] Order Approving First Distribution, Docket No. 282.
[5] Order Approving First Distribution, Docket No. 282. The Court's order expressly stated that the Court took no position on whether notice or hearing would be necessary prior to the Court's approval of possible future distributions. *Id.* at 6 n.3.

preceded the first distribution.[6] It therefore addresses this motion in its ordinary course of business, having allowed time for objections as contemplated by the Court's local rules.[7]

## ORDER

When considering a proposed distribution, the district court's "primary job" is simply "to ensure that the proposed plan of distribution is fair and reasonable." *S.E.C. v. Wealth Mgmt. LLC*, 628 F.3d 323, 332 (7th Cir. 2010) (citing *Official Comm. of Unsecured Creditors of WorldCom, Inc. v. S.E.C.*, 467 F.3d 73, 84 (2d Cir. 2006)). The Court already determined that the methodology on which the Receiver's proposal relies is fair and reasonable.[8]

In light of the Court's prior order, the proposed second distribution is hereby **APPROVED**.

Accordingly, the Court hereby **ORDERS** that, when proceeds from the settlements the Court approved on November 14, 2023, become available for distribution:

1. The Receiver shall make up to $14,500,000 available to Madison Timber's victims, its investors.

2. The Receiver shall use the same method of distribution that the Court already approved.[9]

3. The Receiver shall attempt to issue checks to investors who qualify within 30 days of the settlements' proceeds' availability. The checks shall represent each qualified investor's pro rata share of up to $14,450,000.

---

[6] As before the Court takes no position on whether notice or hearing would be necessary prior to the Court's approval of possible future distributions.
[7] The Court observes that the Receiver posted this motion on her website, madisontimberreceiver.com, along with instructions for any interested party to submit an objection to her directly.
[8] Order Approving First Distribution, Docket No. 282.
[9] *Id.*

4. The Receiver shall set aside $50,000 from the settlements' proceeds for the benefit of investors who do not qualify for a distribution, but who establish a financial hardship based on objective measures, including their age and income. The Receiver shall advise investors who do not qualify for a distribution that they may apply for an equitable advance; she shall mail instructions for such application to each such investor and post them on her website. Following an initial 45-day application period, she shall make equitable advances on a rolling basis to investors who meet objective financial hardship criteria, including age and income.

The Receiver shall exclude from any distribution or equitable advance any investors the Receiver has sued or settled with and any such investors who are current or former Baker Donelson law firm partners or family members. Given the scarcity of resources available for distribution and the Receivership Estate's ongoing litigation against Baker Donelson, it is appropriate that the Receivership Estate subordinate these investors' claims.

5. For the avoidance of doubt, nothing in this Order shall impair any right or defense of any person who is a defendant in any action brought by the Receiver in connection with, or which is otherwise related to, the Madison Timber Ponzi scheme, including without limitation any defenses concerning the proper measure or amount of recoverable damages in those respective actions.

**SO ORDERED**, this the 1st day of December, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE