

_____

No. 3:18-CV-252-CWR-BWR

SECURITIES & EXCHANGE COMMISSION,

*Plaintiff,*

v.

ARTHUR LAMAR ADAMS, *et al.*,

*Defendants.*

_____

ORDER APPROVING FEE APPLICATION

_____

Before CARLTON W. REEVES, *District Judge*.

The Receiver has presented a Fee Application for the five years of work her team put into *Mills v. BankPlus*, No. 3:19-CV-196 (S.D. Miss.), *Mills v. The UPS Store*, No. 3:19-CV-364 (S.D. Miss.), and *Mills v. Trustmark*, No. 3:19-CV-941 (S.D. Miss.). Docket Nos. 406-07. These efforts resulted in a $19.2 million settlement that fully resolved the Receiver's claims in the *BankPlus* and *Trustmark* cases. *The UPS Store* case remains pending as to the non-settling defendants.

A previous Order established that the Receiver and her counsel would litigate these matters via a 33% contingent fee arrangement, with direct costs of litigation borne by the Estate. Docket No. 154. That is a common structure in these matters, since (among other reasons) it places the billable hours and risks upon counsel rather than the victims of the underlying Ponzi scheme, and aligns the incentives of counsel with those of their clients. *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012). The resulting proposed attorney's fee for this settlement is $6,399,936. The requested costs for this settlement total $95,801.36.

Although no one has objected to the Fee Application, precedent indicates that the Court should evaluate the proposed award against the familiar *Johnson* factors. *Id.* at 644. They are:

> (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation and ability; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-298-N, 2018 WL 1558266, at *1 (N.D. Tex. Mar. 26, 2018) (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The Court has therefore reviewed the record evidence supporting the Receiver's Fee Application with an eye toward these factors.

Most of the *Johnson* factors support the award. These cases required thousands of hours of work. The substance of the litigation was challenging in its applicable law and substantial in its scope, reflecting the fallout from the largest Ponzi scheme in Mississippi history. Many (if not most) attorneys in this State would be unprepared or unwilling to litigate cases of this complexity, given the risks and the anticipated length of time they would take to conclude.

That is especially true when the defendants are taken into consideration. Several of the settling defendants alleged to have contributed to the scheme are well-established entities that hired experienced and expensive attorneys to press every available defense at every stage of the proceedings. To illustrate this point, counsel's declaration reveals that during the discovery disputes, one of the settling defendants sent the Receiver a 62-page good faith letter, while another settling defendant attached a 143-page motion to compel. Docket No. 406-1 at 12.

To this, the Receiver engaged a team of talented litigators with decades of experience in trustee and creditor recovery. Led by Brent B. Barriere at Fishman Haygood LLP, the team persisted in the Estate's claims for almost five years. The volume of briefing and discovery these cases required often precluded other employment, and recovery was not guaranteed. But the Receiver's team ultimately negotiated fair settlements in the best interests of their clients, the victims of the Ponzi scheme, without charging billable hours that would have depleted Estate assets. For this, the requested fee is entirely appropriate. *See Al's Pals Pet Care v. Woodforest Nat'l Bank, NA*, No. 4:17-CV-3852, 2019 WL 387409, at *4 (S.D. Tex. Jan. 30, 2019) (collecting cases with 33% awards).

3

The only *Johnson* factor irrelevant here is (11), the nature and length of the professional relationship with the client, which has no bearing on the propriety of the award.

Finally, the Court finds the direct costs relatively modest, *see Jenkins v. Trustmark Nat'l Bank*, 300 F.R.D. 291, 310 (S.D. Miss. 2014), and due to be awarded.

For these reasons, the Receiver's Fee Application is granted in the amount of $6,399,936 in attorney's fees and $95,801.36 in costs.

**SO ORDERED**, this the 27th day of February, 2024.

s/ CARLTON W. REEVES
*United States District Judge*
