

_____

No. 3:18-CV-252-CWR-BWR

SECURITY & EXCHANGE COMMISSION,

*Plaintiff*,

v.

ARTHUR LAMAR ADAMS, *et al.*,

*Defendants*.

_____

ORDER APPROVING FEE APPLICATIONS AND ADJUSTING RATES

_____

Before CARLTON W. REEVES, *District Judge*.

The Receiver has presented Fee Applications for the work her team performed between March 1, 2025, and August 31, 2025. *See* Docket Nos. 422-25. These will be deemed the Thirty-Fifth and Thirty-Sixth Applications. No objections have been lodged to either of them.

Over this time, the Receiver and her team engaged in substantial fact and expert discovery in her civil actions against Baker Donelson (No. 3:18-CV-866) and The UPS Store (No. 3:19-CV-

364), securing trial dates to see those cases to their conclusions.

"In general, a reasonable fee is based on all circumstances surrounding the receivership." *S.E.C. v. W. L. Moody & Co.*, 374 F. Supp. 465, 480 (S.D. Tex. 1974), *aff'd sub nom.*, 519 F.2d 1087 (5th Cir. 1975).

The Court has reviewed the Applications and their supporting invoices, provided in camera. Based upon this review and all of the circumstances of the Receivership, *see id.*, the Court finds that the Receiver and her team have charged modest and reasonable fees and expenses for their work on behalf of the Estate. The Applications are therefore approved in their entirety, for a total of $9,065.25.

In the Court's prior order approving fee applications, Docket No. 421, the Court observed that the Receiver and her team continued to bill at 2018-era rates even though inflation had likely rendered those rates below-market. The Court requested that the Receiver propose a new rate table for her and her team. *Id.* The Receiver proposed new rates,[1] but the Court finds the proposed increases too modest. This is the first time that she has asked for a rate increase since this case was filed more than seven years ago.

Therefore, the Court will adjust the rates for use in future fee applications as follows: Brent Barrier's rate is adjusted upward to $400 per hour, and the rate at which all others bill is adjusted upward to $350 per hour. The Court determines that these are reasonable hourly rates and, in fact, remain

---

[1] The Receiver proposed an eighteen percent increase, asking that the Court adjust Brent Barrier's rate to $385/hour and adjust everyone else's rate to $325/hour. Docket No. 423.

2

substantially below-market rate for these individuals. *See Thomas v. Reeves*, No. 3:18-CV-441, 2021 WL 517038, at *3-4 (S.D. Miss. Feb. 11, 2021) (discussing the factors considered in determining a reasonable rate); *DePriest v. Walnut Grove Corr. Auth.*, No. 3:10-CV-663, 2017 WL 4228751, at *7 (S.D. Miss. Sept. 22, 2017) (relying on affidavits averring 2017 hourly rates up to $450); *Jones v. Singing River Health Sys.*, No. 1:14-CV-447, 2016 WL 3248449, at *3 (S.D. Miss. June 10, 2016) (approving a 2016 hourly rate of $400); *McWilliams v. Advanced Recovery Sys. Inc.*, No. 3:15-CV-70, 2017 WL 2625118, at *2 (S.D. Miss. June 16, 2017) (considering a 2016 affidavit of State Bar President noting that for complex litigation the customary and reasonable rate was between $500 and $550 per hour); *Doe v. Fitch*, No. 3:16-CV-789, 2022 WL 4002326, at *3 (S.D. Miss. Aug. 1, 2022), *aff'd*, No. 22-60481, 2023 WL 2882717 (5th Cir. Apr. 11, 2023) (approving hourly rates of $400 and $385).

The Court commends the Receiver and her team for their continued hard work, professionalism, and dedication to this matter.

**SO ORDERED**, this the 14th day of October 2025.

s/ CARLTON W. REEVES
*United States District Judge*